IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WENDY'S NETHERLANDS B.V.,**

      **Plaintiff,**

v.

      Civil Action 2:24-cv-3077
      Judge Michael H. Watson
      Magistrate Judge Kimberly A. Jolson

**ANDREW LEVY,**

      **Defendant.**

## OPINION AND ORDER

Before the Court is Defendant's Motion to Change Venue. (Doc. 3). The Motion is **DENIED**.

## I. BACKGROUND

This action involves a dispute over a cognovit judgment entered in the Franklin County Court of Common Pleas. Plaintiff is an international, quick-service restaurant organized in the Netherlands with its principal place of business in Franklin County, Ohio. (Doc. 1 at 9–10). Defendant is a businessman who now lives in Florida. (Doc. 13 at 2). In 2015 and 2017, Plaintiff entered into two separate credit agreements with an entity called WBR Franquais Participacoies LTDA. (Doc. 1 at 10). In those agreements, Plaintiff agreed to loan money "to support the development and operation of restaurants in Brazil." (*Id.*). On October 20, 2015, Plaintiff entered into a Guarantee Agreement ("Guarantee Agreement" or "Agreement") with Defendant, which was amended in both 2017 and 2018. (*Id.*). The Guarantee Agreement "guaranteed the prompt and complete payment and performance" of the obligations outlined in the credit agreements. (*Id.*).

The Agreement also contained the following forum-selection clause:

(a) Any legal action or proceeding against [Plaintiff] with respect to or arising out of this Agreement shall be brought exclusively in or removed to the courts to the State of New York, in and for the County of New York, or of the United States of America for the Southern District of New York[.] [Defendant] hereby expressly

> consent[s] that any legal action with respect to, or arising out of this Agreement, may be brought by [Plaintiff] or removed to the courts of (i) the State of New York, in and for the County of New York, or of the United States of American for the Southern District of New York[.]
>
> \*\*\*
>
> (b) Nothing herein shall in any way be deemed to limit the ability of [Plaintiff] to serve any process or summons in any manner permitted by Requirements of Law, or limit any right that [Plaintiff] may have to bring proceedings against [Defendant] in the courts of any jurisdiction or to enforce in any lawful manner a judgment obtained in one jurisdiction in any other jurisdiction.

(Doc. 3-1 at 11).

In late 2019, the ventures soured, and the parties began negotiations to close the restaurants in Brazil. (Doc. 3 at 2). To secure the debts owed by Defendant under the Guarantee Agreement, the parties entered into a Cognovit Note ("Cognovit Note" or "Note") on February 23, 2020. (Doc. 13 at 2). The Note was signed and notarized in Franklin County, Ohio. (Doc. 3-4 at 5). The upside for Defendant was that the Note "permitted [him] to pay the debt in quarterly installments," rather than immediately. (Doc. 13 at 2–3). Importantly, the Note stated that "failure of [Defendant] to make any payment within three (3) calendar days when due . . . or to observe or perform any other term, agreement or covenant in this Note" constitutes an "event of default." (Doc. 3-4 at 3). Upon default, the Note allowed Plaintiff "at its option and without notice . . . to declare all principal and interest provided for under this Note to be immediately due and payable." (*Id.* at 4). The Note also authorized "any attorney at law to appear for [Defendant] in any court of record in Franklin County, Ohio, with or without process . . . and waive[d] the issuance and service of process and confesses judgment against [Defendant]." (*Id.*). Put simply, the Note allowed Plaintiff to seek a judgment against Defendant "when the Cognovit Note became payable." (Doc. 13 at 3).

In January and April of 2024, Defendant failed to make his required payments. (*Id.*). So,

on May 1, 2024, Plaintiff filed a Complaint for Confession of Judgment in the Franklin County Court of Common Pleas, along with an answer on behalf of Defendant. (*See* Doc. 1 at 9–15). Two days later, the court entered a cognovit judgment against Defendant based on the Note. (Doc. 13 at 3). A month after that, on June 3, 2024, Defendant removed the case to this Court. (*See* Doc. 1). Then, Defendant filed a bevy of motions, including a Motion to Change Venue (Doc. 3), a Motion to Vacate the Cognovit Judgment (Doc. 7), a Motion for Leave to File an Amended Answer (Doc. 8), an Amended Motion for Leave to File an Amended Answer (Doc. 10), and an Amended Motion to Vacate the Cognovit Judgment (Doc. 11).

In the instant Motion to Change Venue, Defendant seeks to transfer the case to the Southern District of New York because of a forum-selection clause in the parties' Guarantee Agreement. (*See* Doc. 3). Defendant argues that the parties' Cognovit Note incorporated the Guarantee Agreement wholesale and thus adopted the forum-selection clause. (*See id.*). Plaintiffs see it differently and oppose transfer. (Doc. 13). The matter is ripe for consideration.

**II.    STANDARD**

Defendant's motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties . . . in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because he is the moving party, Defendant bears the burden of showing a change of venue is warranted. *Slate Rock Const. Co. Ltd. v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *5 (S.D. Ohio Aug. 30, 2011) (citing *Jamhour v. Scottsdale, Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

Up front, a court must determine "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007); *see*

*Louis Dreyfus Co. Metals Merch. LLC v. PLS Logistics Servs., Inc.*, No. 16-cv-00777, 2017 WL 7520615, at *2 (S.D. Ohio Sept. 30, 2017) (first analyzing whether an action could have been brought in the transferee court before turning to the parties' forum-selection clause).  "An action 'might have been brought' in a transferee court, if the court has jurisdiction over the subject matter of the action, venue is proper there[,] and the defendant is amenable to process issuing out of the transferee court." *Schoenfeld v. Mercedes-Benz USA*, LLC, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citing *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)).

After that, a court weighs convenience to parties as well, as other public and private interest factors.  *See Kay*, 494 F. Supp. 2d at 849.  The factors relating to private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 850 ((quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).  As for the public-interest factors, they "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 n.6 (2013) (internal quotation omitted).

But the analysis changes "when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63 (internal quotation marks omitted).  The forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Id.*  So, the Section 1404(a) analysis changes in three ways.  "First, the plaintiff's choice of forum merits no weight." *Id.* at 63.  Instead, "the plaintiff bears the

4

burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. Thus, "a district court may consider arguments about public-interest factors only." *Id.* Since public interest factors "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Third, the § 1404(a) transfer of venue based upon a forum-selection clause "will not carry with it the original venue's choice-of-law rules[.]" *Id.*

Finally, the court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the desire to avoid inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

## III. DISCUSSION

Defendant rests his arguments almost entirely on the Guarantee Agreement's forum-selection clause. Before turning to that clause, the Undersigned must determine whether Plaintiff's action could have been brought in the Southern District of New York. *Honeycutt v. Thor Motor Coach, Inc.*, No. 2:21-cv-4717, 2022 WL 2986877, at *2 (S.D. Ohio July 28, 2022) ("[R]egardless of the presence of a forum selection clause, the transferring court must always determine whether the action might have been brought in the transferee court." (internal quotation omitted)).

Plaintiff says no. Under Ohio law, Plaintiff asserts it could have filed this action only in Franklin County. (Doc. 13 at 4 (citing Ohio Rev. Code § 2323.13(A)). The Court disagrees. Ohio Revised Code 2323.13(A) provides that a cognovit judgment "may be confessed in any court in the county where the maker . . . resides or signed the warrant of attorney." Because Defendant does not live in Ohio, Plaintiff says that, under this statute, the cognovit judgment could be

5

obtained only where the cognovit note was signed, Franklin County, Ohio. (Doc. 13 at 5). But Ohio Revised Code § 2323.12(A) "only governs situations in which a party to a cognovit note attempts to have the note adjudicated in the wrong Ohio court." *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 934 N.E.2d 366, 371 (Ohio Ct. App. 2010) (internal quotation omitted). The statute is silent on a situation in which a party attempts to obtain a judgment in another state based upon an Ohio cognovit note. *See id.* at 371–72 (finding that another state had subject-matter jurisdiction to enter judgments on cognovit notes signed in Ohio). Therefore, Plaintiff's argument concerning subject-matter jurisdiction fails.

The parties do not dispute that venue would be proper in the Southern District of New York, nor do they say that court would not have personal jurisdiction over Defendant. (*See generally* Docs. 3, 13, 18). As such, the Court turns to the parties' alleged forum-selection clause and the other relevant factors under Section 1404(a).

### A. Forum-Selection Clause

To begin, the parties' Cognovit Note did not include a forum-selection clause. (*See* Doc. 3-4). Yet, according to Defendant, the Note incorporated the parties' earlier Guarantee Agreement, which included a forum-selection clause. (Doc. 3 at 5–7). Although the parties disagree on whether the Note adopted the Agreement, the Court does not need to answer that question in order to resolve Defendant's Motion. Even assuming the Note incorporated the Guarantee Agreement, the Agreement's forum-selection clause does not support transferring this case.

When interpreting a forum-selection clause, "a federal court sitting in diversity begins with a conflict-of-laws analysis using the law of the State in which it sits (here Ohio) to determine the governing law, and then interprets the contract provision under that law." *Firexo, Inc. v. Firexo Grp., Ltd.*, 99 F.4th 304, 328 (6th Cir. 2024). Said differently, the Court must determine whose

6

law will govern the forum-selection clause's meaning. Here, both the Agreement and the Cognovit Note contain choice-of-law provisions. (Doc. 3-1 at 10; Doc. 3-4 at 4). Ohio accepts such provisions in contracts with two exceptions. *Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (Ohio 1983). Relevant here is the first of those exceptions, which provides that the law of the chosen state will not be applied if "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." *Id.*

Assuming the Note incorporated the Guarantee Agreement, these documents contain two choice-of-law provisions that demand different states' laws apply. The Guarantee Agreement provides that it "shall be governed by, and construed and interpreted in accordance with, the laws of the state of New York." (Doc. 3-1 at 10). And the Cognovit Note says that it "shall be governed and construed in accordance with the laws of the State of Ohio." (Doc. 3-4 at 4). Although these provisions are in conflict, the Court finds Ohio law should be used to interpret the forum-selection clause.

First, the parties and the Agreement appear to have no connection to the State of New York. None of the parties reside in New York. (Doc. 13 at 7 (noting that Defendant lives in Florida and Plaintiff's headquarters are in Columbus, Ohio)). Plus, seemingly none of the events underlying this dispute took place in New York. The Guarantee Agreement was signed in Sao Paulo, not New York. (Doc. 3-1 at 13 (signature page listing no signing location), 14 (stating the Agreement's first amendment was entered "in the City of Sao Paulo"), 25 (noting the second amendment was also entered into in Sao Paulo)). And the Agreement was designed "to support the development and operation of restaurants in Brazil," not restaurants in New York. (Doc. 5 at 356). The parties also fail to identify another reasonable basis for the choice-of-law provision in the Guarantee

7

Agreement. (*See generally* Docs. 3, 13, 18).

In contrast, the Cognovit Note was signed and executed in Franklin County, Ohio. (Doc. 3 at 366). What's more, the underlying cognovit judgment was entered in the Franklin County Court of Common Pleas. (Doc. 13 at 3). Plus, Wendy's conducts business in Franklin County, Ohio, and has its headquarters there. (*Id.* at 7). Accordingly, the Undersigned will apply Ohio law to interpret the forum-selection clause. *See Springfield Venture, LLC v. U.S. Bank, N.A.*, 33 N.E.3d 85, 90 (Ohio Ct. App. 2015) (applying Ohio law, despite the parties' choice-of-law provision for Texas, where the real property and mortgagor were in Ohio, and the events underlying the litigation took place in Ohio).

In interpreting a contract, the Court must "give effect to the intent of the parties" and "presume that the intent of the parties is reflected in the plain language of the contract." *Beverage Holdings, LLC v. 5701 Lombardo, LLC*, 150 N.E.3d 28, 31 (Ohio 2019). "[W]here the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978). Further, the language of a forum-selection clause determines whether that clause is mandatory or permissive. Mandatory forum-selection clauses "contain clear language showing that jurisdiction is appropriate only in the designated forum," while permissive forum-selection clauses "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Keehan Tenn. Invest., LLC v. Praetorium Secured Fund I, LP*, 71 N.E.3d 325, 332 (Ohio Ct. App. 2016) (internal quotations omitted).

Defendant claims that the clause "states that New York is the proper jurisdiction and venue for disputes." (Doc. 3 at 5). In short, Defendant argues that this forum-selection clause is

8

mandatory. (*See id.*). But that is not what the Agreement says. The Agreement provides that "[a]ny legal action or proceeding against [Plaintiff] with respect to or arising out of this Agreement shall be brought exclusively in or removed to the courts of the State of New York, in and for the County of New York, or for the United States of America for the Southern District of New York." (*Id.* at 6 (quoting Doc. 3-1 at 11) (emphasis removed)). Here, the instant case is not a "legal action or proceeding against" Plaintiff. It is one against Defendant. Therefore, this portion of the clause is inapplicable.

Plaintiff did not consent to litigating issues arising out of the Guarantee Agreement exclusively in New York. While Defendant "expressly consent[ed]" that a legal action against him could be brought by Plaintiff in New York, Plaintiff reserved the right to bring suit "in the courts of any jurisdiction." (Doc. 3-1 at 11). Put differently, based upon this language, an action brought by Plaintiff against Defendant could be filed in a New York court, but it was not required. Therefore, this forum-selection clause is permissive, not mandatory. (Doc. 3-1 at 11 (stating that Plaintiff reserved the right to bring an action against Defendant "in the courts of any jurisdiction")); *see, e.g.*, *EI UK Holding, Inc. v. Cinergy UK, Inc.*, No. 22326, 2005 WL 662921, at *6 (Ohio Ct. App. Mar. 23, 2005) (holding that a forum-selection clause was permissive where the clause said an action "may be heard" by a New York court); *State ex rel. Cordray v. Makedonija Tabak 2000*, 937 N.E.2d 595, 601 (Ohio Ct. App. 2010) (finding a forum-selection clause was permissive where it said only that the parties may bring suit in Miami-Dade County, Florida). While Defendant may complain that the Agreement allows Plaintiff to "bring suit anywhere" but only allows him to sue in New York, (Doc. 18 at 5), "courts will not give the contract a construction other than that which the plain language of the contract provides." *Bohlen v. Anandarko E & P Onshore, LLC*, 80 N.E.3d 468, 471 (Ohio 2017).

9

Because this forum-selection clause is permissive, the Court need not give it "controlling weight" in deciding the Motion. *Residential Fin. Corp. v. Jacobs*, No. 2:13-cv-1167, 2014 WL 1233089, at *3 (S.D. Ohio Mar. 25, 2014) (distinguishing permissive and mandatory forum-selection clauses and considering all relevant factors to determine whether transfer was warranted); *Kendle v. Whig Enter., LLC*, No. 2:15-cv-1295, 2016 WL 354876, at *3 (S.D. Ohio Jan. 29, 2016) (same). While courts in the Sixth Circuit are divided, courts in this District typically give permissive forum-selection clauses little weight in the Section 1404 analysis. *See Teron Lighting Inc. v. Omnitronix Eng'g LLC*, No. 1:09-cv-105, 2010 WL 11639899, at *3 (S.D. Ohio Jan. 26, 2010) (following other courts' lead and treating a permissive forum-selection clause as a "relatively minor factor" in the Section 1404 analysis); *Residential Fin. Corp.*, 2014 WL 12333089, at *3 (noting that a permissive forum-selection clause does not require a transfer of venue); *Kendle*, 2016 WL 354876, at *5 (same); *but see United Am. Healthcare Corp. v. Backs*, 997 F.Supp.2d 741 (E.D. Mich. 2014) (declining to functionally distinguish between permissive and mandatory forum-selection clauses). Instead, like any other motion to transfer under Section 1404, these courts consider convenience to the parties and witnesses, along with the relevant private and public interest factors, to determine whether a transfer is appropriate. *See Teron Lighting Inc.*, 2010 WL 11639899, at *3–5 (balancing the parties' forum-selection clause along with the other relevant factors in deciding a motion to transfer venue). The Court addresses those factors now.

**B.     Relevant Factors**

Putting aside the parties' forum-selection clause, Defendant offers few other arguments in support of his Motion. And the Court makes quick work of them. *See Woods v. Brooks*, No. 2:19-cv-5208, 2020 WL 2182983, at *4 (S.D. Ohio May 6, 2020) (finding arguments on the factors

10

waived where the defendants did not brief them).

### 1. Plaintiff's Choice of Forum Matters

In opposing a transfer, Plaintiff argues that its choice of forum in Ohio should be given "great weight." (Doc. 13 at 8–9). Notably, though, Plaintiff did not bring this action in the United States District Court for the Southern District of Ohio. Instead, it filed this suit in the Franklin County Court of Common Pleas, and Defendant removed the action to federal court. (*See* Doc. 1).

Typically, a "plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted." *Hanning v. New England Mut. Life Ins. Co.*, 710 F.Supp. 213, 214 (S.D. Ohio 1989). When a case is removed, a plaintiff's choice of forum receives less weight because his or her chosen forum was state court, not the federal court. *Neff Athletic Lettering Co. v. Walters*, 524 F.Supp 268, 272–73 (S.D. Ohio 1981). Still, even in those circumstances a plaintiff's choice of forum is "relevant to the issue of transfer," although it is not "entitled to the substantial weight it otherwise might receive." *Jamhour*, 211 F.Supp.2d at 947; *see ITS Fin., LLC v. Advent Fin. Servs., LLC*, No. 3:10-cv-41, 2010 WL 3603907, at *2 (S.D. Ohio Aug. 23, 2010) (giving plaintiff's choice of forum some weight, even though the case was originally filed in state court and removed to federal court); *Abercrombie & Fitch Co. v. Ace European Grp., Ltd.*, No. 2:11-cv-1114, 2012 WL 2995171, at *5–6 (S.D. Ohio July 23, 2012) ("Because Abercrombie originally filed in state court, the Court accords its choice of an Ohio forum significant weight, but not the substantial deference it might otherwise receive.").

Plaintiff's corporate headquarters are located in Franklin County, Ohio, and both this Court and the Common Pleas court are located in that county. (Doc. 13 at 7). In addition, the parties'

11

Cognovit Note makes clear that Plaintiff anticipated that an action arising out of the Note would be brought in Franklin County. (Doc. 3-4 at 4 (stating that Defendant authorizes "any attorney at law to appear [for him] in any court of record in Franklin County, Ohio")). So, while this factor is not substantially in Plaintiff's favor, the Court finds that Plaintiff's choice to file in Franklin County, Ohio, should be credited.

### 2. *The Private Interest Factors Do Not Support Transfer*

Even so, Defendant believes this case should be transferred for the convenience of witnesses and the parties. (Doc. 18 at 7). According to Defendant, many witnesses for his proposed counterclaim reside in Brazil, and "travel to the Southern District of New York is more convenient than travelling to Ohio." (Doc. 18 at 7). Defendant offers no evidence supporting his arguments that witnesses will have to travel from Brazil for these proceedings. In fact, he does not name any witnesses, nor does he provide any declarations or affidavits from these individuals. (*See* Doc. 18 at 6–7).

Next, Defendant claims that the Southern District of New York is a more convenient forum for Plaintiff, as it is "a multinational company doing business" there. (Doc. 18 at 7). But Plaintiff disagrees, as its headquarters are in Columbus, Ohio, and the cognovit judgment proceedings underlying this action took place in Franklin County, Ohio. (Doc. 13 at 7).

On balance, it seems this District is more convenient for Plaintiff, and the Southern District of New York might be more convenient for Defendant and his potential witnesses. Transferring this case to the Southern District of New York would "merely shift[] the burden of inconvenience" from Defendant to Plaintiff, which goes against the statutory language and purpose of Section 1404(a). *Coshocton Grain Co. v. Caldwell-Baker Co.*, No. 2:14-cv-2182, 2014 WL 6473504, at *2 (S.D. Ohio Nov. 18, 2014) (citing *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F.Supp.2d 816,

12

821–22 (S.D. Ohio 2000)). As a result, this factor does not weigh in favor of transfer.

### 3. The Public Interest Factors Weigh Against Transfer

Defendant also argues the public interest factors weigh in favor of transfer. Defendant asserts that New York law will apply in this case, since the Guarantee Agreement included a choice-of-law provision favoring that state. (Doc. 18 at 7). So, Defendant says a "New York court would more efficiently oversee this case." (*Id.*). But importantly, the parties' Cognovit Note included a choice-of-law provision stating that it "shall be governed and construed with the laws of the State of Ohio." (Doc. 3-4 at 4). What's more, Defendant currently has pending motions before this Court to amend his answer and to vacate the underlying cognovit judgment. (Docs. 10, 11). In these filings, Defendant cites no New York law. (*See generally id.*). Instead, he cites cases from the state of Ohio and seeks relief from the cognovit judgment under Ohio Civil Rule 60(B). (*See* Doc. 11 at 3–8).

Generally, "a diversity case should be decided by a court which is the most conversant with the applicable state law." *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1318–19 (S.D. Ohio 1991) (internal quotation and quotation marks omitted). Unlike a case based in contract interpretation or negligence law, which may be similar between states, the underlying dispute here concerns a cognovit judgment rooted in Ohio law. And Defendant's motion to vacate necessarily will require an analysis of whether the parties' Cognovit Note adhered to Ohio's strict statutory and procedural requirements for these types of judgments. (Doc. 11 (challenging whether there was adequate consideration for the Note and if Plaintiff obtained the Note through coercion and duress)); *Fifth Third Bank v. MacLaren*, No. 3:08-cv-2819, 2009 WL 3271364, at *5 (N.D. Ohio Oct. 9, 2009) ("A meritorious defense to a cognovit judgment is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of

confession or judgment, or the procedure utilized in the confession of judgment on the note." (internal quotation omitted)). Accordingly, an Ohio court is best suited to resolving this dispute. *Cf. Midwest Motor Supply Co., Inc.*, 761 F.Supp. at 1318–19 (stating a case did not present "novel or complex issues under Ohio law" that would "strongly militate against transfer"); *Sacklow v. Saks Inc.*, 377 F.Supp.3d 870, 879 (M.D. Tenn. 2019) (finding this public interest factor neutral where the case involved basic tort and consumer protection laws).

This District has a stronger relation to this action than the Southern District of New York. The Cognovit Note was signed and executed in Franklin County, Ohio, and the underlying cognovit judgment proceedings took place in this county. (Doc. 3-4 at 5; Doc. 13 at 3). In contrast, the parties seemingly bear no connection to the Southern District of New York, nor was their Guarantee Agreement signed in that jurisdiction. (Doc. 3-1 at 14, 25 (listing Sao Paulo, Brazil, as a signing location for amendments to the Agreement); Doc. 13 at 8–9 (noting that Defendant lives in Florida and Plaintiff's headquarters are in Franklin County, Ohio)). So, this factor, too, weighs against transfer.

Defendant also says this case must be transferred due to his proposed counterclaim. Defendant argues he can "only sue Plaintiff in the Southern District of New York" under the Guarantee Agreement. (Doc. 18 at 5). Because Defendant has separately moved to amend his answer to allege a counterclaim, he says this case must be transferred to allow him to properly raise this claim. (*Id.*). According to him, not transferring this case would result in multiple venues, duplicative litigation, and judicial inefficiencies. (*Id.*). Notably, the Court has not yet ruled on Defendant's motion to amend his answer, so whether Defendant may raise his counterclaim in this action has not been decided. (*See* Docs. 11, 17, 19 (briefing on Defendant's amended motion)). Therefore, at this stage, Defendant's concerns over duplicative litigation are speculative.

14

Turning to the interests of justice, Defendant argues the parties' forum-selection clause should be enforced, as it was "bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." (Doc. 18 at 7). Yet the parties' forum-selection clause was permissive, not mandatory, and it did not forbid Plaintiff from filing suit in "the courts of any jurisdiction." (Doc. 3-1 at 11). The Cognovit Note also clearly contemplated that litigation arising out of it could proceed in a court in Franklin County, Ohio. (Doc. 3-4 at 4 (allowing an attorney at law to appear for Defendant "in any court of record in Franklin County, Ohio, with or without process, at any time after this Note becomes payable")). As a result, under either the Guarantee Agreement or the Note, what the parties bargained for is an agreement that allowed Plaintiff to file suit against Defendant in Ohio. Because that is what occurred here, this factor favors holding the parties to their bargain and allowing the action to proceed here. *See, e.g.*, *Atl. Marine Const. Co., Inc.*, 571 U.S. at 66 (finding the interests of justice are served by adhering to the parties' agreement and declining to "disrupt the parties' settled expectations" on a forum-selection clause).

***

Under Section 1404(a), it is soundly within this Court's discretion to grant or deny a motion to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). On balance, after reviewing all the factors, the Court finds Defendant has not carried his burden. Therefore, his Motion is **DENIED**, and this action will remain in the Southern District of Ohio.

15

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 3) is **DENIED**.

IT IS SO ORDERED.

Date: August 6, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE