# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WENDY'S NETHERLANDS B.V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW LEVY, <br><br> Defendant. | Civil Action No. 2:24-cv-03077 |

## OBJECTION TO MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION TO CHANGE VENUE

The defendant, Andrew Levy ("Levy"), under Federal Rule of Civil Procedure 72(b), and Southern District of Ohio Local Rule 72.3, objects to the Magistrate Judge's ruling [D.E. 21] on Levy's Motion to Change Venue [D.E. 3]. In support, Levy states the following:

### BACKGROUND

On October 20, 2015, and August 2, 2017, Wendy's Netherlands B.V. ("Plaintiff") entered the separate Credit Agreement ("Credit Agreements") with WBR Franquias e Participacoes ("WBR"), agreeing to loan money to WBR. [D.E. 3 at 1-2]. The loan was for WBR to develop and operate Wendy's restaurants in Brazil through a joint venture. *Id*. at 2. Plaintiff also entered into a Guarantee Agreement ("Guarantee") with Levy and Starboard International Holdings B.V. ("Starboard"), which the parties amended in 2017 and 2018. *Id*. The Guarantee contained the following forum-selection clause:

> (a) Any legal action or proceeding against Beneficiary with respect to or arising out of this Agreement shall be brought exclusively in or removed to the courts of the State of New York, in and for the County of New York, or of the United States of America for the Southern District of New York (in each case sitting in the Borough of Manhattan).

[D.E 3-1 at 10].

In late 2019, Plaintiff and WBR began negotiating to terminate Wendy's restaurants in Brazil, with Plaintiff pressuring Levy to execute a cognovit note for the obligations under the Credit Agreement and the Guarantee. [D.E. 3 at 2]. Plaintiff and Levy entered the Cognovit Note on February 23, 2020. *Id*. Plaintiff is a foreign company with a registered address at Prins Bernhardplein 200, 1097 JB Amsterdam. [D.E. 1 ¶5]. Levy is a Florida citizen living in Monroe County, Florida. [D.E. 1 ¶6]. The Cognovit Note covers the same obligations owed by WBR and guaranteed by Levy and Starboard in the Guarantee and incorporates the Guarantee into it:

> Maker, as Guarantor, and Wendy's Netherlands B.V., as Beneficiary, as amended by the first amendment thereto dated August 2, 2017 and the second amendment thereto dated January 19, 2018 (such Guarantee Agreement, as so amended being the "Guarantee") attached hereto as Exhibit B and **made a part hereof** pursuant to which Maker guaranteed the obligations of WBR Franquais Participacoies LTDA, as borrower ("Borrower") under (x) the Credit Agreement, dated as of October 20, 2015 ("2015 Credit Agreement"), among Payee and Borrower and (y) the Credit Agreement, dated as of August 2, 2017 (together with the 2015 Credit Agreement being the "Credit Agreements")), among Payee and Borrower.

[D.E. 3-4 at 2].

On May 01, 2024, Plaintiff filed a Complaint for Confession of Judgment on a Cognovit Promissory Note, asserting one claim for confession of judgment on Cognovit Note. [D.E. 1 ¶¶ 1-2]. On May 3, 2024, the court entered a Cognovit Judgment against Levy. [D.E. 3 at 3]. On June 3, 2024, Levy removed the case to the District Court for the Southern District of Ohio, Eastern Division. On June 3, 2024, Levy filed the present motion, seeking to enforce the Guarantee's forum selection provision, and transfer the case to the Southern District of New York. [D.E. 3]. Plaintiff opposed the motion. [D.E. 13]. The Magistrate Judge issued a Report and Recommendation ("R&R") denying Levy's motion. [D.E. 21]. This Objection follows.

2

**ARGUMENT**

Rule 72(a) allows a party to object to a Magistrate Judge's order on non-dispositive issues. *Bonasera v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021). The district court applies a "clearly erroneous or contrary to law" standard of review. *Id*. An abuse of discretion arises when the magistrate judge applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings. *Id*.

Under the R&R, two issues remain undisputed. First, Wendy's could bring an action in the Southern District of New York to enforce the Cognovit Note. [D.E. 21 at 5-6]. Second, Levy must commence any action against Plaintiff in New York. [D.E 21 at 9]. The forum-selection clause in the Guarantee, incorporated in the Cognovit Note, is neither permissive nor mandatory; it is both. *Id*. For Levy, the forum-selection clause is mandatory: Levy has no choice but to bring all claims against Plaintiff in New York. *Id*. But for Plaintiff, it may choose to commence an action elsewhere. *Id*.

The R&R presupposes the forum-selection clause is permissive to conclude the factors for analyzing a motion under Section 1404(a) do not favor transfer. The R&R also disregards Levy has submitted a counterclaim, which he must file in New York. [D.E. 10-1]. By disregarding the mandate on Levy, the R&R prefers the parties litigate two cases involving the same facts, evidence, and witnesses in two jurisdictions concurrently, resulting in inefficiencies and potential conflicting verdicts.

**I.     The Forum-Selection Clause is Applicable, Mandatory, Valid, and Enforceable.**

Levy objects to the R&R's finding that the relevant forum-selection clause is not mandatory.[1] [D.E. 21 at 9]. The R&R rules that Ohio law governs the forum-selection clause, but

---

[1] The Magistrate Judge declined to analyze whether the Cognovit Note incorporated the Guarantee

3

federal precedent holds that federal law governs a district court's decision to enforce the parties' forum-selection clause in diversity cases. *Petti v. Fraker*, 1:18CV615, 2020 WL 13460640, at *1 (N.D. Ohio Aug. 19, 2020) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988).) Federal common law interprets forum-selection clauses with ordinary contract principles. *Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 506 (N.D. Ohio 2022) (citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009).)

Forum selection clauses are presumed valid. *Braman v. Quizno's Franchise Co., LLC*, 5:07CV2001, 2008 WL 611607, at *3 (N.D. Ohio Feb. 20, 2008). The presence of a forum-selection clause is a significant factor that figures centrally in the district court's calculus. *Id*. A forum-selection clause is mandatory if it states that jurisdiction is proper only in the selected forum. *Braman*, 2008 WL 611607, at *3. *See also Bliss v. Architron Sys., Inc.*, 1:08 CV 1301, 2008 WL 5082436, at *4 (N.D. Ohio Dec. 1, 2008) (holding that a venue clause that excludes any other courts for an action arising from the agreement was mandatory forum-selection clause). Where a contract specifies venue in a forum-selection clause with mandatory or obligatory language, courts must enforce it. *Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, 2:04-CV-0916, 2005 WL 1038842, at *3 (S.D. Ohio May 3, 2005). By contrast, a permissive forum-selection clause authorizes jurisdiction in the stated forum but does not state the forum is the exclusive venue for litigation. *Braman*, 2008 WL 611607, at *3.

The parties to this lawsuit stated how and where they would resolve disputes arising from the Guarantee and the Cognovit Note. They agreed that New York law governs the Guarantee,

---

Agreement. [D.E. 21 at 6]. For the purposes of this Objection and Levy's Motion to Change Venue, the Cognovit Note covers the same obligations owed by WBR and guaranteed by Levy and Starboard in the Guarantee and incorporates the Guarantee into it. [D.E. 3 at 3]. Therefore, Plaintiff's claims fall within the scope of the forum-selection clause.

later incorporated to the Cognovit Note, and that disputes arising from the agreement must proceed in either state or federal court in New York. [D.E. 3-1 at 9-10]. Unlike the cases cited in the R&R, the instant forum-selection clause is mandatory for Levy, not permissive, because states jurisdiction is only proper in New York using obligatory terms like "shall" and "exclusively." *Id*. The venue clause used by the parties here is different from the permissive terms used in cases where the court would not require the parties to proceed in the other forum. *See, e.g.*, EI *UK Holding, Inc. v. Cinergy UK, Inc.*, No. 22326, 2005 WL 662921, at *6 (Ohio Ct. App. Mar. 23, 2005) (the forum-selection clause stated the parties may be heard by a New York court); *State ex rel. Cordray v. Makedonija Tabak 200*, 937 N.E.2d 595, 601 (Ohio Ct. App. 2010) (the forum-selection clause stated the parties may bring suit in Miami-Dade, Florida).

The R&R reasoned the venue clause does not bind Plaintiff, thus rendering it permissive. [D.E. 21 at 9]. But the R&R does not account for the counterclaim Levy has alleged against Plaintiff, which the Guarantee mandates he must pursue in New York. [D.E 3-1 at 10]. Although the R&R calls this counterclaim speculative, it is pending and must proceed in New York. Whatever initial view the R&R expresses about the counterclaim, one way or another it is going to proceed forward: in New York. If the R&R stands, then the claims alleged by Levy will proceed in New York, as it must, and Plaintiff's claim will proceed in Ohio. That procedure wastes judicial resources, the parties' resources, and does not result in the just, speedy, and inexpensive resolution for these civil matters as mandated under Federal Rule of Civil Procedure 1. Thus, the Court should weight the factors in favor of transferring venue.

II. **The *Atlantic Marine* Modified Analysis Applies to the Transfer Motion.**

Under *Atlantic Marine*, when a valid and enforceable forum-selection clause exists, the plaintiff's forum choice warrants no weight and courts consider arguments only under the public-

5

interest factors, treating the private-interest factors as weighing entirely in favor of the preselected forum. *Rosskamm.*, 637 F. Supp. 3d at 506. The plaintiff bears the burden of showing that public-interest factors disfavor transfer. *Id*. Public-interest factors rarely defeat transfer, meaning forum-selection clauses should control except in unusual cases. *Id*. Under this analysis, Section 1404(a) requires a forum-selection clause controls in all but the most exceptional cases. *Id*.

Under *Atlantic Marine*, the Court should give no weight to Plaintiff's forum choice and should not consider arguments about Plaintiff's inconvenience from litigating this case in New York. The forum-selection clause Plaintiff agreed to mandates it litigate the claims Levy alleged in New York, not in Ohio. [D.E. 3-1 at 10]. The Court should follow what the parties bargained for: an agreement that prevents Plaintiff from arguing that New York is an improper venue.

### III.    Section 1404(a) Factors Urge Changing Venue.

A district court considering a Section 1404(a) motion must evaluate both the parties' convenience and various public-interest considerations. *Woods v. Brooks*, 2:19-CV-5208, 2020 WL 2182983, at *3 (S.D. Ohio May 6, 2020) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).) The private interest factors include: (1) the convenience of the parties and witnesses, (2) the accessibility of the evidence, (3) the availability of compulsory process, (4) the cost of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice. *Id*. (citing *Flatt v. Aspen Dental Mgmt., Inc.*, No. 2:18-CV-1278, 2019 WL 6044159, at *2 (S.D. Ohio Nov. 15, 2019)). Courts may also consider public-interest factors such as (1) court congestion, (2) local interest in deciding the controversy at home, and (3) in diversity cases, the interest of conducting the trial in the forum of the governing law. *Id*.

6

The R&R analyzes the factors as though the forum selection clause is permissive without accounting for the mandate on Levy. [D.E. 21 at 9]. By analyzing the factors based on the mandate on Levy, it should transfer this case to New York. Levy addresses the factors based on the hybrid nature stated in the forum-selection clause.

      **a.**      **Plaintiff's choice of forum does not shift the analysis against transfer.**

In evaluating a motion to transfer venue under § 1404(a), courts may give deference to the plaintiff's choice of forum. *Candela Mgmt. Group, Inc. v. Taco Maker, Inc.*, CIV.A. 2:08-CV-1138, 2010 WL 1253552, at *4 (S.D. Ohio Mar. 31, 2010). A plaintiff's venue choice is not dispositive. *Flatt*, 2019 WL 6044159, at *8. (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 413 (6th Cir. 1998)). The plaintiff's chosen forum gets less deference when the defendant removed the case to federal court. *Id*.

The R&R reasons Plaintiff's forum choice weighs against transfer because (1) Plaintiff's corporate headquarters are located in Franklin County, Ohio; (2) this Court and the Common Pleas court are located in the same county as Plaintiff's corporate headquarters, and (3) the Cognovit Note indicates Plaintiff anticipated that an action could commence in Franklin County. [D.E. 21 at 11-12]. But Plaintiff's chosen forum should receive little if any deference because it did not choose this Court, since it commenced the case in state court. Other than signing the note in Ohio based on Plaintiff's demands, all the conduct occurred outside Ohio, including the parties negotiating the Cognovit Note and the actions that resulted in the claimed default. Thus, taking all the factors into account, Plaintiff choosing Ohio does not defeat the motion to transfer this case to New York.

      **b.**      **The private interest factors favor transfer.**

The R&R also concludes the private interest factors weigh against transfer despite stating that the transferee jurisdiction might be more convenient for Defendant and his potential witnesses.

[D.E. 21 at 12-13]. But the private factors analysis requires courts weighing them not decide that transferring the case shifts the inconvenience from one party to the other (stated in the R&R). Section 1404(a) requires courts show the private interests weigh in Plaintiff's favor rather than Levy's. *Id*. (citing *Coshocton Grain Co. v. Caldwell-Baker Co.*, No. 2:14-cv-2182, 2014 WL 6473504, at *2 (S.D. Ohio Nov. 18, 2014).) That analysis is not in the R&R.

For example, considering witness convenience is necessary for deciding the private interest factors. *Fed. Deposit Ins. Corp. v. Paragon Mortgage Services, Inc.*, 1:15 CV 2485, 2016 WL 2646740, at *4 (N.D. Ohio May 10, 2016). Witness convenience is often the most significant factor in ruling on a motion to transfer under Section 1404(a). *Residential Fin. Corp. v. Jacobs*, 2:13-CV-1167, 2014 WL 1233089, at *4 (S.D. Ohio Mar. 25, 2014); *see also Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1319 (S.D. Ohio 1991). Courts must analysis convenience for witnesses based on how important and the substance for potential testimony. *Fed. Deposit Ins. Corp.*, 2016 WL 2646740, at *4.

The weight afforded the private factors tips toward transferring this case. New York would be more convenient for Levy, who resides in Florida, and had no contact with Ohio other than signing the Cognovit Note. [D.E. 21 at 12]. But Plaintiff conducts business in New York, as an international restaurant chain. *Id*. Plaintiff anticipated getting sued in New York – evidenced by the forum-selection clause at issue. Transferring this case to New York thus does not inconvenience Plaintiff, and further weighs against litigating this case in Ohio.

The R&R states that Levy has not identified any witnesses, but in the briefs and their accompanying exhibits there are several potential witnesses, namely Lucas Hernandez do Vale Martins, Roberto Toshiyuki Ioshioca, Marcel, and In Hee Cho. [D.E. 3-1 at 13, 20, 24, and 29; D.E. 3-2 at 1, 5 and 6]. These witnesses live in Brazil, a country that does not allow for persons,

8

such as American attorneys, to take depositions for use in a court in the United States.[2] Discovery will require Brazilian witnesses to travel to the United States from Sao Paulo, Brazil. There are no direct flights from Sao Paulo, Brazil to Ohio but there are to New York.[3] WBR partners – non-parties – suffer inconvenience. Transferring this case to New York is more convenient for non-party witnesses.

Private interest factors favor transfer.

### c. The public interest factors favor transfer.

Public Interest Factors consider court dockets, resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law. *Braman*, 2008 WL 611607, at *6. Enforcing a forum-selection clause, bargained for the parties, protects their legitimate expectations and furthers vital interests of the justice system. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).

The R&R considered that the public factors weigh against the transfer. [D.E. 21 at 13(citing *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316 (S.D. Ohio 1991))]. But *Midwest Motor Supply* decided transfer was proper, noted that a covenant not to compete did not present any novel or complex issues under Ohio law. *Midwest Motor Supply Co., Inc.*, 761 F. Supp. at 1320. The home venue for considering substantive law should receive less weight when the case presents uncomplicated issues and neither party asserts that the applicable law is unique. *Antioch*

---

[2] *See* U.S. Department of State- Bureau of Consular Affairs- Brazil Judicial Assistance Information, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Brazil.html (last accessed August 14, 2024.)

[3] A brief internet search shows that while there are direct flights between Sao Paulo and New York averaging 10 hours in duration, there are no direct flights between Sao Paulo and Columbus, Ohio. *See* GRU to CMH: Sao Paulo to Columbus Flights, available at https://www.flights.com/lp/flights/gru/cmh/sao-paulo-to-columbus (last accessed August 14, 2024).

*Co. v. Pioneer Photo Albums, Inc.*, C-3-99-270, 2000 WL 988249, at *5 (S.D. Ohio Mar. 13, 2000); *Grubb v. Day to Day Logistics, Inc*, 2:14-CV-01587, 2015 WL 4068742, at *20 (S.D. Ohio July 2, 2015); *Rahim, Inc. v. Mindboard, Inc.*, 1:16 CV 262, 2016 WL 1558628, at *4 (N.D. Ohio Apr. 18, 2016). Even assuming Ohio law would be the law applied to this action (which is true only for the Cognovit Note),[4] federal courts routinely apply law from states other than the state in which they sit. *Rahim, Inc.*, 2016 WL 1558628, at *4.

There are no unique or novel legal issues in the present case. Rather, the R&R points to the fact Levy submitted several motions citing Ohio law. [D.E. 21 at 13]. But the present case, a Cognovit Judgment, does not present any novel or complex issues under Ohio law. The Ohio Cognovit Statutory and Procedural Requirements are not unique; the home law factor should therefore not weigh against transfer. This Court does not have a stronger relationship with this action than New York because the connection is only the Cognovit Note. The Guarantee stipulates that New York law governs, and the counterclaims Levy has alleged will all turn on New York law. [D.E. 3-1 at 9]. Because New York law will govern, a New York court would be more efficient presiding over this case. Therefore, the public interest factors weigh in favor of a transfer.

## CONCLUSION

For these reasons, defendant, Andrew Levy, respectfully requests the Court enter an order reversing the magistrate judge's order [D.E. 21], and grant such further relief the Court deems just, fair, and equitable.

---

[4] Cognovit judgments or Confessions of judgment in New York are governed by CPLR 3218, which requires they (i) be in the form of an affidavit executed by the debtor; (ii) state the amount for which judgment may be entered; (iii) concisely state the facts out of which the debt arose and demonstrate that the amount confessed is fair; (iv) concisely state the facts constituting the liability if the judgment is used to secure a creditor against a contingent liability. N.Y. C.P.L.R. 3218. A judgment cannot survive if entered more than 3 years after signing or the debtor died. *Id*.

Respectfully submitted,

/s/ John A. Borell, Jr., Trial Attorney
John A. Borell, Jr. (0068716)
Marshall & Melhorn, LLC
Four SeaGate, 8th Floor
Toledo, Ohio 43604
Phone: (419) 249-7100
Fax: (419) 249-7151
borell@marshall-melhorn.com

Counsel for Defendant
Andrew Levy

**CERTIFICATE OF SERVICE**

On August 20, 2024, this document was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

/s/ John A. Borell, Jr., Trial Attorney
John A. Borell, Jr. (0068716)
Marshall & Melhorn, LLC
Four SeaGate, 8th Floor
Toledo, Ohio 43604
Phone: (419) 249-7100
Fax: (419) 249-7151
borell@marshall-melhorn.com
Counsel for Defendant
Andrew Levy