## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Wendy's Netherlands B.V.,

      Plaintiff,

      v.

Andrew Levy,

      Defendant.

Case No. 2:24-cv-3077

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on the Amended Motion for Leave to File an Amended Answer, ECF No. 10, and the Amended Motion to Vacate Cognovit Judgment, ECF No. 11, both filed by Andrew Levy ("Defendant"). Also before the Court is Defendant's Objection to the Magistrate Judge's Opinion and Order denying his request to change venue, ECF No. 22.

For the reasons below, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Opinion and Order, ECF No. 21, and **OVERRULES** Defendant's Objection, ECF No. 22. The Court further **DENIES without prejudice** the Amended Motion for Leave to File an Amended Answer, ECF No. 10. Finally, the Court **ORDERS** the parties to appear for an evidentiary hearing with respect to the Amended Motion to Vacate Cognovit Judgment, ECF No. 11, on **March 13, 2025, at 10:00 AM** in Courtroom 120.

## I.    BACKGROUND

Wendy's Netherlands B.V. ("Plaintiff") is an international fast-food restaurant with its American headquarters located in Dublin, Ohio.  Compl. ¶¶ 1, 4, ECF No. 5.  Defendant and his company, Starboard International Holdings, B.V. ("Starboard"), are owners / investors in several Wendy's franchises.  *Id.* ¶ 5; ECF No. 11-3 at PAGEID # 950–52, 55.

### A.    Relevant Agreements

On or about October 20, 2015, and August 2, 2017, Wendy's entered into two separate Credit Agreements with WBR Franquais 3 Participacoies LTDA ("Borrower") related to Wendy's franchises in Brazil.  Compl. ¶¶ 6–7, ECF No. 5.  Pursuant to Credit Agreements, Wendy's agreed to lend money to the Borrower to support the development and operation of Wendy's restaurants in Brazil through a joint venture involving Starboard.  *Id.* ¶¶ 6–8.

In tandem with the Credit Agreements, Wendy's entered into a Guarantee Agreement ("Guarantee") with Defendant and Starboard, which was subsequently amended twice.  Compl., ¶ 8, ECF No. 5; Guarantee at PAGEID # 370, ECF No. 5.  Through the Guarantee, Defendant and Starboard, jointly and severally, guaranteed the prompt and complete payment and performance by the Borrower of its obligations under the Credit Agreements.  Compl., ¶ 9, ECF No. 5; Guarantee at PAGEID # 373, ECF No. 5.  The Guarantee also contained a forum selection clause:

(a) Any legal action or proceeding against [Plaintiff] with respect to or arising out of this Agreement shall be brought exclusively in or removed to the courts to the State of New York, in and for the County of New York, or of the United States of America for the Southern District of New York . . . [Defendant] hereby expressly consent[s] that any legal action with respect to, or arising out of this Agreement, may be brought by [Plaintiff] or removed to the courts of (i) the State of New York, in and for the County of New York, or of the United States of America[ ] for the Southern District of New York[.]

***

(b) Nothing herein shall in any way be deemed to limit the ability of [Plaintiff] to serve any process or summons in any manner permitted by Requirements of Law, or limit any right that [Plaintiff] may have to bring proceedings against [Defendant] in the courts of any jurisdiction or to enforce in any lawful manner a judgment obtained in one jurisdiction in any other jurisdiction.

Guarantee at PAGEID # 379, ECF No. 5.

In or around December 2019, Plaintiff's Brazil restaurants were wound down. ECF No. 11-2 at PAGEID # 948. Consequently, the outstanding amounts under the Credit Agreements (and the Guarantee) became immediately due and payable. Guarantee at PAGEID # 373, ECF No. 5. From December 2019 to February 2020, Plaintiff and Defendant negotiated terms concerning Defendant's obligations under the Guarantee and Credit Agreements. ECF No. 11-3.

Plaintiff and Defendant entered into a Cognovit Promissory Note ("Cognovit Note") on February 23, 2020, which reflected and secured the debt due and owed individually by Defendant to Plaintiff pursuant to his obligations under the Guarantee and with respect to the Credit Agreements. Compl., ¶¶ 10–12, ECF No. 5; Cognovit Note at PAGEID # 362–63, ECF No. 5. Defendant

agreed to pay Plaintiff the principal sum of $5,550,360.55 plus interest at the rate of four and one-half percent (4.5%) per annum, and Defendant was to pay quarterly installments of the principal and interest beginning on March 15, 2020.[1] Compl. ¶¶ 13–15, ECF No. 5; Cognovit Note at PAGEID # 362, 367, ECF No. 5.

As relevant here, the Cognovit Note states that Defendant's failure "to make any payment within three (3) calendar days when due . . . or to observe or perform any other term, agreement or covenant in this [Cognovit] Note" constitutes an "event of default." Cognovit Note at PAGEID # 364, ECF No. 5. "Upon the occurrence of an event of default," the Cognovit Note allowed Plaintiff to "declare all principal and interest provided for under [the Cognovit Note] to be immediately due and payable." *Id.* at PAGEID # 365. Plaintiff could make this declaration without notice to Defendant, and Defendant further waived any demand, presentment, and all other notices or requirements that might otherwise be required. *Id.* at PAGEID # 464–65. Additionally, the Cognovit Note includes a warrant of attorney, which states:

> **WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIM YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS**

---

[1] Absent Defendant's default, the entire amount due under the Cognovit Note, including all unpaid principal and interest, was to be due and payable in full on December 15, 2024. Compl. ¶ 16, ECF No. 5; Cognovit Note at PAGEID # 362, ECF No. 5. If Defendant failed to timely make payments, he agreed to pay Plaintiff a late charge. Compl. ¶ 17, ECF No. 5; Cognovit Note at PAGEID # 363, ECF No. 5.

**PART TO COMPLY WITH ANY AGREEMENT OR ANY OTHER CAUSE.**

*Id.* at PAGEID # 366.  The Cognovit Note, which authorizes confession of judgment against Defendant after it becomes payable, was executed in Franklin County, Ohio.  *Id.*

**B.    Event of Default and Procedural History**

In both January and April 2024, Defendant failed to make his quarterly payments under the Cognovit Note.  Compl. ¶¶ 18–19, ECF No. 5.  Each failure constituted an event of default, such that Plaintiff elected to declare all principal and interest to be immediately due and payable.  *Id.* ¶¶ 26–27.

On May 1, 2024, Plaintiff filed a Complaint for Confession of Judgment on the Cognovit Note in the Franklin County Court of Common Pleas.  *Id., generally*. Pursuant to the warrant of attorney, the confessing attorney representing Defendant also filed an Answer on his behalf.  ECF No. 6.  Shortly thereafter, the state court entered a Cognovit Judgment against Defendant in the amount of $4,165,483.37, plus interest, late fees, and costs and expenses, including attorneys' fees.  ECF No. 1-4 at PAGEID # 59.

Defendant subsequently removed the case to this Court under diversity jurisdiction.  ECF No. 1.  Upon removal, he filed (1) a motion to change venue, ECF No. 3; (2) an amended motion for leave to file an amended Answer, ECF No. 10; and (3) an amended motion to vacate the state court's Cognovit Judgment, ECF No. 11.  On August 6, 2024, the Magistrate Judge issued an

Opinion and Order denying Defendant's request to change venue, ECF No. 21, and Defendant objected, ECF No. 22. The Court addresses each of these filings in turn below.

## II.    OBJECTION TO MAGISTRATE JUDGE ORDER (ECF NO. 22)

### A.    Standard of Review

When a party timely objects to a magistrate judge's order concerning a non-dispositive matter, the district judge in the case must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-cv-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is "contrary to law" when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id*. (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (internal quotations and citation omitted) ("A magistrate[ ] judge's decision is contrary to law if the magistrate has misinterpreted or misapplied applicable law.").

**B.    Analysis**

Relying on the forum selection clause in the Guarantee, Defendant moved to transfer this case to the United States District Court for the Southern District of New York.  ECF No. 3 at PAGEID # 119.  Upon review, the Magistrate Judge considered the impact of the forum selection clause as part of her analysis under 28 U.S.C. § 1404(a) and corresponding caselaw.  ECF No. 21 at PAGEID # 1196–98.  The Magistrate Judge found that to the extent the Cognovit Note incorporated the forum selection clause in the Guarantee, the clause did not support transfer because it was permissive (not mandatory), such that it need not be given controlling weight in the transfer analysis.  *Id.* at PAGEID # 1199, 1202–03.  The Magistrate Judge addressed Defendant's remaining arguments—including his contention that this case should be transferred because of his proposed counterclaim, ECF No. 10-1—and concluded that the remaining § 1404(a) factors did not support transfer.  *Id.* at PAGEID # 1207–08.

Defendant's objection to the Magistrate Judge's Opinion and Order is twofold—first, that the Opinion and Order improperly "presupposes the forum-selection clause is permissive to conclude the factors for analyzing a motion under Section 1404(a) do not favor transfer"; and second, that the Opinion and Order "disregards" the existence of his counterclaim, which he asserts must be filed in New York.  ECF No. 22 at PAGEID # 1212.

Looking to the first argument, the Magistrate Judge found the forum selection clause to be permissive:

> The Agreement provides that "[a]ny legal action or proceeding against [Plaintiff] with respect to or arising out of this Agreement shall be brought exclusively in or removed to the courts of the State of New York, in and for the County of New York, or for the United States of America for the Southern District of New York." (*Id.* at 6 (quoting Doc. 3-1 at 11) (emphasis removed)). Here, the instant case is not a "legal action or proceeding against" Plaintiff. It is one against Defendant. Therefore, this portion of the clause is inapplicable . . . Plaintiff did not consent to litigating issues arising out of the Guarantee Agreement exclusively in New York. While Defendant "expressly consent[ed]" that a legal action against him could be brought by Plaintiff in New York, Plaintiff reserved the right to bring suit "in the courts of any jurisdiction." (Doc. 3-1 at 11). Put differently, based upon this language, an action brought by Plaintiff against Defendant could be filed in a New York court, but it was not required. Therefore, this forum-selection clause is permissive, not mandatory.

ECF No. 21 at PAGEID # 1202.

The Court agrees with the Magistrate Judge's reasoning. Assuming, without deciding, that the forum selection clause can be considered part of the Cognovit Note, it applies to suits brought by Plaintiff differently than to suits brought by Defendant. As to the former, the clause instructs that Plaintiff "may" bring legal actions in New York but that nothing "shall be deemed to . . . limit any right that [Plaintiff] may have to bring proceedings against [Defendant] in the courts of any jurisdiction or to enforce in any lawful manner a judgment obtained in one jurisdiction in any other jurisdiction." Guarantee at PAGEID # 379, ECF No. 5. As to the latter, the clause states that "[a]ny legal action or proceeding against [Plaintiff] with respect to or arising out of this Agreement *shall* be brought *exclusively* in or removed to" New York courts. *Id.* (emphasis added).

The Court thus concurs with the Magistrate Judge that the forum selection clause is permissive as applied to Plaintiff. Because Plaintiff asserts claims against Defendant, the Magistrate Judge appropriately analyzed the § 1404(a) factors using the permissive forum selection clause applicable to actions brought by Plaintiff and "follow[ed] what the parties bargained for." ECF No. 22 at PAGEID # 1215; *see, e.g.*, *Petti v. Fraker*, No. 1:18CV615, 2020 WL 13460640, at *9 (N.D. Ohio Aug. 19, 2020) (evaluating "[t]he contract language the parties used to reflect their choices"); *Bohlen v. Anandarko E & P Onshore, LLC*, 80 N.E.3d 468, 471 (Ohio 2017) ("Courts must give contracts a construction that the plain language of the contract provides.").

Turning to Defendant's second argument, the Court disagrees with his characterization that the Magistrate Judge "disregarded" his counterclaim—to the contrary, the Magistrate Judge devoted the proper amount of attention to the counterclaim considering that the Court had yet to rule on whether he may assert the counterclaim in this action at all. ECF No. 21 at PAGEID # 1207. The Magistrate Judge's conclusion that his concerns about duplicative litigation if transfer is not granted is thus not contrary to law.

Because Defendant has not shown that the Magistrate Judge's reasoning is clearly erroneous or contrary to law, his objections to the Magistrate Judge's Opinion and Order, ECF No. 22, are **OVERRULED**.

## II.    MOTION TO VACATE COGNOVIT JUDGMENT (ECF NO. 11)

Defendant asks the Court to vacate and set aside the Cognovit Judgment against him pursuant to Federal Rule of Civil Procedure 60(b) and Ohio Rule of Civil Procedure 60.  ECF No. 11.

## A.    Standard of Review

If a federal procedural rule does not directly conflict with state law, the district court must evaluate "whether failure to apply the state law would lead to different outcomes in state and federal court."  *Fifth Third Bank v. MacLaren*, No. 3:08-CV-02819, 2009 WL 3271364, at *4 (N.D. Ohio Oct. 9, 2009) (citation omitted).  Federal Rule 60(b) does not address the standards for setting aside a cognovit judgment, but Ohio courts have established such standards.  *See id.* (citing cases).  Because failure to apply the Ohio standard could lead to different outcomes, Ohio law controls.[2]  *Id.*; *see also SZD Whiteboard, LLC v. Omnicity Corp.*, No. 2:11-CV-532, 2012 WL 13026825, at *1 (S.D. Ohio Sept. 6, 2012).

"The decision to grant or deny a [Rule 60(B)] motion is left to the sound discretion of the trial court."  *Sadraoui v. Hersi*, No. 10AP-849, 2011 WL 2536448, at *3 (Ohio Ct. App. June 28, 2011).  "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a

---

[2] To the extent the choice-of-law provision in the Guarantee instructing the use of New York law (Guarantee at PAGEID # 378, ECF No. 5) is applicable to this analysis, the parties apply Ohio law in their briefing, so the Court does as well.  *See Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001) (citation omitted) ("Where neither party argues that the forum state's choice-of-law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law.").

meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 351 N.E.2d 113, 116 (Ohio 1976); *Mock Rd. Supermarket, Inc. v. MiraCit Dev. Corp.*, No. 10AP–913, 2011 WL 4033422, at *2 (Ohio Ct. App. Sept. 13, 2011) (quoting *GTE Automatic*).  This test is "modified when a party is seeking relief from a cognovit judgment." *Nat'l. City Bank v. Rini*, 834 N.E.2d 836, 839 (Ohio Ct. App. 2005).  Under this standard, a movant "need only satisfy the first and third prongs of [*GTE Automatic*]: (1) the party has a meritorious defense or claim to present if the court grants relief, and (2) the party made the motion within a reasonable time." *Mock Rd. Supermarket*, 2011 WL 4033422, at *2.

**B.    Analysis**

Plaintiff does not dispute the timeliness of Defendant's motion, and the Court finds that it was timely filed, as he moved for relief from the cognovit judgment one month after it was entered.  *Compare* ECF No. 11 (motion filed June 4, 2024) *with* ECF No. 1-4 (judgment entry dated May 3, 2024).  The only issue, then, is whether Defendant has asserted a meritorious defense to the cognovit judgment.

Under Ohio law, a defense to a cognovit judgment is meritorious if it "goes to the integrity and validity of the creation of the debt or note, the state of the

underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *Export-Import Bank of the United States v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 246 (6th Cir. 2010) (internal quotation omitted); *25400 Euclid Ave., L.L.C. v. Universal Rest. Holdings, L.L.C.*, No. 92905, 2009 WL 4695458, at *3 (Ohio Ct. App. Dec. 10, 2009). As relevant here, a set-off or counterclaim, by contrast, is not a meritorious defense to a cognovit judgment. *MacLaren*, 2009 WL 3271364, at *10 (citation omitted); *see also Natl. City Bank v. Mulinex,* No. L-05-1066, 2005 WL 2600343, at *3 (Ohio Ct. App. Oct. 4, 2005) (citation omitted) ("A counterclaim is not a defense. It assumes the existence of the plaintiff's claim, and seeks relief by way of a cross demand.").

A party seeking to vacate a cognovit judgment need not prove that he will prevail on a meritorious defense. *Rose Chevrolet, Inc. v. Adams*, 520 N.E.2d 564, 566 (Ohio 1988). Instead, the party must only "allege facts with enough specificity to allow the court to decide whether a meritorious defense exists" and "provide operative facts in support." *SZD Whiteboard*, 2012 WL 13026825, at *2 (citing *Lykins Oil Co. v. Pritchard*, 862 N.E.2d 192, 194 (Ohio Ct. App. 2006)); *see also MacLaren*, 2009 WL 3271364, at *4 ("The movant must demonstrate each element by operative facts presented in materials accompanying the motion for relief from judgment.") (citing *Adomeit v. Baltimore*, 316 N.E.2d 469, 474 (Ohio Ct. App. 1974)). These asserted facts "must be more than mere allegations." *MacLaren*, 2009 WL 3271364, at *4. Rather, to present a

meritorious defense, a party must "introduce credible evidence from which reasonable minds might reach different conclusions upon the issue involved." *Marcinko v. Lyon*, No. 16866, 1995 WL 217037, at *2 (Ohio Ct. App. Apr. 12, 1995).

Defendant asserts two defenses: (1) no consideration supports the Cognovit Note; and (2) the Cognovit Note was the product of coercion and duress. ECF No. 11. The Court addresses each in turn below.

### 1.   Lack of Consideration

Defendant argues that no consideration was exchanged for the Cognovit Note, or that the consideration was past consideration, because the value secured and negotiated for the Guarantee is the same consideration underlying the Cognovit Note. ECF No. 11 at PAGEID # 903. In other words, he contends that the Cognovit Note lacks any independent consideration. *Id.* Plaintiff responds that lack of consideration is not a valid defense because Defendant waived such defense upon execution of the Cognovit Note. ECF No. 16 at PAGEID # 1151–52. Even if the defense were assertable, Plaintiff continues, the Cognovit Note was supported by consideration in the form of Plaintiff's forbearance from exercising its right to enforce Defendant's obligation to pay immediately the entire amount owed. *Id.* at 1152.

Cognovit Notes are subject to well-settled principles of contract law. *Dovi Ints., Ltd. v. Somerset Point Ltd. P'ship*, No. 82507, 2003 WL 21714977, at *2 (Ohio Ct. App. July 24, 2003). When construing a contract, a court's role "is to

ascertain and give effect to the intent of the parties," which is "presumed to reside in the language they chose to employ in the agreement." *Foster Wheeler Enviresponse, Inc. v. Franklin Cnty. Convention Facilities Auth.*, 678 N.E.2d 519, 526 (Ohio 1997) (citation omitted).  If the terms of a contract are clear and unambiguous, courts must enforce the contract as written.  *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F.3d 672, 683–84 (6th Cir. 2000) (applying Ohio law).  Common terms must be given "their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."  *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978).

As to Plaintiff's waiver argument, "lack or failure of consideration frequently is not considered a meritorious defense to a cognovit note judgment because it is of the type of defense inherently waived in signing the cognovit note." *Sadraoui*, 2011 WL 2536448, at *4.  Cognovit Notes typically contain provisions "designed to cut off defenses available to a debtor in the event of default." *Id.*  Here, Plaintiff directs the Court to a provision in the Cognovit Note, as signed by Defendant, that warns:

> **WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIM YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS PART TO COMPLY WITH ANY AGREEMENT OR ANY OTHER CAUSE.**

Cognovit Note at PAGEID # 366, ECF No. 5. The plain language of this clause eliminates Defendant's right to notice and court trial and confirms that a judgment may be entered against him regardless of *any* claim he may have against Plaintiff. Courts have found that this type of language amounts to waiver and precludes a consideration defense, or other defenses not related to payment, from being meritorious. *See, e.g.*, *Mock Rd. Supermarket*, 2011 WL 4033422, at *4; *Diamond v. Arabica Coffee One Corp.*, No. 93740, 2010 WL 2637037, at *3 (Ohio Ct. App. July 1, 2010).

Defendant's contrary reliance on *Fiedler v. Bigelow*, 159 N.E. 131 (Ohio Ct. App. 1926), and *BancOhio Nat. Bank v. Dvoredsky*, No. CA86-06-042, 1987 WL 13705, at *3 (Ohio Ct. App. June 29, 1987), is unavailing. Neither the *Fiedler* court nor the *BancOhio* court based its holding on specific language in the cognovit notes at issue or addressed the concept of waiver. Rather, *Fiedler* stands for the unremarkable principle that "in the suit between the parties either a want of consideration or a failure of consideration would be a good defense, *if properly pleaded.*" *Fiedler*, 159 N.E. at 132 (emphasis added); *see also* *BancOhio*, 1987 WL 13705, at *3 (quoting *Fiedler*, 159 N.E. at 132). With this in mind, both courts found that the movants had properly alleged and supported by operative facts the failure of consideration defense. *Fiedler*, 159 N.E. at 133; *BancOhio*, 1987 WL 13705, at *3. Because these cases concern the merits of a movant's defense as opposed to whether a movant may bring a defense in the first place, they are not on point here.

Even assuming the warning in the Cognovit Note did not amount to waiver, however, Defendant has not sufficiently alleged that his lack of consideration defense is meritorious.  Consideration is a benefit to the promisor or a loss or detriment to the promisee.  *Irwin v. Lombard Univ.*, 46 N.E. 63, 65 (Ohio 1897); *see also* Black's Law Dictionary (12th ed. 2024) (defining "consideration" as "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promise.").  "Without consideration, there can be no contract," and past consideration in the form of a promise that has already been performed cannot support a contract.  *Prendergast v. Snoeberger*, 796 N.E.2d 588, 592 (Ohio Ct. App. 2003).

In relevant part, the Cognovit Note states that the amount Defendant was obligated to pay thereunder "includes a reduction in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) provided as a credit in Payment No. 1, which is offered as a condition of compliance with the terms and conditions contained herein, including timely payment of all principal and interest due hereunder . . . and no other default or event of default has occurred[.]" Cognovit Note at PAGEID # 362, ECF No. 5.  Plaintiff points to this contractual prospect to reduce liability as consideration, and the Court agrees.  Although Defendant insists that such consideration "is illusory because it evaporates when there is a default," this argument fails to distinguish between the actual reduction of the debt and the *opportunity* to have the debt reduced.  It is this opportunity that serves as consideration for the Cognovit Note.  *See, e.g., Mason v. Est. of*

*McCaulley*, No. 94-CA-27, 1994 WL 728492, at *2 (Ohio Ct. App. Dec. 6, 1994). This consideration is not illusory because Plaintiff does not "retain[ ] an unlimited right to determine the nature or extent of [its] performance"—the Cognovit Note obligates Plaintiff to reduce the debt so long as Defendant does not default.[3] *Lawless v. Bd. of Educ. of Lawrence Cnty. Educ. Serv. Ctr.*, 141 N.E.3d 267, 280 (Ohio 2020). So long as consideration exists, the Court will not inquire into its adequacy. *See Williams v. Ormsby*, 966 N.E.2d 255, 259 (Ohio 2012).

Accordingly, Defendant has not shown that his lack of consideration defense is meritorious.

### 2. Coercion and Duress

Defendant also contends that the Cognovit Note was procured under duress because Plaintiff "pressured" him to "quickly" execute the Cognovit Note and "issued an ultimatum" that it would terminate the remaining North America franchisee agreements between the parties if Defendant failed to sign. ECF No. 11 at PAGEID # 904–05; ECF No. 20 at PAGEID # 1191.

Duress may be a defense to a contractual obligation when the party seeking to avoid the contract faced improper threats that deprived that party of any reasonable alternative but to assent to the terms of the party making the threat. *Blodgett v. Blodgett*, 551 N.E.2d 1249, 1251 (Ohio 1990). To avoid an

---

[3] Defendant alleges that an event of default had already occurred when he entered into the Cognovit Note, such that there could be no debt reduction. ECF No. 20 at PAGEID # 1189. This mere allegation, however, is insufficient at this stage. *See MacLaren*, 2009 WL 3271364, at *4.

obligation based on duress, a party must show (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. *Id.* (citation omitted). "Merely taking advantage of another's financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion." *Praetorium Secured Fund I, L.P. v. Keehan Tennessee Invs., L.L.C.*, No. 15CA010757, 2016 WL 7600300, at *5 (Ohio Ct. App. Dec. 27, 2016) (citation omitted).

The parties executed the Cognovit Note in February 2020, and Defendant was to make scheduled, quarterly payments thereunder beginning in March 2020. Cognovit Note at PAGEID # 362, 367, ECF No. 5. Defendant alleges that he involuntarily accepted Plaintiff's terms to avoid "financial death to [him] and his business," which would occur if Plaintiff followed through on its "ultimatum" threatening to terminate the franchise agreements for all restaurants in North America that Defendant's business owned unless he signed the Cognovit Note. ECF No. 20 at PAGEID # 1190–91. To prevail on his request to vacate, however, he must "do more than make bare allegations of entitlement to relief." *Your Fin. Cmty. of Ohio, Inc. v. Emerick*, 704 N.E.2d 1265, 1268–69 (Ohio Ct. App. 1997) (citations omitted). Although not strictly required, "good legal practice dictates that the moving party submit relevant evidence to demonstrate operative facts." *Home S. & L. of Youngstown v. Snowville Subdivision*, No. 97985, 2012

WL 4755355, at *4 (Ohio Ct. App. Oct. 4, 2012).  Defendant has provided exhibits in support of his motion, but this evidence does not clearly demonstrate the facts he alleges.  For instance, Defendant points to a February 2020 email from Plaintiff as evidence of the "ultimatum," ECF No. 11-3, PAGEID # 954, but this email appears to address two separate issues (noncompliance with North America franchisee agreements and the Cognovit Note) and does not plainly show an ultimatum with respect to the execution of the Cognovit Note.

Because the Court cannot, from the materials offered, determine whether the existence of a meritorious defense (duress) has been alleged, the Court hereby **ORDERS** the parties to appear on **March 13, 2025, at 10:00 AM** in Courtroom 120 so that Defendant may present evidence to verify the operative facts he alleges.

### III.    MOTION FOR LEAVE TO FILE AMENDED ANSWER (ECF NO. 10)

While this action was pending in state court, Defendant's confessing attorney filed an Answer on his behalf that requested an entry of judgment on the Cognovit Note for Plaintiff.  ECF No. 6 at PAGEID # 401.  Defendant now moves to amend his Answer to "interpose[ ] his responses to the facts alleged, assert[ ] affirmative defenses, and allege[ ] a counterclaim."  ECF No. 10 at PAGEID # 880.

There is no provision in the Federal or Ohio Rules of Civil Procedure that provides for the granting of leave to file an amended answer following a judgment

entry.[4]  *See* Fed. R. Civ. P. 15; Ohio Civ. R. 15.  Indeed, "[t]he very essence of a cognovit note is the written authority of the debtor that the creditor may proceed to an entry of judgment in the event that the debtor defaults in payment."  *Pro Golf Range, Inc. v. Moran*, No. 90AP-1295, 1991 WL 132416, at *2 (Ohio Ct. App. July 16, 1991).  Here, by executing the Cognovit Note, Defendant authorized an answer to be submitted on his behalf confessing judgment following non-payment, and such judgment followed.  Cognovit Note at PAGEID # 365, ECF No. 5; ECF No. 1-4.  At least one Ohio court has denied a movant leave to amend an answer in such circumstances.  *Pro Golf Range*, 1991 WL 132416, at *2; *see also, e.g.*, *Gerold v. Bush*, No. E-07-013, 2007 WL 3227388, at *1 (Ohio Ct. App. Nov. 2, 2007) (describing procedure whereby movant filed amended answer *after* prevailing on motion to vacate); *but see Matson v. Marks*, 291 N.E.2d 491, 496 (Ohio Ct. App. 1972) (finding lower court erred in refusing to permit movant to file amended answer).

Because Defendant will have the opportunity to set out sufficient facts supporting his defense during the evidentiary hearing, and because judgment

---

[4] Ohio Civil Rule 15(B) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment."  The parties have not put forth arguments under Ohio Civil Rule 15(B), however, and the Court finds that it does not apply.

Case No. 2:24-cv-3077                                          Page 20 of 21

has already been entered against him,[5] his request to amend his Answer is **DENIED without prejudice**. If, after the hearing, the Court determines that the cognovit judgment should be vacated, Defendant will be permitted to file an amended Answer, and the case will proceed as usual.

### IV.   CONCLUSION

The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Opinion and Order, ECF No. 21, and **OVERRULES** Defendant's Objection, ECF No. 22.

The Court **DENIES without prejudice** the Amended Motion for Leave to File an Amended Answer, ECF No. 10.

The Court **ORDERS** the parties to appear for an evidentiary hearing with respect to the Amended Motion to Vacate Cognovit Judgment, ECF No. 11, on **March 13, 2025, at 10:00 AM** in Courtroom 120.

The Clerk shall terminate ECF Nos. 10 and 22.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] *See* Ohio Civ. R. 60(B) (motion to vacate "does not affect the finality of a judgment or suspend its operation").