# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WENDY'S NETHERLANDS B.V., | : | |
| | : | Case No. 2:24-cv-03077 |
| **Plaintiff,** | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Kimberly Jolson |
| ANDREW LEVY, | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF WENDY'S NETHERLANDS B.V.'S MOTION TO QUASH DEFENDANT'S SUBPOENA TO ITS CURRENT AND FORMER EMPLOYEES, INCLUDING ITS IN-HOUSE COUNSEL

Pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, Plaintiff Wendy's Netherlands B.V. ("Wendy's"), moves this Court to quash the subpoenas improperly served upon three of its current and former employees, including two in-house counsel. Defendant Andrew Levy ("Defendant") served these subpoenas throughout the weekend, from Friday evening to Sunday (March 14-16, 2025), to compel Wendy's current and former employees to appear at a hearing less than two full business days later, on March 19, 2025. Indeed, it is believed that Defendant intends to serve another eight additional subpoenas up to the date and time of the hearing. Among the subpoenaed witnesses is Wendy's current in-house counsel, Kirk Vidra and Kerry Green. Wendy's attorneys have very little non-privileged testimony to offer, if any. There is no reasonable basis upon which these subpoenas can stand, and Wendy's respectfully request that they be quashed. Further, given the egregious nature of Defendant's conduct, Wendy's respectfully requests that this Court impose sanctions against Defendant for the cost of filing this Motion. An accompanying Memorandum in Support is attached.

Respectfully submitted,

*/s/ Keith Shumate*
Keith Shumate (0056190)
Brittany Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
brittany.silverman@squirepb.com

*Attorneys for Plaintiff Wendy's Netherlands B.V.*

2

**MEMORANDUM IN SUPPORT**

I.     **BACKGROUND**

This case arises out of Defendant's attempt to avoid a cognovit judgment entered against him by the Franklin County Court of Common Pleas, following his failure to repay amounts previously loaned to him as he had promised. After the judgment was entered, Defendant removed the case to this Court and then moved to vacate the judgment, alleging failure of consideration and duress.

On January 28, 2025, the Court partially denied Defendant's Motion to Vacate the Cognovit Judgment, finding that Defendant failed to prove lack of consideration. [*See* January 28, 2025 Opinion and Order, ECF No. 23, at PageID # 1234–38]. As to Defendant's duress claim, the Court found that Defendant had failed to set forth any evidence of duress. [*See id.* at PageID # 1238–40]. However, the Court decided to provide Defendant an opportunity, at a hearing, to "present evidence to verify the operative facts he alleges" in support of his duress claim. [*Id.*]

In its entry, the Court initially scheduled the evidentiary hearing for March 13, 2025. However, the parties had a conflict with the date. In an effort to reschedule the hearing, the parties represented that the hearing could be completed within two hours. On February 25, 2025, the Court re-scheduled the hearing for March 19, 2025 at 3:30 p.m. (the "Hearing"). [*See* February 25, 2025 Order, ECF No. 29, at PageID # 1255]. In scheduling the Hearing, Defendant's counsel did not inquire as to the availability of any corporate representatives or witnesses for the Hearing or otherwise contact Wendy's counsel in preparation for the Hearing.

Then on the afternoon of March 11, 2025, a mere eight days before the Hearing, Defendant, through a process server, dropped off subpoenas at the front desk of Wendy's corporate office, purportedly seeking testimony from the following eleven current and former Wendy's employees for the Hearing: (1) Kirk Vidra, (2) Kerry Green; (3) Kris Kaffenbarger; (4) Abigail Pringle; (5)

3

Nancy Lee-Yorke; (6) Carlos Ribas; (7) Carlos Alves; (8) Zack Kollias; (9) Cheri Roell, (10) Laura Stratton; and (11) Peter Koumas. Four individuals no longer work at Wendy's, five of them are not Ohio residents, and two are in-house counsel for Wendy's. Apparently recognizing the deficiencies of attempting service in this manner, the next morning, Defendant's agent retrieved the subpoenas from Wendy's corporate office, causing additional confusion respecting Defendant's intentions.

Due to the various problems with the potential subpoenas, including their obvious untimeliness and the volume of them, Wendy's sought a conference with the Court, on March 12, 2025. [*See* Exhibit A]. The Court indicated that it was unavailable for a status conference but reiterated the narrow purpose of the Hearing and that the Court is affording the parties a maximum of two hours for the Hearing. [*See id*.]. The Court requested that Defendant's counsel provide an estimation of how long Defendant will need to present his witnesses considering it was "seriously doubtful" that the testimony of at least eleven witnesses would fit in the matter of two hours. [*See id*.]. Defendant was then forced to acknowledge that he was engaged in a fishing expedition. According to Defendant's counsel, Defendant did not plan to call all of the "subpoenaed" witnesses at the Hearing, but he did "not know how many of the people who were involved with creating the duress remain employed at Wendy's." [*See id*.].

In an effort to reach a good faith compromise, Wendy's counsel contacted defense counsel and offered to make Kris Kaffenbarger available to testify at the Hearing on behalf of Wendy's, despite the untimeliness of Defendant's subpoena efforts. [*See* Exhibit B]. Mr. Kaffenbarger is Wendy's Vice President, Global Systems Optimization, Franchise and Portfolio Management. Moreover, as Defendant well knows, Mr. Kaffenbarger has a long-standing history with Defendant regarding his Wendy's franchise portfolio. Mr. Kaffenbarger also had multiple communications

4

with Defendant respecting the cognovit note at issue in this case. Defendant's counsel responded, however, that Defendant wanted an additional witness, and he suggested one of the following four individuals: (1) Kirk Vidra; (2) Kerry Green; (3) Carlos Ribas; or (4) Peter Koumas. [*Id*.]. Wendy's counsel explained that Mr. Vidra and Ms. Green are Wendy's in-house counsel and that their only role in the matter was as counsel on behalf of their client (the same role that Defendant's counsel played on behalf of Defendant). Wendy's also explained that Mr. Ribas and Mr. Koumas are not located in Ohio, and in any event, Mr. Koumas is no longer an employee of Wendy's. [*Id*.]. Defendant's counsel nevertheless insisted that Wendy's in-house counsel testify and even suggested that Defendant would attempt to avoid any attorney-client privileged testimony. [*Id*.]. Defendant's counsel's suggestion is nonsensical – both individuals' involvement was clearly in their capacities as counsel for their client, Wendy's. As such, Wendy's counsel reiterated that Mr. Kaffenbarger was the most appropriate witness to testify on the subject matter of this Hearing; that any subpoenas at this stage would be too late; and that it would be inappropriate for counsel to testify about matters they handled on behalf of their client in the transaction. [*Id*.].[1] Finally, Wendy's offered to discuss a stipulation as to the admissibility of exhibits, if admissibility was the reason behind the desire to call Wendy's legal counsel as a witness. [*Id*.]. Defendant did not respond and instead served Mr. Vidra with a subpoena Friday evening, Ms. Green with a subpoena on Saturday, and Ms. Stratton, a former Wendy's employee, now retired, on Sunday (the "Subpoenas"). Wendy's is uncertain if any of the other proposed subpoenas have yet to be served or if Defendant intends to continue to attempt to serve individuals prior to the time of the Hearing.

---

[1] It should be noted that Defendant's current counsel before the Court was one of two lawyers who represented Defendant in the negotiations over the cognovit note. Wendy's is not seeking to call either lawyer as a witness in these proceedings.

## II. LAW AND ARGUMENT

Under Rule 45, a court is required to either modify or quash a subpoena, if it (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i-iv). Further, under Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney fees—on a party or attorney who fails to comply."

In this case, the Subpoenas must be quashed for multiple reasons: (1) Defendant failed to provide the subpoenaed individuals reasonable time to comply with the Subpoenas; (2) the testimony of Ms. Green and Mr. Vidra is protected by attorney-client privilege and can be obtained through other means; and (3) the subpoenaed and yet to be subpoenaed individuals will suffer undue burden in the event they are forced to comply.[2] Finally, Wendy's should be awarded sanctions against Defendant for the cost of filing this Motion since, despite no obligation to do so, Wendy's proposed a reasonable compromise to avoid this unnecessary time and expense. Under these circumstances, it would appear that Defendant's motives smack of harassment.

### A. Defendant's Subpoenas Should be Quashed as They Fails to Allow Reasonable Time to Comply.

Defendant has not provided a reasonable time for Wendy's current and former employees' compliance with the Subpoenas. Rule 45 requires the Court to quash or modify a subpoena that

---

[2] Further, to the extent Defendant has or plans to attempt to subpoena individuals outside of Ohio, such subpoenas would not comply with Rule 45(c).

6

fails to allow a "reasonable time" for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i); *Friedberg v. Madison Realty Invs., Inc.,* No. 1:16-MC-0003, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016). Although the Rule does not specify exactly what a reasonable time is, various district courts, including the Southern District Court of Ohio, have found that a notice of fourteen days is presumptively reasonable to comply or respond to a subpoena. *See McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("Fed. R. Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena.").

Here, the Court scheduled the Hearing on February 25, 2025. Nevertheless, Defendant waited until the eve of the Hearing to suggest that it wanted to call any witnesses from Wendy's. Over the course of the past weekend, Defendant then personally served the Subpoenas starting on Friday evening, less than two full business days before the Hearing. This notice is inadequate as a matter of law. *See Friedberg,* No. 1:16-MC-0003, 2016 WL 1562948, at *2 (finding that a total of eleven days, five business, days to comply with a subpoena was not enough notice to testify); *CareFusion 2200, Inc. v. Entrotech Life Sci., Inc.*, No. 2:15-MC-16, 2015 WL 1954587, at *3 (S.D. Ohio Apr. 29, 2015) (finding that a "subpoena failed to provide a reasonable time for compliance" when it required attendance at a deposition "on the sixth day (or fourth business day) after the subpoena was served"); *Donahoo,* 211 F.R.D. 303, 306 (stating that service within one week of the date requested for appearance is not "reasonable time for compliance"); *see also Brown v. Hendler,* No. 09–CIV–4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Federal courts have also found compliance times of eight and seven days not to be reasonable.").

Mr. Vidra, Ms. Green, and Ms. Stratton were entitled to at least fourteen days to comply with the Subpoenas, affording them time to object and to adequately prepare. Defendant did not

7

afford these individuals with the minimum time established by the Court. As to the other individuals who have yet to be personally served, but may be in the upcoming two days, this prejudice and untimeliness is even further heightened. As such, all the Subpoenas should be quashed for this reason alone.

### B. Defendant's Subpoena for Kirk Vidra and Kerry Green Should be Quashed Because Their Requested Testimony will Require Disclosure of Privileged Matters.

When a party attempts to obtain discovery from an adverse attorney, "that party must demonstrate that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). Efforts to examine in-house counsel is generally disfavored in this Court. *See A.W. v. Red Roof Inns, Inc*., No. 2:21-CV-4934, 2024 WL 5041027, at *2 (S.D. Ohio Dec. 9, 2024) (internal citation omitted); *Harrison v. Proctor & Gamble Distrib., LLC*, No. 1:15-CV-514, 2016 WL 11642223, at *3 (S.D. Ohio Nov. 10, 2016) (internal quotations and citations omitted) (quashing a subpoena to depose in-house counsel of a party to the case).

In this case, Mr. Vidra and Ms. Green acted, at all times, within their legal capacity on behalf of Wendy's. Defendant has not presented any evidence to the contrary. Nor can Defendant demonstrate that Mr. Vidra's or Ms. Green's testimony is crucial to his case. As noted above, Mr. Kaffenberger was the point person for the negotiations, and he will be available to testify at the Hearing. The testimony of Mr. Vidra and Ms. Green is therefore completely unnecessary, and the Subpoenas to them should be quashed.

### C. This Court Should Quash the Subpoenas and Award Sanctions to Wendy's Due to an Undue Burden and Defendant's Harassment.

The Court is required to quash a subpoena if it "subjects a person to undue burden." In calculating the burden imposed by a subpoena, a court must weigh the relevance of the request against the burden of production. *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir. 1994). Undue burden is assessed on a case-by-case basis, considering factors, such as relevance, need for the discovery, breadth of the request, and the burden imposed. *See In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), *reh'g denied* (May 17, 2018), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC*, 139 S. Ct. 289 (2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

At the outset, the testimony requested from Mr. Vidra, Ms. Green, Ms. Stratton, and any other individual served a subpoena prior to the Hearing, aside from Mr. Kaffenbarger, is not relevant to the issue at hand at the Hearing. This Court has made it explicit that the scope of the Hearing is precisely narrowed to Defendant providing evidence of his duress. In order to establish duress, "a party must show (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." [*See* January 28, 2025 Opinion and Order, ECF No. 23, at PageID # 1239 (citing *Blodgett v. Blodgett*, 551 N.E.2d 1249, 1251 (Ohio 1990)].

The only thing that a Wendy's employee may be able to testify relevant to Defendant's duress claim is the communications that Wendy's had with Defendant surrounding the negotiation of the cognovit note. The primary individual at Wendy's with knowledge of the negotiations is Mr. Kaffenbarger. Ms. Stratton, along with many of the remaining proposed current and former Wendy's employees not yet served, do not have any first-hand knowledge of the operative facts that may support Defendant's alleged duress. *See Duncan v. Husted*, No. 2:13-CV-1157, 2014

9

WL 4659863 (S.D. Ohio Sept. 17, 2014), on reconsideration in part, No. 2:13-CV-1157, 2015 WL 631103 (S.D. Ohio Feb. 12, 2015) (finding requested testimony of deponent was irrelevant to the case); *Mooneyham v. Parker*, No. 3:21-CV-270-CEA-JEM, 2024 WL 101858, at *2 (E.D. Tenn. Jan. 9, 2024) (finding undue burden where the proposed witness had no first-hand knowledge of the facts of the case); *Eggerson v. Fed. Express Corp.*, No. 05-2139-D/AN, 2007 WL 9706598, at *2 (W.D. Tenn. Apr. 17, 2007) (quashing a subpoena under Rule 45 because the proposed witness has no unique knowledge of the case).

With regard to Wendy's in-house counsel (as explained above), they were at all times operating in her legal capacity during the negotiations of the cognovit note. Neither Ms. Green nor Mr. Vidra have any unique, non-privileged testimony regarding the cognovit note. Any limited relevant testimony from either one of them can be covered by Mr. Kaffenbarger.

Moreover, the subpoenaed individuals, along with Wendy's, will face certain and substantial undue burden that highly outweighs the relevance (which there is none) of their testimony. *See Williams v. Franklin Cnty. Mun. Ct.,* No. 2:10-CV-1155, 2011 WL 6749060 (S.D. Ohio Dec. 22, 2011) (finding the burden on the deponent along with the irrelevance of the requested testimony was an undue burden); *Gillispie v. City of Miami Twp.*, No. 3:13-CV-416, 2022 WL 16724616, at *2 (S.D. Ohio Nov. 7, 2022) (taking into account relevance, travel, and short time frame to comply when quashing subpoena to attend trial). Mr. Vidra, Ms. Green, and the other current employees Defendant has proposed to subpoena, are full-time employees with important responsibilities, and they have not factored into their schedule attending a hearing on March 19, 2025. These individuals will need to make last-minute adjustments to their schedules to make themselves available even though the value of their testimony would be "low or at best unknown". *See Pizzuti v. Nashville Hosp. Cap., LLC*, No. 2:18-MC-0040, 2018 WL 5303061

10

(S.D. Ohio Oct. 25, 2018) (holding the requested testimony was unnecessary as it could be obtained from better, available sources). Furthermore, additional factors weigh into the burden for some of the subpoenaed individuals, including, the former employees, which includes Ms. Stratton, as they now have responsibilities outside of Wendy's, and the five individuals who do not reside in Ohio and would be expected to travel well over 100 miles last minute, which is in violation of Federal Rule of Civil Procedure 45(c)(1)(A). *See Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.,* No. 1:17-CV-277, 2018 WL 9801022, at *2 (W.D. Mich. Sept. 7, 2018) (finding undue burden where the proposed witnesses were outside of the geographic limits identified in Rule 45).

In addition, Wendy's will face extreme prejudice in its defense and examination of Mr. Vidra, Ms. Green, Ms. Stratton, and any of the other potentially subpoenaed individuals, as it will have a mere two business days to prepare the witnesses. The lack of reasonable notice is particularly egregious and burdensome since Wendy's is in the midst of preparing for an evidentiary hearing and the ability to properly prepare these individuals has been severely compromised by serving subpoenas over the course of the weekend before a Wednesday hearing. Any preparation of Mr. Vidra and Ms. Green will be further complicated by the fact that their role in this matter was solely as an attorney, and it is difficult to envision what testimony, if any, they can give under the circumstances. These factors, in combination with the irrelevance of the potential testimony, make it obvious that, Wendy's and the subpoenaed individuals will suffer undue burden in complying with the Subpoenas. Finally, it is readily apparent that Defendant is engaged in nothing more than a fishing expedition in yet another attempt to evade his financial responsibilities. *See Tcyk, LLC v. Does*, No. 2:13-CV-688, 2013 WL 12130354, at *3 (S.D. Ohio Nov. 25, 2013) ("In determining the proper scope of discovery, a district court balances a party's

11

right to discovery with the need to prevent 'fishing expeditions.'"). Thus, this Court should quash the Subpoenas.

Lastly, given the obvious and apparent undue burden set forth by Defendant upon the subpoenaed individuals and Wendy's, this Court should award Wendy's sanctions against Defendant for the cost of filing this Motion pursuant to Federal Rule of Civil Procedure 45(d)(1). Defendant has had every opportunity to avoid this burden, as, despite no obligation to do so, Wendy's offered to Defendant the availability of the primary Wendy's witness, Mr. Kaffenbarger. In addition, Defendant's counsel, himself, admitted to the Court that he did not know the value of the testimony of any of the proposed Wendy's witnesses, and would rather, figure it out at the time of the Hearing. [*See* Exhibit A]. In response, Defendant was expressly informed of the identity of the relevant witness and was offered an opportunity to avoid burdening other individuals who have no relevant, admissible testimony (as well as this Court). [*See* Exhibit B]. Nevertheless, Defendant has continued to subpoena irrelevant witnesses with an apparent motive to turn the limited Hearing into a spectacle. Wendy's should therefore be awarded costs to defend against Defendant's fishing expedition.

### III. CONCLUSION

For the reasons set forth above, Plaintiff Wendy's request that this Court grant its Motion to quash the subpoenas issued to its current and former employees, including its in-house counsel. In addition, Plaintiff Wendy's request this Court award it sanctions against Defendant for the cost of preparing and filing this Motion.

Respectfully submitted,

*/s/ Keith Shumate*
Keith Shumate (0056190)
Brittany Silverman (0102263)

12

SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
brittany.silverman@squirepb.com

*Attorneys for Plaintiff Wendy's Netherlands B.V.*

## CERTIFICATE OF SERVICE

On March 17, 2025, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Keith Shumate*
Keith Shumate

*An Attorney for Plaintiff Wendy's Netherlands B.V.*
