# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WENDY'S NETHERLANDS B.V., | Civil Action No. 2:24-cv-03077 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Kimberly Jolson |
| ANDREW LEVY, | |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF WENDY'S NETHERLANDS B.V.'S MOTION TO QUASH DEFENDANT'S SUBPOENA TO ITS CURRENT AND FORMER EMPLOYEES, INCLUDING ITS IN-HOUSE COUNSEL**

The defendant, Andrew Levy ("Levy"), responds to the Motion to Quash Defendant's Subpoena to Its Current and Former Employees, Including Its In-House Counsel ("Motion") filed by the plaintiff, Wendy's Netherlands B.V. ("Plaintiff"). In response, Levy states the following:

## INTRODUCTION

Plaintiff has asked the Court to decide whether to quash certain subpoenas. The grounds for the motion are timeliness, privilege, undue burden, and standing, while also seeking sanctions. Yet each argument falters under settled legal principles. The subpoenas at issue are both procedurally sound and substantively justified, ensuring that the evidentiary record remains complete.

Plaintiff's objection to the subpoenas' timeliness is moot. The original hearing date has been rescheduled, eliminating any live controversy. Courts do not adjudicate issues where no practical relief remains for it to award.

The claim that in-house counsel Kirk Vidra and Kerry Green should not testify due to privilege is also unpersuasive. The *Shelton* test applies to litigation counsel, not attorneys

uninvolved in trial strategy. Plaintiff also failed to show that the testimony is privileged, as communications including third parties are not protected.

The undue burden argument also cannot withstand scrutiny. The subpoenas seek directly relevant testimony, and the witnesses are within the Court's jurisdiction. Plaintiff's own selection of this forum undermines its hardship claim.

For witnesses who are no longer Plaintiff's employees, it lacks standing to challenge subpoenas. Only the subpoenaed individuals may object, absent a specific protectable interest, which Plaintiff has neither shown nor attempted to show. That part of the motion fails as a matter of law.

Finally, sanctions are unwarranted. Levy has taken reasonable steps to minimize burdens and has sought compromise. No bad faith exists to justify penalties.

For these reasons, the Court should deny the motion to quash, ensuring the evidentiary record is properly developed.

## BACKGROUND

1. This case arises from Levy's right to vacate a judgment obtained against him based on a Cognovit Note.

2. On or about October 20, 2015, and August 2, 2017, Plaintiff entered into two separate Credit Agreements with WBR Franquias e Participacoes LTDA ("Borrower") for the development and operation of restaurants in Brazil. Compl. ¶¶ 6-8, ECF No. 5.

3. Plaintiff also entered into a Guarantee Agreement ("Guarantee") with Levy and Starboard International Holdings B.V. ("Starboard") which was amended twice, jointly and severally guarantying the prompt and complete payment and performance by the Borrower of its obligations under the Credit Agreements. Compl. ¶¶ 8-9, ECF No. 5, PAGEID # 370, ECF No. 5.

2

4. In or around December 2019, Borrower and Plaintiff negotiated to terminate the operation of restaurants in Brazil. ECF No. 11-2 at PAGEID # 948.

5. Plaintiff then started pressuring Levy to execute a Cognovit Note rather than enforcing the existing contracts – the Credit Agreements and the Guarantee. ECF No. 11-3.

6. Plaintiff used duress to get Levy to sign the Cognovit Note, first by pressuring him for a quick turnaround to sign, despite Levy's request to review the note with counsel, and then by issuing an ultimatum demanding that Levy execute the Cognovit Note. ECF No. 11 at ¶¶ 6-7.

7. On February 23, 2020, Levy and Plaintiff entered the Cognovit Note in dispute. ECF No. 11 at ¶ 8.

8. Levy failed to make his quarterly payments in January and April 2024, and Plaintiff filed a Complaint for Confession of Judgment on the Cognovit Note in the Franklin County of Common Pleas. Compl. ¶¶ 18-19, *generally*, ECF No. 5.

9. Plaintiff also filed an answer for Levy, using a confessing attorney. ECF No. 6.

10. On May 3, 2024, the Court entered a Cognovit Note against Levy. ECF No. 1-4 at PAGE ID # 59.

11. Levy subsequently removed the case to this Court under diversity jurisdiction. ECF No. 1.

12. Levy also moved (a) to change venue, (b) for leave to amend the Answer, and (c) to vacate the Cognovit Judgment. ECF Nos. 3; 10 and 11.

13. On January 28, 2025, the District Judge issued an Opinion and Order denying without prejudice the Amended Motion for Leave to File an Amended Answer, ordering the parties to appear for an evidentiary hearing on the vacating of the Cognovit Judgment. ECF No. 23.

14. Levy subpoenaed certain Plaintiff's employees and former employees to appear at the hearing.

15. Plaintiff moved to quash the subpoenas on March 17, 2025. ECF No. 34.

16. The Court issued an order on March 19, 2025, rescheduling the March 19, 2025 evidentiary hearing to April 18, 2025. ECF No. 35.

17. Levy now files his response in opposition to Plaintiff's Motion to quash the subpoenas.

## ARGUMENT

### A. The March 19, 2025 Order Mooted Plaintiff's Timeliness Argument.

The plaintiff's argument about the timeliness of the subpoenas is now moot because the proceedings have developed beyond that issue. The evidentiary hearing, initially scheduled for March 19, 2025, will occur about a month after Levy served the subpoenas on April 18, 2025. *See* ECF No. 35. Mootness arises when events during litigation makes unnecessary the relief sought. *Thabet v. Adducci*, 2018 WL 4271044, at *2 (N.D. Ohio July 23, 2018). Once the issue before the court presents no need for a practical remedy, the matter is moot.

Levy here is no longer seeking to enforce the subpoenas for the evidentiary hearing scheduled on March 19, 2025, because the hearing date is now April 18, 2025. Because the hearing date that gave rise to the timeliness objection is no longer operative, the relief the Plaintiff seeks— invalidating the subpoenas on the ground of untimeliness—no longer presents a controversy for the Court to decide – a month lead time is not untimely.

Considering the changed circumstances, Levy will move the Court to validate the existing subpoenas for the newly scheduled hearing date. This approach ensures that the procedural rights for all parties remain intact while also reflecting the reality that the prior hearing date is no longer

4

controlling. The Plaintiff's motion based on timing is moot, and no further judicial intervention on that issue is warranted.

### B. Plaintiff's In-House Counsel Should Testify Because They Communicated with Levy about Signing the Cognovit Note.

Plaintiff argues the Court should quash the subpoenas to Kirk Vidra ("Vidra") and Kerry Green ("Green") because their testimony would disclose privileged information. *See* ECF No. 34 at 8. This argument fails for two reasons. First, testimonial immunity applies only to litigation counsel in the case at issue, not to in-house counsel. Second, Plaintiff has not shown the information Vidra and Green would provide is privileged.

#### 1. *Shelton* Does Not Work for the Facts Involving Vidra and Green.

The *Shelton* test governs the first inquiry in deciding whether an attorney must testify, but Plaintiff misapplies that standard. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); ECF No. 34 at 7. The rationale underlying *Shelton* is less compelling—and its test less applicable—when those attorneys are neither litigation counsel nor in-house counsel directing or advising on the defense of the same or similar litigation. *See Williams v. Wellston City Sch. Dist.*, 2010 WL 4513818, at *__ (S.D. Ohio Nov. 2, 2010). The risk that their testimony would reveal litigation strategy is minimal or nonexistent when the attorney does not fill those roles, making *Shelton* an improper framework for analysis. *Id.* When there is no evidence the attorneys consulted the client about the strategy in the present litigation, *Shelton* does not govern. *Id.*

The *Shelton* test is inapplicable because Vidra and Green are not trial or litigation counsel in this matter. As demonstrated in the Motion to Vacate, their testimony concerns the events leading to Levy signing the Cognovit Note—not Plaintiff's litigation strategy in the pending case. There are emails exchanged between Vidra and Green on one side cajoling Levy to sign the Cognovit Note. ECF No. 11-3 at PAGEID # 951-954. Their involvement with those

5

communications as well as Plaintiff acknowledging that Vidra and Green hold positions that do not overlap with the responsibilities assigned to litigation counsel show that Plaintiff cannot take the *Shelton* first step.

Plaintiff also fails to show that the testimony sought would reveal Plaintiff's litigation strategy. Mere speculation or conclusory assertions that the testimony is privileged is insufficient to meet the burden required to quash a subpoena. *Snyder v. Fleetwood RV, Inc.*, 303 F.R.D. 502 (S.D. Ohio 2014). In *Snyder,* the court refused to quash because the movant submitted no evidence showing the communications should be shielded by the attorney-client privilege. *Id*. at 506. The burden to show the privilege attaches rests with the party invoking it. *Id*. at 505.  Because Plaintiff has not provided evidence showing the subpoenas would intrude on privileged communications or litigation strategy, its argument falls short.

Plaintiff has misplaced its reliance on the *Shelton* test.

> **2. Plaintiff Has Not Shown Vidra's and Green's Testimony Expose Privileged Information.**

Plaintiff also fails at the second step—demonstrating that the testimony from Vidra and Green falls within the attorney-client privilege. Plaintiff declares that Vidra and Green acted "at all times" in their legal capacity. *See* ECF No. 34 at 8. But the law requires more than a bare assertion. At the heart of our legal system lies the principle that every litigant may obtain relevant, non-privileged testimony in judicial proceedings. *Doe v. Ohio State Univ.*, 2016 WL 541289, at *2 (S.D. Ohio Feb. 11, 2016).

The attorney-client privilege is narrow in scope. The party asserting privilege bears the burden of establishing both the existence and the non-waiver of the privilege. *In re OM Securities Litigation*, 226 F.R.D. 579 (N.D. Ohio 2005). The privilege applies only to communications from a client to an attorney made to obtain legal advice or services, and it protects lawyer-to-client

6

communications only to the extent they reveal confidential client communications. *Beery v. Thomson Consumer Elecs., Inc.*, 218 F.R.D. 599, 604 (S.D. Ohio 2003). Thus, not every communication between an attorney and client is privileged; the context and purpose of the communication control whether the privilege applies. *Id.* The attorney-client relationship, by itself, does not shield every exchange from disclosure. *Id.*

Plaintiff has offered no evidence that Vidra's and Green's testimony would reveal confidential communications made by their client for the purpose of seeking legal advice. The communications involving Vidra and Green include Levy as a participant. ECF No. 11-3 at PAGEID # 951-954. Those communications, shared among multiple parties, are not protected by attorney-client privilege. And if Plaintiff was seeking legal advice or Green and Vidra were providing it, Plaintiff waived the privilege. *In re OM Securities Litigation*, 226 F.R.D. 579 (N.D. Ohio 2005) (noting that the voluntary disclosure of purportedly privileged material is inconsistent with asserting the privilege).

Without evidence that the testimony concerns privileged legal advice, Plaintiff cannot meet its burden to justify quashing the subpoenas. Vidra's and Green's involvement does not cloak all their communications with privilege. Plaintiff's failure to establish the factual basis for the privilege renders the claim ineffective. The Court should therefore deny the motion to quash the subpoenas issued to Vidra and Green.

      **C.**    **The Subpoenas Do Not Impose an Undue Burden.**

Plaintiff pushes that the Court should quash the subpoenas as unduly burdensome and harassing. Yet the legal standard governing undue burden does not shelter Plaintiff: courts assess undue burden case-by-case, weighing several factors like relevance, necessity, the breadth of the request, the period covered, the specificity of the information sought, and the burden imposed. *In re Risner*, 338 F.R.D. 380, 384 (S.D. Ohio 2021).

Measured against these principles, Plaintiff's undue burden argument falls short. The subpoenas seek testimony that is relevant. Levy intends to rely on the testimony to establish his defenses to the Cognovit Judgment. First, the testimony concerns the period during which Plaintiff was demanding that Levy sign the Cognovit Note. Second, it bears on the question of duress—an issue central to Levy's claim that he was pressured into signing. Third, the testimony is narrowly tailored to the specific facts surrounding Levy signing the Cognovit Note. No undue burden arises from requiring these witnesses to speak about the matters they know about.

Plaintiff further argues the witnesses face an undue burden because they have important professional obligations. But those concerns, however understandable, do not form part of the undue burden analysis. *See In re Risner*, 338 F.R.D. at 384. The claim that witnesses would struggle with last-minute scheduling conflicts is similarly unpersuasive. The Court has already rescheduled the evidentiary hearing to April 18, 2025—on a date Plaintiff itself agreed to— allowing ample time for any necessary adjustments. The notion that Plaintiff suffers prejudice by short notice is belied by its own ability to prepare these witnesses before the new hearing date.

The undue burden argument thus rings hollow. Plaintiff had no apparent concern for Levy's burden when it required him to travel to Ohio to sign the Cognovit Note. Yet now, it contends that its own witnesses cannot be expected to appear in the very forum Plaintiff itself selected. That imbalance is untenable. The Court should decline to credit Plaintiff's undue burden claim and allow these subpoenas to stand.

### D. Plaintiff Lacks Standing to Object to Non-Party Subpoenas.

Plaintiff also lacks standing to object to subpoenas directed at former employees, including Ms. Stratton. A party lacks standing to challenge a subpoena issued to a non-party fact witness. *See Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002). Courts have held that a party cannot assert a non-party's objections, particularly where the non-party has not

8

objected. *Meyer v. Bank of Am., N.A.*, No. 2:18-CV-218, 2018 WL 6436268, at *5 (S.D. Ohio Dec. 7, 2018). In *Donahoo*, the court denied a defendant's motion to quash subpoenas served upon three non-party witnesses. *Id.* The court held that only the subpoenaed individuals themselves had standing to raise such objections. *Id.* That principle applies here.

Plaintiff claims that complying with the subpoena would be unduly burdensome because Ms. Stratton no longer works for Plaintiff and has outside responsibilities. *But see In re Risner*, 338 F.R.D. 380. The *Risner* court explained that those considerations do not factor into the undue burden analysis. Litigants routinely subpoena non-party witnesses to testify, and their status as non-parties does not, standing alone, constitute a valid basis to quash a properly issued subpoena. *Doe v. Ohio State Univ.*, 2016 WL 541289 (S.D. Ohio Feb. 11, 2016).

The subpoena served on Ms. Stratton—not on Plaintiff—draws a significant line that Plaintiff cannot cross. Ms. Stratton has not filed an objection to the subpoena. Even if she had, the fact that she is no longer employed by Plaintiff is insufficient to establish an undue burden. Plaintiff lacks standing to object, and the Court should thus deny the motion to quash.

E. **No Sanctions Are Warranted Based on Plaintiff's Motion.**

The Court should find that no sanctions are warranted. *In re Risner*, 338 F.R.D. 380 (S.D. Ohio 2021). Courts decline to impose Rule 45 sanctions absent other aggravating factors, such as issuing a vexatiously overbroad subpoena. *Ohio Fresh Eggs, LLC v. Smith & Kramer, PC*, No. 2:20-CV-5267, 2022 WL 4007613, at *6 (S.D. Ohio Sept. 2, 2022) (citing *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994)).

Levy has reviewed documents and communications to determine which proposed witnesses participated compelling Levy to sign the Cognovit Note. Levy has also taken additional steps to ensure that only those people within the 100-mile radius from the Court. Levy, after Plaintiff objected to the witnesses, proposed to have Mr. Kaffenbarger testify along with one

9

person from a 4-person list. Plaintiff refused. *See* ECF No. 34-2 PAGEID # 1285-1287. Plaintiff has decided that it would not take reasonable steps to avoid unduly burdening the witnesses, and therefore, no sanctions are warranted in this case. *In re Risner*, 338 F.R.D. 380 (S.D. Ohio 2021).

The Court should find that sanctions are not warranted. *In re Risner*, 338 F.R.D. 380. The *Risner* decision underscores that courts decline to impose sanctions under Rule 45 absent additional aggravating factors. *Id*. at 383 (also citing *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) for the proposition that Rule 45 provides for sanctions against "one issuing a vexatiously overbroad subpoena"). No such factors are present here.

Levy has reviewed relevant documents and communications to identify only those witnesses who played a role in compelling him to sign the Cognovit Note. Levy has also taken additional steps to ensure that all proposed witnesses are within the 100-mile radius from the Court, thereby minimizing any potential burden.

Following Plaintiff's objection to the witnesses, Levy attempted to accommodate these concerns by proposing that Mr. Kaffenbarger testify along with one individual from a four-person list—Plaintiff to choose. But Plaintiff refused. *See* ECF No. 34-2, PAGEID # 1285-1287. Plaintiff has thus declined reasonable steps to avoid imposing the purported undue burdens on the witnesses, yet at the same time seeks sanctions for the burden they are imposing. That position is untenable. *In re Risner*, 338 F.R.D. 380 (S.D. Ohio 2021). Levy has acted reasonably, and no aggravating factors exist; thus, the Court should decline to impose sanctions.

## Conclusion

For these reasons, the defendant, Andrew Levy, respectfully requests this Court to deny Plaintiff's Motion to Quash Defendant's Subpoena to Its Current and Former Employees, Including Its In-House Counsel, and grant such further relief as this Court deems just and proper.

Dated: March 26, 2025					Respectfully submitted,

/s/ *Jon Polenberg*
Jon Polenberg, Florida Bar No. 653306
*(Admitted Pro Hac Vice)*
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
jpolenberg@beckerlawyers.com

*Attorneys for Defendant*
*Andrew Levy*

## **CERTIFICATE OF SERVICE**

I certify that on March 26, 2025, the foregoing document was electronically filed with the Clerk of the Court which will electronically serve a copy of same on all counsel of record for all parties.

*/s/ Jon Polenberg*
Jon Polenberg

26395321v.2