# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WENDY'S NETHERLANDS B.V.,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ANDREW LEVY,<br><br>   Defendant/Counterclaim Plaintiff. | Civil Action No. 2:24-cv-03077 |

### AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO WENDY'S NETHERLANDS B.V.'S COMPLAINT FOR CONFESSION OF JUDGMENT ON COGNOVIT PROMISSORY NOTE

The defendant, Andrew Levy ("Levy"), by and though undersigned counsel, hereby files his amended answer, affirmative defenses, and counterclaim to the cognovit complaint filed by the plaintiff, Wendy's Netherlands B.V. ("Wendy's"). In support, Levy alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. Levy is without sufficient knowledge regarding the facts alleged in paragraph 1 and therefore denies them.

2. Levy denies the facts alleged in paragraph 2.

3. Levy denies the facts alleged in paragraph 3.

### BACKGROUND FACTS

4. Levy is without sufficient knowledge regarding the facts alleged in paragraph 4 and therefore denies them.

5. Levy admits the facts alleged in paragraph 5.

#### The Underlying Business Loan and Guarantee

6. Levy admits the facts alleged in paragraph 6.

7. Levy admits there was a loan from Wendy's to WBR. Levy is without sufficient knowledge regarding why Wendy's made the loan, and therefore denies them. Levy denies the remaining facts alleged in paragraph 7.

8. Levy admits the facts alleged in paragraph 8.

9. Levy admits the Guarantee states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 9.

### The February 23, 2020, Cognovit Promissory Note

10. Levy admits the Cognovit Note attached as Exhibit 1 bears his signature. Levy further admits the Cognovit Note states terms and conditions purporting to bind the parties. Levy denies the remaining facts alleged in paragraph 10.

11. Levy denies the facts alleged in paragraph 11.

12. Levy denies the facts alleged in paragraph 12.

13. Levy admits the Guarantee states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 13.

14. Levy admits the Guarantee states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 14.

15. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 15.

16. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 16.

17. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 17.

### Defendant Has Defaulted Under the Cognovit Note

18. Levy denies the facts alleged in paragraph 18.

27382555.v1

19. Levy denies the facts alleged in paragraph 19.

20. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 20.

21. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 21.

22. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 22.

23. Levy admits the Cognovit Note states the purported duties and obligations. Paragraph 23 also states a legal conclusion, which Levy does not owe a duty to admit or deny. Levy denies the remaining facts alleged in paragraph 23.

24. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 24.

25. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 25.

26. Levy admits the Cognovit Note states the purported duties and obligations. Paragraph 26 also states a legal conclusion, which Levy does not owe a duty to admit or deny. Levy denies the remaining facts alleged in paragraph 26.

27. Levy is without sufficient knowledge regarding the facts alleged in paragraph 27 and therefore denies them.

28. Levy admits he has not paid the amounts Wendy's claims under the Cognovit Note. Levy denies the remaining facts alleged in paragraph 28.

29. Levy denies the facts alleged in paragraph 29.

## COUNT I
**(Confession of Judgment on Cognovit Note)**

30. Levy incorporates by reference the responses to the facts alleged in paragraphs 1 through 29.

31. Levy denies the facts alleged in paragraph 31.

32. Levy denies the facts alleged in paragraph 32.

33. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 33.

34. Levy denies the facts alleged in paragraph 34.

35. Levy denies the facts alleged in paragraph 35.

36. Levy admits the Cognovit Note states the purported duties and obligations. Levy denies the remaining facts alleged in paragraph 36.

37. Levy admits the Cognovit Note states the purported duties and obligations. Paragraph 37 also states a legal conclusion, which Levy does not owe a duty to admit or deny. Levy denies the remaining facts alleged in paragraph 37.

WHEREFORE, the defendant, Andrew Levy, demands judgment against the plaintiff, Wendy's Netherlands, B.V., requests an award for the reasonable fees and costs incurred concerning this matter, reserves the right to amend these defenses as discovery progresses, and requests the Court grant such further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
**(Duress)**

In January 2020, soon after WBR negotiated the winddown of Wendy's restaurants in Brazil, it pressured Levy to execute a cognovit note for the amounts owed by WBR. The duress imposed on Levy to execute the Cognovit Note started with pushing Levy for a quick turnaround

to sign. Plaintiff continued to pressure Levy despite requests for time to review the terms with his legal counsel.

When Levy's counsel sought to negotiate the terms in the Cognovit Note, on February 14, 2020, Plaintiff issued an ultimatum: execute the note or it would terminate the franchise agreements for all the Wendy's restaurants in North America that Levy's business owned. Plaintiff sought to use an alleged breach of the Franchise Agreement by Levy as leverage to force Levy to sign the Cognovit Note.

Plaintiff used its related entity's contracts with Levy's related entities to pressure Levy to sign the Cognovit Note. Levy signed the Cognovit Note at Wendy's offices in Dublin, Ohio. The Cognovit Note fails because it was procured from Levy under duress.

**Second Affirmative Defense**
**(Set-Off - Count I - Confession of Judgment on Cognovit Note)**

Any damages awarded to Wendy's in relation to its claims, including Count I, should be offset by amounts awarded to Levy on his counterclaim for Fraud.

On or about the end of 2018 and the beginning of 2019, Wendy's made misrepresentations about the Brazilian Joint Venture and Wendy's willingness and ability to fund the operations of the Brazilian stores, which Wendy's knew or should have known to be false. Levy reasonably relied on Wendy's misrepresentations and invested funds that he could have used to offset the financial obligations under the Guarantee, causing harm to Levy. The allegations supporting Levy's counterclaim are incorporated here by reference.

WHEREFORE, Andrew Levy, denies Wendy's Netherlands B.V. is entitled to any relief, demands judgment against Wendy's Netherlands B.V. based on the affirmative defenses alleged, reserves the right to amend these affirmative defenses as the case and discovery proceeds, and further requests such additional relief as the Court deems just, fair, and equitable.

## COUNTERCLAIM

The defendant/counterclaim plaintiff, Andrew Levy ("Levy"), by and though undersigned counsel, hereby commences this counterclaim against the plaintiff/counterclaim defendant, Wendy's Netherlands B.V. ("Wendy's"). In support, Levy alleges the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this dispute, as this action seeks damages in excess of $75,000, exclusive of interest, attorneys' fees and costs.

2. Wendy's Netherlands B.V. is a foreign company with a registered address at Prins Bernhardplein 200, 1097 JB Amsterdam, with its principal place of business at One Dave Thomas Boulevard, Dublin, Ohio 43017.

3. Levy is a Florida citizen living in Monroe County, Florida.

4. Venue is proper in this Court because this case is being removed from the Court of Common Pleas in Franklin County, Ohio to the United States District Court for the Northern District of Ohio, being the district and division within which that action is presently pending.

### GENERAL ALLEGATIONS

5. On or about April 2, 2015, Counterclaim Defendant entered into a Sociedade Limitada Agreement to form WBR Participacoes LTDA ("WBR"). A copy of WBR's Sociedade Limitada Agreement is attached hereto as Exhibit 1.

6. Sociedade Limitada is the most common legal entity in Brazil and is an entity akin to a Delaware limited liability company.[1] Its partners hold shares in the entity and the shareholders' personal liability is limited to the amount of unpaid capital.[2]

---

[1] *See* Deffenti, Fabiano, Corporate, LAWS OF BRAZIL (available at https://lawsofbrazil.com/corporate/).

[2] *Id*.

- 6 -

7. The partners to WBR were Infinity Holding e Participacoes LTDA. ("Infinity"), with 40% of equity interest, Starboard International Holdings B.V. ("Starboard") with 40% of equity interest, and Wendy's with 20% of equity interest. *See* Exhibit 1.

8. Following WBR's formation, the partners started meeting and discussing the development of restaurants in Brazil.

9. Wendy's mandated a new restaurant format, a hybrid between fast food and sit-down restaurant.

10. On or about October 20, 2015, Wendy's entered into the first Credit Agreement with WBR, acting both as partner and lender. A copy of the 2015 Credit Agreement is attached as Exhibit 2.

11. Wendy's also entered into a Guarantee Agreement ("Guarantee") with Levy and Starboard. Copies of the Agreement and its Amendments are attached as Composite Exhibit 3.

12. The Guarantee and its Amendments include clauses electing New York as the governing law. Composite Exhibit 3 at 9 and 10.

13. WBR proceeded with developing and opening Wendy's restaurants in Brazil, but the restaurants were not profitable.

**Misrepresentation Concerning Brazil Project**

14. Even though the new restaurant format caused financial and operational issues, Wendy's continued pressuring the other partners to open more stores, and on August 2, 2017, WBR entered into a second Credit Agreement with Wendy's (collectively, "Credit Agreements").

15. Material to that decision was Wendy's representations that it would either fund the Brazilian operations or find a buyer so that WBR partners could be made whole for any investments made.

16. On April 18, 2017, and again on May 8, 2017, Wendy's, including its officers, Carlos Ribas and Todd Penegor, made separate presentations to Levy, including written materials, representing that Wendy's had a plan for the Brazilian stores, convincing Levy to fund additional $1,300,000.00 to continue operations in Brazil.

17. In October 2017, Levy communicated to Wendy's that, based on their representations, he was preparing to exit Brazil.

18. At that time, Wendy's former VP and COO, Bob Wright, told Levy that Wendy's Board of Directors had authorized an additional $2,500,000.00 in funding which would not be advanced until the quotas owned by the other partner, Infinity, were subscribed.

19. Levy was also assured by Bob Wright and Todd Penegor that they had the authority to spend money without Board approval.

20. Based on Wendy's representations, Levy advanced the funds to fund the Infinity's quotas, raising Starboard's equity to 61%.

21. Levy could have used those funds to pay down his obligations under the Credit Agreements rather than continuing funding a failing business.

22. But during the discussions in the last quarter of 2018 and early 2019, Wendy's, through its executives, including Carlos Ribas, assured Marcos Silva, from Starboard, and Levy that he was confident about Wendy's plan about saving WBR and reiterated the company's support.

23. Wendy's, through Ribas, represented to Levy and Starboard, through Marcos Silva, that Levy and Starboard should focus on their U.S. restaurants and Wendy's would manage and control the issues in Brazil.

24. After Levy agreed to fund the Infinity quotas, Wendy's Board denied any additional funding to the Brazilian deal.

25. If Levy had caused Starboard to exit Brazil as he planned, then Starboard and he would have saved the additional investment and mitigated further losses.

26. From Wendy's representations and following the new Credit Agreement, Levy and Starboard amended the Guarantee to reflect the new value under the Credit Agreements.

27. Wendy's did not make good on its promises to fund WBR or find a buyer, and on or about December 29, 2019, Wendy's ordered WBR to cease operating Wendy's restaurants in Brazil. Communications between Wendy's and WBR representatives and partners are attached as Composite Exhibit 4.

28. Wendy's also imposed new debt on WBR issuing new credit agreements for the winddown of the operations, which committed any funds generated by the sale of assets to pay off the money loaned under the new credit agreements.

29. With closing Brazilian operations, Wendy's started to pressure Levy to execute a cognovit note for the obligations under the Credit Agreements and the Guarantee. Copies of communications between Levy and Wendy's are attached hereto as Composite Exhibit 5.

30. Wendy's issued an ultimatum on February 14, 2020, demanding that Levy execute the Cognovit Note. Composite Exhibit 5.

31. Wendy's threatened Levy that if he did not sign the Cognovit Note, it was going to terminate all franchise agreements with Starboard.

32. Wendy's was adamant to coerce Levy to sign the Cognovit Note under duress and threat of Starboard's losing the franchise agreements, not only in Brazil, but also for the U.S. stores.

33. On February 23, 2020, Wendy's and Levy entered into the Cognovit Note. A copy of the Cognovit Note is attached as Exhibit 6.

## COUNT I
## FRAUD

34. Levy realleges and re-incorporates the allegations contained in paragraphs 1 through 33 above as fully set forth herein.

35. On or about the end of 2018 and the beginning of 2019, Wendy's made the following representations:

   a. Wendy's saw the Brazilian deal as salvageable and was prepared to go forward investing;

   b. Wendy's would either fund the Brazilian operations or find a buyer so that WBR partners could be made whole for their investments;

   c. Wendy's would partner "shoulder to shoulder" with Levy to fund the operations of the Brazilian stores;

   d. Wendy's Board of Directors had authorized an additional $2,500,000.00 in funding;

   e. Wendy's had authority to spend funds without Board of Directors' approval;

   f. Levy should focus on his U.S. restaurants and Wendy's would manage and control the issues in Brazil; and

   g. Wendy's had a plan to address the difficulties with the Brazilian restaurants.

36. Levy learned that the statements Wendy's made in 2019 were false. Wendy's did not invest additional funds, address the issues with the Brazilian stores' business model, or locate a buyer to take over the Brazilian deal.

37. Wendy's either knew or should have known the statements were false. The restaurants had not been profitable, and Wendy's did not invest any additional funds in WBR.

38. Instead, Wendy's acted both as a partner to WBR and a lender under the Credit Agreements, profiting from its misrepresentations.

27382555.v1

39. Wendy's intended to have its other partners fund the operations in Brazil, convincing Levy to invest more funds for the Brazilian restaurants and to sign an amended personal Guarantee for those additional funds.

40. Levy reasonably relied on Wendy's misrepresentations.

41. Wendy's misrepresentations caused Levy harm.

42. The harm Levy suffered is measurable in damages by an amount the Court or Jury will determine at trial.

WHEREFORE, Andrew Levy demands judgment for damages against Wendy's Netherlands B.V., including accrued interest, costs, and all other such relief as this Court deems just and proper.

Dated: August 25, 2025.                                     Respectfully submitted,

By: */s/ Jon Polenberg*
Jon Polenberg, Esq., Bar No. 653306
(*Admitted Pro Hac Vice*)
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
jpolenberg@beckerlawyers.com

*Attorneys for Defendant/Counterclaim Plaintiff, Andrew Levy*

- 12 -

## CERTIFICATE OF SERVICE

I certify that on August 25, 2025, the foregoing document was electronically filed with the Clerk of the Court which will electronically serve a copy of same on all counsel of record for all parties.

*/s/ Jon Polenberg*
Jon Polenberg
