**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WENDY'S NETHERLANDS B.V.,** | : | |
| | : | **Case No. 2:24-cv-03077** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Magistrate Judge Kimberly Jolson** |
| **ANDREW LEVY,** | : | |
| | : | |
| **Defendant.** | : | |

---

## JOINT DISCOVERY PLAN

---

Pursuant to this Court's August 5, 2025 Order (ECF # 46) (the "Order"), Plaintiff Wendy's Netherlands B.V. ("Wendy's") and Defendant Andrew Levy ("Levy"), by and through their counsel, hereby submit a Joint Discovery Plan.

The Order sets forth that "the parties must focus on all discovery that would be helpful to mediation." In accordance with the Order, this Joint Discovery Plan sets forth detailed, proposed deadlines for such discovery that the parties have come to an agreement on. In addition, the parties agree to participate in a private mediation, rather than utilizing the Court's ADR program. However, the parties have not been able to come to an agreement as to the scope of discovery, and therefore, set forth each party's respective positions below for the Court's consideration.

## **PLAINTIFF'S STATEMENT**

As this Court is aware, the Order sets forth that the parties shall limit discovery in this instance to that which will be "helpful" and "conducive" to a "productive mediation." Contrary to the position set forth below by Mr. Levy, Wendy's is of the belief that no further discovery on the merits of this case is necessary or warranted for the purpose of mediation or reaching a

settlement in this matter. Mr. Levy owes Wendy's at least $5.7 million under the cognovit note at issue in this litigation, as well as interest and attorneys' fees. Even if the cognovit note was invalidated (and there is no basis for it to be invalidated), Mr. Levy is still indebted to Wendy's pursuant to the underlying guarantee agreement for an amount that is more than the cognovit note, in addition to other outstanding financial obligations to Wendy's.

Mr. Levy has raised concerns about his ability to meaningfully participate in mediation due to his purported lack of resources as well as other alleged financial obligations to others. Upon information and belief, Wendy's does not agree that Mr. Levy lacks the resources to meaningfully participate in a mediation. Therefore, the key issue respective to mediation is collectability. As a result, for mediation, Wendy's will need:

(1) detailed information from Mr. Levy about his assets and liabilities;

(2) detailed information in the hands of third parties regarding Mr. Levy's financial situation; and

(3) a deposition of Mr. Levy regarding his assets and liabilities.

Further, Wendy's completely disagrees with Mr. Levy's below assertions regarding Wendy's inability to discover information related to Mr. Levy's financials. As an initial matter, this Court requested the parties identify information necessary for a productive mediation. In light of Mr. Levy's claims of financial duress, information concerning Mr. Levy's financials is directly relevant, not only to mediation, but to his claim of duress. Among other things, Wendy's intends, and is permitted under Ohio law, to rebut any suggestion of duress by demonstrating that Mr. Levy is an experienced businessman, particularly with regard to restaurant franchises. *See Sheet Metal Workers National Pension Fund, et al. v. Bryden House Limited Partnership*, *et al*., 130 Ohio App.3d 132, 140–141 (1998) (upholding denial of economic duress given various circumstances

2

including the parties' business sophistication). Information regarding Mr. Levy's finances will be relevant to support Wendy's position. In addition to being relevant, Wendy's believes such information is directly relevant to the focus of discovery as directed by the Court, as such discovery will almost certainly aid the parties in engaging in productive mediation discussions. Conversely, without this discovery, Mr. Levy will be able to avoid meaningful participation in mediation, undermining the goal of the Court's Order. Candidly, Mr. Levy's opposition to Wendy's discovery plan only adds credence to Wendy's concerns.

With regard to Mr. Levy's specific discovery requests below, nearly all of the information that Mr. Levy seeks is irrelevant to the proceedings before this Court and will not help facilitate a settlement. If anything, Mr. Levy's proposed fishing expedition will simply drive the parties further apart and unnecessarily increase the litigation costs. Mr. Levy would not be entitled to any of this information, even if the parties were conducting full discovery on the merits. Indeed, Mr. Levy's recently filed counterclaim has nothing to do with his allegations of duress with respect to the cognovit note. Instead, his counterclaim alleges fraud with respect to an earlier agreement not before this Court and for which Mr. Levy executed a Mutual Release of Claims on February 23, 2020, whereby he "unconditionally, and without limitation" released Wendy's from any liability regarding the matters upon which he is attempting to obtain discovery. For these and other reasons, Wendy's will be moving to dismiss/strike Mr. Levy's recently filed counterclaim and objects to any discovery with regard to such claim.

Moreover, Mr. Levy's requests are not limited, rather, he is seeking exactly what this Court determined as not "suitable" under the Order. If Mr. Levy is awarded the discovery proposed below, the parties would be hard pressed to meet the discovery and mediation deadlines ordered

by this Court.  Finally, given the reasons above, Wendy's respectfully requests that the Court schedule a status conference to facilitate an appropriate discovery plan for mediation.

### DEFENDANT'S STATEMENT

Under the Court's August 5, 2025 order, the Parties conferred on what discovery would be conducive for mediation and file a discovery plan to that effect on or before September 2, 2025. [ECF # 46]. On August 29, 2025, the Parties discussed the categories of information needed to fully mediate this case. While Levy proposed discovery categories related to the case's claim, affirmative defenses, and counterclaim, Wendy's represented that no discovery was needed on the merits of the case. Now, Plaintiff urges the Court to permit it discovery on financial ability to pay because it is relevant to duress. *See* Plaintiff's Statement, *supra*. Levy's financial status today does not tend to prove or disprove the duress he experienced when he signed the cognovit note.

Levy agrees that, to meaningfully mediate this case, discovery for the affirmative defenses is important. For example, the testimony from counsel for Levy (Brian Doughney) when Wendy's demanded the cognovit note and the facts about that process are proper for discovery. But discovery into Levy's limited counterclaim is also necessary.

Levy will require the following limited discovery, reserving the right to seek additional discovery if the matter does not settle at mediation:

(1) detailed information about presentations, calendar invitations, meeting agendas and written materials for meetings and calls discussing the Brazilian Joint Venture between 2017 and 2020;

(2) detailed information about the funding of the Brazilian Joint Venture by Wendy's;

(3) detailed information about the funding of the Brazilian Joint Venture by Brazilian Financial Institutions such as Itaú and Bradesco;

(4) detailed information about the deal package offered by Wendy's to Defendant in exchange for his execution of the cognovit note;

(5) detailed information about the revised Joint Capital Plan used in conjunction with the Brazilian Joint Venture; and

(6) depositions, regarding the topics above, of:

    a.   Wendy's corporate representative;

    b.   Brian Daughney;

    c.   Kris Kaffenbarger; and

    d.   Bob Wright.

The fact that Wendy's intends to move to dismiss should not preclude discovery on the limited topics, which will facilitate the information exchange that helps the parties understand the facts that support their adversary's positions.

But discovery on Levy's financial status, is not appropriate  absent a judgment against. *Lincoln Elec. Co. v. MPM Techs., Inc.*, No. 1:08-CV-2853, 2009 WL 2413625, at *3 (N.D. Ohio Aug. 5, 2009) (noting that Federal Rule of Civil Procedure 26 limits access to a defendant's financial status, or ability to satisfy a judgment because they are not relevant). Despite the limits on discovery described under *Lincoln Elec. Co.*, Levy agrees to provide Wendy's with informal discovery about his financial condition to facilitate a meaningful mediation and to comply with the Court's order.

Wendy's wants to conduct discovery to investigate facts and documents that are otherwise unavailable. At the same time, Wendy's is trying to prevent Levy from conducting any discovery. There should be a level playing field especially when the goal is to have meaningful mediation.

## <u>PROPOSED DISCOVERY DEADLINES</u>

The parties jointly propose the following discovery deadlines, allowing enough time for the parties to meet the December 19, 2025, mediation deadline:

| | |
|---|---|
| **Parties exchange written discovery requests** | September 12, 2025 |
| **Parties exchange written discovery responses** | October 10, 2025 |
| **Document production completed** | October 10, 2025 |
| **Depositions completed** | November 28, 2025 |
| **Discovery concludes** | November 28, 2025 |

Dated: September 2, 2025

Respectfully submitted,


*/s/ Jon Polenberg (per authorization)*
Jon Polenberg, Florida Bar No. 653306
(Admitted Pro Hac Vice)
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
jpolenberg@beckerlawyers.com



*Attorney for Defendant Andrew Levy*

*/s/ Keith Shumate*
Keith Shumate (0056190)
Brittany Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
brittany.silverman@squirepb.com


*Attorneys for Plaintiff Wendy's Netherlands B.V.*

## **CERTIFICATE OF SERVICE**

On September 2, 2025, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Keith Shumate*
Keith Shumate

*An Attorney for Plaintiff Wendy's Netherlands B.V.*