IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WENDY'S NETHERLANDS B.V.,**

    **Plaintiff,**

v.

    Civil Action 2:24-cv-3077
    Judge Michael H. Watson
    Magistrate Judge Kimberly A. Jolson

**ANDREW LEVY,**

    **Defendant.**

## ORDER

The parties' joint discovery plan is before the Court. (Doc. 52). Previously, the Court ordered the parties to confer on what discovery would be most conducive to a productive mediation and file a discovery plan. (Doc. 46). The submitted discovery plan shows wide disagreement.

Both sides say they need discovery before mediation. But they disagree on what that entails. Plaintiff no longer seeks discovery on the merits of the case. (Doc. 52 at 1). Instead, Plaintiff wants information about Defendant's financial situation because of "concerns" Defendant raised "about his ability to meaningfully participate in mediation due to . . . lack of resources" and other "alleged financial obligations to others." (*Id.* at 2 (arguing this information goes to collectability)). For his part, Defendant seeks discovery on the merits. (*Id.* at 4 (also noting Defendant agreed to provide Plaintiff with "informal discovery" about his financial condition)). While the parties disagree on the scope of discovery, they agree on a timeline. (*Id.* at 6). The Court adopts the timeline but requires a more detailed discovery plan.

Simply, the parties must collaborate on what discovery they need moving forward. The Court acknowledges Plaintiff's objection to providing discovery related to Defendant's counterclaim because of its forthcoming motion to dismiss or strike. (*Id.* at 3). But discovery is not stayed, nor does the Court have a motion to stay discovery before it. Accordingly, the parties

must confer in good faith on the scope and timing of discovery both relevant and proportional to the needs of this case as it currently stands.  With this in mind, the parties are **ORDERED** to confer again on a discovery plan, and file a joint status report **on or before September 16, 2025**.

At the parties' joint request, the Court also **SETS** the following deadlines:

- Parties exchange written discovery requests — September 12, 2025
- Parties exchange written discovery responses — October 10, 2025
- Document production complete — October 10, 2025
- Depositions complete — November 28, 2025
- Discovery complete — November 28, 2025

Should Plaintiff bring a motion to dismiss or motion to strike, the Court intends to expedite briefing.  Additionally, the parties are **ORDERED** to file a joint status report as to their discovery progress **every 14 days** until November 28.  The first report is due by **September 23, 2025**.  Finally, should the parties' discovery disputes require Court intervention, the Court intends to shift fees.

IT IS SO ORDERED.

Date: September 9, 2025                              /s/ Kimberly A. Jolson
                                                                   KIMBERLY A. JOLSON
                                                                   UNITED STATES MAGISTRATE JUDGE