IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY'S NETHERLANDS B.V., | : | |
| | : | Case No. 2:24-cv-03077 |
| **Plaintiff,** | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Kimberly Jolson |
| ANDREW LEVY, | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF WENDY'S NETHERLANDS B.V. REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT ANDREW LEVY**

I. <u>INTRODUCTION</u>

Plaintiff Wendy's Netherlands B.V. ("Wendy's") has moved this Court to dismiss Defendant's Counterclaim for its failure to state a valid claim and for lack of jurisdiction. As Wendy's illustrated in its Motion, Defendant's Counterclaim is barred by the statute of limitations, his unconditional release of Wendy's, lack of ripeness, and improper venue.

Defendant's response to Wendy's Motion to Dismiss was unavailing. In a desperate attempt to avoid dismissal, Defendant makes a number of confusing arguments, including that Brazilian law (as opposed to New York law) should be applied to determine the statute of limitations. Defendant also attempts to argue that his fraud claim is not covered by the Release because the alleged fraud occurred independent of the Guarantee. Defendant's arguments are meritless.

Defendant cannot escape the reality that his fraud claim comes too late. Under the terms of the Guarantee, New York law governs,[1] and he was thus required to file his fraud claim within six years after the fraudulent act or two years after the discovery of the alleged fraud. Defendant does not dispute that the alleged fraudulent statements were made more than six years before the Counterclaim was filed. Nor can Defendant dispute that the restaurants were ordered closed in December 2019; that he executed the Cognovit Note in February 2020; and that all of the operative facts giving rise to the fraud claim were known to Defendant by February 2020. Defendant's fraud claim is therefore untimely.

In addition, Defendant cannot hide the fact that his Counterclaim relates to the Guarantee and is therefore barred by the Release. While Defendant attempts to argue that it is not proper to consider the signed Release attached to Wendy's Motion, the exact same release, while unsigned, was attached as an exhibit to his Counterclaim. In any event, there is no dispute about the validity of the Release (signed or unsigned), and there is no question that the Release covers the fraud claim at issue in this case. Defendant's fraud claim against Wendy's has been released and his Counterclaim is therefore subject to dismissal as a matter of law.

## II. ARGUMENT

### A. Defendant's Counterclaim is Barred by the New York Statute of Limitations.

Defendant failed to file his Counterclaim within the applicable six-year statute of limitations for fraud claims. Under New York law, which is the applicable law pursuant to the Guarantee, "[t]he Statute of Limitations for a discovery proceeding in which fraud is alleged is six years from ***the commission of the wrong*** or two years from the discovery of the fraud or the date on which it could reasonably have been discovered, whichever is later." *Matter of Est. of*

---

[1] In his Counterclaim, Defendant admitted that "[t]he Guarantee and its Amendments include clauses electing New York as the governing law." (Counterclaim, ¶12).

*Kraus*, 208 A.D.2d 728, 729, 617 N.Y.S.2d 817, 819 (1994) (emphasis added). By Defendant's own admission, the alleged misrepresentations occurred more than six years ago, "[o]n or about the end of 2018 and the beginning of 2019." (Counterclaim, ¶35). However, Defendant did not file his Counterclaim until August 25, 2025, which was untimely.

In his opposition, Defendant argues that the six-year statute of limitations started running when the alleged loss occurred. Defendant is simply wrong. The statute of limitations runs at the commission of the wrong or when the allegedly fraudulent acts occurred. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 310 (S.D.N.Y. 2014), aff'd sub nom. *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Companies L.L.C.*, 829 F.3d 173 (2d Cir. 2016) (finding that claims based on alleged misstatements made more than six-years prior to the filing of the complaint were time barred). The timing of the alleged loss, which Defendant argues was December 2019, only implicates the starting point for when the fraud should have been discovered. In that regard, the two-year discovery provision would have required Defendant to file by February 2022 (at the latest), and it therefore cannot be used to save his Counterclaim. *See Blizniak v. Fences by Precision, LLC*, 229 A.D.3d 1140, 1141–42, 214 N.Y.S.3d 855, 857 (N.Y. Ct. App. 2024) (dismissing a fraud claim because the plaintiff had knowledge of facts from which the fraud could have been reasonably inferred more than two years before filing).

Next, Defendant argues that Ohio's choice-of-law rules mandate the application of Brazilian law for the statute of limitations. Again, Defendant is simply wrong. There is no need to engage in a choice of law analysis. The Guarantee plainly provides for New York law to be applicable. (*See* Counterclaim ¶ 12; Counterclaim Ex. 3); *see also Metro. Life Ins. Co. v. Mary Schneider-Viers*, No. 3:09-CV-497, 2010 WL 2696817, at *3 (S.D. Ohio July 6, 2010) ("Ohio

1105884141\1\AMERICAS

recognizes the validity of contractual choice of law clauses."). The New York statute of limitations for fraud claims governs and bars the Counterclaim.

Finally, the basis on which to rule on the statute is readily apparent from the allegations on the face of Defendant's Counterclaim. Therefore, the Court may properly grant Wendy's Motion to Dismiss based upon the pleadings. A 12(b)(6) dismissal is appropriate when—as is the case here—claims are plainly time barred by the applicable statute of limitations. *See e.g. Jobar Holding Corp. v. Halio*, No. 23-CV-11217 (JGLC), 2024 WL 4349749, at *4 (S.D.N.Y. Sept. 30, 2024), aff'd, No. 24-2879-CV, 2025 WL 1512574 (2d Cir. May 28, 2025) (dismissing claims as time barred); *McIntosh v. Covenant House*, No. 05 CIV. 9973 (CM), 2007 WL 1946540, at *6 (S.D.N.Y. June 28, 2007) (same); *Pirozak v. Knight*, No. 2:19-CV-499, 2020 WL 1290244, at *13 (S.D. Ohio Mar. 18, 2020) (same).

### B. Defendant's Release of Wendy's Bars his Fraud Claim.

#### 1. Wendy's Reliance on the Release is Appropriate.

In addition to the statute of limitations, the Counterclaim should be dismissed due to the broad, unconditional release of Wendy's signed by Defendant. This Release covers any and all claims "regarding or arising out of the Guarantee," which includes Defendant's Counterclaim for fraud. (*See* Mot. Ex. A, p. 1).

First of all, it is entirely appropriate for the Court to grant a motion to dismiss based on the Release. Ohio and New York courts have consistently held that exhibits attached to or referenced in the complaint may be considered on a motion to dismiss. *See Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 218 (S.D.N.Y. 2016); *Hutson v. Uplands Vill.*, No. 3:19-CV-65, 2019 WL 4928896, at *5 (S.D. Ohio Oct. 7, 2019). Here, an unsigned copy of the Release was attached to the Counterclaim as part of Exhibit 6, incorporated as Exhibit C to the Cognovit Note. (*See* Counterclaim Ex. 6, p. 37).

4

Wendy's attached an executed copy of the Release to its Motion, and it is entirely appropriate for the Court to rely on it when deciding the Motion. On a motion to dismiss, a Court may consider a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (citation omitted); *see also Rosas v. Shorehaven Homeowners Ass'n, Inc.*, No. 23-CV-4052 (JGLC), 2024 WL 1120638, at *3 (S.D.N.Y. Mar. 14, 2024); *Superior Care Pharmacy Inc. v. Med. Shoppe Int'l, Inc.*, No. 2:10-CV-207, 2011 WL 597065, at *12 (S.D. Ohio Feb. 10, 2011) ("Where the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.").

Moreover, Defendant has not challenged the authenticity of the Release or adequately alleged that he was coerced during its enactment. Defendant never mentioned the Release in his Counterclaim for fraud, and he has never pled that the Release was entered into under duress, even in his Motion to Vacate. Defendant cannot now raise an issue regarding the Release in his Response to save his claim. *See Sodhi v. IAC/InterActive Corp.*, 201 A.D.3d 451, 156 N.Y.S.3d 738 (2022) ("[P]laintiffs may not invalidate their releases by claiming they were fraudulently induced to enter into them. This new theory of liability, raised for the first time in plaintiffs' opposition papers, should not be considered."); *Bd. of Managers of 325 Fifth Ave. Condo. v. Cont'l Residential Holdings LLC*, 149 A.D.3d 472, 474, 52 N.Y.S.3d 44, 46 (2017) ("The release bars plaintiffs' balcony-related claims against [defendants], even though plaintiffs allege that it was fraudulently induced, as they do not allege a separate fraud from the subject of the release.")

(internal quotations and citation omitted). Therefore, Wendy's can properly rely on the Release in its Motion to Dismiss.

### 2. The Release Bars Defendant's Counterclaim.

Under the terms of the Release, Defendant "fully, unconditionally, and without limitation RELEASE[D], DISCHARGE[D] AND AQUIT[TED] Guarantee Beneficiary [Wendy's]" from ***any and all liabilities*** regarding or arising out of the Guarantee, from the beginning of time to present. (*See* Mot. Ex. A, p. 1). In his opposition, Defendant argues that his fraud claim is independent from the Guarantee.

Defendant's entire Counterclaim is based on his allegation that Wendy's made fraudulent statements that caused him to incur additional financial liabilities under the Guarantee and its amendments. (*See* Counterclaim, ¶¶35–39). Indeed, Defendant would not have a claim against Wendy's, absent the Guarantee. Moreover, in Defendant's Response (Dkt. 57), he indicates that the Counterclaim arises from Wendy's "fraudulent inducements and performance that prompted new investment in the Brazilian venture." (*See* Defendant's Response, Dkt 57, PageID # 2471). Such "investment" was done via the Guarantee and its amendments. Defendant's fraud claim is thus inextricably intertwined with the Guarantee.

Because the Counterclaim arises under the Guarantee, it should be dismissed under the broad terms of the Release. *See Bd. of Managers of 325 Fifth Ave. Condo.*, 149 A.D.3d at 474, 52 N.Y.S.3d at 46 (dismissing fraud claim due to a release); *Sodhi*, 201 A.D.3d at 451, 156 N.Y.S.3d at 738 (same); *Oro BRC4, LLC v. Silvertree Apartments, Inc.,* No. 2:19-CV-04907, 2021 WL 184686, at *4-8 (S.D. Ohio Jan. 19, 2021) (same).

### C. Defendant's Counterclaim is Not Ripe for Adjudication.

Defendant's Counterclaim for fraud is at best premature. This Court's ability to adjudicate the Counterclaim is contingent on it first finding that the Cognovit Note and Release are invalid.

*See Walgreen Co. v. Hummer*, No. 1:10CV2902, 2012 WL 1658680, at *3–5 (N.D. Ohio May 11, 2012) (dismissing counterclaims as unripe because the defendant had entered into a release agreement); *see also Paugstat v. Pepperidge Farm, Inc.*, No. 1:20-CV-00508, 2022 WL 195078, at *2 (S.D. Ohio Jan. 21, 2022) (dismissing an unripe counterclaim because it was contingent on a future event). Because the Court has not found the Cognovit Note and Release invalid, Defendant's Counterclaim should be dismissed due to the lack of ripeness.

### D. The Guarantee's Forum Selection Clause Dictates the Proper Forum for Defendant's Counterclaim.

Defendant's Counterclaim arises out of the Guarantee, which requires that "any legal action or proceeding against Beneficiary [Wendy's]…shall be exclusively brought in or removed to…the Southern District of New York." (Counterclaim Ex. 3, § 5.9). Despite this language, Defendant claims that the Southern District of Ohio is a proper forum for his Counterclaim, relying on the Court's August 6, 2025 Opinion and Order (the "Order"). Defendant's reliance is misplaced. In the Order, the Court only found that the forum selection clause was permissive with respect to Wendy's, (*Id.* at 8-9) but is **mandatory** for Defendant: "While Defendant may complain that the Agreement allows Plaintiff to 'bring suit anywhere' but only allows him to sue in New York, 'courts will not give the contract a construction other than that which the plain language of the contract provides.'" (*Id.* at 9 (internal citation omitted) (quoting *Bohlen v. Anandarko E & P Onsshore, LLC*, 80 N.E.3d 468, 471 (Ohio 2017)).

Defendant's fraud claim should be dismissed because he did not comply with the mandatory forum selection clause in the Guarantee. Further, unlike Wendy's suit, Defendant's Counterclaim does not relate to the Cognovit Note. Accordingly, the Cognovit Note's Ohio choice-of-law provision and Ohio execution are irrelevant to the forum analysis.

### III. CONCLUSION

For the reasons set forth above, Wendy's respectfully requests that this Court dismiss Defendant's Counterclaim against Wendy's.

Dated: October 20, 2025

Respectfully submitted,

*/s/ Keith Shumate*
Keith Shumate (0056190)
Brittany Silverman (0102263)
SQUIRE PATTON (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
brittany.silverman@squirepb.com

*Attorneys for Plaintiff Wendy's Netherlands B.V.*

## CERTIFICATE OF SERVICE

On October 20, 2025, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Keith Shumate*
Keith Shumate

*An Attorney for Plaintiff Wendy's Netherlands B.V.*
