# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

WENDY'S NETHERLANDS B.V.,

        Plaintiff,

      v.

ANDREW LEVY,

        Defendant.

Civil Action No. 2:24-cv-03077

## <u>NOTICE OF FILING SUPPLEMENTAL AUTHORITY</u>

The defendant/counterclaim plaintiff, Andrew Levy ("Levy"), provides notice of filing the following supplemental authority, appended hereto as Composite Exhibit A, in support of his *Response to Motion of Plaintiff Wendy's Netherlands B.V. to Dismiss the Counterclaim of Defendant Andrew Levy* filed on October 6, 2025. Levy asks the Court to consider Governor Cuomo's Executive Orders appended as exhibits 1 through 10, and appellate decisions about those orders, appended as Exhibits 11 and 12, all explaining that COVID-19 pandemic tolled, rather than suspended, applicable New York statutes of limitations:

1.    Exec. Order No. 202.8, 9 N.Y.C.R.R. § 8.202.8 (Mar. 20, 2020).

2.    Exec. Order No. 202.14, 9 N.Y.C.R.R. § 8.202.14 (Apr. 7, 2020).

3.    Exec. Order No. 202.28, 9 N.Y.C.R.R. § 8.202.28 (May 7, 2020).

4.    Exec. Order No. 202.38, 9 N.Y.C.R.R. § 8.202.38 (June 6, 2020).

5.    Exec. Order No. 202.48, 9 N.Y.C.R.R. § 8.202.48 (July 6, 2020).

6.    Exec. Order No. 202.55, 9 N.Y.C.R.R. § 8.202.55 (Aug. 5, 2020).

7.    Exec. Order No. 202.55.1, 9 N.Y.C.R.R. § 8.202.55.1 (Aug. 6, 2020).

8.    Exec. Order No. 202.60, 9 N.Y.C.R.R. § 8.202.60 (Sept. 4, 2020).

9. Exec. Order No. 202.67, 9 N.Y.C.R.R. § 8.202.67 (Oct. 5, 2020).

10. Exec. Order No. 202.72, 9 N.Y.C.R.R. § 8.202.72 (Nov. 3, 2020).

11. *Murphy v. Harris*, 210 A.D.3d 410 (N.Y. App. Div. 1st Dep't 2022).

12. *Brash v. Richards*, 195 A.D.3d 582 (N.Y. App. Div. 2d Dep't 2021).

This Notice is submitted to ensure the Court is aware of newly found authority relevant to

issues already fully briefed.

Dated: November 04, 2025                    Respectfully submitted,

*/s/ Jon Polenberg*
Jon Polenberg, Florida Bar No. 653306
*(Admitted Pro Hac Vice)*
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
jpolenberg@beckerlawyers.com
*Attorneys for Defendant/Counterclaim*
*Plaintiff Andrew Levy*

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2025, the foregoing document was electronically filed with the Clerk of the Court which will electronically serve a copy of same on all counsel of record for all parties.

*/s/ Jon Polenberg*            
Jon Polenberg

30103666.v1

# Exhibit 1



No. 202.8

<u>E X E C U T I V E   O R D E R</u>

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS,** on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York;

**WHEREAS,** both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to be continue;

**WHEREAS,** in order to facilitate the most timely and effective response to the COVID-19 emergency disaster, it is critical for New York State to be able to act quickly to gather, coordinate, and deploy goods, services, professionals, and volunteers of all kinds; and

**NOW, THEREFORE,** I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following:

- In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis,  any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020;
- Subdivision 1 of Section 503 of the Vehicle and Traffic Law, to the extent that it provides for a period of validity and expiration of a driver's license, in order to extend for the duration of this executive order the validity of driver's licenses that expire on or after March 1, 2020;
- Subdivision 1 of Section 491 of the Vehicle and Traffic Law, to the extent that it provides for a period of validity and expiration of a non-driver identification card, in order to extend for the duration of this executive order the validity of non-driver identification cards that expire on or after March 1, 2020;
- Sections 401, 410, 2222, 2251, 2261, and 2282(4) of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a registration certificate or number plate for a motor vehicle or trailer, a motorcycle, a snowmobile, a vessel, a limited use vehicle, and an all-terrain vehicle, respectively, in order to extend for the duration of this executive order the validity of such registration certificate or number plate that expires on or after March 1, 2020;
- Section 420-a of the vehicle and traffic law to the extent that it provides an expiration for temporary registration documents issued by auto dealers to extend the validity of such during the duration of this executive order.
- Subsection (a) of Section 602 and subsections (a) and (b) of Section 605 of the Business Corporation Law, to the extent they require meetings of shareholders to be noticed and held at a physical location.

**NOW, THEREFORE,** by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I hereby issue the following directives for the period from the date of Executive Order through April 19, 2020:

- The provisions of Executive Order 202.6 are hereby modified to read as follows: Effective on March 22 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions. An entity providing essential services or functions whether to an essential business or a non-essential business shall not be subjected to the in-person work restriction, but may operate at the level necessary to provide such service or function. Any business violating the above order shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law.
- There shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days.
- Effective at 8 p.m. March 20, any appointment that is in-person at any state or county department of motor vehicles is cancelled, and until further notice, only on-line transactions will be permitted.
- The authority of the Commissioner of Taxation and Finance to abate late filing and payment penalties pursuant to section 1145 of the Tax Law is hereby expanded to also authorize abatement of interest, for a period of 60 days for a taxpayers who are required to file returns and remit sales and use taxes by March 20, 2020, for the sales tax quarterly period that ended February 29, 2020.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this

twentieth day of March in the year

two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 2



No. 202.14

<u>E X E C U T I V E   O R D E R</u>

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE,** I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order to 202, for thirty days until May 7, 2020, except as limited below.

**IN ADDITION**, I hereby temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, for the period from the date of this Executive Order through May 7, 2020, the following:

- Section 6524 of the Education Law, section 60.7 of title 8 of NYRR and section paragraph (1) of subdivision (g) 405.4 of title 10 of the NYCRR to the extent necessary to allow any physician who will graduate in 2020 from an academic medical program accredited by a medical education accrediting agency for medical education by the Liaison Committee on Medical Education or the American Osteopathic Association, and has been accepted by an Accreditation Council for Graduate Medical Education accredited residency program within or outside of New York State to practice at any institution under the supervision of a licensed physician;

- Subdivisions one, two, four, five, eight and nine of Section 1726 of the Surrogate's Court Procedure Act are hereby modified to provide that any parent, a legal guardian, a legal custodian, or primary caretaker who works or volunteers in a health care facility or who reasonably believes that they may otherwise be exposed to COVID-19, may designate a standby guardian by means of a written designation, in accordance with the process set forth in such subdivisions; and such designation shall become effective also in accordance with the process set forth in such subdivisions; and

- Sections 3216(d)(1)(C) and 4306(g) of the Insurance Law, subject to consideration by the Superintendent of Financial Services of the liquidity and solvency of the applicable insurer, corporation subject to Article 43 of the Insurance Law, or health maintenance organization certified pursuant to Article 44 of the Public Health Law, to:

○ Extend the period for the payment of premiums to the later of the expiration of the applicable contractual grace period and 11:59 p.m. on June 1, 2020, for any comprehensive health insurance policyholder or contract holder under an individual policy or contract, as those terms are used in such sections, who is facing a financial hardship as a result of the COVID-19 pandemic; and

○ Require that the applicable insurer, corporation subject to Article 43 of the Insurance Law, or health maintenance organization certified pursuant to Article 44 of the Public Health Law shall be responsible for the payment of claims during such period and shall not retroactively terminate the insurance policy or contract for non-payment of premium during such period.

**FURTHER**, I hereby issue the following directives for the period from the date of this Executive Order through May 7, 2020:

- Any medical equipment (personal protective equipment (PPE), ventilators, respirators, bi-pap, anesthesia, or other necessary equipment or supplies as determined by the Commissioner of Health) that is held in inventory by any entity in the state, or otherwise located in the state shall be reported to DOH. DOH may shift any such items not currently needed, or needed in the short term future by a health care facility, to be transferred to a facility in urgent need of such inventory, for purposes of ensuring New York hospitals, facilities and health care workers have the resources necessary to respond to the COVID-19 pandemic, and distribute them where there is an immediate need. The DOH shall either return the inventory as soon as no longer urgently needed and/or, in consultation with the Division of the Budget, ensure compensation is paid for any goods or materials acquired at the rates prevailing in the market at the time of acquisition, and shall promulgate guidance for businesses and individuals seeking payment.

- By virtue of Executive Orders 202.3, 202.4, 202.5, 202.6, 202.7, 202.8, 202.10, 202.11, and 202.13 which closed or otherwise restricted public or private businesses or places of public accommodation, and which required postponement or cancellation of all non-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations, games, meetings or other social events), all such Executive Orders shall be continued, provided that the expiration dates of such Executive Orders shall be aligned, such that all in-person business restrictions and workplace restrictions will be effective until 11:59 p.m. on April 29, 2020, unless later extended by a future Executive Order.

- The enforcement of any violation of the foregoing directives on and after April 7, 2020, in addition to any other enforcement mechanism stated in any prior executive orders, shall be a violation punishable as a violation of public health law section 12-b(2) and the Commissioner of Health is directed and authorized to issue emergency regulations. The fine for such violation by an individual who is participating in any gathering which violates the terms of the orders or is failing to abide by social distancing restrictions in effect in any place which is not their home shall not exceed $1,000.

- The directive contained in Executive Order 202.4 as amended by Executive Order 202.11 related to the closure of schools statewide shall hereafter be modified to provide that all schools shall remain closed through April 29, 2020, at which time the continued closure shall be re-evaluated. No school shall be subject to a diminution in school aid due to failure to meet the 180 day in session requirement as a result of the COVID-19 outbreak, provided their closure does not extend beyond the term set forth herein. School districts must continue plans for alternative instructional options, distribution and availability of meals, and child care, with an emphasis on serving children of essential workers, and continue to first use any vacation or snow days remaining.

- Superintendent of Financial Services shall have the authority to promulgate an emergency regulation, subject to consideration by the Superintendent of Financial Services of the liquidity and solvency of the applicable insurer, corporation subject to Article 43 of the Insurance Law, health maintenance organization certified pursuant to Article 44 of the Public Health Law, or student health plan certified pursuant to Insurance Law § 1124, to:

○ extend the period for the payment of premiums to the later of the expiration of the applicable contractual grace period and 11:59 p.m. on June 1, 2020 for any small group or student blanket comprehensive health insurance policy or contract, or any child health insurance plan policy or contract where the policyholder or contract holder pays the entire premium, as those terms are used in the Insurance Law, for any policyholder or contract holder who is facing financial hardship as a result of the COVID-19 pandemic; and

- require that the applicable insurer, corporation subject to Article 43 of the Insurance Law, health maintenance organization certified pursuant to Article 44 of the Public Health Law, or student health plan certified pursuant to Insurance Law § 1124, shall be responsible for the payment of claims during such period and shall not retroactively terminate the insurance policy or contract for non-payment of premium during such period.

- Superintendent of Financial Services shall have the authority to promulgate emergency regulations necessary to implement this Executive Order, including regulations regarding: (1) the waiver of late fees; and (2) the prohibition on reporting negative data to credit bureaus.

- For the purposes of Estates Powers and Trusts Law (EPTL) 3-2.1(a)(2), EPTL 3-2.1(a)(4), Public Health Law 2981(2)(a), Public Health Law 4201(3), Article 9 of the Real Property Law, General Obligations Law 5-1514(9)(b), and EPTL 7-1.17, the act of witnessing that is required under the aforementioned New York State laws is authorized to be performed utilizing audio-video technology provided that the following conditions are met:

  - The person requesting that their signature be witnessed, if not personally known to the witness(es), must present valid photo ID to the witness(es) during the video conference, not merely transmit it prior to or after;

  - The video conference must allow for direct interaction between the person and the witness(es), and the supervising attorney, if applicable (e.g. no pre-recorded videos of the person signing);

  - The witnesses must receive a legible copy of the signature page(s), which may be transmitted via fax or electronic means, on the same date that the pages are signed by the person;

  - The witness(es) may sign the transmitted copy of the signature page(s) and transmit the same back to the person; and

  - The witness(es) may repeat the witnessing of the original signature page(s) as of the date of execution provided the witness(es) receive such original signature pages together with the electronically witnessed copies within thirty days after the date of execution.

G I V E N  under my hand and the Privy Seal of the State in the City of Albany this seventh day of April in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 3



No. 202.28

## EXECUTIVE ORDER

### Continuing Temporary Suspension and Modification of Laws
### Relating to the Disaster Emergency

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to be continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, for thirty days until June 6, 2020, except as modified below:

- The suspension or modification of the following statutes and regulations are not continued, and such statutes, codes and regulations are in full force and effect as of May 8, 2020:

  o 10 NYCRR 405.9, except to the limited extent that it would allow a practitioner to practice in a facility where they are not credentialed or have privileges, which shall continue to be suspended; 10 NYCRR 400.9; 10 NYCRR 400.11, 10 NYCRR 405; 10 NYCRR 403.3; 10 NYCRR 403.5; 10 NYCRR 800.3, except to the extent that subparagraphs (d) and (u) could otherwise limit the scope of care by paramedics to prohibit the provision of medical service or extended service to COVID-19 or suspected COVID-19 patients; 10 NYCRR 400.12; 10 NYCRR 415.11; 10 NYCRR 415.15; 10 NYCRR 415.26; 14 NYCRR 620; 14 NYCRR 633.12; 14 NYCRR 636-1; 14 NYCRR 686.3; and 14 NYCRR 517;
  o Mental Hygiene Law Sections 41.34; 29.11; and 29.15;
  o Public Health Law Sections 3002, 3002-a, 3003, and 3004-a to the extent it would have allowed the Commissioner to make determination without approval by a regional or state EMS board;
  o Subdivision (2) of section 6527, Section 6545, and Subdivision (1) of Section 6909 of the Education Law; as well as subdivision 32 of Section 6530 of the Education Law, paragraph (3) of Subdivision (a) of Section 29.2 of Title 8 of the NYCRR, and sections 58-1.11, 405.10, and 415.22 of Title 10 of the NYCRR;
  o All codes related to construction, energy conservation, or other building code, and all state and local laws, ordinances, and regulations which would have otherwise been superseded, upon approval by the Commissioner of OPWDD, as applicable only for temporary changes to physical plant, bed capacities, and services provided; for facilities under the Commissioners jurisdiction.

**IN ADDITION**, I hereby temporarily suspend or modify the following if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, for the period from the date of this Executive Order through June 6, 2020:

- Sections 7-103, 7-107 and 7-108 of the General Obligations Law to the extent necessary to provide that:

  - Landlords and tenants or licensees of residential properties may, upon the consent of the tenant or licensee, enter into a written agreement by which the security deposit and any interest accrued thereof, shall be used to pay rent that is in arrears or will become due. If the amount of the deposit represents less than a full month rent payment, this consent does not constitute a waiver of the remaining rent due and owing for that month. Execution in counterpart by email will constitute sufficient execution for consent;
  - Landlords shall provide such relief to tenants or licensees who so request it that are eligible for unemployment insurance or benefits under state or federal law or are otherwise facing financial hardship due to the COVID-19 pandemic;
  - It shall be at the tenant or licensee's option to enter into such an agreement and landlords shall not harass, threaten or engage in any harmful act to compel such agreement;
  - Any security deposit used as a payment of rent shall be replenished by the tenant or licensee, to be paid at the rate of 1/12 the amount used as rent per month. The payments to replenish the security deposit shall become due and owing no less than 90 days from the date of the usage of the security deposit as rent. The tenant or licensee may, at their sole option, retain insurance that provides relief for the landlord in lieu of the monthly security deposit replenishment, which the landlord must accept such insurance as replenishment.

- Subdivision 2 of section 238-a of the Real Property Law to provide that no landlord, lessor, sub-lessor or grantor shall demand or be entitled to any payment, fee or charge for late payment of rent occurring during the time period from March 20, 2020, through August 20, 2020; and

- Section 8-400 of the Election Law is modified to the extent necessary to require that to the any absentee application mailed by a board of elections due to a temporary illness based on the COVID-19 public health emergency may be drafted and printed in such a way to limit the selection of elections to which the absentee ballot application is only applicable to any primary or special election occurring on June 23, 2020, provided further that for all absentee ballot applications already mailed or completed that purported to select a ballot for the general election or to request a permanent absentee ballot shall in all cases only be valid to provide an absentee ballot for any primary or special election occurring on June 23, 2020. All Boards of Elections must provide instructions to voters and post prominently on the website, instructions for completing the application in conformity with this directive.

- The suspension of the provisions of any time limitations contained in the Criminal Procedure Law contained in Executive Order 202.8 is modified as follows:

  - Section 182.30 of the Criminal Procedure Law, to the extent that it would prohibit the use of electronic appearances for certain pleas;
  - Section 180.60 of the Criminal Procedure Law to provide that (i) all parties' appearances at the hearing, including that of the defendant, may be by means of an electronic appearance; (ii) the Court may, for good cause shown, withhold the identity, obscure or withhold the image of, and/or disguise the voice of any witness testifying at the hearing pursuant to a motion under Section 245.70 of the Criminal Procedure law—provided that the Court is afforded a means to judge the demeanor of a witness;
  - Section 180.80 of the Criminal Procedure Law, to the extent that a court must satisfy itself that good cause has been shown within one hundred and forty-four hours from May 8, 2020 that a defendant should continue to be held on a felony complaint due to the inability to empanel a grand jury due to COVID-19, which may constitute such good cause pursuant to subdivision three of such section; and
  - Section 190.80 of the Criminal Procedure Law, to the extent that to the extent that a court must satisfy itself that good cause has been shown that a defendant should continue to be held on a felony complaint beyond forty-five days due to the inability to empanel a grand jury due to COVID-19, which may constitute such good cause pursuant to subdivision b of such section provided that such defendant has been provided a preliminary hearing as provided in section 180.80.

**IN ADDITION,** by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I hereby issue the following directives for the period from the date of Executive Order through June 6, 2020:

- There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020.

- Executive Order 202.18, which extended the directive contained in Executive Orders 202.14 and 202.4 as amended by Executive Order 202.11 related to the closure of schools statewide, is hereby continued to provide that all schools shall remain closed through the remainder of the school year. School districts must continue plans for alternative instructional options, distribution and availability of meals, and child care, with an emphasis on serving children of essential workers.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this

seventh of May in the year two

thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 4



No. 202.38

E X E C U T I V E   O R D E R

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, as continued as contained in Executive Order 202.27 and 202.28 until July 6, 2020; and

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives for the period from the date of this Executive Order through July 6, 2020:

- Consistent with Center for Disease Controls and Prevention and New York State Department of Health Guidance, commercial building owners, retail store owners and those authorized on their behalf to manage public places within their buildings and businesses (collectively "Operators") shall have the discretion to require individuals to undergo temperature checks prior to being allowed admittance. Further, Operators shall have the discretion to deny admittance to (i) any individual who refuses to undergo such a temperature check and (ii) any individual whose temperature is above that proscribed by New York State Department of Health Guidelines. No Operator shall be subject to a claim of violation of the covenant of quiet enjoyment, or frustration of purpose, solely due to their enforcement of this directive. This directive shall be applied in a manner consistent with the American with Disabilities Act and any provision of either New York State or New York City Human Rights Law.

- The directive contained in Executive Order 202.3, as extended, that required any restaurant or bar to cease serving patrons food or beverage on-premises, is hereby modified to the extent necessary to allow a restaurant or bar to serve patrons food or beverage on-premises only in outdoor space, provided such restaurant or bar is in compliance with Department of Health guidance promulgated for such activity.

- Executive Order 202.35 which continued the directive of Executive Order 202.33 is hereby modified to permit any non-essential gatherings for houses of worship at no greater than 25% of the indoor capacity of such location, provided it is in a geographic area in Phase 2 of re-opening, and further provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to.

- Upon the resumption of on-premises outdoor service of food and beverages at the licensed premises of restaurants and bars, to facilitate compliance with social distancing requirements in connection with such service, notwithstanding any provision of the Alcoholic Beverage Control law, restaurants or bars in the state of New York shall be permitted to expand the premises licensed by the State Liquor Authority to use (a) contiguous public space (for example, sidewalks or closed streets) and/or (b) otherwise unlicensed contiguous private space under the control of such restaurant or bar, subject to reasonable limitations and procedures set by the Chairman of the State Liquor Authority and, with respect to (a) the use of public space, subject to the reasonable approval of the local municipality, and all subject to the guidance promulgated by the Department of Health.



G I V E N  under my hand and the Privy Seal of the State in the City of Albany this sixth day of June in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 5



No. 202.48

<u>E X E C U T I V E   O R D E R</u>

**CONTINUING TEMPORARY SUSPENSION AND MODIFICATION OF LAWS
RELATING TO THE DISASTER EMERGENCY**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, as continued and contained in Executive Order 202.27, 202.28, , and 202.38, for another thirty days through August 5, 2020, except the following:

- The suspension or modification of the following statutes and regulations, and the following directives, are not continued, and such statutes, codes, and regulations are in full force and effect as of July 7, 2020:

  o The suspension of Education law section 3604(7), and any associated directives, which allowed for the Commissioner of Education to reduce instructional days, as such suspensions and directives have been superseded by statute, contained in Chapter 107 of the Laws of 2020;

  o The suspension of Section 33.17 of the Mental Hygiene Law and associated regulations to the extent necessary to permit providers to utilize staff members transport individuals receiving services from the Office of Mental Health or a program or provider under the jurisdiction of the Office of Mental Health during the emergency;

  o The suspensions of sections 2800(1)(a) and (2)(a); 2801(1) and (2); 2802(1) and (2); and 2824(2) of the Public Authorities Law, to the extent consistent and necessary to allow the director of the Authorities Budget Office to disregard such deadlines due to a failure by a state or local authority to meet the requirements proscribed within these sections during the period when a properly executed declaration of a state of emergency has been issued, are continued only insofar as they allow a state or local authority a sixty day extension from the original statutory due date for such reports;

  o Section 390-b of the Social Services Law and regulations at sections 413.4 and 415.15 of Title 18 of the NYCRR;

  o Subdivision 8 of section 8-407 of the Election Law;

- o The suspension of Criminal Procedure Law to the extent it requires a personal appearance of the defendant, and there is consent, in any jurisdiction where the Court has been authorized to commence in-person appearances by the Chief Administrative Judge; provided further that the suspension or modification of the following provisions of law are continued:
    - Section 150.40 of the Criminal Procedure Law, is hereby modified to provide that the 20-day timeframe for the return date for a desk appearance ticket is extended to 90 days from receiving the appearance ticket;
    - Section 190.80 of the Criminal Procedure Law, is hereby modified to provide that the 45-day time limit to present a matter to the grand jury following a preliminary hearing or waiver continues to be suspended and is tolled for an additional 30 days;
    - Section 30.30 of the Criminal Procedure Law, is hereby modified to require that speedy trial time limitations remain suspended until such time as petit criminal juries are reconvened or thirty days, whichever is later;
    - Article 195 of the Criminal Procedure Law, is hereby suspended to the extent that it would prohibit the use of electronic appearances for certain pleas, provided that the court make a full and explicit inquiry into the waiver and voluntariness thereof;
    - Sections 190.45 and 190.50 of the Criminal Procedure Law, are hereby modified to the extent necessary to allow an incarcerated defendant to appear virtually with his or her counsel before the grand jury to waive immunity and testify in his or her own defense, provided the defendant elects to do so;
    - The suspension of Section 180.80 and 190.80 of the Criminal Procedure Law, as modified by Executive Order 202.28, is hereby continued for a period not to exceed thirty days in any jurisdiction where there is not a grand jury empaneled; and when a new grand jury is empaneled to hear criminal cases, then 180.80 and 190.80 of the criminal procedure law shall no longer be suspended beginning one week after such grand jury is empaneled;
    - The suspension of Sections 180.60 and 245.70 of the Criminal Procedure Law, as modified by Executive Order 202.28, which allowed protective orders to be utilized at preliminary hearings, is hereby continued for a period of thirty days; and
    - The suspension of Sections 182.20, in addition to the modification contained in Executive Order 202.28 of section 182.30 of the Criminal Procedure Law is hereby extended for a period of thirty days, to the extent that it would prohibit the use of electronic appearances for felony pleas, or electronic appearances for preliminary hearings or sentencing;

- o Business Corporation law sections 602, 605, and 708, as such suspensions have been superseded by statute, as contained in Chapter 122 of the Laws of 2020;

- o Banking Law Section 39 (2), as such suspension has been superseded by statute, as contained in Chapters 112 and 126 of the Laws of 2020, as well as the directives contained in Executive Order 202.9;

- o Insurance Law and Banking Law provisions suspended by virtue of Executive Order 202.13, which coincide with the expiration of the Superintendent's emergency regulations;

- o Subdivision (28) of Section 171 of the Tax Law, to the extent that the Commissioner has extended any filing deadline;

- o Sections 3216(d)(1)(c) and 4306 (g) of the Insurance Law, and any associated regulatory authority provided by directive in Executive Order 202.14, as the associated emergency regulations are no longer in effect;

- o The directive contained in Executive Order 202.28, as extended, that prohibited initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, is continued only insofar as it applies to a commercial tenant or commercial mortgagor, as it has been superseded by legislation for a residential tenant, and residential mortgagor, in Chapters 112, 126, and 127 of the Laws of 2020; and

- o The directive contained in Executive Order 202.10 related to restrictions, as amended by Executive Order 202.11, related dispensing hydroxychloroquine or chloroquine, as recent findings and the U.S. Food & Drug Administration's revocation of the emergency use authorization has alleviated supply shortages for permitted FDA uses of these medications.

- The directives contained in Executive Order 202.3, that closed video lottery gaming or casino gaming, gym, fitness center or classes, and movie theaters, and the directives contained in Executive Order 202.5 that closed the indoor common portions of retail shopping malls, and all places of public amusement, whether indoors or outdoors, as amended, are hereby modified to provide that such directives remain in effect only until such time as a future Executive Order opening them is issued.

**IN ADDITION**, I hereby suspend or modify for thirty days through August 5, 2020:

- the provisions of Articles 11-A and 11-B of the State Finance Law, and any regulations authorized thereunder, to the extent necessary to respond to the direct and indirect economic, financial, and social effects of the COVID-19 pandemic.

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives for the period from the date of this Executive Order through August 5, 2020:

- The directive contained in Executive Order 202.41, that discontinued the reductions and restrictions on in-person workforce at non-essential businesses or other entities in Phase Three industries or entities, as determined by the Department of Health, in eligible regions, is hereby modified only to the extent that indoor food services and dining continue to be prohibited in New York City.



G I V E N  under my hand and the Privy Seal of the State in the City of Albany this sixth day of July in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 6



No. 202.55

## E X E C U T I V E   O R D E R

### Continuing Temporary Suspension and Modification of Laws
### Relating to the Disaster Emergency

**WHEREAS,** on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS,** both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE,** I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby continue the directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.21, and Executive Order 202.27, 202.28, 202.29, 202.30, 202.38, 202.39, and 202.40, as continued and contained in Executive Order 202.48, 202.49, and 202.50 for another thirty days through September 4, 2020, and I hereby suspend or modify for thirty days through September 4, 2020:

- Sections 5-11.0(a), 5-16.0(a) 5-18.0(1) and 6-22.0 of the Nassau County Administrative Code, to the extent necessary to authorize the Nassau County Executive to:
  - change the deadline for the County Assessor to complete the extension of taxes for 2020-2021 school district purposes (and file the certificate associated therewith), from September 18, 2020 to October 16, 2020;
  - change the deadline for the County Legislature to levy such taxes from September 18, 2020 to October 16, 2020;
  - change the deadline for the County to deliver to the town tax receivers the 2020-2021 school district assessment roll and warrants from September 28, 2020 to October 26, 2020;
  - change the deadline that first half 2020-2021 school district taxes shall be due and payable from October 1, 2020 to November 1, 2020; and
  - change the deadline by which the first half 2020-2021 school district taxes may be paid without interest or penalties from November 10, 2020 to December 10, 2020, with payments made after such date to be subject to interest and penalties beginning on December 11, 2020.

- Section 730(3) of the Real Property Tax Law, to the extent necessary to extend the deadline for filing a 2020 small claims assessment review petition in relation to property located in Nassau County to September 4, 2020; provided that such deadline shall not be further extended unless expressly provided otherwise by an Executive Order issued hereafter;

- Section 711 of the Real Property and Proceedings Law, Section 232-a of the Real Property Law, and subdivisions 8 and 9 of section 4 of the Multiple Dwelling Law, and any other law or regulation are suspended and modified to the extent that such laws would otherwise create a landlord tenant relationship between any individual assisting with the response to COVID-19 or any individual that

has been displaced due to COVID-19, and any individual or entity, including but not limited to any hotel owner, hospital, not-for-profit housing provider, hospital, or any other temporary housing provider who provides temporary housing for a period of thirty days or more solely for purposes of assisting in the response to COVD-19;

- Sections 352-eeee(2)-(2)(a) of the General Business Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires that an offering statement or prospectus filed with the Department of Law must be declared effective within fifteen months from filing or from the date of issuance of the letter of the attorney general stating that the offering statement or prospectus has been accepted for filing (the "Fifteen Month Period"), and any such Fifteen Month Period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days (the "Tolling Period"). In addition, any deadlines contained within paragraphs 352-eeee(1)(f), 352-eeee(1)(g), 352-eeee(2)(c)(vi), 352-eeee(2)(c)(vii), and 352-eeee(2)(d)(ix) shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must treat all tenants in occupancy as non-purchasing tenants as defined by GBL 352-eeee(1)(e) for the duration of the Tolling Period, and must provide all such tenants in occupancy with all protections accorded to non-purchasing tenants under GBL 352-eeee for the duration of the Tolling Period. Sponsor must submit an amendment to the offering plan to the Department of Law updating the date by which sponsor must declare the offering plan effective, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law;

- Sections 352-eee(2)-(2)(a) of the General Business Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires that an offering statement or prospectus filed with the Department of Law must be declared effective within twelve months from filing or from the date of issuance of the letter of the attorney general stating that the offering statement or prospectus has been accepted for filing (the "Twelve Month Period"), and any such Twelve Month Period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days ("the Tolling Period"). In addition, any deadlines contained within paragraphs 352-eee(1)(f), 352-eee(1)(g), 352-eee(2)(d)(vi), and 352-eee(2)(d)(ix) shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must treat all tenants in occupancy as non-purchasing tenants as defined by GBL 352-eee(1)(e) for the duration of the Tolling Period, and must provide all such tenants in occupancy with all protections accorded to non-purchasing tenants under GBL 352-eee for the duration of the Tolling Period. Sponsor must submit an amendment to the offering plan to the Department of Law updating the date by which sponsor must declare the offering plan effective, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law;

- 13 NYCRR § 20.3(o)(12), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the first closing of a unit does not occur within a period of twelve months after the projected date for such closing (corresponding to the projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR § 22.3(k)(10), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the first closing of a home or lot does not occur within a period of twelve months after the projected date for such closing (corresponding to the projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR § 25.3(l)(12), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the units are not ready for occupancy within a period of twelve months after the projected date for such closing (corresponding to the

projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR §§ 18.3(g)(1), 20.3(h)(1), 21.3(g), 22.3(g)(1), 23.3(h)(1), 24.3(j)(1), and 25.3(h)(1) and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to set forth a budget for the first year of operation, the requirements with respect to any such budget for the projected first year of operation shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law, and shall not be required to offer rescission unless such budget for the first year of operation increases by 25 percent or more during the pendency of this Executive Order (or rescission otherwise is required under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise). The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of sponsor's requirements with respect to the budget for the first year of operation to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- Section 339-ee(2) of the Real Property Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it provides that as each unit in a condominium is first conveyed "there shall be allowed a credit against the mortgage recording taxes (except the special additional mortgage recording tax imposed by subdivision one-a of section two hundred fifty-three of the tax law) that would otherwise be payable on a purchase money mortgage," in respect of a portion of certain mortgage taxes previously paid, provided certain two-year time periods (as specified therein) have not elapsed before the recordation of the declaration of condominium or the first condominium unit is sold, as the case may be, the running of any such two-year period(s) is hereby suspended for the duration of this Executive Order, and any such two-year period is hereby extended for a period equal to the duration of this Executive Order plus an additional period of 120 days.



GIVEN under my hand and the Privy Seal of the

State in the City of Albany this fifth

of August in the year two thousand

twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 7



No. 202.55.1

<u>E X E C U T I V E   O R D E R</u>

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby amend Executive Order 202.55 to include  all suspensions and modifications, not superseded by a suspension or modification in a subsequent Executive Order for the Executive Orders listed in 202.55; and provided further, Executive Orders 202.48, 202.49, and 202.50 are continued in their entirety, through September 4, 2020.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this sixth

of August in the year two thousand

twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 8



No. 202.60

<u>E X E C U T I V E   O R D E R</u>

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York;

**WHEREAS**, the 2019 Novel Coronavirus (COVID-19) arrived in New York predominantly from Europe, with over 2.2 million travelers coming in between the end of January and March 16, 2020, when the federal government finally implemented a full European travel ban;

**WHEREAS**, during that period of time, 2.2 million travelers landed in the New York City metropolitan area and entered New York's communities, which, when combined with the density of our population, caused New York to have the highest infection rate of COVID-19 in the country;

**WHEREAS**, both cases of travel-related and community contact transmission of COVID-19 have been documented throughout New York State and, despite the persistent and diligent efforts of state and local governments to trace, test, and contain the virus, such transmission is expected to continue;

**WHEREAS**, New York has undertaken a cautious, incremental and evidence-based approach to reopening the State of New York;

**WHEREAS,** the dedication of New Yorkers to"flatten the curve" has successfully slowed the transmission of COVID-19, and these vigilant efforts must continue to protect ourselves and our friends, family members, neighbors, and community members;

**WHEREAS**, the State of New York had the highest infection rate, but has succeeded in reducing the rate to one of the lowest in the country, and New York is one of only a few states reported to be on track to contain COVID-19 transmission;

**WHEREAS**, other states that may have taken a less cautious approach are experiencing an increased prevalence of COVID-19 cases, and the prevalence of cases in other states continues to present a significant risk to New York's progress; and

**WHEREAS**, the federal government has failed to sufficiently address the causes and effects of the COVID-19 pandemic ravaging the nation by failing to, among other actions, establish a nation-wide testing strategy and impose a nation-wide face covering mandate;

**NOW, THEREFORE, I, ANDREW M. CUOMO**, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and the Laws of the State of New York, do hereby find that a disaster continues to exist for which affected state agencies and local governments are unable to respond adequately. Therefore, pursuant to the authority vested in me by the Constitution of the State of New York and Section 28 of Article 2-B of the Executive Law, I hereby continue the declaration of the State Disaster Emergency effective March 7, 2020, as set forth in Executive Order 202.  This Executive order shall remain in effect until October 4, 2020.

**IN ADDITION**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby continue the suspensions, modifications, and directives, not superseded by a subsequent directive, made by Executive Orders 202 up to and including 202.21, and 202.27, 202.28, 202.29, 202.30, 202.38, 202.39, 202.40, 202.48, 202.49, 202.50, as extended, and Executive Order 202.55 and 202.55.1 for another thirty days through October 4, 2020 and do hereby suspend or modify the following:

- Section 2804 of the Public Authorities Law, to the extent necessary to permit public authorities to receive comments concerning a proposed toll adjustment through public hearings held remotely, use of telephone conference, video conference, and/or other means of transmission, including acceptance of public comments electronically or by mail, and to permit all required documentation and records to be available in an electronic format on the internet and upon request;

- Subdivision 4 of section 1 of chapter 25 of the laws of 2020 is modified to the extent necessary to provide that in addition to any travel to a country for which the Centers for Disease Control and Prevention has a level two or three travel health notice, an employee shall not be eligible for paid sick leave benefits or any other paid benefits pursuant to this chapter if such employee voluntarily travels to a state with a positive test rate higher than 10 per 100,000 residents, or higher than a 10% test positivity rate, over a seven day rolling average, and which the commissioner of the department of health has designated as meeting these conditions as outlined in the advisory issued pursuant to Executive Order 205, and the employee did not begin travel to such state before the commissioner of the department of health designated such state, and the travel was not taken as part of the employee's employment or at the direction of the employee's employer;

- The suspension contained in Executive Order 202.8, as continued and modified most recently in Executive Order 202.48 and 202.55 and 202.55.1, is hereby amended to provide that the tolling of civil statutes of limitation shall be lifted as it relates to any action to challenge the approval by any municipal government or public authority of a construction project that includes either affordable housing or space for use by not-for-profit organizations. The suspension of Section 30.30 of the Criminal Procedure Law, is hereby modified to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction; Criminal Procedure Law 170.70 is no longer suspended, and for any appearance which has been required to be in-person may continue to be conducted virtually with the consent of the parties.

- Rural Electric Cooperatives Law Section 17(d) to the extent necessary to eliminate the minimum in-person quorum requirements;

- Title 5 of Article 11 of the Real Property Tax Law, is suspended with respect to the ability of a municipality to sell liens.

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives through October 4, 2020:

- The directive contained in Executive Order 202.45, as extended, requiring closure of all schools statewide to in-person instruction, is hereby modified only insofar as to authorize schools statewide to be open for instruction, effective September 1, 2020, subject to adherence to Department of Health issued guidance and directives, and provided further that school districts must continue plans to ensure the availability of meals, and the availability of child care for health care and emergency response workers, for any school district that is conducting its operations remotely and provided further that for any district which closes to in-person instruction, a contingency plan to immediately provide such services must be maintained;

- Whenever a coroner or medical examiner has a reasonable suspicion that COVID-19 or influenza was a cause of death, but no such tests were performed within 14 days prior to death in a nursing home or hospital, or by the hospice agency, the coroner or medical examiner shall administer both a COVID-19 and influenza test within 48 hours after death, whenever the body is received within 48 hours after death, in accordance with regulations promulgated by the Department of Health. The coroner or medical examiner shall report the death to the Department of Health immediately after and only upon receipt of both such test results through a means determined by the Department of Health. The State Department of Health shall provide assistance for any requesting coroner or medical examiner.

- Nassau County Administrative Code § 5-17.0(2) to the extent necessary to suspend the deadline to pay 2019-2020 second half general taxes appearing on the Nassau County tax roll without interest or penalties from August 10, 2020 to August 31, 2020 for residential property that was owned in whole or in part at the time of their death by healthcare workers and first responders in Nassau County who passed away after contracting the novel coronavirus and which is now owned by immediate family members or their estates.

- Nassau County Administrative Code § 5-16.0(b) to the extent necessary to provide a discount of one percent on payments of second half 2020-2021 school district taxes which are made on or before December 10, 2020.

- The directive contained in Executive Order 202.3, as extended, that required closure to the public of any facility authorized to conduct video lottery gaming or casino gaming, is hereby modified to allow such facilities to open beginning on or after September 9, 2020, subject to adherence to Department of Health guidance.

- The directive contained in Executive Order 202.50, as amended by Executive Order 202.53, that allowed indoor common portions of retail shopping malls to open in regions of the state that are in Phase Four of the state's reopening, provided that such malls continue to be closed in the New York City region, is hereby amended to allow such malls to open in the New York City region, so long as such malls adhere to Department of Health issued guidance on and after September 9, 2020.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this fourth

day of September in the year two

thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 9



No. 202.67

E X E C U T I V E   O R D E R

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE, I, ANDREW M. CUOMO**, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and the Laws of the State of New York, do hereby find that a disaster continues to exist for which affected state agencies and local governments are unable to respond adequately. Therefore, pursuant to the authority vested in me by the Constitution of the State of New York and Section 28 of Article 2-B of the Executive Law, I hereby continue the declaration of the State Disaster Emergency effective March 7, 2020, as set forth in Executive Order 202. This Executive order shall remain in effect until November 3, 2020.

**IN ADDITION**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, or to provide any directive necessary to respond to the disaster, do hereby continue the suspensions and modifications of law, and any directives not superseded by a subsequent directive contained in Executive Orders 202 up to and including 202.21, and 202.27, 202.28, 202.29, 202.30, 202.38, 202.39, 202.40, 202.48, 202.49, 202.50, 202.55 and 202.55.1, as extended, and Executive Order 202.60 for another thirty days through November 3, 2020, except:

- Subdivision 1 of Section 491 of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a non-driver identification card, shall no longer be suspended or modified as of November 3, 2020;

- Sections 401, 410, 2222, 2251, 2251, and 2282(4) of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a registration certificate or number plate for a motor vehicle or trailer, a motorcycle, a snowmobile, a vessel, a limited use vehicle, and an all-terrain vehicle, shall no longer be suspended or modified as of November 3, 2020;

- Section 420-a of the Vehicle and Traffic law, to the extent that it provides an expiration for temporary registration documents issued by auto dealers shall no longer be suspended or modified as of November 3, 2020; and

- The suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule,

or regulation, or part thereof, is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such date any such time limit will no longer be tolled, and provided further:

○ The suspension and modification of Section 30.30 of the criminal procedure law, as continued and modified in EO 202.60, is hereby no longer in effect, except for felony charges entered in the counties of New York, Kings, Queens, Bronx, and Richmond, where such suspension and modification continues to be effective through October 19, 2020; thereafter for these named counties the suspension is no longer effective on such date or upon the defendant's arraignment on an indictment, whichever is later, for indicted felony matters, otherwise for these named counties the suspension and modification of Section 30.30 of the criminal procedure law for all criminal actions proceeding on the basis of a felony complaint shall no longer be effective, irrespective, 90 days from the signing of this Executive order on January 2, 2021.



G I V E N  under my hand and the Privy Seal of the State in the City of Albany this fourth day of October in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 10



No. 202.72

E X E C U T I V E   O R D E R

**Continuing Temporary Suspension and Modification of Laws**
**Relating to the Disaster Emergency**

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE, I, ANDREW M. CUOMO**, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and the Laws of the State of New York, do hereby find that a disaster continues to exist for which affected state agencies and local governments are unable to respond adequately. Therefore, pursuant to the authority vested in me by the Constitution of the State of New York and Section 28 of Article 2-B of the Executive Law, I hereby continue for thirty days the declaration of the State Disaster Emergency effective March 7, 2020, as set forth in Executive Order 202. This Executive order shall remain in effect through December 3, 2020.

**IN ADDITION**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, or to provide any directive necessary to respond to the disaster, do hereby continue the suspensions and modifications of law, and any directives not superseded by a subsequent directive, contained in Executive Orders 202 up to and including 202.21, and 202.27, 202.28, 202.29, 202.30, 202.31, 202.38, 202.39, 202.40, 202.41, 202.42, 202.43, 202.48, 202.49, 202.50, 202.51, 202.52, 202.55, 202.55.1, 202.56, 202.60, 202.61, 202.62, 202.63, as continued and contained in Executive Orders 202.67 and 202.68 for another thirty days through December 3, 2020, except:

- Subdivision (a) of Section 301 of the Vehicle and Traffic Law, to the extent that it requires annual safety inspections and at least biennial emissions inspections, shall no longer be suspended or modified, and provided no penalty shall attach to the failure to obtain such inspection until December 1, 2020;

- Subdivision 1 of Section 491 of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a non-driver identification card, shall no longer be suspended or modified;

- Sections 401, 410, 2222, 2251, 2251, and 2282(4) of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a registration certificate or number plate for a motor vehicle or trailer, a motorcycle, a snowmobile, a vessel, a limited use vehicle, and an all-terrain vehicle, shall no longer be suspended or modified, but provided that no penalty shall attach to the failure to extend such registration until December 1, 2020;

- Section 420-a of the Vehicle and Traffic law, to the extent that it provides an expiration for temporary registration documents issued by auto dealers shall no longer be suspended or modified;

- Pursuant to Executive Order 202.67, the suspension for civil cases in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby no longer in effect as of November 4, 2020, provided any criminal procedure law suspension remains in effect and provided that all suspensions of the Family Court Act remain in effect until November 18, 2020 and thereafter continue to remain in effect for those juvenile delinquency matters not involving a detained youth and for those child neglect proceedings not involving foster care.

- To the extent Executive Order 202.61 modified subdivision 1 of section 579 of the Public Health Law to require reporting of COVID-19 and influenza test results by additional clinical laboratories within 3 hours, such modification is continued and amended to permit such laboratories to report results to the Department within 24 hours, provided the Department may require more frequent reporting if deemed necessary;

**IN ADDITION,** I hereby temporarily suspend or modify the following from the date of this Executive Order through December 3, 2020:

- Sections 732 and 743 of the Real Property Actions and Proceedings Law are modified to the extent necessary to provide that the time to answer in any summary eviction proceeding for nonpayment of rent that is pending on the date of the issuance of this Executive Order will be sixty days.

**IN ADDITION,** by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives through December 3, 2020:

- The directive contained in Executive Order 202.61, along with implementing guidance, requiring clinical laboratories and licensed professionals authorized by the Department of Health Physician Office Laboratory Evaluation Program to administer a test for COVID-19 or influenza to report results of COVID-19 and influenza tests to the Department within three hours, is hereby modified to permit clinical laboratories and those licensed professionals with reporting requirements to report results to the Department within 24 hours, provided the Department may require more frequent reporting if deemed necessary.



GIVEN under my hand and the Privy Seal of the State in the City of Albany this third day of November in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor

# Exhibit 11

Murphy v Harris, 210 A.D.3d 410 (2022)

177 N.Y.S.3d 559, 2022 N.Y. Slip Op. 06086



New York
Official Reports

**210 A.D.3d 410, 177 N.Y.S.3d 559, 2022 N.Y. Slip Op. 06086**

**\*\*1** Mary Murphy, as Executor of the Estate of Patrick J. Murphy, Jr., Deceased, et al., Respondents,

v

Frederick Harris et al., Defendants, and Armando Saltiel et al., Appellants.

Supreme Court, Appellate Division, First Department, New York

16564, 2021-02991, 805347/20

November 1, 2022

CITE TITLE AS: Murphy v Harris

**HEADNOTE**

Limitation of Actions

Tolling

COVID-19 Executive Orders Tolled Statute of Limitations—Wrongful Death Action and Underlying Claims for Conscious Pain and Suffering and Loss of Consortium Not Time-Barred

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Armando Saltiel, appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Garden City (Megan A. Lawless of counsel), for Imaging on Call, LLC, appellant.
Law Office of Brian Schochet, PLLC, New York (Brian Schochet of counsel), for respondents.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 6, 2021, which denied defendants Armando Saltiel, M.D.'s s/h/a Armando Saltiel and Imaging on Call, LLC's CPLR 3211 (a) (5) motions to dismiss the complaint against them as barred by the applicable statute of limitations, unanimously affirmed, without costs.

Plaintiffs commenced this action on November 3, 2020. On February 12, 2021, plaintiffs served an amended summons and complaint naming Dr. Saltiel and Imaging on Call, alleging three causes of action: wrongful death, conscious pain and suffering, and loss of consortium and services, for certain acts committed on May 10, 2018. Plaintiffs further alleged that **\*411** their decedent passed away on September 30, 2018. Dr. Saltiel and Imaging on Call separately moved to dismiss the complaint against them as time-barred because the series of executive orders issued by then-Governor Andrew Cuomo, as a result of the COVID-19 pandemic, constituted only a suspension, not a toll, of the applicable statute of limitations. A toll suspends the running of the statute of limitations for a finite time period, whereas a suspension only delays the expiration of the time period until the end date of the suspension (*Brash v Richards*, 195 AD3d 582, 582 [2d Dept 2021]).

On March 20, 2020, Governor Cuomo signed Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) in response to the public health crisis occasioned by the COVID-19 pandemic. As relevant here, the Executive Order "tolled" any "specific time limit for the commencement, filing, or service of any legal action . . . until April 19, 2020" (9 NYCRR 8.202.8). That toll was extended through several subsequent executive orders, the last of which remained in effect until November 3, 2020.

The subject executive orders constituted a toll of the applicable statute of limitations (*see Brash*, 195 AD3d at 582; *Matter of Roach v Cornell Univ.*, 207 AD3d 931, 933 [3d Dept 2022]). As noted by the Second Department in *Brash*, the March 20, 2020 Executive Order expressly used the word "toll" and, "although the . . . executive orders issued after [Executive Order No. 202.8] did not use the word toll, those executive orders all . . . stated that the Governor hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive, made in the prior executive orders" (195 AD3d at 585 [internal quotation marks and citations omitted]). We agree with the Second Department that Executive Law § 29-a (2) (d) "indicates that the Governor is authorized to do more than just suspend statutes during a state disaster emergency; he or she may alter or modify the requirements of a statute, and a tolling of time limitations contained in such statute is within that authority" (*Brash*, 195 AD3d at 585 [internal quotation marks and brackets omitted]).

Plaintiffs' wrongful death claim accrued on September 30, 2018, and had a two-year statute of limitations (EPTL 5-4.1). Plaintiffs' wrongful death **\*\*2** claim was tolled on March 20, 2020, and had a remaining limitations period of six months and 10 days, which started to run again after November 3, 2020 (*see Chavez v Occidental Chem. Corp.*, 35 NY3d 492, 505 n 8 [2020]; *Matter of Roach*, 207 AD3d at 933). Thus,

Murphy v Harris, 210 A.D.3d 410 (2022)

177 N.Y.S.3d 559, 2022 N.Y. Slip Op. 06086

plaintiffs' wrongful death claim was timely on February 12, 2021. Irrespective of whether plaintiffs' conscious pain and suffering and loss of **\*412** consortium claims sounded in medical malpractice or general negligence, it is undisputed that these claims accrued on May 10, 2018. The statute of limitations for a medical malpractice claim is 2½ years (CPLR 214-a) and the statute of limitation for other personal injury claims is three years (CPLR 214). On March 20, 2020, these claims had a remaining limitations period of seven months and 20 days and one year, one month and 20 days,

respectively. Thus, plaintiffs' conscious pain and suffering and loss of consortium claims were also timely on February 12, 2021.

We have considered defendants' remaining contentions and find them unavailing. Concur—Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ.

Copr. (C) 2025, Secretary of State, State of New York

---

**End of Document**                              © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit 12

Brash v Richards, 195 A.D.3d 582 (2021)

149 N.Y.S.3d 560, 2021 N.Y. Slip Op. 03436




🚩 KeyCite Yellow Flag

Distinguished by    Baker v. 40 Wall Street Holdings Corp.,    N.Y.Sup., January 5, 2022

**195 A.D.3d 582, 149 N.Y.S.3d
560, 2021 N.Y. Slip Op. 03436**

**\*\*1** Nikki Brash, Appellant,

v

Neil M. Richards et al., Respondents, et al., Defendant.

Supreme Court, Appellate Division,
Second Department, New York

1812/12, 2020-08551

June 2, 2021

CITE TITLE AS: Brash v Richards

**HEADNOTES**

Limitation of Actions

Tolling

COVID-19 Pandemic Executive Orders Constituted Toll of Filing Deadlines in Civil Litigation in New York Courts

Governor

Powers of Governor

Executive Orders Issued during COVID-19 Pandemic—Authority to Alter or Modify Requirements of Statute Including Tolling Time Limitations during State Disaster Emergency

Appeal

Notice of Appeal

Timeliness

Goldstein & Goldstein, P.C., Brooklyn, NY (Benjamin S. Goldstein of counsel), for appellant.

Megan A. Lawless, Garden City, NY, for respondent Neil M. Richards.

Martin Clearwater & Bell, New York, NY (Barbara D. Goldberg of counsel), for respondent Harrison Mu.

Appeal from an order of the Supreme Court, Queens County, entered October 2, 2020. Motion by the respondent Neil M.

Richards to dismiss the appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine. Separate motion by the respondent Harrison Mu to dismiss the appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motions are denied.

The respondent Neil M. Richards moves, and the respondent Harrison Mu separately moves, to dismiss this appeal as untimely taken and on the ground that no appeal lies from an order determining a motion in limine. These motions raise the issue of whether a series of executive orders issued by Governor Andrew Cuomo, as a result of the COVID-19 pandemic, constitute a toll or, alternatively, a suspension of filing deadlines applicable to litigation in the New York courts. For the reasons that follow, we conclude that the subject executive orders constitute a toll of such filing deadlines. As a result, this appeal was timely taken.

A toll suspends the running of the applicable period of limitation for a finite time period, and "[t]he period of the toll is excluded from the calculation of the [relevant time period]" (*Chavez v Occidental Chem. Corp.*, 35 NY3d 492, 505 n 8 [2020]; *see Foy v State of New York*, 71 Misc 3d 605 [Ct Cl 2021]). "Unlike a toll, a suspension does not exclude its effective duration from the calculation of the relevant time period. Rather, it simply delays expiration of the time period until the end date of the suspension" (*Foy v State of New York*, 71 Misc 3d at 608).

In this case, a copy of the order appealed from was served upon the appellant, with written notice of its entry, on October 2, 2020. CPLR 5513 (a) provides that an appeal must be taken **\*583  \*\*2** within 30 days of service of a copy of the order or judgment appealed from and written notice of its entry. The appellant served and filed a notice of appeal on November 10, 2020. According to the respondents, the notice of appeal was untimely served and filed, because, in their view, Governor Cuomo suspended filing deadlines in civil litigation in the New York courts until November 3, 2020. In contrast, the appellant argues that Governor Cuomo tolled such filing deadlines, meaning that the appellant had 30 days from November 3, 2020, to serve and file the notice of appeal. As a result, the appellant maintains that the notice of appeal, served and filed on November 10, 2020, was timely.

Executive Law § 29-a (1) provides that the Governor "may by executive order temporarily suspend specific provisions of any statute, local law, ordinance, or orders, rules or regulations, or parts thereof, of any agency during a state disaster emergency, if compliance with such provisions would prevent, hinder, or delay action necessary to cope with the disaster." Executive Law § 29-a (2) (d) provides that any such order "may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and may include other terms and conditions."

On March 20, 2020, Governor Cuomo issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which provided:

"I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following:

"In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020."

Governor Cuomo later issued a series of nine subsequent executive orders that extended the suspension or tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR **584 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). These subsequent executive orders either stated that the Governor "hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive," made in the prior executive orders (Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]) or contained nearly

identical language to that effect (see Executive Order [A. Cuomo] Nos. 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60]). While most of the subsequent executive orders did not use the word "toll," Executive Order (A. Cuomo) No. 202.67 (9 NYCRR 8.202.67) issued on October 5, 2020, provided that the: "suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such date any such time limit will no longer be tolled."

Finally, Executive Order (A. Cuomo) No. 202.72 (9 NYCRR 8.202.72), issued on November 3, 2020, reiterated that the "toll" would no longer be in effect as of November 4, 2020 (see Executive Order [A. Cuomo] No. 202.72 [9 NYCRR 8.202.72]).

**3 Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), expressly and plainly provided that the subject time limits were "hereby tolled," and two of the subsequent executive orders referred to the temporary alternation of the subject time limits as a "toll[ ]" (Executive Order [A. Cuomo] Nos. 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]; see Foy v State of New York, 71 Misc 3d 605 [2021]; Kugel v Broadway 280 Park Fee LLC, 2021 NY Slip Op 31801[U] [Sup Ct, NY County 2021]).

The respondents contend that even though Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) purported to toll the limitations periods, Governor Cuomo did not have the statutory **585 authority to do so, as Executive Law § 29-a, while expressly granting the Governor the authority to suspend statutes, does not expressly grant the Governor the authority to "toll" them. This contention is unpersuasive. As stated above, Executive Law § 29-a (2) (d) provides that an order issued pursuant thereto "may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and

Brash v Richards, 195 A.D.3d 582 (2021)

149 N.Y.S.3d 560, 2021 N.Y. Slip Op. 03436

may include other terms and conditions." This language in Executive Law § 29-a (2) (d) indicates that the Governor is authorized to do more than just "suspend" statutes during a state disaster emergency; he or she may "alter[ ]" or "modif[y]" the requirements of a statute, and a tolling of time limitations contained in such statute is within that authority (*see Foy v State of New York*, 71 Misc 3d 605 [2021]).

Furthermore, although the seven executive orders issued after Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) did not use the word "toll," those executive orders all either stated that the Governor "hereby continue[s] the suspensions, and modifications of law, and any directives, not superseded by a subsequent directive," made in the prior executive orders (Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48]) or contained nearly identical language to that effect (*see* Executive Order [A. Cuomo] Nos. 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60]). Since the tolling of a time limitation contained in a statute constitutes a modification of the requirements of such statute within the meaning of Executive Law § 29-a (2) (d), these

subsequent executive orders continued the toll that was put in place by Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8).

Therefore, the subject executive orders tolled the time limitation contained in CPLR 5513 (a) for the taking of an appeal until November 3, 2020. Accordingly, the notice of appeal, which was served and filed on November 10, 2020, well within 30 days of November 3, 2020, was timely.

In addition, contrary to the respondents' contentions, the order appealed from is appealable as of right, as it decided motions made upon notice and affected a substantial right of the parties (*see* CPLR 5701 [a] [2] [v]; *Parker v Mobil Oil Corp.*, 16 AD3d 648 [2005], *affd* 7 NY3d 434 [2006]).

Accordingly, we deny the respective motions to dismiss the appeal. Mastro, J.P., Rivera, Chambers and Austin, JJ., concur.

Copr. (C) 2025, Secretary of State, State of New York

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.