**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WENDY'S NETHERLANDS B.V.,** | : | |
| | : | **Case No. 2:24-cv-03077** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Magistrate Judge Kimberly Jolson** |
| **ANDREW LEVY,** | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFF WENDY'S NETHERLANDS B.V.'S MOTION TO STAY DISCOVERY**
**PENDING RULING ON MOTION TO DISMISS**

---

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Wendy's Netherlands B.V. ("Wendy's") respectfully moves this Court for a stay of discovery relating only to Defendant Andrew Levy's ("Defendant") Counterclaim filed on August 25, 2025 (Dkt. 47). On September 15, 2025, Wendy's moved to dismiss Defendant's Counterclaim because, among other reasons, his Counterclaim is barred by the statute of limitations based upon the allegations in Defendant's own pleading (Dkt. 54). Wendy's does not seek a stay of discovery on matters related to its Complaint or Defendant's duress defense.

Wendy's further requests that the Court set an expedited briefing schedule on this motion because Wendy's responses to Defendant's requested discovery are due January 7, 2026.

A memorandum in support is attached and incorporated herein.

Respectfully submitted,

*/s/ Keith Shumate*
Keith Shumate (0056190)
Kathryn M. Brown (0100426)
Brittany Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP

2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com

*Attorneys for Plaintiff Wendy's Netherlands
B.V.*

<u>**MEMORANDUM IN SUPPORT**</u>

Wendy's initiated this lawsuit against Defendant due to Defendant's failure to pay amounts owed to Wendy's under a cognovit note. Defendant owes Wendy's more than $5 million arising out of his unconditional guarantee related to certain credit agreements. To facilitate the payment of his obligations, Defendant executed the cognovit note, which included favorable terms to Defendant, including reducing the amounts owed under the aforementioned guarantee. Defendant's default, after paying on the cognovit note for more than four years, resulted in this lawsuit.

As noted in Wendy's Motion to Dismiss, Defendant has attempted to thwart any collection action against him. In that regard, he filed a Counterclaim for fraud. (Counterclaim, Dkt, 47). On September 15, 2025, Wendy's filed a Motion to Dismiss the Counterclaim for failure to state a claim. (Mot. to Dismiss, Dkt. 54). Defendant's Counterclaim is meritless. Defendant's Counterclaim is barred here by the statute of limitations, his unconditional release of Wendy's, a lack of ripeness, and a forum selection clause mandating that any claim against Wendy's be filed in New York. (Mot. to Dismiss, Dkt. 54 at PageID # 2449–54).

On December 8, 2025, Defendant served Wendy's with discovery requests. (*See* Defendant Andrew Levy's First Request for Production of Documents to Plaintiff Wendy's Netherlands B.V., attached hereto as Exhibit A). Of Defendant's 28 requests for production, 16 are overly broad requests that have nothing to do with the merits of the Complaint (or Defendant's duress defense to the Complaint) but instead relate exclusively to his Counterclaim. Given the significant likelihood of dismissal and the broad scope of the documents requested, the requests related to the Counterclaim place an undue burden on Wendy's. Defendant should not be entitled to discovery on a time barred claim, which amounts to a fishing expedition dating back nearly 10 years. Wendy's requests a stay of discovery as it relates to Defendant's Counterclaim pending the

Court's ruling on Wendy's Motion to Dismiss because the Motion raises factual and legal deficiencies very likely to dispose of Defendant's claim against Wendy's. The limited stay of discovery is in the interest of both parties, and judicial efficiency, to save time, resources, and expenses.

## STANDARD OF REVIEW

This Court has full discretion to order a stay of discovery. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). The Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "[T]rial courts have broad discretion and inherent power to stay discovery until all preliminary questions that may dispose of the case are determined." *Libertarian Party of Ohio v. Wilhelm*, No. 2:19-cv-2501, 2019 WL 4885876, at *1 (S.D. Ohio, Oct. 3, 2019) (citations and quotations omitted); *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, *2 (S.D. Ohio Mar. 4, 2008) (holding a stay is appropriate where a case-dispositive motion is "clear-cut" and the likelihood of dismissal is high); *see also Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

Further, when resolving motions to stay discovery, "[t]he Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Ohio Bell Tel. Co.*, 2008 WL 641252, at *1; *see also Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio, Mar. 17, 2014); *Bowens v. Columbus Metropolitan Library Bd. of Trs.*, No. 2:10–cv–219, 2010 WL 3719245, at *1 (S.D. Ohio Sept.16, 2010).

**ARGUMENT**

Wendy's respectfully requests that discovery in this case be limited to matters solely relating to Wendy's claim to enforce and collect on the cognovit note and Defendant's defense of duress—excluding discovery related to Defendant's Counterclaim. The issues raised in Wendy's Motion to Dismiss are clear-cut and the likelihood of dismissal is high, warranting a stay of discovery. *Miller v. Countrywide Home Loans*, No. 2;09-CV-0674, 2010 WL 2246310, at *3 (S.D. Ohio June 4, 2010) (granting stay of discovery since "the Court is not convinced that there is a strong likelihood [plaintiff's] claims will survive the motions to dismiss"); *Wilson v. Gillespie*, No. 2:13-CV-139, 2014 WL 3460042, at *3 (S.D. Ohio July 10, 2014) (granting a motion to stay discovery because "there is a strong likelihood that [plaintiff's] claims will not survive the motion for judgment on the pleadings"). Further, Defendant's requested Counterclaim discovery should be stayed, as it places a disproportionate burden on Wendy's.

**A.     Defendant's Counterclaim is Likely to be Dismissed on Clear-Cut Issues.**

A stay of discovery is appropriate where a motion to dismiss presents threshold legal questions that would be substantially vitiated absent a stay. *Meros v. Dimon*, No. 2:18-CV-00510, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018). This includes straight-forward issues, such as a time bar by an applicable statute of limitations or a clear-cut absence of jurisdiction. *Id*. (staying discovery pending a motion to dismiss where the motion presented a legal issue regarding statute of limitations); *Reynolds v. Air Line Pilots Ass'n Int'l*, No. 2:24-CV-1422, 2024 WL 4277817, at *3 (S.D. Ohio Sept. 24, 2024) ("In such cases, the Court typically determines whether the jurisdictional issue is 'clear-cut' and likely to result in dismissal (which weighs in favor of a stay), or 'fairly debatable' (which weighs against a stay).").

Here, Defendant's Counterclaim fails on four very straight forward issues. First, by Defendant's own admission, his Counterclaim is expressly time-barred by an applicable six-year

statute of limitations. (*See* Mot. to Dismiss, Dkt. 54 at PageID # 2449–51). Second, Defendant's Counterclaim is also barred by a valid and undisputed release of claims against Wendy's that Defendant executed in 2020. (*See id.* at PageID # 2451–52). Third, this Court, pursuant to federal law, lacks jurisdiction over Defendant's Counterclaim because the claim is not ripe for adjudication as the controlling cognovit note and release have not been found as invalid contracts. (*See id.* at PageID # 2452–53). And lastly, this Court is not the proper venue for the Counterclaim due to a forum selection clause. (*See id.* at PageID # 2453–54). Each of these clear-cut issues warrants a stay of discovery, but the time bar and lack of jurisdiction make a stay of discovery particularly appropriate in this case.

  i.   *Defendant's Counterclaim is barred by the statute of limitations.*

Courts have held that a statute of limitations bar is a clear-cut issue warranting a stay of discovery. *Meros*, 2018 WL 4560596, at *2 (finding that a stay was appropriate when the pending motion to dismiss presented legal questions regarding the statute of limitations); *Perez v. Roadway Exp., Inc.*, 281 F. Supp. 2d 936, 940 (N.D. Ohio 2003) (denying relief from a stay of discovery "pending disposition of the statute of limitations issue"). It is undisputed that Defendant's fraud claim is based on alleged statements from "the end of 2018 and the beginning of 2019." (Counterclaim, ¶ 35). Under New York law, which governs this action, the statute of limitations for fraud "is six years from the commission of the wrong." *Matter of Est. of Kraus*, 208 A.D.2d 728, 729, 617 N.Y.S.2d 817 (1994). Defendant's claim is time barred as he did not file his Counterclaim until August 25, 2025, well after the six-year mark.

The time bar makes this matter uniquely suited to a stay of discovery until Wendy's Motion to Dismiss has been decided. *C.f. Osman v. Mission Essential Pers.*, LLC, No. 2:11-CV-577, 2012 WL 1831706, at *2 (S.D. Ohio May 18, 2012) (denying a motion to stay because "the motion to

dismiss does not raise either immunity from suit or a clear—cut issue such as the statute of limitations"); *Lenker v. Nat'l Serv. Indus., Inc.*, No. 2:04-CV-0523, 2006 WL 642560, at *3 (S.D. Ohio Mar. 9, 2006) (declining to assert a stay of discovery when the motion for summary judgment did not raise "either an issue of immunity" or "some other fundamental issue such as a statute of limitations bar where the outcome seems fairly clear"); *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (denying a stay of discovery because the pending motion for judgment on the pleadings did "not present a clear, discrete issue such as immunity from suit or the running of statute of limitations that can be easily decided"). Further, even where courts do not grant motions to stay on the basis of a time bar, they often grant the underlying motion to dismiss instead. *See e.g. Ferry v. Kentucky Cabinet for Health & Fam. Servs.*, No. 3:17-CV-00525-TBR, 2018 WL 701287, at *6 (W.D. Ky. Feb. 2, 2018) (granting a motion to dismiss on the basis of the statute of limitations and denying the motion to stay as moot); *Kelly v. PNC Bank, N.A.*, No. 15-CV-10721, 2016 WL 8700775, at *3 (E.D. Mich. Mar. 18, 2016), *report and recommendation adopted sub nom. Kelly v. PNC Bank, NA*, No. 15-CV-10721, 2016 WL 2907964 (E.D. Mich. May 19, 2016) (same).

Under the applicable statute of limitations, Defendant's Counterclaim for fraud is time barred. No additional discovery would be able to save Defendant's Counterclaim from dismissal, and a stay should be granted until a ruling is made on Wendy's Motion to Dismiss.

ii.    *Defendant's Counterclaim is barred on jurisdictional grounds.*

Similarly, "[c]ourts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved." *Bustos v. United States*, No. CIVA 08CV00153LTBMEH, 2009 WL 416511, at *3 (D. Colo. Feb. 18, 2009); *Wasserman v. Weir*, No. 2:24-CV-3935, 2025 WL 1347253, at *3 (S.D. Ohio May 8, 2025) (stating that subject matter

5

jurisdiction is a threshold determination). Here, in order to bring a claim for fraud, Defendant must first establish that both the cognovit note and the release are no longer valid, binding contracts. *See Paugstat v. Pepperidge Farm, Inc.*, No. 1:20-CV-00508, 2022 WL 195078, at *2 (S.D. Ohio Jan. 21, 2022) (finding that a counterclaim was not ripe because it was "contingent on a future event"). Because the Court has not determined that either document is invalid, the Counterclaim is not ripe for adjudication. *Cooley v. Granholm*, 291 F.3d 880, 883–84 (6th Cir. 2002) ("[A] claim is not ripe for adjudication it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quoting *Texas v. United States*, 523 U.S. 296, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)). Therefore, Defendant's claim "lacks the requisite immediacy to invoke federal jurisdiction." *Toledo Newspaper Unions - Blade Pension Tr. Fund v. Fed. Ins. Co.*, No. 3:07 CV 2590, 2008 WL 11433474, at *3 (N.D. Ohio Feb. 28, 2008), *aff'd sub nom. Toledo Newspaper Unions-Blade Pension Tr. Fund v. Fed. Ins. Co.*, 318 F. App'x 347 (6th Cir. 2009).

Because of the lack of jurisdiction, the parties should not undergo the burden of discovery until Wendy's Motion to Dismiss has been decided. *Victoria's Secret*, 2014 WL 1045994, at *2 (staying merit-based discovery pending defendant's motion to dismiss for lack of jurisdiction); *Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2022 WL 1598621, at *5 (E.D. Mich. May 19, 2022) (granting a protective order where the motion to dismiss raises ripeness concerns); *Nissan N. Am., Inc. v. DeltaWing Project 56, LLC*, No. 3-15-0663, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015)) (finding good cause to stay discovery pending resolution of defendants' motion to dismiss for lack of jurisdiction, reasoning "should the [c]ourt find it has no jurisdiction and dismiss the action against these Defendants, they would have no need for the burden or expense of participating in the litigation").

Given the clear-cut issues with Defendant's Counterclaim, a stay of discovery relating to such Counterclaim is appropriate. Defendant should not be permitted to engage in a fishing expedition, particularly because the Counterclaim lacks any factual or legal support. Accordingly, Wendy's respectfully requests that the Court stays discovery on Defendant's Counterclaim unless or until a ruling is made on its Motion to Dismiss. *See Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.,* 563 F. Supp. 3d 738, 743 (S.D. Ohio 2021), *aff'd*, No. 21-4008, 2022 WL 2062001 (6th Cir. June 8, 2022) (granting motion to dismiss and denying motion to stay discovery as moot); *Cunningham v. Trans Union, LLC*, 697 F. Supp. 3d 740, 741 (S.D. Ohio 2023) (same); *Compass Const. v. Indiana/Kentucky/Ohio Reg'l Council of Carpenters of United Bhd. of Carpenters & Joiners of Am.*, 890 F. Supp. 2d 836, 838 (S.D. Ohio 2012) (same).

**B.**     <u>Discovery Related to Defendant's Counterclaim Places a Disproportionate Burden on Wendy's.</u>

The disproportionate burden placed by Defendant's requested discovery must be considered. *Bowens*, 2010 WL 3719245, at *1. The Federal Rules of Civil Procedure impose several discovery requirements. Such discovery requirements come at a financial and administrative cost and burden to all parties involved—including the Court. But this is particularly true here, where more than half of Defendant's discovery requests relate only to Defendant's Counterclaim, which will likely be dismissed by this Court. (*See* Exhibit A).

Moreover, the Counterclaim requests are burdensome to Wendy's as they are quite broad in scope and likely to result in a great number of responsive documents. *See Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-CV-2663, 2016 WL 5216632, at *4 (S.D. Ohio Sept. 22, 2016) (finding that the document requests were overly broad and unduly burdensome)*; Sciortino v. Allstate Ins. Co.*, No. CV 11-12579, 2012 WL 12930579, at *3 (E.D. Mich. Mar. 19, 2012) (denying a motion to compel where "the discovery sought is overly broad"); *ITT Corp. v. Travelers*

*Cas. & Sur. Co.*, No. 3:12CV38 RNC, 2012 WL 2944357, at *3 (D. Conn. July 18, 2012) (granting a motion for protective order where the "requested discovery is extraordinarily broad"). Further, these requests go back nine years in time and are related to dealings in Brazil, requiring a costly international document collection effort to respond. *See Brumer v. Gray*, No. 317CV00576MMDWGC, 2019 WL 2552201, at *8 (D. Nev. June 20, 2019) ("[O]btaining international discovery can be a particularly cumbersome process."); *Salah K. v. Kijakazi*, No. CV 21-11082 (KM), 2023 WL 4232170, at *5 (D.N.J. June 28, 2023) ("To be sure, there are the challenges associated with producing years-old documentation that is stored in another country."). To further complicate matters, several of the employees that facilitated the dealings at issue are no longer employed by Wendy's because the events underlying the Counterclaim happened so long ago. Finally, many of the requests are largely irrelevant to the case in general, including requests related to the funding and financing of WBR Participacoes LTDA. (*See* Exhibit A); *Averett v. Honda of Am. Mfg., Inc.*, No. CIV.A 2:07-CV-1167, 2009 WL 799638, at *1 (S.D. Ohio Mar. 24, 2009) (finding that requests are unduly burdensome where the plaintiff "failed to show how [the] requests are relevant to the claims or defense of any party").

Importantly, a stay will not prejudice Defendant. There is no negative impact on Defendant in waiting to commence discovery on its Counterclaim until the Court can determine whether Defendant states a claim or has a right to bring such a claim in the first place. *See Victoria's Secret*, 2014 WL 1045994, at *3 ("[T]he burden to Plaintiff of staying merits discovery is slight."); *Hall v. Stine Seed Co.*, No. 2:20-CV-2906-MSN-CGC, 2021 WL 6752224, at *2 (W.D. Tenn. Sept. 1, 2021) ("Resolution of Defendant's motion to dismiss may dispose of this case in its entire, and the burden on Defendant of continuing with discovery outweighs any hardship to Plaintiffs from a stay of the case."). Simply waiting for a decision on the Motion to Dismiss does not prohibit future

discovery or significantly delay this litigation. Instead, it has the potential to prevent the parties from expending unnecessary time and expense by limiting the scope of the litigation. Accordingly, Wendy's respectfully requests that this Court stay discovery related to the Counterclaim until the pending Motion to Dismiss is resolved to prevent unwarranted discovery and reduce any unnecessary financial and administrative costs to the parties.

<b>EXPEDITED BREIFING</b>

Wendy's further requests that this Court enter an expedited briefing schedule for this motion. There is good cause for an expedited briefing schedule, as Wendy's responses to Defendant's requested discovery are due on January 7, 2026.

<b>CONCLUSION</b>

For the reasons set forth above, Wendy's requests this Court limit discovery to matters specifically related to Wendy's claim and Defendant's defense of duress and stay any discovery relating to Defendant's Counterclaim.

Respectfully submitted,

*/s/ Keith Shumate*
Keith Shumate (0056190)
Kathryn M. Brown (0100426)
Brittany Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2834
Fax: +1 614 365 2499
keith.shumate@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com

*Attorneys for Plaintiff Wendy's Netherlands B.V.*

## <u>CERTIFICATE OF SERVICE</u>

On December 17, 2025, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

<u>*/s/ Keith Shumate*                      </u>
Keith Shumate

*An Attorney for Plaintiff Wendy's Netherlands B.V.*