# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WENDY'S NETHERLANDS B.V., | : | Case No.: 2:24-cv-3077 |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | Magistrate Judge Jolson |
| ANDREW LEVY, | : | |
| Defendant. | : | |

## JOINT MOTION TO AMEND THE SCHEDULING ORDER

The parties, by and through their undersigned counsel of record and pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Ohio Civ. R. 16.2, jointly request a 120-day extension of all remaining deadlines outlined in the Case Scheduling Order (ECF No. 63). This is the parties' first request for an extension of the Case Scheduling Order, and the parties expect it to be their only request for an extension. As set forth below, good cause exists for the Joint Motion to be granted.

## **MEMORANDUM IN SUPPORT**

**I.     Background**

On November 4, 2025, the Court entered its Scheduling Order (ECF No. 63). The current deadlines relevant to this Motion are:

| Event | Current Deadline |
|---|---|
| All discovery shall be completed | March 11, 2026 |
| Plaintiff's settlement demand | March 2, 2026 |
| Defendant's response to Plaintiff's settlement demand | March 9, 2026 |
| Settlement Conference | April 2026 |
| Dispositive motions | April 24, 2026 |

Defendant Andrew Levy served his First Requests for Production on Plaintiff Wendy's Netherlands B.V. on December 8, 2025. On December 17, 2025, Plaintiff moved to stay discovery as to Defendant's counterclaim pending a ruling on a motion to dismiss (ECF No. 70). Defendant did not oppose a stay of all discovery (ECF No. 71). A stay of discovery was denied on January 6, 2026. (ECF No. 74). On January 7, 2026, Plaintiff timely served written responses to Defendant's discovery requests, making certain objections but otherwise agreeing to produce relevant, non-privileged documents. On that same day, Plaintiff served requests for production on Defendant. Thereafter, between January 8, 2026, and January 26, 2026, the parties conferred repeatedly regarding document production and depositions.

On February 20, 2026, Plaintiff's then-counsel notified Defendant's counsel that it was withdrawing from the case. Plaintiff's new counsel immediately communicated with Defendant's counsel to confer regarding all outstanding discovery obligations and deadlines. The parties

2

conferred on February 26, 2026, and now propose an additional 120 days to finalize an ESI protocol, expeditiously produce documents, and complete discovery.[1]

## II. Argument

The parties jointly request the Court amend the Scheduling Order because good cause is shown and such amendment will not prejudice either party. Pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause shown and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Local Rule 16.2 empowers a Magistrate Judge to "modify scheduling orders upon a showing of good cause." "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021) (quoting *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007)). In the Sixth Circuit, "[t]he overarching inquiry" guiding the determination of whether good cause exists to modify a discovery deadline "is whether the moving party was diligent in pursuing discovery." *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011).

"Good cause is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines set by the Court." *Turnbow-Avery v. Dejoy*, No. 1:23-CV-571, 2024 WL 3011197, at *1 (S.D. Ohio June 14, 2024). "A party seeking to modify a scheduling Order need not show perfect diligence, but can establish good cause when it can show that it has been reasonably diligent." *Reed v. Hope Depot U.S.A., Inc.*, No. 2:16-CV-926, 2017 WL 5202684, at

---

[1] The parties reserve the right to request an extension if the circumstances arise. Further, this joint request is not a waiver of either party's right to move to compel production of documents or any other discovery motions.

*2 (S.D. Ohio May 15, 2017). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

In this case, good cause exists for this Court to amend the Scheduling Order and there is no prejudice to either side. *First*, despite diligent efforts to meet and confer and to advance discovery, progress has been delayed by a combination of factors, including questions related to attorney-client privilege, disputes concerning the scope of discovery on certain key issues, and Plaintiff's recent substitution of counsel. To date, the parties have not produced documents and depositions have not taken place. Additional time is needed to finalize an ESI protocol and the scope of discovery regarding certain key issues. The parties will then promptly exchange documents and conduct depositions.

*Second*, since substitution, Plaintiff's counsel immediately communicated with Defendant's counsel to ensure a smooth transition and complete all outstanding discovery as efficiently as possible, including to gather and transfer all potentially responsive documents from former counsel. *See Reed,* 2017 WL 5202684, at *2 (finding that good cause existed to file an amended complaint after the deadline prescribed by the scheduling order because after new counsel entered an appearance, there was a delay in new counsel receiving a portion of discovery that it had to review before it could determine whether amending the complaint was necessary). Thus, amending the Scheduling Order will permit Plaintiff's new counsel to adequately move forward in discovery and for both parties to produce responsive documents.

*Third*, amending the Scheduling Order and extending the discovery deadlines will promote fairness in the discovery process and allow the case to proceed on the merits. When counsel withdraws immediately before a deadline, courts are more willing to grant extensions to prevent unfair prejudice and resolve cases on the merits. *See Ways v. Miami Univ. of Ohio*, 604 F. App'x

445, 446 n.2 (6th Cir. 2015) (noting that the magistrate judge extended discovery deadlines after a change in counsel shortly before the discovery deadline because "a denial of an extension of time...would cause significant prejudice to plaintiff in resolving this case on the merits."). Discovery has not been completed and depositions have not been taken.  The substitution of counsel occurred close to the discovery deadline, and the parties need additional time to engage in discovery and take depositions before dispositive motions are filed in order to resolve this case on the merits.

Additionally, such an extension will not prejudice either party.  *See Reed*, 2017 WL 5202684, at *2 (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)) ("Although the primary focus of the inquiry is whether the party seeking to amend was diligent, the presence or absence of prejudice to the non-moving party may be considered.").  An extension will help all parties develop their case by receiving additional discovery and taking necessary depositions.  *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (finding that there was a lack of prejudice to the opposing parties under a Rule 16 analysis because "the parties have engaged in little discovery, including limited written discovery and no depositions" and granting the movant's motion for leave).  Accordingly, all parties have agreed to the proposed extension, acknowledging the benefit that such an extension would provide.  This is the parties' first request for an extension of the Case Scheduling Order, and the parties expect it to be their only request for an extension.

Therefore, the parties assert that good cause exists to modify the current Scheduling Order in this case and respectfully propose the following amendments to the remaining deadlines in the Scheduling Order extending the deadlines by approximately four months:

| Event | Current Deadline | New Deadline |
|---|---|---|
| All discovery is closed | March 11, 2026 | July 11, 2026 |
| Plaintiff's settlement demand | March 2, 2026 | July 2, 2026 |
| Defendant's response to Plaintiff's settlement demand | March 9, 2026 | July 9, 2026 |
| Settlement Conference | April 2026 | July 2026 |
| Dispositive motions | April 24, 2026 | August 24, 2026 |

WHEREFORE, the parties respectfully request this Court enter an order extending the deadlines in the Scheduling Order as requested herein.

Respectfully submitted,

*/s/ Shalyn Watkins*
Shalyn Watkins (0096026)
Elin Park (*Pro Hac Vice pending*)
Cary Aronovitz (*Pro Hac Vice pending*)
Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, California 92660
Telephone: (213) 896-2559
Facsimile: (949) 833-8540
Shalyn.Watkins@hklaw.com
*Attorneys for Plaintiff, Wendy's Netherlands B.V.*

*/s/ Jon Polenberg*
Jon Polenberg, Florida Bar No. 653306
*(Admitted Pro Hac Vice)*
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (954) 987-7550
Facsimile: (954) 985-4176
jpolenberg@beckerlawyers.com
*Attorneys for Defendant, Andrew Levy*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2026, I served the foregoing *Joint Motion to Amend the Scheduling Order,* via the court's CM/ECF system to all counsel of record.

*/s/ Shalyn Watkins*

6