# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

WENDY'S NETHERLANDS B.V.,

             Plaintiff,

        v.

ANDREW LEVY,

             Defendant.

Civil Action No.  2:24-cv-03077

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

The defendant, Andrew Levy ("Levy"), moves this Court, under Federal Rules of Civil Procedure 34 and 37, to compel the plaintiff, Wendy's Netherlands B.V. ("Wendy's"), to produce responsive documents to Levy's First Request for Production. In support, Levy states the following:

### INTRODUCTION

Wendy's has not complied with its discovery obligations under Rules 26, 34, or 37. Although the Court set a compressed discovery schedule and denied Wendy's request to stay discovery, Wendy's produced no documents by its Rule 34 deadline, provided no privilege log, and did not identify any withheld materials. Wendy's instead stated only that it "will produce relevant, non-privileged documents," a representation that left Levy with no production to evaluate and no basis to assess Wendy's objections.

Wendy's subsequent promises to roll production weeks or months after its deadline did not cure that failure. Rule 34 requires it timely produce and disclose withheld materials, not indefinite assurances about future compliance. Wendy's also failed to support its objections with any factual showing there is a burden or proportionality, even though the requested documents go to the core

issues in the case, including the Cognovit Note, Wendy's funding decisions, and its damages calculations. Once Levy established relevance, the burden shifted to Wendy's to justify nonproduction. Wendy's made no attempt to meet that burden.

Wendy's nonproduction has stalled discovery and caused concrete prejudice. Without documents, Levy cannot prepare for depositions or sequence discovery within the Court-ordered schedule. Wendy's conduct also contravenes the Court's prior rulings rejecting generalized burden objections and warning against delay. Given Wendy's continued failure to produce any documents months after its deadline and after a court-ordered extension, the Court should compel immediate production, require identifying withheld materials, and order a privilege log consistent with Rule 34.

## BACKGROUND

On November 4, 2025, the Court entered a Scheduling Order setting March 11, 2026, as the discovery cutoff and April 24, 2026, as the dispositive motion deadline. [D.E. 63.] The Order imposed a compressed schedule and required the parties to proceed promptly. Consistent with that schedule, Levy served his First Requests for Production of Documents on Wendy's on December 8, 2025.

Exhibit A contains Levy's First Request for Production. The Requests seek documents central to the parties' claims and defenses. They include information about the Cognovit Note, interest calculations, Wendy's Brazil funding, Brazil internal analyses and approvals, communications about Levy's franchise restaurants, and the decision-making process underlying the alleged debt.

Wendy's did not respond with production. Instead, Wendy's moved to stay discovery pending the Court resolving its motion to dismiss the counterclaim. [D.E. 70.] Levy opposed a unilateral stay. [D.E. 71.] On January 6, 2026, the Court denied the motion and ordered discovery

2

to proceed as scheduled. [D.E. 74.]

The next day, January 7, 2026, Wendy's served written responses asserting numerous objections and stating only that it "will produce relevant, non-privileged documents." Exhibit B contains Wendy's Response. Wendy's produced no documents, provided no privilege log, and did not state whether it withheld any responsive materials.

Levy then tried to move discovery forward through conferral. Between January 8 and January 26, 2026, Levy sought a production date for responsive documents and deposition availability for five witnesses. Exhibit C contains communications between counsel from January 8 through January 30, 2026, documenting those efforts.

Those discussions yielded no production and no timeline. Wendy's instead proposed extending discovery to account for the approximately twenty days that elapsed while the stay motion was pending and moving the dispositive motion deadline. See Ex. C; [D.E. 73]. Levy agreed in principle to an extension but requested a committed production timeline and deposition schedule. Wendy's declined. Id.

Wendy's later advised that it anticipated beginning a rolling production "in the next few weeks" and completing production "by early March." See Ex. C. That proposal placed production well beyond the January 7, 2026 Rule 34 deadline. Wendy's also stated that depositions should occur in April but did not identify a production date or provide a firm deposition schedule. Id.

At that point, Wendy's still had not produced any documents or provided a privilege log. Wendy's also had not offered deposition dates or tied depositions to any production milestone. Exhibits B and C show repeated refusals to make concrete commitments. Discovery remained stalled due to Wendy's inaction.

On February 20, 2026, Wendy's counsel advised that it was withdrawing from the case.

3

Exhibit D contains that communication. Counsel withdrew while Wendy's discovery obligations remained outstanding and unfulfilled.

After new counsel appeared, Levy again sought to address discovery. On February 23, 2026, Levy contacted Wendy's to confer about its outstanding obligations, document production, and deposition scheduling. Exhibit E reflects those communications. The parties met and conferred on February 26, 2026, about Wendy's production and the need for a motion to compel.

During that conference, Wendy's represented that it intended to move expeditiously to produce documents. That representation did not lead to production or a concrete timeline. Since February 26, 2026, Wendy's has produced no documents, provided no privilege log, and offered no further update about its discovery obligations.

The Court amended the case schedule on March 6, 2026, extending the discovery deadline to May 11, 2026. The Court warned that further delays would not be well taken. The Court also directed the parties to meaningfully confer and advance discovery.

That directive did not change Wendy's approach. Despite the amended schedule and the Court's warning, Wendy's still has not produced responsive documents or provided a privilege log. Wendy's also has taken no steps to schedule depositions, even though months have passed since its Rule 34 deadline and discovery remains open.

**ARGUMENT**

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes a motion to compel when a party fails to produce documents or serves incomplete or evasive discovery responses. Rule 26 permits broad discovery, and the movant bears the initial burden to show relevance. Once the movant makes that showing, the burden shifts to the resisting party to explain why the Court should not require production. *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015).

Rule 34 requires a responding party to either produce responsive documents or state with

4

specificity whether it is withholding materials and the grounds. Fed. R. Civ. P. 34(b)(2)(B)–(C). Boilerplate objections that assert overbreadth, burden, or irrelevance do not excuse nonproduction without a specific factual showing. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410–11 (N.D. Ohio 2011). A party resisting discovery must support any refusal to produce with concrete facts, not generalized assertions.

Courts compel production when a party withholds relevant information or serves incomplete discovery responses. *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017). The failure to produce documents, identify withheld materials, or provide a privilege log warrants judicial intervention to enforce the discovery rules.

Wendy's discovery responses fall far below these standards. On January 7, 2026, Wendy's served responses asserting general objections and stating only that it "will produce relevant, non-privileged documents." Ex. B. Wendy's produced no documents, provided no privilege log, and did not identify whether it withheld any responsive materials.

Rule 34 required Wendy's to either produce responsive documents or state with specificity what it withheld and why. Fed. R. Civ. P. 34(b)(2)(B)–(C). Wendy's did neither. That failure rendered its responses incomplete and noncompliant from the start. Courts compel production in precisely these circumstances. *Meredith*, 319 F.R.D. at 242.

Wendy's later representations did not cure the violation. Wendy's advised that it anticipated beginning a rolling production weeks later and completing production nearly three months after its Rule 34 deadline. Ex. C. Rule 34 requires timely production and disclosing withheld materials. Open-ended promises to comply in the future do not satisfy the Rule. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. at 410–11.

A request-by-request analysis would serve no purpose. Wendy's has not produced a single

document, has not identified any withheld materials, and has not served a privilege log. Wendy's instead stated only that it "will produce relevant, non-privileged documents," which eliminates any dispute about the scope or burden for the requests. Without production, there is nothing to compare against the Requests. The issue before the Court is Wendy's failure to comply with Rule 34, not whether individual objections are adequate.

Wendy's also failed to support its objections with facts. Wendy's did not articulate any specific burden, proportionality concern, or logistical obstacle tied to the requested discovery. Rule 26 requires more than generalized assertions to justify nonproduction. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. at 410–11.

The requested documents concern the Cognovit Note, Wendy's funding and business decisions about Brazil, and its damages calculations. Ex. A. Those materials go to the core claims and defenses in this case. There is no serious dispute about relevance. The burden therefore shifted to Wendy's to justify nonproduction. *O'Malley*, 311 F.R.D. at 463. Wendy's has not attempted to meet that burden.

Wendy's nonproduction has also disrupted discovery sequencing. Wendy's has not produced documents to anchor witness preparation or deposition scheduling. That failure has prevented Levy from preparing for depositions within the discovery period. The delay has caused concrete prejudice, not a procedural inconvenience.

Wendy's continued noncompliance is especially problematic after the Court's prior rulings. The Court rejected Wendy's generalized burden arguments and held that "a general statement that discovery is overly broad and unduly burdensome . . . by itself is insufficient to deny discovery." *Wendy's Netherlands B.V. v. Levy*, No. 2:24-cv-3077, Doc. 74, at 6 (S.D. Ohio Jan. 6, 2026). The Court also recognized that delaying discovery risks prejudice by impairing

access to witnesses and evidence over time. *Id*. at 6–7.

The Court later extended the discovery deadline and issued a clear warning. It cautioned that further delays would not be tolerated and emphasized the need for meaningful cooperation in discovery. Wendy's conduct, including its failure to produce any documents months after its deadline and after a court-ordered extension, runs directly contrary to those directives.

Wendy's has not complied with its discovery obligations and has not justified its noncompliance. The Court should compel production and require Wendy's to produce responsive documents without further delay. The Court should also require Wendy's to identify any withheld materials and provide a privilege log consistent with Rule 34.

### CONCLUSION

For these reasons, the defendant, Andrew Levy, respectfully requests this Court enter an Order (1) compelling the plaintiff, Wendy's Netherlands B.V., to produce responsive documents to Levy's First Request for Production, (2) awarding Levy his reasonable attorneys' fees incurred in the filing of this Motion, and (3) granting any other relief the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERRAL

Under Fed. R. Civ. P. 37(a)(1), Defendant certifies that counsel conferred in good faith with counsel for Plaintiff on multiple occasions about Plaintiff's deficient discovery responses to obtain responsive document production, a privilege log, and deposition availability without Court intervention. These efforts included written correspondence and meet-and-confer communications between January 8, 2026, and February 26, 2026. See Exs. C–E. Despite these efforts, Plaintiff did not produce responsive documents, provide a privilege log, or commit to firm production or deposition dates.

Following new counsel's appearance, Defendant's counsel contacted Plaintiff's newly

7

appearing counsel on February 23, 2026, requesting a meet-and-confer to address Plaintiff's outstanding discovery obligations, document production, and deposition scheduling, which occurred on February 26, 2026. See Ex. E. Plaintiff's new counsel has not produced responsive documents, provided a privilege log, or committed to a production timeline.

Defendant has made diligent, good-faith efforts to resolve this discovery dispute without Court intervention, but those efforts have been unsuccessful, needing Defendant to file this Motion.

Dated: March 20, 2026.

Respectfully submitted,

*/s/ Jon Polenberg*
Jon Polenberg, Florida Bar No. 653306
*(Admitted Pro Hac Vice)*
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
jpolenberg@beckerlawyers.com
*Attorneys for Defendant*
*Andrew Levy*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2026, the foregoing document was electronically filed with the Clerk of the Court which will electronically serve a copy of same on all counsel of record for all parties.

*/s/ Jon Polenberg*
Jon Polenberg

8

30833094.v1