## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WENDY'S NETHERLANDS B.V.,** | : | |
| | : | **Case No. 2:24-cv-03077** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Magistrate Judge Kimberly Jolson** |
| **ANDREW LEVY,** | : | |
| | : | |
| **Defendant.** | : | |

---

### PLAINTIFF WENDY'S NETHERLANDS B.V.'S RESPONSES TO DEFENDANT ANDREW LEVY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Plaintiff Wendy's Netherlands B.V. ("Wendy's"), through its attorneys, hereby submits its objections and responses to Defendant Andrew Levy's ("Defendant") First Request for Production of Documents (collectively, the "Requests") as follows:

### GENERAL OBJECTIONS

1. Wendy's objects to the Requests, including the definitions and instructions, to the extent they seek to impose obligations beyond or inconsistent with the requirements of the Federal Rules of Civil Procedure.

2. Wendy's objects to the Requests to the extent they seek information and documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other privileges or immunities under applicable law. Wendy's reserves the right to demand the return of any privileged documents that may have been produced inadvertently.

3.      Wendy's objects to the Requests to the extent they purport to require it to produce documents outside of its possession, custody, and/or control, or seeks information that is more readily available from other parties or sources, including from Defendant.

4.      Wendy's objects to the Requests to the extent they seek documents containing trade secrets, proprietary business information, competitively sensitive information, and/or other information.  Wendy's will produce confidential information only to the extent such information is relevant and protected from unnecessary disclosure pursuant to an appropriate protective order entered by the Court.

5.      Wendy's objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous.

6.      To the extent Wendy's agrees herein to produce documents responsive to any Request, such agreement should not be construed as a waiver of its right to object to the admissibility or relevance to this proceeding.

7.      Wendy's objects to the Requests to the extent they seek production of electronically stored information (ESI) in its native form.  Wendys' will produce responsive, non-privileged ESI in a reasonably usable form, including as fully searchable image files (e.g., TIFF or PDF) with a standard load file of appropriate metadata fields, or by a mutually agreed upon ESI protocol to be determined prior to production of any documents.

8.      The Objections and Responses set forth below are based upon, and necessarily limited by, information now available to Wendy's based on a reasonable search under the circumstances.  Wendy's reserves all rights to amend or supplement these Objections and Responses as may be appropriate.

Subject to the foregoing General Objections and limitations, which are incorporated into each of the following responses, Wendy's responds as follows:

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents relating to the Cognovit Note, including without limitation, any drafts, revisions, or unsigned versions.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents relating to the Cognovit Note."  Wendy's further objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  In addition, Wendy's objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 2:** All documents relating to the Execution of the Cognovit Note, including correspondence, emails, or Memoranda.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 3:** All documents relating to interest calculations, including amortization schedules or Ledgers.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Wendy's further objects to this Request on the grounds that it is vague and ambiguous because it does not define "interest calculations" nor does it indicate what interest it is referring to.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request to the extent that the documents concern or relate to the Cognovit Note.

**REQUEST NO. 4:** All documents relating to attorneys' fees, costs, or expenses claimed under the note.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.   In addition, Wendy's objects to this Request as vague and ambiguous because it does not define "note."  Wendy's further objects to this Request as premature because litigation is ongoing and Wendy's attorneys' fees, costs, and expenses continue to accrue.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce a statement of fees accrued to date.

**REQUEST NO. 5:** All documents relating to the Cognovit Note's balance in Plaintiff's Books and Records.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  In addition, Wendy's objects to this Request as vague and

4

ambiguous because it does not define "balance."  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 6:** All internal documents relating to the Negotiation, Execution, or circumstances surrounding the Cognovit Note.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 7:** All documents relating to Credits, Deductions, or Offsets applied (or not applied) to Levy's account.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  In addition, Wendy's objects to this Request as vague and ambiguous because it does not define "Levy's account."  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged

5

documents in its possession that are responsive to this Request to the extent that the documents concern or relate to the Cognovit Note.

**REQUEST NO. 8:** All Documents, including without limitations, internal Accounting Records, Spreadsheets, or Reconciliations, relating to how Wendy's calculated the Amount allegedly due under the Cognovit Note, including any set-off Considerations.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 9:** All Documents relating to Wendy's Funding of WBR.

**RESPONSE:** Objection.   Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll Documents relating to Wendy's Funding of WBR."  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 10:** All documents, including without limitations, any Written Agreements, Term Sheets, Memoranda of Understanding, or Notes, relating to Wendy's Funding WBR.

**RESPONSE:** Objection. Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to Wendy's Funding of WBR." Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests. Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 11:** All documents, including without limitations, Promotional Materials, Presentations, or Proposals, Wendy's provided to Levy relating to WBR funding.

**RESPONSE:** Objection. Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant. Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 12:** All Documents relating to Wendy's intent or decision regarding whether to Fund WBR.

**RESPONSE:** Objection. Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll Documents relating to Wendy's intent or decision regarding whether to Fund WBR." Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests. Wendy's also objects

to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 13:** All documents, including without limitations, Board Minutes, Resolutions, or Meeting Notes, relating to the approval or denial of WBR funding.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to the approval or denial of WBR funding."  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 14:** All Communications between Wendy's and any Investors relating to WBR.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll Communications between Wendy's and any Investors relating to WBR."  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 15:** All documents, including without limitations, internal Financial Analysis, Forecasts, or Projections, prepared by Wendy's relating to the Joint Venture.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … prepared by Wendy's relating to the Joint Venture."  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 16:** All documents and communications relating to the Potential Buyer.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents and communications relating to the Potential Buyer."  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 17:** All documents, including without limitations, internal emails, Memoranda, or Notes, relating to the Potential Buyer.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to the Potential Buyer."  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it

calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 18:** All documents, including without limitations, Board Minutes, Resolutions, or Meeting Notes, relating to the approval or rejection of the Potential Buyer.

**RESPONSE:** Objection. Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to the approval or rejection of the Potential Buyer." Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests. Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 19:** All documents, including without limitations, Loan Agreements, Promissory Notes, Security Agreements, Guarantees, relating to the Debt incurred with the Brazilian Banks on behalf of WBR.

**RESPONSE:** Objection. Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to the debt incurred with the Brazilian Banks on behalf of WBR." Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing

10

General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 20:** All documents, including without limitations, Internal Memoranda, emails, or Notes, relating to the Negotiation, Approval, or authorization of the Brazilian Banks' loans.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … relating to the Negotiation, Approval, or authorization of the Brazilian Banks' loans."  Wendy's further objects to this Request on the grounds that it is vague and ambiguous because it does not define "Brazilian Banks' loans." Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request to the extent that the documents concern or relate to WBR.

**REQUEST NO. 21:** All documents, including without limitations, Board Minutes, Resolutions, or other Corporate Records, Approving or authorizing the Brazilian Banks loans.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … Approving or authorizing the Brazilian Banks loans."  Wendy's further objects to this Request on the grounds that it is vague and ambiguous because it does not define "Brazilian Banks loans." Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of

information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request to the extent that the documents concern or relate to WBR.

**REQUEST NO. 22:** All documents relating to Brazilian Banks financing of WBR.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents relating to the Brazilian Banks financing of WBR."  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 23:** All documents, including without limitations, Analyses, Forecast, or Projections, related to the impact of the Brazilian Banks loans on WBR's Financial Condition or Operations.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents … related to the impact of the Brazilian Banks loans on WBR's Financial Condition or Operations."  Wendy's further objects to this Request on the grounds that it is vague and ambiguous because it does not define "impact" or "Brazilian Banks loans."  Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client

privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 24:** All documents and communications in which Wendy's discussed including Levy's Franchise Restaurants in the Cognovit Note.

**RESPONSE:** Objection. Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant. Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests. Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 25:** All documents relating to the Franchise Restaurants' inclusion in the Execution of Cognovit Note.

**RESPONSE:** Objection. Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant. Wendy's further objects to this Request to the extent it is repetitive and redundant of the foregoing Requests. Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

13

**REQUEST NO. 26:** All documents relating to Levy's health condition including his cancer diagnosis or treatment.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  Wendy's further objects to this Request because it is not relevant to any claims or defenses in this case.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

**REQUEST NO. 27:** All documents relating to any Threatened Foreclosure, Termination, or other Adverse Action against the Franchise Restaurants.

**RESPONSE:** Objection.  Wendy's objects to this Request to the extent that it seeks documents and information presumably in Defendant's possession, custody, or control and thus equally accessible to Defendant.  Wendy's further objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Wendy's also objects to this Request as overbroad and not narrowly tailored to the needs of the case.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request to the extent that the documents concern or relate to the Cognovit Note.

**REQUEST NO. 28:** All documents relating to the decision to pay the Debt with the Brazilian Banks.

**RESPONSE:** Objection.  Wendy's objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents relating to the decision to pay the Debt with the Brazilian Banks."  Wendy's further objects to this Request

14

to the extent it is repetitive and redundant of the foregoing Requests.  Wendy's also objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the foregoing General and specific objections, Wendy's will produce relevant, non-privileged documents in its possession that are responsive to this Request.

Dated: January 7, 2026

                                        Respectfully submitted,

                                        /s/ Keith Shumate
                                        Keith Shumate (0056190)
                                        Kathryn M. Brown (0100426)
                                        Brittany Silverman (0102263)
                                        SQUIRE PATTON BOGGS (US) LLP
                                        2000 Huntington Center
                                        41 South High Street
                                        Columbus, Ohio 43215
                                        Telephone: +1 614 365 2834
                                        Fax: +1 614 365 2499
                                        keith.shumate@squirepb.com
                                        kathryn.brown@squirepb.com
                                        brittany.silverman@squirepb.com

                                        *Attorneys for Plaintiff Wendy's Netherlands B.V.*

15

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 7, 2026, a true and accurate copy of the foregoing was served upon all parties of record via electronic mail.

*/s/ Brittany Silverman*
Brittany Silverman

*Attorney for Plaintiff Wendy's Netherlands B.V.*