# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WENDY'S NETHERLANDS B.V.,** | : | |
| | : | **Case No. 2:24-cv-03077** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Magistrate Judge Kimberly Jolson** |
| **ANDREW LEVY,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT STATUS REPORT

Under the Court's March 23, 2026 Order (ECF # 86) (the "Order"), Plaintiff Wendy's Netherlands B.V. ("Plaintiff") and Defendant Andrew Levy ("Defendant") submit a Joint Status Report on the motion to compel filed by Defendant ("Motion") (ECF #85).

Defendant filed a motion to compel focused on Plainatiff's responses to Defendant's First Requests for Production. The Court directed the parties to meet and confer and submit a joint status report. (*See* Order, ECF #86). The parties met and conferred on March 24, 2026, as summarized below:

Plaintiff produced 1145 documents on March 23, 2026. Plaintiff represents that its document review and production are ongoing and anticipates substantial completion of document production by April 10, 2026.[1]

The discovery deadline under the Court's current scheduling order is May 11, 2026. (ECF # 84). The parties intend to set the depositions between April 10, 2026, and May 11, 2026.

---

[1] Although Defendant is the movant, he has produced 528 documents on March 19, 2026, and 391 documents on March 24, 2026. During the meet and confer, Defendant also agreed to substantial completion of his production by April 10, 2026.

<u>STATEMENT OF PLAINTIFF</u>

Plaintiff believes Defendant's Motion to Compel should be withdrawn as it was premature and without basis. Notably, the parties had not yet conferred about a document production schedule after mutually agreeing to engage in such conferral. Subsequent to filing Defendants' motion to compel, the parties met and conferred, and agreed on a deadline for substantial completion of documents.

In addition, Plaintiff's counsel has just appeared.  Plaintiff's counsel has expeditiously moved to transfer documents to its Relativity platform and is engaged in an extensive review of documents for production.  Plaintiff has produced a substantial amount of documents (Bates range Wendy_0000001-Wendy_0003863) and intends to produce more, following privilege review. Plaintiff made its first production of documents on March 23, 2026, which is the same date that Defendant had previously represented in writing it would make its first production of documents. Thus, Plaintiff was under the impression that the parties would both be making their first production of documents on March 23, 2026, and was surprised by Defendants' motion to compel.

As this Court recognized, the discovery in this case has significant privilege issues and Plaintiff must be cognizant not to inadvertently produce attorney-client communications.  *See* April 11, 2025 Opinion and Order (ECF # 38 at 12) (recognizing that Wendy's in-house counsel's communications are protected attorney-client privilege).  Nonetheless, Plaintiff has agreed to a substantial competition date of April 10, 2026, given the Court's expedited discovery timetable. Plaintiff continues to engage in a rolling production.  *See e.g. Gugino v. City of Buffalo,* 2021 WL 5239901, \*3 (W.D.N.Y. Nov. 10, 2021) (collecting cases) ("that a responding party provides requested document production on a so-called 'rolling basis,' as Defendant have and propose to continue, courts have approved such a method of compliance").  If Defendant nonetheless

30886732.v1

continues to have an issue with Plaintiff's production, Defendant should concretely explain what it is to Plaintiff and Plaintiff will work with Defendant on it. Indeed, the whole point of the parties' joint request for an extension of time for discovery was to work out these discovery issues, including when and how the productions would take place. *See* Joint Motion to Amend Scheduling Order (ECF # 83 at 4). To this end, Plaintiff's counsel has permitted its e-discovery personnel to be in direct contact with Defendant's counsel to ensure a smooth production of documents. Again, Plaintiff respectfully request Defendant withdraw its motion to compel.

Furthermore, Plaintiff wish to flag for the Court that, despite Plaintiff circulating a detailed good-faith discovery deficiency letter, Defendant has refused to adequately respond to Plaintiff's discovery requests. Plaintiff will continue to openly confer with Defendant, but, assuming Defendant does not change its position, Plaintiff will be forced to file its own motion to compel. As this Court knows, the primary issue in this case is whether Wendy's threatened to exert financial duress on Levy to the point that would destroy Levy's entire business enterprise.[2] Despite Defendant himself injecting the issue of financial duress into the case, Defendant has refused to produce *any* financial information that would (obviously) be relevant to Defendant's contention that he executed the Cognovit Note because doing otherwise would have meant financial death. *See* Evidentiary Hearing Transcript (ECF # 43:7-9) (if he did not execute the Cognovit Note, Levy contends that he "would lose the entire business, which was [his] entire livelihood"). Indeed, it was based on this key allegation that the Court permitted this case to proceed. *See* July 21, 2025 Opinion and Order (ECF # 44 at 12-13) (finding the existence of a duress defense due to Defendant's allegation of "financial death to him and his business"). Plaintiff has made every

---

[2] Levy argues that he signed the Cognovit Note under financial duress despite the fact that the Cognovit Note reduced Levy's potential liability by $1.2 million. following months of negotiations by Levy's lawyers.

3

effort to be reasonable and has already limited the requested years for the financial discovery based on Levy's suggestion.  *See* (ECF # 52 at 4) (Levy representation implying that financial information around the time of the alleged duress would be relevant: "Now, Plaintiff urges the Court to permit it discovery on financial ability to pay because it is relevant to duress.  Levy's financial status *today* does not tend to prove or disprove the duress he experienced when he signed the cognovit note.") (emphasis added).  Plaintiff's original request was for financial information from 2005 to present, but after Defendant's suggestion, Plaintiff, on its own accord, modified the request to be limited to information directly surrounding the execution of the Cognovit Note (2018 to 2021).  Defendant should produce relevant financial asset information for the time period requested.  *See Chico S.S. Moss v. Am. Private Equity*, 2019 U.S. Dist. LEXIS 73566, *7 (M.D. Fla. March 11, 2019) (compelling financial asset discovery because "Plaintiffs' assets during the two-year period before [the alleged duress were] relevant based on Plaintiff Moss's claim that he acted under economic duress in signing the Release Letter").[3]

Moreover, despite Plaintiff citing an on-point case from this very Court (*Qashqeesh v. Monster Beverage Corp*., 2021 WL 3634117 (S.D. Ohio Aug. 17, 2021)), Defendant stubbornly refuses to presently detail its litigation positions in response to Plaintiff's contention interrogatories.

Unfortunately—and despite Plaintiff's desire and efforts—these discovery issues will likely require Court intervention.[4]

---

[3] Levy has refused to identify or provide a summary of witness' knowledge who understand his financial livelihood.

[4] To be clear, Plaintiff only attempts to highlight the discovery issues in this status report.  Plaintiff's statements here do not constitute its complete response to Defendant's motion to compel.  Plaintiff will respond when ordered to do so, as contemplated under ECF # 86. Moreover, Defendant's purported distinction of *Chico SS Moss* is erroneous, but Plaintiff will not include that argument in this status report.  Plaintiff will respond to Defendant's arguments when appropriate.

30886732.v1

STATEMENT OF DEFENDANT

The initial draft Defendant circulated encompassed the information on the first page of this joint report and did not include separate positions by the parties to avoid turning a joint status report into a briefing. But Plaintiff added its own position to the draft, which in essence is its response to Defendant's Motion to Compel. Defendant, thus, has no choice but to add his own statement.

Defendant's position is that withdrawing the Motion to Compel is not warranted, and instead the Court should grant the Motion on paper and formally put the date of April 10, 2026, as the deadline for Plaintiff to produce all responsive documents. Defendant served his First Requests for Production of Documents on Plaintiff on December 8, 2025; the response was due on January 7, 2026. Defendant did not receive any documents. Defendant continued to work with Plaintiff and conferred numerous times about the production—both with Plaintiff's current and predecessor counsel. The record evidence, attached to Defendant's Motion to Compel, diaries Defendant's efforts to obtain the responsive documents without Court intervention. Defendant even shared a copy of the Motion to Compel with Plaintiff on February 25, 2026. Defendant did not receive any documents.

Plaintiff produced the first batch of documents on March 23, 2026. The date of production, almost 3 months after production was due, and three days after the filing of the Motion to Compel, shows that Defendant's Motion was appropriate. Even as of date of this joint report, Plaintiff has not produced all responsive documents. Given the discovery cut-off is May 11, 2026 discovery cut-off and Defendant has to prepare to depose at least 5 witnesses, Defendant had no choice but to file the Motion. Any claim of surprise by Plaintiff is not supported by the record.

5

30886732.v1

As to Plaintiff's position as to any deficiencies in Defendant's discovery responses, Defendant received Plaintiff's Discovery Deficiency Letter on March 17, 2026, and responded on March 25, 2026. The Parties have not yet met and conferred. Defendant is unclear as to which issues were resolved by the response, and which remain outstanding.  Further, the issues may be resolved if the parties exchange and discuss the legal support of their positions.

For instance, Plaintiff relies on a Middle District of Florida case applying Florida law. Letter citing *Chico S.S. Moss v. Am. Private Equity*, 2019 U.S. Dist. LEXIS 73566, *7 (M.D. Fla. March 11, 2019). But Florida law and Ohio law require different elements to prove an economic duress defense: Florida requires financial distress; Ohio does not. Compare *Amoco Oil Co. v. Gomez*, 125 F. Supp. 2d 492, 503 (S.D. Fla. 2000) with *Local 17 Intern. Ass'n of Bridge, Structural & Ornamental Iron Workers Pension Fund v. Mooney Welding, Inc.*, 993 F. Supp. 615, 618 (N.D. Ohio 1997). As such, while personal financial documents may be relevant to an economic duress defense in Florida, the same may not be in Ohio. This is why Defendant has objected to producing his personal financial records. Given that the Parties have not properly met and conferred, the issues raised in the Letter, Plaintiff's yet-to-be-filed motion to compel is not proper for this joint status report. The parties are in the process of scheduling a conference for Monday, March 30, 2026. Please see the correspondence between the parties, attached as Exhibit 1.

In the end, the parties agree Plaintiff produce the responsive documents by April 10, 2026. Defendant submits that the Court should grant the Motion to Compel and order production by that date.


Dated: March 26, 2026

Respectfully submitted,

6

30886732.v1

*/s/ Jon Polenberg*  
Jon Polenberg, Florida Bar No. 653306  
(Admitted Pro Hac Vice)  
BECKER & POLIAKOFF, P.A.  
1 East Broward Blvd., Suite 1800  
Ft. Lauderdale, FL 33301  
Telephone: (954) 987-7550  
Facsimile: (954) 985-4176  
jpolenberg@beckerlawyers.com

*/s/ Elin Park*  
Shalyn Watkins (0096026)  
Elin Park (Admitted *Pro Hac Vice*)  
Cary Aronovitz (Admitted *Pro Hac Vice*)  
HOLLAND & KNIGHT LLP  
4675 MacArthur Court, Suite 900  
Newport Beach, California 92660  
Telephone: (213) 896-2559  
Facsimile: (949) 833-8540  
Shalyn.Watkins@hklaw.com

*Attorney for Defendant Andrew Levy*

*Attorneys for Plaintiff Wendy's Netherlands B.V.*

## CERTIFICATE OF SERVICE

On March 26, 2026, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Jon Polenberg*  
Jon Polenberg  
*Attorney for Defendant Andrew Levy*

30886732.v1