**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WENDY'S NETHERLANDS B.V.,** | : | |
| | : | **Case No. 2:24-cv-03077** |
| **Plaintiff,** | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Magistrate Judge Kimberly Jolson** |
| **ANDREW LEVY,** | : | |
| | : | |
| **Defendant.** | : | |

---

**JOINT STATUS REPORT**

---

Under the Court's April 1, 2026, Order (ECF # 88) ("Order"), Plaintiff Wendy's Netherlands B.V. ("Plaintiff" or "Wendy's") and Defendant Andrew Levy ("Defendant" or "Levy") (collectively, "Parties") submit a Joint Status Report indicating the status of their discovery dispute and whether the Motion to Compel is moot.

On April 10, 2026, the Parties substantially completed their respective productions of responsive documents as agreed.

Defendant Levy has not completed reviewing Plaintiff's production and therefore maintains that he cannot determine if there is any deficiency in Plaintiff's production. Thus, Levy proposes that the Parties submit a further Joint Status Report by April 20, 2026, advising the Court whether Defendant's Motion to Compel is moot.

Plaintiff maintains that the filed Motion to Compel is now moot and, if Levy, in the hypothetical future, identifies a deficiency in Plaintiff's production, that would be a basis for a new motion to compel that should proceed independently. That said, Plaintiff does not oppose the filing of a further Joint Status Report by April 20, 2026.

31003313.v1

<u>Plaintiff's Position</u>

Wendy's maintains that Levy's Motion to Compel should be denied as moot.  Wendy's represents (and Levy agrees) that Wendy's production is substantially[1] complete.  That representation moots the Motion to Compel.  Even if Wendy's failed to timely produce documents (it did not),[2] Levy's demand for documents is now moot.  *See Staib v. Vaughn Indus., Inc.,* 171 F. Supp. 2d 714, 715 (N.D. Ohio 2001) ("These documents have been produced, albeit their production was delayed…Production having been accomplished, this request is moot").

What's more, the basis of Levy's Motion to Compel was that Wendy wholly failed to produce any documents in a timely fashion.  *See* ECF #85, PAGID #2726 (arguing that Wendy's failed "to produce any documents months after its deadline").  If Levy has a new (hypothetical) grievance that Wendy's production was incomplete or has unnamed "deficiencies," that would be the subject of a new motion to compel.  *See Jones-McNamara v. Holzer Health Sys*., 2014 WL 3563406, at *4 (S.D. Ohio July 18, 2014) ("Holzer has now located and produced a large number of additional documents...That production has likely either mooted the issues raised in the motion to compel or significantly changed them. The Court will therefore deny the motion as moot, but if there are still issues relating to document production, Ms. Jones–McNamara is free to pursue them by way of either an informal conference or a renewed motion.").  The Motion to Compel should

---

[1] The parties agreed to a "substantial competition" deadline so they could supplement their productions under Rule 26(e) if they locate some additional responsive documents after April 10, 2026.

[2] Wendy's made its first production of documents on March 23, 2026, which is the same date that Levy had previously represented it would make its first production of documents. Thus, Wendy's was under the impression that the parties would both be making their first production of documents on March 23, 2026 (Levy first produced documents on March 19, 2026).  Because Wendy's represented that it would produce documents on a rolling basis and did so prior to the close of discovery, there is no Rule 34 violation. *See Canales v. OPW Fueling Components LLC*, 2025 WL 556358, *3-4 (E.D.N.C. Feb. 18, 2025) (no violation of Rule 34 by party stating that it would produce documents on a rolling basis and, in fact, completing "production by the close of discovery").

2

31003313.v1

be denied as moot, but the parties can nonetheless file a Joint Status Report by April 20, 2026 advising of ongoing discovery progress.

Defendant's Position

In principle, Defendant agrees if Plaintiff's production is complete, the motion to compel would be moot. But Defendant has not been able to verify that and suggests it is premature to declare the motion "moot." Defendant received the last batch of production on April 10, 2026—about two days ago. Defendant has not been able to review the production to verify completion.

Defendant filed the motion to compel for three purposes: (1) he had not received any documents; (2) he needed the documents to review and prepare for depositions; and (3) the parties are a very tight discovery deadline, which the Court warned the parties would not be extended absent good cause. The first purpose is accomplished. But Defendant need to review the documents to ensure the production is complete.  Defendant will complete his review this week.

Defendant's position to evaluate the production and file a status report before agreeing to call the motion "moot" also serves a practical purpose. Defendant met and conferred with Plaintiff's current counsel twice. Defendant also communicated about the production with Plaintiff's predecessor counsel on multiple occasions between January 8 and January 26, 2026. The parties have dedicated considerable efforts to confer on the relief the motion sought. Plaintiff's position to deny the motion as to moot invites another motion to compel if the production is not complete. In the cases Plaintiff cites, a party moved to compel after production was completed. Pl.'s Statement citing *Staib v. Vaughn Industries, Inc.*, 171 F. Supp. 2d 714 (N.D. Ohio 2001); and *Jones-McNamara v. Holzer Health System*, 2014 WL 3563406 (S.D. Ohio July 18, 2014).

That will lead to more motion practice, and duplicate efforts. Compounded with the discovery cutoff on May 11, 2026, more motion practice will only delay the case's progress.

3

Defendant suggests a better course of action would be to verify the production and advise the Court in a joint status report. Plaintiff has no objection to providing one on April 20, 2026, as Defendant suggested.

Accordingly, Defendant proposes that the Parties submit a further Joint Status Report by April 20, 2026, advising the Court whether the Motion to Compel is moot or address any deficiency.

Dated: April 13, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Jon Polenberg* | */s/ Elin Park* |
| Jon Polenberg, Florida Bar No. 653306 | Shalyn Watkins (0096026) |
| (Admitted Pro Hac Vice) | Elin Park (Admitted *Pro Hac Vice*) |
| BECKER & POLIAKOFF, P.A. | Cary Aronovitz (Admitted *Pro Hac Vice*) |
| 1 East Broward Blvd., Suite 1800 | HOLLAND & KNIGHT LLP |
| Ft. Lauderdale, FL 33301 | 4675 MacArthur Court, Suite 900 |
| Telephone: (954) 987-7550 | Newport Beach, California 92660 |
| Facsimile: (954) 985-4176 | Telephone: (213) 896-2559 |
| jpolenberg@beckerlawyers.com | Facsimile: (949) 833-8540 |
| | Shalyn.Watkins@hklaw.com |
| *Attorney for Defendant Andrew Levy* | |
| | *Attorneys for Plaintiff Wendy's Netherlands B.V.* |

## CERTIFICATE OF SERVICE

On April 13, 2026, this document was filed electronically with the Clerk of the United States Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties.

*/s/ Elin Park*
Elin Park

31003313.v1