**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

WENDY'S NETHERLANDS B.V.,

                Plaintiff,

v.

ANDREW LEVY,

                Defendant.

Civil Action No. 2:24-cv-03077

**DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

The defendant, Andrew Levy ("Levy"), moves this Court under Fed. R. Civ. P. 16(b)(4) and S.D. Ohio Civ. R. 16.2 to extend the discovery deadline. In support, Levy states the following:

**THE PROCEDURAL POSTURE**

The discovery deadline under the Court's Scheduling Order was May 11, 2026. In April 2026, the parties began scheduling the depositions of witnesses, including third-party witnesses. Wendy's sought to depose Andrew Levy, Heather Levy, and Marcos Silva. Levy planned to depose Bob Wright, Carlos Ribas, Brian Daughney, Kris Kaffenbarger, Peter Koumas, and Carlos Alves.

Close to the end of April, it became clear that some witnesses were not available to be deposed before May 11, 2026, and required accommodation. The parties met and conferred, and on April 27, 2026, jointly asked the Court to extend the deadline by eleven days, until May 22, 2026, to complete the depositions. [D.E. 100.] On April 29, 2026, the Court granted the joint motion and extended the deadline accordingly. [D.E. 103.]

Since that extension, the parties have made significant progress. Levy has already deposed Bob Wright, Peter Koumas, Carlos Alves, and Brian Daughney. The parties coordinated Silva's deposition on May 6, 2026, to take place on May 20, 2026. Wendy's cancelled it on May 18, 2026.

Despite the parties' efforts to coordinate dates, they cannot complete the following depositions on May 22, 2026, because of witness availability, counsel scheduling conflicts, or both: Carlos Ribas, Kris Kaffenbarger, Heather Levy, and Andrew Levy. Wendy's recently confirmed the deposition for Andrew and Heather Levy for May 26, 2026. The parties had scheduled Ribas' deposition for May 22, 2026, but Wendy's needed to reschedule it, and it will now take place May 28, 2026. Kaffenbarger's deposition will take place on May 29, 2022. Accordingly, Levy requests that the Court extend the deadline to complete depositions through June 1, 2026.

## PARTIES' AGREEMENT

Both parties have identified witnesses for depositions, but they cannot complete them before the May 22, 2026 deadline. The parties agree to extend the deadline to get them done. The parties disagree only about whether that extension should also include Marcos Silva's deposition.

## PARTIES' DISAGREEMENT OVER SILVA

Wendy's opposes any extension that would cover the deposition of Marcos Silva ("Silva"). Levy needs to depose Silva, a third-party witness with material information about the Brazilian Joint Venture ("WBR") at issue here. Silva resides in Broward County, Florida — well over 100 miles from this Court and outside the State of Ohio. Because Silva lives beyond the Court's trial subpoena power, Levy cannot compel Silva to appear and testify at trial. *See* Fed. R. Civ. P. 45(c)(1). Silva's deposition therefore represents Levy's only means of preserving and presenting Silva's testimony for use at trial. *See* Fed. R. Civ. P. 32(a)(4)(B) (permitting a party to use a deposition at trial when the witness resides more than 100 miles from the place of trial or outside the state in which the trial takes place). Under a subpoena Levy issued on May 18, 2026, Silva's deposition is currently set for June 1, 2026.

2

On April 14, 2026, Wendy's issued a subpoena to Silva to depose him on May 1, 2026. A copy of the subpoena and its notice are attached as Exhibit 1. On April 27, 2026, Silva requested to meet and confer with Levy and Wendy's about confidentiality terms in a settlement agreement. The parties coordinated with Silva to set his deposition for May 20, 2026. On May 13, 2026, Levy and Wendy's met with Silva and resolved the confidentiality issues.

On May 18, 2026, at 2:00 p.m. — before Levy was able to serve a cross-notice for that deposition — Wendy's cancelled it. Levy immediately reached out to Silva to preserve the date, because he intended to move forward with the deposition. Silva responded that Levy would need to issue a new subpoena. A copy of the correspondence is attached as Exhibit 2.

That same day, Levy issued a new subpoena setting Silva's deposition for June 1, 2026 — the earliest practicable date that would allow Silva a reasonable time to comply after Wendy's cancellation.[1] A copy of the subpoena and its notice is attached as Exhibit 3. Silva was served on May 19, 2026. A copy f the affidavit of service is attached as Exhibit 4.

Levy needs to depose Silva because he will be unavailable for trial. Wendy's opposes Levy taking Silva's deposition.

### ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Local Rule 16.2 empowers a Magistrate Judge to "modify scheduling orders upon a showing of good cause." Acting diligently is the cornerstone of good cause. *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021) (quoting *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D.

---

[1]     Although Rule 45 does not define a specific minimum period, it requires that a subpoena provide a reasonable time to comply. After Wendy's cancelled the May 20 deposition on May 18, 2026, June 1, 2026 was the earliest practicable date that afforded Silva reasonable notice.

3

Ohio June 8, 2007)).  The overarching inquiry in the good-cause analysis is the moving party's diligence in pursuing discovery. *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011). "A party seeking to modify a scheduling Order need not show perfect diligence, but can establish good cause when it can show that it has been reasonably diligent." *Reed v. Hope Depot U.S.A., Inc.*, No. 2:16-CV-926, 2017 WL 5202684, at *2 (S.D. Ohio May 15, 2017). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

## I.   Levy Has Been Diligent in Pursuing Discovery.

Levy has been diligent in pursuing discovery. When it became apparent in late April 2026 that certain witnesses could not be deposed before the original May 11 deadline, the parties met and conferred; then, they jointly moved to extend on April 27, 2026. [D.E. 100.] The Court granted that motion on April 29, 2026, extending the deadline to May 22, 2026. [D.E. 103.]

Since that extension, Levy has pursued and completed depositions. Levy has already deposed Bob Wright, Peter Koumas, Carlos Alves, and Brian Daughney. The parties cannot complete the depositions for Marcos Silva, Carlos Ribas, Kris Kaffenbarger, Heather Levy, and Andrew Levy by May 22, 2026, because witnesses and counsel are unavailable. Both parties acknowledge that the current deadline is insufficient and agree that an extension is necessary. This is precisely the type of "reasonable diligence" that satisfies the good-cause standard. *Reed*, 2017 WL 5202684, at *2.

## II.   No Party Will Suffer Prejudice by the Extension.

The requested extension will not prejudice either party. *Reed*, 2017 WL 5202684, at *2 (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)) ("Although the primary focus of the inquiry is whether the party seeking to amend was diligent, the presence

4

or absence of prejudice to the non-moving party may be considered."). An extension will help all parties develop their case by receiving additional discovery and taking necessary depositions. *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (finding no prejudice to the opposing party under Rule 16 and granting leave to extend the discovery deadline).

Both parties have witnesses who are available only after May 22, 2026, and both parties agree they need to extend the deadline. A brief extension will benefit all parties by affording additional time to complete outstanding depositions and fully develop their respective cases.

### III. The Extension Should Include Time to Complete Silva's Deposition.

The extension should include time to depose Marcos Silva, currently scheduled for June 1, 2026. Silva is a third-party witness with material knowledge regarding the Brazilian Joint Venture at issue here. Silva resides in Miami, Florida — well beyond 100 miles from this Court and outside the State of Ohio. This Court therefore cannot compel Silva to appear and testify at trial. *See* Fed. R. Civ. P. 45(c)(1); *Yerkes v. Ohio State Hwy. Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *5 (S.D. Ohio Dec. 2, 2024) ("[A] subpoena for a civil trial generally cannot compel the presence and testimony of an out-of-state witness who does not currently reside, work, or regularly transact business within 100 miles of the trial location."), *appeal dismissed*, 2025 WL 992614 (6th Cir. Mar. 19, 2025); *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *7 (S.D. Ohio Jan. 26, 2012) (holding that under Rule 45(c)(3), witnesses residing more than 100 miles from the courthouse cannot be required to appear in person).

Because Silva resides beyond the 100-mile limit on this Court's subpoena power, his deposition represents Levy's only means of preserving and presenting Silva's testimony at trial. It is "axiomatic that a witness is unavailable and that, therefore, his deposition may be used during a trial, when he resides beyond the 100-mile limit on the subpoena power of the Court." *Smith v.*

*United States*, No. 3:95cv445, 2012 WL 1453570, at *31 (S.D. Ohio Apr. 26, 2012); *see* Fed. R. Civ. P. 32(a)(4)(B). Moreover, when a witness resides more than 100 miles from the place of trial, "there is no need to show that the witness is otherwise unavailable" — distance alone suffices. *Id.* at *32 (citing *Daigle v. Maine Med. Ctr., Inc.*, 14 F.3d 684, 691–92 (1st Cir. 1994)).

Levy acted promptly and diligently at every stage to secure this deposition. Wendy's subpoenaed Silva on April 14, 2026, for a May 1 deposition. When Silva raised confidentiality concerns, the parties addressed and resolved them on May 13, 2026, and promptly reset the deposition for May 20, 2026. Then, two days before it was to occur, Wendy's cancelled the deposition. Levy moved immediately to preserve the deposition date, but Silva required a new subpoena. Levy issued that subpoena the same day, the process server delivered the subpoena on May 19, 2026, setting Silva's deposition for June 1, 2026. That is the earliest practicable date.

Levy coordinated with Silva and Wendy's, resolved the confidentiality issue, and immediately re-subpoenaed Silva when Wendy's cancelled the deposition. Wendy's should not be able to manufacture a scheduling obstacle by cancelling the deposition it initiated and then invoking the resulting deadline pressure to exclude that deposition from the extension. Excluding Silva's deposition would reward Wendy's for its last-minute cancellation and prejudice Levy by depriving him of material testimony from a key witness. Good cause supports including Silva's deposition within the extended deadline.

The stakes of this deposition cannot be overstated. If the Court excludes Silva's deposition from the extended deadline, Levy will permanently lose the ability to obtain and preserve testimony from a witness with firsthand knowledge of the Brazilian Joint Venture. Denying Levy the opportunity to depose Silva would effectively deprive him of material evidence at trial through no fault of his own.

**CONCLUSION**

For these reasons, the defendant, Andrew Levy, respectfully requests that this Court enter an order granting this Motion, extending the discovery deadline through June 1, 2026, and granting any further relief this Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Fed. R. Civ. P. 37(a)(1), Defendant certifies that counsel conferred in good faith with counsel for Plaintiff on May 20, 2026, and also shared a copy of this motion with counsel for Plaintiff to resolve the issues in this Motion. Counsel for Plaintiff indicated that Plaintiff would file a response to this Motion rather than joining it.

Dated: May 20, 2026.                              Respectfully submitted,

*/s/ Jon Polenberg*
Jon Polenberg, Florida Bar No. 653306
*(Admitted Pro Hac Vice)*
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone:  (954) 987-7550
Facsimile:   (954) 985-4176
jpolenberg@beckerlawyers.com
*Attorneys for Defendant*
*Andrew Levy*

7

## CERTIFICATE OF SERVICE

I certify that on May 20, 2026, this document was electronically filed with the Clerk of the

Court which will electronically serve a copy of same on all counsel of record for all parties.

/s/ Jon Polenberg
Jon Polenberg


## SERVICE LIST

Shalyn Watkins
HOLLAND & KNIGHT LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: (213) 896-2559
Facsimile: (949) 833-8540
shalyn.watkins@hklaw.com
ericka.mendez@hklaw.com
hapi@hklaw.com
*Attorneys for Plaintiff*
*Wendy's Netherlands B.V.*

Elin Parker (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: (312) 715-5730
Facsimile: (312) 578-6666
elin.park@hklaw.com
*Co-Counsel for Plaintiff*
*Wendy's Netherlands B.V.*

Cary Aronovitz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 789-7520
Facsimile: (305) 789-7799
cary.aronovitz@hklaw.com
*Co-Counsel for Plaintiff*
*Wendy's Netherlands B.V.*

8

31460297.v1