**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

WENDY'S NETHERLANDS B.V.,

      Plaintiff,

vs.                                   Case No. 2:24-cv-03077

ANDREW LEVY,

      Defendant.

_____ /

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

Plaintiff Wendy's Netherlands B.V. ("Wendy's) responds in partial opposition to Andrew Levy's motion to extend the discovery deadline ("Motion"). Wendy's agrees and joins that the deposition deadline[1] should be extended until May 29, 2026. However, Levy's proposed deposition of Marcos Silva should not proceed because Levy has not been diligent in seeking to depose Mr. Silva, and it is an unnecessary deposition given the substantial number of emails now produced by the parties at considerable time and expense and based upon three additional depositions that have already addressed WBR: the parties' joint venture in Brazil.

---

[1] The parties previously requested an extension of the discovery deadline for depositions of select witnesses that each party had already identified and could not be deposed due to scheduling issues, and the Court granted an extension of the discovery deadline for the specific purpose of those depositions. ECF #101 ("The parties may have until May 22, 2026, to complete depositions."); ECF #111 (again extending "deposition deadline" to May 27, 2026). An extension of the deposition discovery deadline for these witnesses ((i) Carlos Ribas, (ii) Andrew Levy, (iii) Kris Kaffenbarger, and (iv) Heather Levy) is reasonable because the extension request is due to scheduling issues. Carlos Ribas and Kris Kaffenbarger are Wendy's corporate representatives. Andrew Levy is a party defendant and a counterclaim plaintiff. And Heather Levy is the wife of Andrew Levy, clearly with material information as to the Levys' finances, supporting that he was not under financial duress in the months' long negotiation over the Cognovit note, in which Mr. Levy was also represented by counsel Mr. Polenberg and another attorney Brian Daughney. *See In re Shur*, 225 B.R. 295, 298 (Bankr. E.D.N.Y. 1998) (explaining a spouse cannot "fly the nonparty flag" and "fall[s] closer to (if not within) the party side of the party-nonparty spectrum"). Wendy's does not agree to an extension of the discovery deadline to add another deposition for Mr. Silva. Levy has not presented good cause for such an extension, as explained *infra*.

1

## THE PROCEDURAL POSTURE

On April 14, 2026 Wendy's issued a non-party subpoena to Mr. Silva. Since then, through the progression, production, and review of thousands of emails, and the depositions of Bob Wright, Peter Koumas, and Carlos Alves, which have clearly disproved any possible fraud involving WBR, Wendy's has reevaluated its need to depose Mr. Silva and does not believe his testimony is needed. Wendy's also has learned that Mr. Silva sued Mr. Levy to enforce payment obligations under a promissory note—and just like in this case—Mr. Levy responded by counter-suing Mr. Silva for fraud related to WBR. Given their past litigation, Mr. Silva's counsel reached out to Wendy's counsel about his concern due to a confidential settlement agreement between Mr. Levy and Mr. Silva to resolve their lawsuit, and the concern that a deposition will cause Mr. Silva to violate confidentiality issues. Wendy's then decided it was no longer needed to take Mr. Silva's deposition given: (i) the confidentiality issues raised by Silva's counsel to both parties, (ii) the needless motion practice that may ensue, (iii) three depositions were taken by Levy related to WBR and a fourth is set for May 28; and (iv) that thousands of emails have been produced by each side including many with Mr. Silva that are admissible at trial as admissions of a party opponent.[2]

Discovery ended on May 11, 2026 (ECF No. 84) and was only extended to complete additional depositions. On May 18, 2026, after Wendy's cancelled the deposition of Mr. Silva, Levy noticed his deposition for June 1, 2026. Wendy's opposes the additional discovery obligation as Mr. Levy's only actual defense appears to be to cause Wendy's to expend funds on this litigation.

---

[2] Mr. Levy's claimed prejudice if not permitted to depose Mr. Silva is overblown. Mr. Silva sat on the Board of WBR (with Wendy's and a third investor group, Infiniti) and sent repeated emails to Wendy's and Infiniti. These emails, and Wendy's responses, would be admissible under Fed. R. Evid. 801(d)(2) as admissions by a party opponent.

**ARGUMENT**

### I.    Levy Has Not Been Diligent in Seeking to Depose Mr. Silva.

In the Sixth Circuit, "[t]he overarching inquiry" guiding the determination of whether good cause exists to modify a discovery deadline "is whether the moving party was diligent in pursuing discovery." *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011).  Levy was not diligent in seeking to depose Mr. Silva.  If Mr. Silva were actually such an important witness, then Levy could have subpoenaed Mr. Silva anytime since October 24, 2025 (when the parties held their Rule 26(f) conference and thus when discovery began).  ECF #62.  Moreover, Levy could have cross-noticed Mr. Silva for deposition anytime after Wendy's subpoenaed Mr. Silva on April 14, 2026.  But he did not.  Instead, he ostensibly has a newfound interest in wanting to depose Mr. Silva simply because Wendy's has declined to do so.

Levy at all times has known of Mr. Silva's involvement in WBR as he was the President of Starboard and was involved in WBR's operations, as identified in Levy's counterclaim.  *See* ECF #51, PAGEID #2105, ¶ 22-23 (detailing alleged Wendy's representations made to Mr. Silva). Levy does not even try to suggest that Silva's relevance was recently obtained, or present an excuse for his failure to subpoena Mr. Silva since mid-last year.  He just tries to spin the blame onto Wendy's.

Levy's central argument is that Wendy's manufactured a scheduling obstacle by cancelling *its own* deposition and that all of a sudden Levy needs a trial deposition.  But Wendy's had every right to cancel its own subpoena (and, as stated above, it did not do this for gamesmanship purposes; Wendy's simply reevaluated the necessity of Mr. Silva's testimony given the time and expense, issues raised by Silva's own counsel, and that the parties emails to each other are admissible at trial). If this were actually a necessary witness, then Levy had an independent

3

obligation to preserve his own deposition rights by cross-noticing Mr. Silva.  Levy apparently instead hoped to ride Wendy's subpoena, but that is not a diligent pursuit of discovery.

Levy cannot rescue himself from his own lack of diligence by pointing to Wendy's separate (timely) subpoena. *SHS ACK, LLC v. Silberberg*, No. 21-CV-12121-AK, 2023 WL 4186289, at *3 (D. Mass. June 26, 2023) is instructive.  There, a subpoena was served on a non-party prior to the close of discovery.  But the deposition was subsequently "canceled." *Id*.  Another subpoena was then served, but after the discovery period.  The Court explained: "the fact that [the non-party] was once served an identical subpoena duces tecum before the close of discovery is not an exception that would allow [the party] to enforce the March 2023 subpoena, which was served after fact discovery closed." The Court here should likewise not lightly excuse Levy's lack of diligence.  *See also Burket v. Hyman Lippitt, P.C.,* No. CIV.A. 05-72110, 2008 WL 718180, at *1 n.3 (E.D. Mich. Mar. 14, 2008) (holding that another party's notice of deposition of a non-party issued prior to the discovery deadline did *not* excuse the plaintiff's own failure to notice a deposition of the non-party prior to the discovery deadline even when the originally-noticed deposition "never occurred."); *Bradley v. Wells Fargo Bank, N.A*., No. 12-CV-127-PB, 2015 WL 12851707, at *2 n.2 (D.N.H. Sept. 18, 2015) (finding that a party's failure to cross-subpoena a witness it was on notice of, demonstrated a lack of the diligence required to modify a scheduling order).  Levy has failed to present good cause to extend the schedule to depose Mr. Silva.

II.      **Levy's Claim of Prejudice Does Not Overcome the Lack of Diligence and is Overstated.**

As a threshold matter, the Sixth Circuit has not recognized prejudice *to the moving party* as a cognizable factor in the good cause analysis.  *See Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) ("Another relevant consideration is possible prejudice *to the party opposing the modification*.") (emphasis added).  And, in any event, courts hold that prejudice analysis is

4

secondary to diligence.  "[C]ourts consider the extent of prejudice to the nonmoving party only if the movant proceeded diligently, and then only to ascertain whether there exist additional reasons to deny a motion." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014) (internal citations omitted).  Even if it was valid to consider whether the moving party would be prejudiced without an extension (it does not appear to be), "a party's failure to exercise reasonable diligence is no mere technicality." *Id.* at 480 (rejecting movant's argument to the contrary); *see e.g. Good v. BioLife Plasma Servs., L.P.,* 656 F. Supp. 3d 738, 740 (E.D. Mich. 2023) (denying motion to extend discovery deadline to depose an "important" third party witness because the party was not diligent in seeking to depose the witness).  Similarly here, Levy's lack of diligence is no mere technicality.  *See id*.  Even if the Court considers Levy's claimed prejudice (which it should not), Levy's assertion of possible prejudice is not outweighed by his lack of diligence in subpoenaing (or even cross-subpoenaing) Mr. Silva, and the significant expense that Wendy's has encountered to meet its discovery obligations.

In any event, his claim of prejudice is overstated.  It is not true that Mr. Silva's deposition represents Levy's only means of presenting Mr. Silva's testimony at trial.  Mr. Silva very well might appear voluntarily, especially if Levy paid for his travel or if the Court accommodated him through trial testimony by video under Rule 43(a).  Mr. Silva's words and actions are also copied on several emails between the parties, many of which are admissible at trial under Fed. R. Evid. 801(d)(2).  Levy simply guesses that he will be prejudiced in a trial (if one even occurs—his fraud claim is pending a motion to dismiss for various dispositive reasons).  To the extent that prejudice is considered, it does not outweigh Levy's lack of diligence.[3]

---

[3] Levy also had the ability to subpoena any of the Infiniti Partners-the other 40% owner of WBR.  Levy failed to do so.  His claim that Silva is the only person with knowledge of the Joint Venture is false, and again captured in the scores of emails sent between Starboard, Infiniti, and Wendy's.

<u>CONCLUSION</u>

Levy says "[d]enying [him] the opportunity to depose Silva would effectively deprive him of material evidence at trial *through no fault of his own*." Motion at 6 (emphasis added).  But that is manifestly false.  Wendy's has expended significant sums to produce thousands of responsive documents and take and defend eight (8) scheduled depositions.  The extension should be denied as to Mr. Silva because Levy had seven months to act independently and failed to do so, and no amount of claimed prejudice changes that calculus under Sixth Circuit law.   Given the overwhelming evidence in this case, Levy's position is simply to litigate and cause additional expenses.  The tactic should not be rewarded.  Accordingly, the Court should deny an extension to depose Mr. Silva, but otherwise grant in part the Motion to allow depositions of the long-noticed witnesses that have not yet been deposed due to scheduling issues (namely: Kris Kaffenbarger (May 29), Carlos Ribas (May 28), Andrew Levy (May 26), and Heather Levy (May 26)).

Respectfully submitted,

   */s/  Elin Park*
Shalyn Watkins (0096026)
Elin Park (Admitted *Pro Hac Vice*)
Cary Aronovitz (Admitted *Pro Hac Vice*)
**HOLLAND & KNIGHT LLP**
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Ph:  213-896-2559
Service emails:  shalyn.watkins@hklaw.com,
elin.park@hklaw.com, cary.aronovitz@hklaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2026, the foregoing was filed with the Clerk of Court via the Court's CM/ECF system, which will serve, via email, all counsel of record.

   */s/ Elin Park*
Attorney

6

#538933141_v2