**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

WENDY'S NETHERLANDS B.V.,

        Plaintiff,

v.

ANDREW LEVY,

        Defendant.

Civil Action No. 2:24-cv-03077

## DEFENDANT'S MOTION TO EXTEND THE CASE SCHEDULE TO ALLOW FOR MARCOS SILVA'S DEPOSITION

The Defendant, Andrew Levy ("Levy"), moves this Court under Fed. R. Civ. P. 16(b)(4) and S.D. Ohio Civ. R. 16.2 to extend the discovery deadline only to allow for Marcos Silva's deposition. In support, Levy states the following:

### INTRODUCTION

Good cause exists under Federal Rule of Civil Procedure 16(b)(4). First, Levy diligently pursued Silva's deposition, and any delay resulted from Wendy's cancelling the deposition it had already noticed. Second, Silva's testimony is relevant and proportional under Federal Rule of Civil Procedure 26(b)(1) because he is a fact witness for Levy's counterclaim and defenses. Third, without an extension, Levy will lose the only means to preserve testimony from a witness who is legally unavailable for trial.

### PROCEDURAL BACKGROUND

The procedural history confirms Levy's diligence. The parties coordinated Silva's deposition on May 6, 2026, for May 20, 2026, after addressing Silva's confidentiality concerns. Wendy's canceled the deposition on May 18, 2026. Levy acted the same day to preserve Silva's

testimony. He issued a new subpoena for June 1, 2026, the earliest practicable date that gave reasonable notice to a nonparty witness. He also moved to extend the discovery deadline to allow Silva's deposition. ECF No. 109. Wendy's opposed that request. ECF No. 114. The Court entered a notation order recognizing that the parties had not resolved the issue and permitted Levy to seek relief through this motion. ECF No. 120.

## ARGUMENT

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); S.D. Ohio Civ. R. 16.2. Good cause turns on the movant's diligence. *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021). Reasonable diligence is enough. *Reed v. Home Depot U.S.A., Inc.*, No. 2:16-cv-926, 2017 WL 5202684, at *2 (S.D. Ohio May 15, 2017). Courts also consider prejudice to the opposing party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

## I.      Levy Diligently Pursued Discovery.

Courts in this District find good cause where delay stems from circumstances outside the movant's control, causes only a brief and nonprejudicial extension, and the movant acted with reasonable diligence. *Waggoner v. Ohio Cent. R.R.*, 242 F.R.D. 413, 415 (S.D. Ohio 2007); *Reed*, 2017 WL 5202684, at *2. That is what happened here. Levy did not sit on his rights or neglect Silva's deposition. He relied on the coordinated discovery process Plaintiff initiated, including Plaintiff's subpoena to Silva and the agreed deposition date. When Plaintiff canceled at the last moment, Levy acted the same day: he issued a replacement subpoena to preserve the testimony. He also promptly moved to extend the discovery deadlines and advised the Court of the importance of Silva's testimony. ECF No. 109. The extension became necessary because Plaintiff's noticed deposition did not go forward—not because Levy failed to act.

A brief extension will not prejudice Wendy's. It already noticed Silva's deposition, secured

the date, and prepared to take it. Levy seeks enough time to complete that same deposition. Wendy's argument that Levy should have subpoenaed Silva earlier ignores the discovery sequence Wendy's created. ECF No. 114. Wendy's delayed document production for months. Exhibit A contains communications between counsel documenting those delays. The parties wanted that production before taking depositions so counsel could examine witnesses on a complete record. *See* Exhibit 1, January 8 and January 26, 2026 Parties' Correspondence. Wendy's cannot delay production, insist that depositions wait for documents, and then fault Levy for relying on the deposition date Wendy's had secured.

Levy acted reasonably. Wendy's noticed Silva's deposition, secured the date, and worked through Silva's confidentiality concerns. Levy prepared to proceed on that schedule. When Wendy's canceled two days before the deposition, Levy acted the same day to re-subpoena Silva and preserve the testimony. That is diligence under Rule 16.

## II.     Silva's Testimony Is Central to the Case.

Silva's testimony is not only relevant and proportional to the case, but it also sits at the dispute's center. Wendy's witnesses establish Silva's relevancy to the dispute and place him among Starboard's two principals. Their testimony links him to the funding, equity, and sale decisions that underlie Levy's counterclaim and defenses.

Robert Wright was Wendy's Chief Operating Officer during the relevant period. He testified the joint-venture partners were "Andrew Levy and his partner Marcos Silva" and "Starboard was Andrew and Marcos." Wright's deposition transcript at 16:4–13, attached as Exhibit 2, with relevant Exhibits. Peter Koumas was Wendy's Director of International Finance. He also testified "Andrew Levy and Marco Silva were the two main partners" in Starboard. Koumas's deposition transcript at 14:11–17 attached as Exhibit 3, with relevant Exhibits.

3

Wright tied Silva to the funding and equity issues. He testified that Levy "and Marcos [were] prepared to fund the unfunded capital call by Infinity," which would increase their equity position and dilute Infinity's. Ex. 2 at 118:23–119:2. Wright included Silva on the February 28, 2018, email about WBR funding and the $1.5 million tied to the ownership transition. Ex. 2 at 129:3–10. Silva authored February 2, 2018, email to Wright about the Development Agreement. Ex. 2 at 122:20–123:3.

Wendy's witnesses tied Silva to the sale process. Wright testified Silva had more in-market experience than Levy and used his network to find an investment firm for the sale. Ex. 2 at 119:16–120:1. Koumas testified Silva reviewed, and approved the Confidential Information Memorandum before investors received it. Ex. 3 at 35:24–40:8. Silva also received the "Deal Tracker" correspondence. Ex. 3 at. 38:24–39:8; 43:23–44:6.

The existing record cannot replace Silva's deposition. Koumas testified that he had no conversations with Levy and learned Starboard's positions secondhand. Ex. 3 at 61:10–15. Wright testified that emails refreshed his memory of the events. Ex. 2 at 118:16–23; 124:9–13; 117:13–19. The record contains documents that Silva wrote or received, but those documents do not explain his intent, the facts underlying the funding obligations he wrote about, or the context for the parties' communications.

Rule 26 authorizes discovery of nonprivileged information relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Silva's testimony meets that standard because his communications and actions concern WBR's formation, funding, development obligations, and sale efforts, which underlie Levy's counterclaim and affirmative defenses. ECF No. 51. Wendy's does not dispute relevance; it argues cost. ECF No. 114.

The burden does not outweigh the need. Levy seeks one nonparty witness deposition from

4

a fact witness to the events at issue. The parties already scheduled the deposition once, then canceled it. Documents and prior depositions do not supply the answers to questions that remain. Silva has those answers. Rule 26 authorizes the deposition.

## III.    The Deposition Is Necessary to Preserve Trial Testimony.

The Court should grant the extension to preserve Silva's testimony for trial. Rule 45 limits how far a trial subpoena may compel a person to testify at trial. Fed. R. Civ. P. 45(c)(1). "[A] subpoena for a civil trial generally cannot compel the presence and testimony of an out-of-state witness who does not currently reside, work, or regularly transact business within 100 miles of the trial location." *Yerkes v. Ohio State Hwy. Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *5 (S.D. Ohio Dec. 2, 2024), *appeal dismissed*, 2025 WL 992614 (6th Cir. Mar. 19, 2025).

Silva knows about the Brazilian joint venture, but lives more than 100 miles from this Court in Coral Springs, Florida. His deposition therefore gives Levy the only means to preserve and present his testimony at trial. Rule 32 authorizes using a deposition at trial if the witness resides more than 100 miles from the place of trial. Fed. R. Civ. P. 32(a)(4)(B). Courts treat a witness as unavailable who lives beyond the subpoena range, so the party may use the witness's deposition. *Smith v. United States*, No. 3:95cv445, 2012 WL 1453570, at *31 (S.D. Ohio Apr. 26, 2012). When distance places the witness beyond the Court's subpoena power, "there is no need to show that the witness is otherwise unavailable." *Id.* at *32. Without an extension, Levy will lose Silva's testimony, a participant in the events at issue, through no fault of his own.

### CONCLUSION

For these reasons, the defendant, Andrew Levy, requests that the Court enter an order granting this Motion, extending the case schedule for the limited purpose of completing Marcos Silva's deposition, and granting any further relief this Court deems just and proper.

Dated: June 9, 2026.                    Respectfully submitted,

                                        */s/ Jon Polenberg*
                                        Jon Polenberg, Florida Bar No. 653306
                                        *(Admitted Pro Hac Vice)*
                                        BECKER & POLIAKOFF, P.A.
                                        1 East Broward Blvd., Suite 1800
                                        Ft. Lauderdale, FL 33301
                                        Telephone:  (954) 987-7550
                                        Facsimile:   (954) 985-4176
                                        jpolenberg@beckerlawyers.com

                                        *Attorneys for Defendant*
                                        *Andrew Levy*

6

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, this document was electronically filed with the Clerk of the

Court which will electronically serve a copy of same on all counsel of record for all parties.

*/s/ Jon Polenberg*
Jon Polenberg


## SERVICE LIST

Shalyn Watkins
HOLLAND & KNIGHT LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: (213) 896-2559
Facsimile: (949) 833-8540
shalyn.watkins@hklaw.com
ericka.mendez@hklaw.com
hapi@hklaw.com
*Attorneys for Plaintiff*
*Wendy's Netherlands B.V.*

Elin Parker (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: (312) 715-5730
Facsimile: (312) 578-6666
elin.park@hklaw.com
*Co-Counsel for Plaintiff*
*Wendy's Netherlands B.V.*

Cary Aronovitz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 789-7520
Facsimile: (305) 789-7799
cary.aronovitz@hklaw.com
*Co-Counsel for Plaintiff*
*Wendy's Netherlands B.V.*

7

31560825.v1