**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

WENDY'S NETHERLANDS B.V.,

      Plaintiff,

vs.                                                                    Case No. 2:24-cv-03077

ANDREW LEVY,

      Defendant.

                                       /

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND THE CASE**
**SCHEDULE TO ALLOW FOR MARCOS SILVA'S DEPOSITION**

Plaintiff Wendy's Netherlands B.V. ("Wendy's) opposes Defendant Andrew Levy's motion to extend the case schedule to extend the discovery deadline to add another deposition of Levy's former business partner, Marcos Silva ("Motion") (ECF No. 124).

On March 6, 2026, the Court denied a joint four-month extension of discovery, only granting a two-month extension. (ECF No. 84). The Court wrote: "The parties are **WARNED** that further requests for extensions of these deadlines without sufficient justification will not be well-taken." *Id*. (emphasis in original). The Court subsequently granted a few limited extensions due to witness scheduling issues beyond the parties' control but reiterated: "The Court will not extend the deadline again *absent extraordinary circumstances*." (ECF No. 111) (emphasis added).

Discovery is now complete. Wendy's has spent an enormous amount of time to prepare for eight (8) depositions, produce 2,047 documents, review 2,003 documents, and respond to multiple alleged concerns about privilege log issues, which the parties were able to resolve without Court intervention. Indeed, it was Levy's side that moved to cancel an in-person mediation due to concerns for cost. Levy's latest Motion to depose Silva as a trial witness will only add additional costs, particularly given the confidentiality concerns raised by Silva's own attorney, and Levy has

not shown diligence or extraordinary circumstances to justify his request.  Lastly, Levy's suggestion of prejudice is entirely overblown.  Mr. Silva left Starboard in 2018 and thus has no relevance to the Cognovit Note, which was signed by Levy in February 2020.  And his knowledge of WBR from eight years ago is maintained by the numerous emails between Levy, Silva, and Wendy's—which tell the actual story—and are admissible at trial.

<u>**THE PROCEDURAL POSTURE**</u>

On April 14, 2026, Wendy's notified Levy that it would issue a subpoena to Mr. Silva.[1] Mr. Silva's counsel asked to speak to all counsel given his concerns about a confidentiality order signed by Silva in relation to a lawsuit between Silva and Levy following Silva's departure from Starboard.  Exhibit 1 at 6. Given the potential motion practice and duplicative nature of Silva's testimony, Wendy's reevaluated its need to depose Mr. Silva and no longer believed his testimony is essential.[2]  Thus, on May 18, 2026, Wendy's cancelled the deposition of Mr. Silva that it had set.  Levy then noticed a deposition of Mr. Silva.

<u>**ARGUMENT**</u>

I.      <u>**Levy Has Not Been Diligent in Seeking to Depose Mr. Silva.**</u>

Levy spends much of this Motion arguing that Mr. Silva's testimony is "relevant." Motion at 3.  That is not the standard.  In the Sixth Circuit, "[t]he overarching inquiry" guiding the determination of whether good cause exists to modify a discovery deadline "is whether the moving

---

[1] Prior to Wendy's subpoenaing Mr. Silva, Levy did not identify Mr. Silva as a person Levy sought to depose.  Amongst Wendy's witnesses and potential "third-party witnesses" that Levy sought to depose, Levy identified only the following: Kris Kaffenbarger, Bob Wright, Carlos Ribas, Carlos Alves, and Peter Koumas. ***Levy Exhibit A*** (ECF No. 124-1 at 9) (Jan. 8 Email). Levy did not list Silva as a potential deponent.

[2] The depositions of Bob Wright, Peter Koumas, and Carlos Alves (and later Carlos Ribas) all related heavily to WBR and addressed emails between Wendy's, Silva, and Levy.  Along with Silva's counsel's confidentiality concerns, Wendy's considered that Silva's deposition was cumulative and no longer needed. *See* Exhibit 1 (email exchange with parties' and Silva's counsel).

party was diligent in pursuing discovery." *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011).  Levy was not diligent in seeking to depose Mr. Silva.  Levy could have subpoenaed Mr. Silva anytime since October 24, 2025 (when the parties held their Rule 26(f) conference and thus when discovery began).  ECF No. 62.  Moreover, Levy could have cross-noticed Mr. Silva anytime after Wendy's subpoenaed Mr. Silva on April 14, 2026.  But he did not.  Instead, he ostensibly has a newfound interest in wanting to depose Mr. Silva because Wendy's has declined to do so.

Levy has long known that Mr. Silva may have relevant information to this case.  Mr. Silva was Levy's business partner for many years, the President of Starboard, and was involved in WBR's operations.  Levy even countersued Mr. Silva and alleged that Mr. Silva committed fraud in relation to WBR.  *See* Exhibit 2.  That lawsuit—like this one—was initiated by Mr. Silva because Levy failed to pay a promissory note that Levy signed, and Mr. Levy defended by countersuing Mr. Silva for fraud.  Levy does not even try to present an excuse for his failure to subpoena Mr. Silva since mid-last year.

Levy's argument is that Wendy's manufactured a scheduling obstacle by cancelling *its own* deposition.  But Wendy's had every right to cancel its own subpoena (and, as stated above, it did not do this for gamesmanship purposes; Wendy's simply reevaluated the necessity of Mr. Silva's testimony). Levy had an independent obligation to preserve his own deposition rights by cross-noticing Mr. Silva.  Levy apparently instead hoped to ride Wendy's subpoena, but that is not a diligent pursuit of discovery.  *See SHS ACK, LLC v. Silberberg*, No. 21-CV-12121-AK, 2023 WL 4186289, at *3 (D. Mass. June 26, 2023) (after a subpoena was served on a non-party prior to the close of discovery, with the deposition subsequently "canceled," and with another subpoena served after the discovery period, the Court explained: "the fact that [the non-party] was once served an identical subpoena duces tecum before the close of discovery is not an exception that would allow

[the party] to enforce the March 2023 subpoena, which was served after fact discovery closed.”); *Burket v. Hyman Lippitt, P.C.,* No. CIV.A. 05-72110, 2008 WL 718180, at *1 n.3 (E.D. Mich. Mar. 14, 2008) (holding that another party's notice of deposition of a non-party issued prior to the discovery deadline did *not* excuse the plaintiff's own failure to notice a deposition of the non-party prior to the discovery deadline even when the originally-noticed deposition “never occurred.”); *Bradley v. Wells Fargo Bank, N.A.*, No. 12-CV-127-PB, 2015 WL 12851707, at *2 n.2 (D.N.H. Sept. 18, 2015) (finding that a party's failure to cross-subpoena a witness that the opposing party had subpoenaed demonstrated a lack of the diligence required to modify a scheduling order). Notably, even though Wendy's presented this case law in a filing on May 22, (ECF No. 114 at 4) Levy failed to respond to any of it in his instant Motion.

Levy newly argues that Wendy's “delayed document production for months,” so the Court should excuse Levy's lack of diligence. Motion at 3.  Notwithstanding the fact that Levy did not produce documents to Wendy's until near the same time as Wendy's produced documents to Levy such that Wendy's cannot be accused of single-handedly delaying this case, by April 10, 2026, Wendy's substantially completed its document production. (ECF No. 94).  Yet, even under Levy's own argument, Levy does not even explain why he failed to subpoena Mr. Silva since April 10. His argument to blame Wendy's does not excuse Levy for his own lack of diligence.

## II.     Levy's Claim of Prejudice Does Not Overcome the Lack of Diligence and is Overstated.

As a threshold matter, the Sixth Circuit has not recognized prejudice *to the moving party* as a cognizable factor in the good cause analysis.  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (“Another relevant consideration is possible prejudice *to the party opposing the modification*.”) (emphasis added).  “[C]ourts consider the extent of prejudice to the nonmoving party only if the movant proceeded diligently, and then only to ascertain whether there exist

4

additional reasons to deny a motion." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014) (internal citations omitted).  Even if the moving party could be prejudiced without an extension, "a party's failure to exercise reasonable diligence is no mere technicality."  *Smith,* 595 F. App'x at 480. Similarly here, Levy's lack of diligence is no mere technicality.  Even if the Court considers claimed prejudice to Levy (it should not), Levy's assertion of possible prejudice is not outweighed by his total lack of diligence in subpoenaing (or cross-subpoenaing) Mr. Silva and the actual prejudice to Wendy's to prepare for and take another deposition that Levy claims to seek to use at trial.

In any event, Levy's claim of prejudice is overstated.  It is not true that Mr. Silva's deposition represents Levy's only means of preserving and presenting his testimony at trial.  Mr. Silva very well might appear voluntarily, especially if Levy paid for his travel or if the Court accommodated him through trial testimony by video under Rule 43(a).  Levy simply guesses that he will be prejudiced in a trial (if one even occurs).  Moreover, in his Motion, Levy identified emails between Wendy's and Starboard (Levy and Silva) (ECF No. 124-2, 124-3).  But these emails (all of which include Silva and Wendy's) can be presented at trial as communications of a party opponent.  *See* FRE 801(d)(2).  Furthermore, Levy has already taken six depositions regarding the issues in the case.  He is not prejudiced by the failure to depose Mr. Silva. Wendy's, on the other hand, is prejudiced by the need to prepare for a ninth deposition, which Levy now claims he would like to preserve as trial testimony as to a witness's memory from events in 2017. The emails themselves provide the evidence that Levy's counsel would seek, and Levy's suggestion of prejudice is entirely overblown.

For the aforementioned reasons, the Court should deny an extension to depose Mr. Silva.

Respectfully submitted,

   /s/  Cary Aronovitz
Shalyn Watkins (0096026)
Elin Park (Admitted *Pro Hac Vice*)
Cary Aronovitz (Admitted *Pro Hac Vice*)
**HOLLAND & KNIGHT LLP**
701 Brickell Ave, Suite 3300
Miami, FL 33131
Ph:  305.374.8500
Service emails:  shalyn.watkins@hklaw.com,
elin.park@hklaw.com, cary.aronovitz@hklaw.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2026, the foregoing was filed with the Clerk of Court

via the Court's CM/ECF system, which will serve, via email, all counsel of record.

   /s/ Cary Aronovitz
Attorney