IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WENDY'S NETHERLANDS B.V.,

        Plaintiff,

    v.                               Civil Action 2:24-cv-3077

                                       District Judge Michael H. Watson
                                     Magistrate Judge Kimberly A. Jolson

ANDREW LEVY,

        Defendant.

**OPINION AND ORDER**

Defendant's Motion to Extend the Case Schedule to Allow for Marco Silva's Deposition. (Doc. 124) is before the Court.  For the following reasons, Defendant's Motion is **DENIED**.

**I.**      **BACKGROUND**

Elsewhere, the Court has described the alleged events giving rise to this action.  (*See, e.g.*, Docs. 44, 74).  Important here, the parties have struggled to cooperate or adhere to a case schedule for the entirety of this case but particularly in the last nine months.  (*See* Doc. 84 (noting the parties' issues: "Doc. 53 (setting preliminary discovery deadlines); Doc. 56 (vacating those deadlines because the parties indicated they wanted to mediate); Doc. 63 (setting scheduling order in light of unsuccessful mediation); Doc. 70 (Plaintiff's motion to stay discovery on Defendant's counterclaim); Doc. 71 (Defendant's motion to stay all discovery); Doc. 74 (denying Plaintiff's motion to stay, and denying as moot Defendant's motion to stay)"); *see also* Doc. 100 (seeking extension of discovery deadline to complete depositions); Doc. 109 (same)).  And in fact, the Court informed the parties it would not extend the deposition deadline again absent extraordinary circumstances less than a month ago.  (Doc. 111; *see also* Doc. 84 (warning the parties that "further requests for extensions of these deadlines without sufficient justification will not be well-taken").

Discovery closed on May 11, 2026, and the deposition deadline expired on May 27.  (Docs. 84, 111).  Yet here again, Defendant requests a deadline extension.  (Docs. 109, 119, 124).  Specifically, Defendant asks the Court to reopen discovery to allow for Marcos Silva's deposition.  (Doc. 124; *see also* Doc. 125 (Plaintiff's opposition)).

## II.    STANDARD

In considering Defendant's eleventh-hour request, the Court turns to Federal Rule of Civil Procedure 16(b)(4).  It provides that a scheduling order may be modified for good cause and with the judge's consent.  "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order."  *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007); *see also Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459–60 (S.D. Ohio 2021).   "Another relevant consideration is possible prejudice to the party opposing the modification."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  Importantly, the decision to modify a scheduling order is within the Court's discretion.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

## III.    DISCUSSION

Defendant's Motion argues that he was diligent in pursuing Mr. Silva's deposition.  (Doc. 124 at 2–3).  He also contends that Mr. Silva's testimony is central to this case, and the deposition is necessary to preserve trial testimony.  (*Id.* at 3–5).  Plaintiff responds that Defendant's "diligence" does not clear the Rule 16 bar, and his other arguments are unimportant here.  (Doc. 125).

As noted, the Court ordered the parties to complete depositions by May 27, 2026.  (Doc. 111).  On April 14, Plaintiff says it notified Defendant that it would issue a subpoena for Mr. Silva to appear at a deposition.  (Doc. 125 at 2).  The parties coordinated and scheduled the deposition for May 20.  (*See* Doc. 125-1 at 6–10).  In the meantime, though, Plaintiff says Mr. Silva's attorney raised an issue related to a confidentiality provision of a settlement agreement.  (Doc. 125 at 2).

After concluding Mr. Silva's testimony would be "cumulative and [was] no longer needed," Plaintiff withdrew the subpoena and canceled the deposition. (*Id.* at 2 n.2; Doc. 125-1 at 4–5). Plaintiff's counsel emailed all involved about the canceled deposition on May 18 at 2:00 P.M. (Doc. 125-1 at 4–5). Seven minutes later, Defendant's counsel notified the others of its intention to cross-notice Mr. Silva's deposition and asked to keep the deposition on the calendar. (Doc. 125-1 at 3). Mr. Silva's counsel responded, noting that Defendant did not previously indicate his intent to cross-notice and stating that re-filing and re-serving the subpoena is more appropriate. (*Id.* at 2). A few hours later, Defendant issued a subpoena for Mr. Silva to appear for a deposition on June 1. (Doc. 109-3 (subpoena dated May 18)). While he acknowledges June 1 was beyond the applicable deadline, Defendant says it was "the earliest practicable date that gave reasonable notice to a nonparty witness." (Doc. 124 at 2).

Against this backdrop, Defendant contends that it was Plaintiff's fault he could not depose Mr. Silva by the disposition deadline. (Doc. 124 at 2). He says he "relied on the coordinated discovery process, including Plaintiff's subpoena to Silva and the agreed deposition date." (*Id.*). And when Plaintiff canceled the deposition, Defendant issued a replacement subpoena the same day and quickly notified the Court that he would need a case schedule extension. (*Id.*; *see* Doc. 109).

Despite this, Defendant did not act diligently enough to meet Rule 16's standard. Discovery in this case began in earnest in November 2025. (Docs. 62, 63). As noted above, Defendant has played a hand in making discovery arduous. (*See, e.g.*, Doc. 111 (noting the parties' continued discovery disagreements even after the discovery deadline)). Yet at no time in the 195 days between when the Court imposed the scheduling order and May 18, 2026, did Defendant issue a subpoena to depose Mr. Silva. Nor does it seem Defendant identified Mr. Silva as someone he intended to depose when the parties discussed witness deposition dates in January. (*See* Doc. 124-1 at 8). Even crediting Defendant's argument that the parties needed to complete document exchange before taking depositions (Doc. 124 at 3), it is not clear why Defendant did not notice

3

Mr. Silva's deposition after he received those documents.  (*See* Doc. 94 (stating the parties were nearing completion of document production; were anticipating substantially completing it by April 10; and would conduct depositions on a rolling basis beginning on April 10)).  Even more, the record shows Defendant also had some part in the belabored completion of document discovery. (*See, e.g.*, Doc. 90).

Importantly, Defendant did not cross-notice Mr. Silva's deposition when Plaintiff issued its subpoena on April 14.  Nor did he raise the issue of cross-noticing when the parties met and conferred with Mr. Silva's counsel.  (Doc. 125-1 at 2).  It was only after Plaintiff canceled the deposition—and Defendant presumably realized he would miss out on taking Mr. Silva's testimony before the applicable deadline—that Defendant acted.  This is not reasonable diligence. This is delayed reaction.  *Cf. Burket v. Hyman Lippitt, P.C.*, No. CIV.A. 05-72110, 2008 WL 718180, at *1 n.3 (E.D. Mich. Mar. 14, 2008) (finding no good cause to allow a deposition to be noticed and taken after the close of discovery and noting the fact that a telephone deposition for the same person was previously noticed and canceled had "no effect on this motion"); *Bradley v. Wells Fargo Bank, N.A.*, No. 12-CV-127-PB, 2015 WL 12851707, at *2, 2 n.2 (D.N.H. Sept. 18, 2015) (concluding even if the plaintiff asked for an amendment to the case schedule, he was not diligent in serving a deposition subpoena after the discovery deadline where he was likely on notice of the third-party's location); (*see also* Doc. 63 at 2 (scheduling order instructing the parties to "schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date.")).  Defendant's inaction is particularly inexcusable because Mr. Silva was evidently known to Defendant as possibly having information relevant to this case.  Indeed, Defendant alleged counterclaims against Mr. Silva in a 2020 Florida action that also involved Wendy's restaurants.  (*See* Doc. 125-2); *cf. Good v. BioLife Plasma Servs., L.P.*, 656 F. Supp. 3d 738, 741 (E.D. Mich. 2023) (finding the defendants did not act diligently when they knew a witness would testify in June 2022 but they did not attempt to depose her until January 2023).

Defendant offers two more reasons the Court should grant his Motion.  First, he says Mr.

4

Silva's testimony is relevant, proportional, and "sits at the dispute's center." (Doc. 124 at 3). But the touchtone of the Rule 16(b)(4) inquiry is diligence—not relevance, proportionality, or importance of the sought after discovery. Even more, rather than supporting Defendant's position, his argument that Mr. Silva is important undermines a showing of diligence. If Mr. Silva's testimony is so crucial, there is no excuse for Defendant's delay. Long ago, he should have noticed or cross-noticed Mr. Silva's deposition to ensure it would occur before the close of discovery.

Defendant also argues that the deposition is necessary to preserve trial testimony because Mr. Silva lives in Florida, theoretically outside of the Court's subpoena range. (Doc. 124 at 5 (citing *Yerkes v. Ohio State Hwy. Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *5 (S.D. Ohio Dec. 2, 2024)). Defendant asserts that using Mr. Silva's deposition under Federal Rule of Civil Procedure 32 is the only way to bring in Mr. Silva's testimony at trial. (*Id.* (citing Fed. R. Civ. P. 32(a)(4)(B)). Again, this argument is not relevant to the diligence inquiry. Nor has Defendant provided case law supporting that the Court should consider Mr. Silva's trial availability when evaluating a Rule 16(b)(4) motion. At base, the only prejudice the Court considers at this juncture is prejudice to the nonmoving party. *Ingle*, 281 F.3d at 625. And even then, the Court considers prejudice only "if the movant proceeded diligently." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 480 (6th Cir. 2014). Because Defendant did not act diligently, the Court need not consider prejudice to any side.

In the end, the Sixth Circuit has held that "a party's failure to exercise reasonable diligence is no mere technicality." *Id.* at 480. Here, Defendant failed to exercise reasonable diligence in noticing or cross-noticing Mr. Silva's deposition to make sure it could occur before the close of discovery. His failure has consequences, especially because the Court warned against seeking additional extensions. Defendant's Motion to Extend the Case Schedule (Doc. 124) is **DENIED**.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Extend the Case Schedule (Doc. 124) is **DENIED**.

IT IS SO ORDERED.

Date:   June 18, 2026                          /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE