Message
_____

**From:** Green, Kerry [Kerry.Green@wendys.com]
**Sent:** 2/15/2020 12:19:04 AM
**To:** Andrew Levy [alevy@starboardwendys.com]; Daughney, Brian [BDaughney@beckerlawyers.com]
**CC:** Kaffenbarger, Kris [Kris.Kaffenbarger@wendys.com]; Koumas, Peter [Peter.Koumas@wendys.com]; Kale, Aaron [Aaron.Kale@wendys.com]; Niehaus, Stephanie E. [stephanie.niehaus@squirepb.com]
**Subject:** Brazil - Loan Guaranty - Documentation - Feb. 14, 2020
**Attachments:** Redline - Levy Prom Note - Feb. 14-2020.pdf; Andrew_Levy_Promissory_Note_-_Feb__14-2019.doc; nnc-_forb_ag-Starboard-Reimage - DRAFT- Feb. 14-2020.pdf


Offer to Compromise
Subject to CPLR 4547/Rule 408 (or equivalent)

Dear Brian and Andrew:

Further to our recent discussions, I include with this email Wendy's "settlement package," which represents our best offer to resolve the outstanding issues related to the Levy/Starboard Guarantee.  I've also added a red-line to the prior version of the note that was sent in January.  We believe this package is fair to both sides and fully takes into account and responds as best we are able to the concerns you have raised.  As we feel we have exhausted discussion on these issues, and because this is Wendy's best offer, this does represent our final offer.  For that reason, unless the offer is accepted and all documents are fully executed at Wendy's offices in Dublin, Ohio by the end of business on Wednesday, February 19, this offer will automatically expire and we will consider our discussions to be terminated.

We sincerely hope that the issues related to the Guarantee can be resolved without escalation and/or litigation.  Wendy's reserves all rights and remedies.

Sincerely,



Kerry Renker Green
Associate General Counsel – Global Franchise
The Wendy's Company
One Dave Thomas Blvd. • Dublin, OH • 43017
O : 614-764-3123 • C : 614-940-4824 • E : kerry.green@wendys.com

 SAVE A TREE AND SHARE YOUR SCREEN.


**\*\*CAUTION: This message was sent from outside the company. Please do not click links or open attachments unless you recognize the source of this email and known the content is safe.\*\***

Levy_0008202

## ~~SECURED~~COGNOVIT PROMISSORY NOTE

FRANKLIN COUNTY, OHIO

$5,550,360.55                                                   ~~January~~February ___, 2020

FOR VALUE RECEIVED, the undersigned, Andrew Levy (the "**Maker**"), whose principal address is 1401 West Two Creeks Circle, Park City Utah, 84098, promises to pay to the order of WENDY'S NETHERLANDS B.V., ~~a~~ company organized and existing under the laws of the Netherlands (the "**Payee**"), at its registered address Prins Bernhardplein 200, 1097 JB Amsterdam, the Netherlands, or at such other place as the Payee may from time to time designate in writing, the principal sum of Five Million Five Hundred and Fifty Thousand Three Hundred and Sixty and 55/100 Dollars ($5,550,360.55), subject to reduction as described in the immediately following paragraph, plus interest at the rate of ~~five~~four and one-half percent (4.5%) per annum.

Commencing on January 15, 2020, and continuing until maturity, by acceleration or otherwise, Maker shall pay to Payee quarterly installments of principal and interest on the dates and in the combined amounts as set forth and in accordance with the Amortization Schedule attached hereto as *Exhibit A* and incorporated herein. Accrued interest on this Note shall be added monthly to the principal balance of this Note on the fifteenth day of each such month and shall thereafter accrue interest as provided herein. The entire amount due hereunder, including all unpaid principal and accrued interest, shall be due and payable in full on December 15, 2024 (it being understood that if the principal payments set forth on *Exhibit A* due prior to December 15, 2024 are made in accordance with the terms of this Note then the principal balance due on December 15, 2024 would be ~~Five~~Three Million ~~Three~~Six Hundred and ~~Nineteen~~Sixty Thousand ~~Eight~~Six Hundred and Thirty-___Four ~~Dollars~~ and ~~Thirty-Two~~Five Cents (~~$5,319,834.32). Notwithstanding~~3,660,634.05). This amount includes a reduction in the ~~foregoing, if Maker has made~~amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) provided in Payment No. 1, which is offered as a condition of compliance with the terms and conditions contained herein, including timely payment of all ~~payments of~~principal and interest due hereunder in accordance with the immediately two preceding sentences and no other default or event of default has occurred (whether or not cured or waived~~) ("Discount Conditions")~~). Should Maker fail to meet these conditions, then the full value of the Note shall be reinstated in the ~~amount of principal due shall be reduced by the amount of One~~Five Million ~~Two~~Five Hundred and Fifty Thousand Three Hundred and Sixty and 55/100 Dollars ($~~1,200,000.00) (by way of example only, if the remaining balance of this Note is $5,319,834.32 on December 15, 2024 and this discount is to be applied as provided for in this sentence then a combined balance of $4,119,834.32 would be due on December 15, 2024).~~550,360.55), less any amounts paid in satisfaction hereof.

All principal and interest shall be payable in arrears. Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed. All payments of principal and interest hereon shall be payable at par in lawful currency of the United States. Except as otherwise described herein, all amounts received for payment of this Note shall be first applied to any expenses due Payee under this Note ~~or the Mortgage (as hereinafter defined)~~and then to accrued interest, and finally to the reduction of principal. Payee shall designate in writing from time to time to Maker an account of Payee into which such amounts are to be paid.

010-8796-1655/11/AMERICAS

Levy_0008203

The principal amount of this ~~Secured~~Cognovit Promissory Note represents an aggregate of amounts of existing indebtedness that the Maker freely admits are due and owing to Payee, and/or its subsidiaries, affiliates and related entities pursuant to and in satisfaction of the Maker's obligations under that certain Guarantee Agreement, dated as of October 20, 2015, among Starboard International Holdings B.V., as Guarantor ("**Starboard**"), Maker, as Guarantor, and Wendy's Netherlands B.V., as Beneficiary, as amended by the first amendment thereto dated August 2, 2017 and the second amendment thereto dated January 19, 2018 (such Guarantee Agreement, as so amended being the "**Guarantee**") attached hereto as *Exhibit B* and made a part hereof pursuant to which Maker guaranteed the obligations of WBR Franquais Participacoies LTDA, as borrower ("**Borrower**") under (x) the Credit Agreement, dated as of October 20, 2015 ("**2015 Credit Agreement**"), among Payee and Borrower and (y) the Credit Agreement, dated as of August 2, 2017 (together with the 2015 Credit Agreement being the "**Credit Agreements**")), among Payee and Borrower.  The principal amount hereunder represents the amount agreed upon between Maker and Payee to be payable by Maker to discharge the obligations under the Guarantee with respect to the Credit Agreements. Such amount or any payment hereunder shall not in any way reduce or constitute a forgiveness of any amount owed by Borrower to Payee under the Credit Agreements.

In the event that any payment of principal and/or interest is not actually received by the Payee on or prior to the respective due date as set forth in the Amortization Schedules attached as *Exhibit A* hereto, the Maker agrees to pay Payee a late charge equal to the greater of twelve percent (12%) per annum on such delinquent amount until paid, or such amount as is permitted by law.

Payments due hereunder shall be paid by pre-authorized wire transfer, electronic transfer via automated clearing houses, similar commonly-accepted methods of funds transfer or such other method as Payee may designate in writing from time to time.  Maker shall undertake all actions necessary and shall deliver to Payee all necessary information (including financial institution of origin and relevant account numbers) pertaining to such pre-authorized transfers.

Prepayment of the principal of this Note shall be permitted without premium or penalty of any kind, provided, however, that if Payee, in Payee's sole discretion, elects to assign, sell or transfer this Note to another person (each an Assignee), then in the event of an early payoff, Maker shall be required to pay to an Assignee of Payee a prepayment premium equal to 3% of the Note payoff amount during the first Loan Year (as defined herein) of the Note, 2% of the Note payoff amount during the second Loan Year of the Note, and 1% of the Note payoff amount during the third Loan Year of the Note, and 0% of the Note payoff amount after the end of the third Loan Year, and in no event is Maker permitted to pay any lump sum payments, without paying the Note in full, plus the prepayment premium during the first three (3) Loan Years of the Note.

The first Loan Year shall mean the period of time commencing on the date of this Note and ending on the last day of the twelfth consecutive month commencing with the month after the month in which this Note is dated, unless this Note is dated the first day of a month, in which case the first Loan Year shall mean the twelve consecutive months commencing with the date of this Note.  Each subsequent Loan Year shall mean the successive twelve consecutive month period following the preceding Loan Year.

~~Maker covenants and agrees to use his best efforts to cause this Note to be secured on or before February 15, 2020 by either: 1) a Deed of Trust (such Deed of Trust to have such terms and~~

- 2 -

010-8796-1655/11/AMERICAS

Levy_0008204

~~conditions and be in form, scope and substance as is satisfactory to Payee), on Maker's personal residence located at 1401 West Two Creeks Circle Park City, UT 84098 (the "**Mortgage**"); or 2) by such other collateral as is sufficient to secure the Note as is determined by Payee in Payee's sole discretion.~~

This Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

This Note may be assigned, sold or transferred by Payee at Payee's sole discretion. If so assigned, the Assignee hereof shall have and be entitled to exercise any and all discretion, rights and powers of Payee, but Assignee shall not be chargeable with any obligations or liabilities of Payee hereunder or with respect thereof. Maker hereby agrees that Payee may, in its sole discretion, disclose pertinent financial information relative to Maker to any Assignee in order to facilitate the assignment, sale or transfer of this Note. Maker agrees that it will not assert against Assignee any claim, defense, counterclaim or offset on account of this Note in any action brought by an Assignee.

In the event of any loss, theft, destruction or mutilation of this Note, upon Maker's receipt of an affidavit of an officer of Payee as to such loss, theft, destruction or mutilation and an appropriate indemnification, Maker will execute and deliver a replacement Note in the same principal amount and otherwise of like tenor as the lost, stolen, destroyed or mutilated Note.

The holders of this Note and all successors thereof shall have all of the rights of a holder in due course as provided under the Ohio Uniform Commercial Code and other laws of the State of Ohio. Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including attorney's fees and court costs, paid or incurred by Payee in enforcing this Note upon Maker's default hereunder.

The occurrence of any of the following shall constitute an "event of default" under this Note:

    (a)    The failure of Maker to make any payment when due under this Note (time is of the essence of this Note) or to observe or perform any other term, agreement or covenant in this Note;

    (~~b~~(b)    <u>The failure of Maker within 10 business days' of execution of this Note, to provide sufficient evidence of his personal financial condition, in a form acceptable to Payee at Payee's sole discretion, to include without limitation a personal financial statement detailing Maker's current assets (including cash holdings) and liabilities and net worth;</u>

    (<u>c</u>)    The institution of proceedings by or against Maker under any state insolvency laws, federal bankruptcy law or similar debtor relief laws then in effect;

    (e<u>d</u>)    Maker becoming insolvent or generally failing to pay its debts as they become due;

- 3 -

010-8796-1655/11/AMERICAS

Levy_0008205

(d̶e) The entry of a judgment against Maker which remains unsatisfied for more than thirty (30) days;

(e̶f) The existence of a material misrepresentation of Maker's financial condition in any oral or written statement made to Payee;

(f) ~~Default by Maker to comply with its obligations under the fifth immediately preceding paragraph with respect to the Mortgage (or such other sufficient security has Payee has determined is acceptable) or to comply with his obligations under such Mortgage;~~

(g) Default by the franchisee and/or termination or transfer (whether or not voluntarily or mutually agreed) of all of the Wendy's franchise agreements in the U.S. and/or the ceasing of operation of all Wendy's restaurants that are franchised to Maker and/or any entities of which Maker is a shareholder or holds other voting or member interests;

(h) ~~The failure of Maker and/or any of the entities of which Maker is a shareholder or holds other voting or member interest to meet the reimaging timing and requirements set forth in the restaurant reimaging schedule attached as *Exhibit D* hereto; and~~

(i̶(h)) The death of Maker.

Upon the occurrence of an event of default, as defined above, Payee may, at its option and without notice, declare all principal and interest provided for under this Note to be immediately due and payable. Payee may waive any default before or after it occurs and may restore this Note in full effect without impairing the right to declare it due for a subsequent default, this right being a continuing one. Upon the occurrence of any of (a) through (h) above, Payee, in its sole discretion, may elect to issue a Notice of Default, without the necessity of first accelerating the principal or interest balance hereunder.

Maker hereby authorizes any attorney at law to appear for the Maker in any court of record in Franklin County, Ohio, with or without process, at any time after this Note becomes payable, by acceleration or otherwise, and waives the issuance and service of process and confesses judgment against Maker in favor of the holder of this Note for the amount then appearing due, together with interest, costs of suit and attorney's fees and thereupon to release all errors and waive all rights of second trial, appeal, and stay of execution.

In consideration for Payee's willingness to accept this Note from Maker and its forbearance relative to actions which it might otherwise take as of the date of this Note with regard to the obligations referenced herein, Maker hereby agrees to execute and shall cause Starboard to execute contemporaneously herewith, a ~~General~~the Mutual Release of ~~All~~ Claims Related to Guarantee in the form identical to that attached hereto and made a part hereof as *Exhibit C*. Maker represents and warrants that he, directly or indirectly, owns beneficially 100% of the equity interests of Starboard, has the control over the business direction of Starboard and has the power and authority to cause Starboard to enter into such ~~General~~Mutual Release ~~of Claims~~.

- 4 -

Levy_0008206

Maker acknowledges and agrees that Payee's willingness to provide this Note and the provisions of this Note are strictly confidential in nature and are subject to the confidentiality provisions of the Franchise Agreements.

This Note may be freely transferred by Payee.

If any provision of this Note should for any reason be invalid or unenforceable, the remaining provisions hereof shall remain in full effect.

This Note shall be governed and construed in accordance with the laws of the State of Ohio and shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

This Note was executed in Franklin County, Ohio.

ATTEST:                                    MAKER:


_____
ANDREW LEVY


Acknowledged and Agreed to

STARBOARD HOLDINGS
INTERNATIONAL, B.V.


_____
By:
Title:


**WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIM YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS PART TO COMPLY WITH ANY AGREEMENT OR ANY OTHER CAUSE.**

- 5 -

010-8796-1655/11/AMERICAS

Levy_0008207

# EXHIBIT A
## Amortization Schedule

| | Enter Values | | |
|---|---|---|---|
| Loan Amount | $ 5,550,360.55 | Loan | $ 5,120,000.00 |
| Annual Interest Rate | 5.000% | Interest | $ 430,360.55 |
| Loan Period in Years | 5.0 | Total | $ 5,550,360.55 |
| Start Date of Loan | 1/15/2020 | | |
| Optional Extra Payments | $0.00 | | |

| | |
|---|---|
| Scheduled Quarterly Payment | $ 125,000.00 |
| Scheduled Number of Payments | 20 |
| Actual Number of Payments | 21 |
| Total Interest Paid | $ 1,103,267.38 |

| No. | Payment Date | Beginning Balance | Scheduled Payment | Principal | Total Accrued Interest | Interest Paid | Interest Paid In Kind | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/15/2020 | $ 5,550,360.55 | 0.00 | 0.00 | 69,379.51 | 0.00 | 69,379.51 | $ 5,619,740.05 |
| 2 | 2/15/2020 | 5,619,740.05 | | | | | | 5,619,740.05 |
| 3 | 3/15/2020 | 5,619,740.05 | | | | | | 5,619,740.05 |
| 4 | 4/15/2020 | 5,619,740.05 | 0.00 | 0.00 | 70,246.75 | 0.00 | 70,246.75 | 5,689,986.81 |
| 5 | 5/15/2020 | 5,689,986.81 | | | | | | 5,689,986.81 |
| 6 | 6/15/2020 | 5,689,986.81 | | | | | | 5,689,986.81 |
| 7 | 7/15/2020 | 5,689,986.81 | 50,000.00 | 0.00 | 71,124.84 | 50,000.00 | 21,124.84 | 5,711,111.64 |
| 8 | 8/15/2020 | 5,711,111.64 | | | | | | 5,711,111.64 |
| 9 | 9/15/2020 | 5,711,111.64 | | | | | | 5,711,111.64 |
| 10 | 10/15/2020 | 5,711,111.64 | 50,000.00 | 0.00 | 71,388.90 | 50,000.00 | 21,388.90 | 5,732,500.54 |
| 11 | 11/15/2020 | 5,732,500.54 | | | | | | 5,732,500.54 |
| 12 | 12/15/2020 | 5,732,500.54 | | | | | | 5,732,500.54 |
| 13 | 1/15/2021 | 5,732,500.54 | 50,000.00 | 0.00 | 71,656.26 | 50,000.00 | 21,656.26 | 5,754,156.79 |
| 14 | 2/15/2021 | 5,754,156.79 | | | | | | 5,754,156.79 |
| 15 | 3/15/2021 | 5,754,156.79 | | | | | | 5,754,156.79 |
| 16 | 4/15/2021 | 5,754,156.79 | 50,000.00 | 0.00 | 71,926.96 | 50,000.00 | 21,926.96 | 5,776,083.75 |
| 17 | 5/15/2021 | 5,776,083.75 | | | | | | 5,776,083.75 |
| 18 | 6/15/2021 | 5,776,083.75 | | | | | | 5,776,083.75 |
| 19 | 7/15/2021 | 5,776,083.75 | 50,000.00 | 0.00 | 72,201.05 | 50,000.00 | 22,201.05 | 5,798,284.80 |
| 20 | 8/15/2021 | 5,798,284.80 | | | | | | 5,798,284.80 |
| 21 | 9/15/2021 | 5,798,284.80 | | | | | | 5,798,284.80 |
| 22 | 10/15/2021 | 5,798,284.80 | 50,000.00 | 0.00 | 72,478.56 | 50,000.00 | 22,478.56 | 5,820,763.36 |
| 23 | 11/15/2021 | 5,820,763.36 | | | | | | 5,820,763.36 |
| 24 | 12/15/2021 | 5,820,763.36 | | | | | | 5,820,763.36 |
| 25 | 1/15/2022 | 5,820,763.36 | 50,000.00 | 0.00 | 72,759.54 | 50,000.00 | 22,759.54 | 5,843,522.90 |
| 26 | 2/15/2022 | 5,843,522.90 | | | | | | 5,843,522.90 |
| 27 | 3/15/2022 | 5,843,522.90 | | | | | | 5,843,522.90 |
| 28 | 4/15/2022 | 5,843,522.90 | 50,000.00 | 0.00 | 73,044.04 | 50,000.00 | 23,044.04 | 5,866,566.94 |
| 29 | 5/15/2022 | 5,866,566.94 | | | | | | 5,866,566.94 |
| 30 | 6/15/2022 | 5,866,566.94 | | | | | | 5,866,566.94 |
| 31 | 7/15/2022 | 5,866,566.94 | 125,000.00 | 51,667.91 | 73,332.09 | 73,332.09 | 0.00 | 5,814,899.02 |
| 32 | 8/15/2022 | 5,814,899.02 | | | | | | 5,814,899.02 |
| 33 | 9/15/2022 | 5,814,899.02 | | | | | | 5,814,899.02 |
| 34 | 10/15/2022 | 5,814,899.02 | 125,000.00 | 52,313.76 | 72,686.24 | 72,686.24 | 0.00 | 5,762,585.26 |
| 35 | 11/15/2022 | 5,762,585.26 | | | | | | 5,762,585.26 |
| 36 | 12/15/2022 | 5,762,585.26 | | | | | | 5,762,585.26 |
| 37 | 1/15/2023 | 5,762,585.26 | 125,000.00 | 52,967.68 | 72,032.32 | 72,032.32 | 0.00 | 5,709,617.58 |
| 38 | 2/15/2023 | 5,709,617.58 | | | | | | 5,709,617.58 |
| 39 | 3/15/2023 | 5,709,617.58 | | | | | | 5,709,617.58 |
| 40 | 4/15/2023 | 5,709,617.58 | 125,000.00 | 53,629.78 | 71,370.22 | 71,370.22 | 0.00 | 5,655,987.80 |
| 41 | 5/15/2023 | 5,655,987.80 | | | | | | 5,655,987.80 |
| 42 | 6/15/2023 | 5,655,987.80 | | | | | | 5,655,987.80 |
| 43 | 7/15/2023 | 5,655,987.80 | 125,000.00 | 54,300.15 | 70,699.85 | 70,699.85 | 0.00 | 5,601,687.65 |
| 44 | 8/15/2023 | 5,601,687.65 | | | | | | 5,601,687.65 |
| 45 | 9/15/2023 | 5,601,687.65 | | | | | | 5,601,687.65 |
| 46 | 10/15/2023 | 5,601,687.65 | 125,000.00 | 54,978.90 | 70,021.10 | 70,021.10 | 0.00 | 5,546,708.74 |
| 47 | 11/15/2023 | 5,546,708.74 | | | | | | 5,546,708.74 |
| 48 | 12/15/2023 | 5,546,708.74 | | | | | | 5,546,708.74 |
| 49 | 1/15/2024 | 5,546,708.74 | 125,000.00 | 55,666.14 | 69,333.86 | 69,333.86 | 0.00 | 5,491,042.60 |
| 50 | 2/15/2024 | 5,491,042.60 | | | | | | 5,491,042.60 |
| 51 | 3/15/2024 | 5,491,042.60 | | | | | | 5,491,042.60 |
| 52 | 4/15/2024 | 5,491,042.60 | 125,000.00 | 56,361.97 | 68,638.03 | 68,638.03 | 0.00 | 5,434,680.63 |
| 53 | 5/15/2024 | 5,434,680.63 | | | | | | 5,434,680.63 |
| 54 | 6/15/2024 | 5,434,680.63 | | | | | | 5,434,680.63 |
| 55 | 7/15/2024 | 5,434,680.63 | 125,000.00 | 57,066.49 | 67,933.51 | 67,933.51 | 0.00 | 5,377,614.14 |
| 56 | 8/15/2024 | 5,377,614.14 | | | | | | 5,377,614.14 |
| 57 | 9/15/2024 | 5,377,614.14 | | | | | | 5,377,614.14 |
| 58 | 10/15/2024 | 5,377,614.14 | 125,000.00 | 57,779.82 | 67,220.18 | 67,220.18 | 0.00 | 5,319,834.32 |
| 59 | 11/15/2024 | 5,319,834.32 | | | | | | 5,319,834.32 |

~~Notwithstanding the foregoing if Maker has satisfied the Discount Conditions then the final payment due on December 15, 2024 shall be reduced by $1,200,000 and only $4,119,834.32 shall then be due.~~

A-1

010-8796-1655/11/AMERICAS

Levy_0008208

|  | | Enter Values | | Loan | | $ 5,120,000.00 |
|---|---|---|---|---|---|---|
| Loan Amount | | $ 5,550,360.55 | | Loan | | $ 5,120,000.00 |
| Annual Interest Rate | | 4.500% | | Interest | | $ 430,360.55 |
| Loan Period in Years | | 5.0 | | Total | | $ 5,550,360.55 |
| Start Date of Loan | | 1/15/2020 | | Incentive Amount | | $ 1,200,000.00 |
| Optional Extra Payments | | $0.00 | | Principal Amount (Post Incentive) | | $ 4,350,360.55 |

| Scheduled Quarterly Payment | $ 125,000.00 |
|---|---|
| Scheduled Number of Payments | 19 |
| Actual Number of Payments | 19 |
| Total Interest Paid | $ 861,432.55 |

| No. | Payment Date | Beginning Balance | Scheduled Payment | Principal | Total Accrued Interest | Interest Paid | Interest Paid In Kind | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/15/2020 | $ 5,550,360.55 | 0.00 | (1,200,000.00) | 48,941.56 | 0.00 | 48,941.56 | $ 4,399,302.10 |
| 2 | 2/15/2020 | 4,399,302.10 | | | | | | 4,399,302.10 |
| 3 | 3/15/2020 | 4,399,302.10 | | | | | | 4,399,302.10 |
| 4 | 4/15/2020 | 4,399,302.10 | 0.00 | 0.00 | 49,492.15 | 0.00 | 49,492.15 | 4,448,794.25 |
| 5 | 5/15/2020 | 4,448,794.25 | | | | | | 4,448,794.25 |
| 6 | 6/15/2020 | 4,448,794.25 | | | | | | 4,448,794.25 |
| 7 | 7/15/2020 | 4,448,794.25 | 50,000.00 | 0.00 | 50,048.94 | 50,000.00 | 48.94 | 4,448,843.19 |
| 8 | 8/15/2020 | 4,448,843.19 | | | | | | 4,448,843.19 |
| 9 | 9/15/2020 | 4,448,843.19 | | | | | | 4,448,843.19 |
| 10 | 10/15/2020 | 4,448,843.19 | 50,000.00 | 0.00 | 50,049.49 | 50,000.00 | 49.49 | 4,448,892.67 |
| 11 | 11/15/2020 | 4,448,892.67 | | | | | | 4,448,892.67 |
| 12 | 12/15/2020 | 4,448,892.67 | | | | | | 4,448,892.67 |
| 13 | 1/15/2021 | 4,448,892.67 | 50,000.00 | 0.00 | 50,050.04 | 50,000.00 | 50.04 | 4,448,942.72 |
| 14 | 2/15/2021 | 4,448,942.72 | | | | | | 4,448,942.72 |
| 15 | 3/15/2021 | 4,448,942.72 | | | | | | 4,448,942.72 |
| 16 | 4/15/2021 | 4,448,942.72 | 50,000.00 | 0.00 | 50,050.61 | 50,000.00 | 50.61 | 4,448,993.32 |
| 17 | 5/15/2021 | 4,448,993.32 | | | | | | 4,448,993.32 |
| 18 | 6/15/2021 | 4,448,993.32 | | | | | | 4,448,993.32 |
| 19 | 7/15/2021 | 4,448,993.32 | 50,000.00 | 0.00 | 50,051.17 | 50,000.00 | 51.17 | 4,449,044.50 |
| 20 | 8/15/2021 | 4,449,044.50 | | | | | | 4,449,044.50 |
| 21 | 9/15/2021 | 4,449,044.50 | | | | | | 4,449,044.50 |
| 22 | 10/15/2021 | 4,449,044.50 | 50,000.00 | 0.00 | 50,051.75 | 50,000.00 | 51.75 | 4,449,096.25 |
| 23 | 11/15/2021 | 4,449,096.25 | | | | | | 4,449,096.25 |
| 24 | 12/15/2021 | 4,449,096.25 | | | | | | 4,449,096.25 |
| 25 | 1/15/2022 | 4,449,096.25 | 50,000.00 | 0.00 | 50,052.33 | 50,000.00 | 52.33 | 4,449,148.58 |
| 26 | 2/15/2022 | 4,449,148.58 | | | | | | 4,449,148.58 |
| 27 | 3/15/2022 | 4,449,148.58 | | | | | | 4,449,148.58 |
| 28 | 4/15/2022 | 4,449,148.58 | 50,000.00 | 0.00 | 50,052.92 | 50,000.00 | 52.92 | 4,449,201.50 |
| 29 | 5/15/2022 | 4,449,201.50 | | | | | | 4,449,201.50 |
| 30 | 6/15/2022 | 4,449,201.50 | | | | | | 4,449,201.50 |
| 31 | 7/15/2022 | 4,449,201.50 | 125,000.00 | 74,946.48 | 50,053.52 | 50,053.52 | 0.00 | 4,374,255.02 |
| 32 | 8/15/2022 | 4,374,255.02 | | | | | | 4,374,255.02 |
| 33 | 9/15/2022 | 4,374,255.02 | | | | | | 4,374,255.02 |
| 34 | 10/15/2022 | 4,374,255.02 | 125,000.00 | 75,789.63 | 49,210.37 | 49,210.37 | 0.00 | 4,298,465.39 |
| 35 | 11/15/2022 | 4,298,465.39 | | | | | | 4,298,465.39 |
| 36 | 12/15/2022 | 4,298,465.39 | | | | | | 4,298,465.39 |
| 37 | 1/15/2023 | 4,298,465.39 | 125,000.00 | 76,642.26 | 48,357.74 | 48,357.74 | 0.00 | 4,221,823.12 |
| 38 | 2/15/2023 | 4,221,823.12 | | | | | | 4,221,823.12 |
| 39 | 3/15/2023 | 4,221,823.12 | | | | | | 4,221,823.12 |
| 40 | 4/15/2023 | 4,221,823.12 | 125,000.00 | 77,504.49 | 47,495.51 | 47,495.51 | 0.00 | 4,144,318.63 |
| 41 | 5/15/2023 | 4,144,318.63 | | | | | | 4,144,318.63 |
| 42 | 6/15/2023 | 4,144,318.63 | | | | | | 4,144,318.63 |
| 43 | 7/15/2023 | 4,144,318.63 | 125,000.00 | 78,376.42 | 46,623.58 | 46,623.58 | 0.00 | 4,065,942.22 |
| 44 | 8/15/2023 | 4,065,942.22 | | | | | | 4,065,942.22 |
| 45 | 9/15/2023 | 4,065,942.22 | | | | | | 4,065,942.22 |
| 46 | 10/15/2023 | 4,065,942.22 | 125,000.00 | 79,258.15 | 45,741.85 | 45,741.85 | 0.00 | 3,986,684.07 |
| 47 | 11/15/2023 | 3,986,684.07 | | | | | | 3,986,684.07 |
| 48 | 12/15/2023 | 3,986,684.07 | | | | | | 3,986,684.07 |
| 49 | 1/15/2024 | 3,986,684.07 | 125,000.00 | 80,149.80 | 44,850.20 | 44,850.20 | 0.00 | 3,906,534.26 |
| 50 | 2/15/2024 | 3,906,534.26 | | | | | | 3,906,534.26 |
| 51 | 3/15/2024 | 3,906,534.26 | | | | | | 3,906,534.26 |
| 52 | 4/15/2024 | 3,906,534.26 | 125,000.00 | 81,051.49 | 43,948.51 | 43,948.51 | 0.00 | 3,825,482.77 |
| 53 | 5/15/2024 | 3,825,482.77 | | | | | | 3,825,482.77 |
| 54 | 6/15/2024 | 3,825,482.77 | | | | | | 3,825,482.77 |
| 55 | 7/15/2024 | 3,825,482.77 | 125,000.00 | 81,963.32 | 43,036.68 | 43,036.68 | 0.00 | 3,743,519.46 |
| 56 | 8/15/2024 | 3,743,519.46 | | | | | | 3,743,519.46 |
| 57 | 9/15/2024 | 3,743,519.46 | | | | | | 3,743,519.46 |
| 58 | 10/15/2024 | 3,743,519.46 | 125,000.00 | 82,885.41 | 42,114.59 | 42,114.59 | 0.00 | 3,660,634.05 |
| 59 | 11/15/2024 | 3,660,634.05 | | | | | | 3,660,634.05 |
| 60 | 12/15/2024 | 3,660,634.05 | 3,660,634.05 | 3,660,634.05 | | | | 0.00 |

A-1

010-8796-1655/11/AMERICAS

Levy_0008209

**EXHIBIT B**

Guarantee

B-1

010-8796-1655/11/AMERICAS

Levy_0008210

## EXHIBIT C

### ~~GENERAL~~MUTUAL RELEASE OF ~~ALL~~ CLAIMS RELATED TO GUARANTEE

This ~~GENERAL~~MUTUAL RELEASE OF ~~ALL~~ CLAIMS is made effective this _____ day of _____, 2019~~. As~~, and is entered into as a requirement of and in consideration for the willingness on the part of WENDY'S NETHERLANDS B.V. a company organized and existing under the laws of the Netherlands ("**Guarantee Beneficiary**"), to accept a promissory note made by Andrew Levy ("**Maker**") ~~to~~ be executed contemporaneously herewith in satisfaction of the Maker's ~~obligations~~ obligations under that certain Guarantee Agreement, dated as of October 20, 2015, among Starboard International Holdings B.V., as Guarantor ("**Starboard**"), Maker, as Guarantor, and Wendy's Netherlands B.V., as Guarantee Beneficiary, as amended by the first amendment thereto dated August 2, 2017 and the second amendment thereto dated January 19, 2018 (such Guarantee Agreement, as so amended being ~~the~~ "**Guarantee**") pursuant to which Maker and Starboard guaranteed the obligations of WBR Franquais Participacoies LTDA, as borrower ("**Borrower**") under (i) the Credit Agreement, dated as of October 20, 2015 ("**2015 Credit Agreement**"), among Payee and Borrower and (ii) the Credit Agreement, dated as of August 2, 2017 (together with the 2015 Credit Agreement being the "**Credit Agreements**")), among Payee and Borrower, as follows:

Release of Guarantee Beneficiary. As requested by the undersigned, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Maker and Starboard, individually and collectively, hereby fully, unconditionally, and without limitation RELEASE, DISCHARGE and ACQUIT Guarantee Beneficiary, its past, present and future shareholders, officers, directors, employees, successors, affiliates, assigns, agents, and subsidiaries from any and all liabilities, claims, damages, demands, costs, indebtedness, expenses, debts, indemnities, compensation, suits, controversies, actions and causes of action of any kind whatsoever, whether developed or undeveloped, known or unknown, fixed or contingent, regarding or arising out of the Guarantee, ~~any Credit Agreement or any prior, existing or future franchise agreement or any other agreement or document executed by any of the undersigned and Guarantee Beneficiary (or any subsidiary or affiliate of Guarantee Beneficiary), any Wendy's Old Fashioned Hamburgers Restaurant (whether currently or previously owned or operated or to be owned or operated by the undersigned or any of them), the franchise relationship, or any other prior, existing or future business relationship between any of the undersigned and Guarantee Beneficiary (or any subsidiary or affiliate of Guarantee Beneficiary), which the undersigned or any of them individually or collectively has asserted, may have asserted, could have asserted or could assert in the future against Guarantee Beneficiary (or any of the aforementioned related parties) at any time prior to or on the date of this GENERAL RELEASE OF ALL CLAIMS, or thereafter including specifically, without limitation, claims under the Sherman and Clayton Acts and the anti-trust Laws of the United States, and claims arising from contract, written or oral communications, alleged misstatements of fact, indebtedness of any kind or nature, and acts of negligence whether active or passive. This GENERAL RELEASE OF ALL CLAIMS shall survive the assignment or termination of any of the franchise agreements or other documents entered into by and between Guarantee Beneficiary and any of the undersigned. This GENERAL RELEASE OF ALL CLAIMS is not intended as a waiver of those rights of the undersigned which cannot be waived under applicable state franchise laws.~~from the beginning of time to the present.

1

010-8796-1655/6/AMERICAS

Levy_0008211

Release of the Maker and Starboard.  As requested by the undersigned, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantee Beneficiary hereby fully, unconditionally, and without limitation RELEASES, DISCHARGES and ACQUITS the Maker and Starboard, individually and collectively, from any and all liabilities, claims, damages, demands, costs, indebtedness, expenses, debts, indemnities, compensation, suits, controversies, actions and causes of action of any kind whatsoever, whether developed or undeveloped, known or unknown, fixed or contingent, regarding or arising out of the Guarantee, from the beginning of time to the present.

For the sake of clarity, nothing in this MUTUAL RELEASE OF CLAIMS shall release any rights or claims arising out of this Note for enforcement thereof or otherwise, including without limitation Payee's right to obtain entry of cognovit judgment against Maker in the event of default.

This MUTUAL RELEASE OF CLAIMS is not intended as a forgiveness of any debt, or a waiver of any rights of the undersigned which cannot be waived under applicable state laws.

WITNESS:                                         **WENDY'S NETHERLANDS B.V.**

                                                 By:_____
_____                    Title:_____

WITNESS:                                         **STARBOARD INTERNATIONAL HOLDINGS B.V.**

_____                By: _____
                                                     Title: _____

_____                _____
                                                 Andrew Levy, Individually

- 2 -

010-8796-1655/11/AMERICAS

Levy_0008212

EXHIBIT D
Restaurant Reimaging Schedule



**Formatted:** Justified

- 3 -

010-8796-1655/11/AMERICAS

Levy_0008213

## COGNOVIT PROMISSORY NOTE

FRANKLIN COUNTY, OHIO

<u>$5,550,360.55</u>                                                                February ___, 2020

FOR VALUE RECEIVED, the undersigned, Andrew Levy (the "**Maker**"), whose principal address is 1401 West Two Creeks Circle, Park City Utah, 84098, promises to pay to the order of WENDY'S NETHERLANDS B.V., a company organized and existing under the laws of the Netherlands (the "**Payee**"), at its registered address Prins Bernhardplein 200, 1097 JB Amsterdam, the Netherlands, or at such other place as the Payee may from time to time designate in writing, the principal sum of Five Million Five Hundred and Fifty Thousand Three Hundred and Sixty and 55/100 Dollars ($5,550,360.55), subject to reduction as described in the immediately following paragraph, plus interest at the rate of four and one-half percent (4.5%) per annum.

Commencing on January 15, 2020, and continuing until maturity, by acceleration or otherwise, Maker shall pay to Payee quarterly installments of principal and interest on the dates and in the combined amounts as set forth and in accordance with the Amortization Schedule attached hereto as *Exhibit A* and incorporated herein. Accrued interest on this Note shall be added monthly to the principal balance of this Note on the fifteenth day of each such month and shall thereafter accrue interest as provided herein. The entire amount due hereunder, including all unpaid principal and accrued interest, shall be due and payable in full on December 15, 2024 (it being understood that if the principal payments set forth on *Exhibit A* due prior to December 15, 2024 are made in accordance with the terms of this Note then the principal balance due on December 15, 2024 would be Three Million Six Hundred and Sixty Thousand Six Hundred and Thirty Four and Five Cents ($3,660,634.05).  This amount includes a reduction in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) provided in Payment No. 1, which is offered as a condition of compliance with the terms and conditions contained herein, including timely payment of all principal and interest due hereunder in accordance with the immediately two preceding sentences and no other default or event of default has occurred (whether or not cured or waived). Should Maker fail to meet these conditions, then the full value of the Note shall be reinstated in the amount of Five Million Five Hundred and Fifty Thousand Three Hundred and Sixty and 55/100 Dollars ($5,550,360.55), less any amounts paid in satisfaction hereof.

All principal and interest shall be payable in arrears.  Interest hereon shall be calculated on the basis of a 360-day year applied to the actual number of days elapsed.  All payments of principal and interest hereon shall be payable at par in lawful currency of the United States. Except as otherwise described herein, all amounts received for payment of this Note shall be first applied to any expenses due Payee under this Note and then to accrued interest, and finally to the reduction of principal. Payee shall designate in writing from time to time to Maker an account of Payee into which such amounts are to be paid.

The principal amount of this Cognovit Promissory Note represents an aggregate of amounts of existing indebtedness that the Maker freely admits are due and owing to Payee, and/or its subsidiaries, affiliates and related entities pursuant to and in satisfaction of the Maker's obligations under that certain Guarantee Agreement, dated as of October 20, 2015, among

010-8796-1655/11/AMERICAS

Levy_0008214

Starboard International Holdings B.V., as Guarantor ("**Starboard**"), Maker, as Guarantor, and Wendy's Netherlands B.V., as Beneficiary, as amended by the first amendment thereto dated August 2, 2017 and the second amendment thereto dated January 19, 2018 (such Guarantee Agreement, as so amended being the "**Guarantee**") attached hereto as *Exhibit B* and made a part hereof pursuant to which Maker guaranteed the obligations of WBR Franquais Participacoies LTDA, as borrower ("**Borrower**") under (x) the Credit Agreement, dated as of October 20, 2015 ("**2015 Credit Agreement**"), among Payee and Borrower and (y) the Credit Agreement, dated as of August 2, 2017 (together with the 2015 Credit Agreement being the "**Credit Agreements**")), among Payee and Borrower. The principal amount hereunder represents the amount agreed upon between Maker and Payee to be payable by Maker to discharge the obligations under the Guarantee with respect to the Credit Agreements. Such amount or any payment hereunder shall not in any way reduce or constitute a forgiveness of any amount owed by Borrower to Payee under the Credit Agreements.

In the event that any payment of principal and/or interest is not actually received by the Payee on or prior to the respective due date as set forth in the Amortization Schedules attached as *Exhibit A* hereto, the Maker agrees to pay Payee a late charge equal to the greater of twelve percent (12%) per annum on such delinquent amount until paid, or such amount as is permitted by law.

Payments due hereunder shall be paid by pre-authorized wire transfer, electronic transfer via automated clearing houses, similar commonly-accepted methods of funds transfer or such other method as Payee may designate in writing from time to time. Maker shall undertake all actions necessary and shall deliver to Payee all necessary information (including financial institution of origin and relevant account numbers) pertaining to such pre-authorized transfers.

Prepayment of the principal of this Note shall be permitted without premium or penalty of any kind, provided, however, that if Payee, in Payee's sole discretion, elects to assign, sell or transfer this Note to another person (each an Assignee), then in the event of an early payoff, Maker shall be required to pay to an Assignee of Payee a prepayment premium equal to 3% of the Note payoff amount during the first Loan Year (as defined herein) of the Note, 2% of the Note payoff amount during the second Loan Year of the Note, and 1% of the Note payoff amount during the third Loan Year of the Note, and 0% of the Note payoff amount after the end of the third Loan Year, and in no event is Maker permitted to pay any lump sum payments, without paying the Note in full, plus the prepayment premium during the first three (3) Loan Years of the Note.

The first Loan Year shall mean the period of time commencing on the date of this Note and ending on the last day of the twelfth consecutive month commencing with the month after the month in which this Note is dated, unless this Note is dated the first day of a month, in which case the first Loan Year shall mean the twelve consecutive months commencing with the date of this Note. Each subsequent Loan Year shall mean the successive twelve consecutive month period following the preceding Loan Year.

This Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

- 2 -

010-8796-1655/11/AMERICAS

Levy_0008215

This Note may be assigned, sold or transferred by Payee at Payee's sole discretion.  If so assigned, the Assignee hereof shall have and be entitled to exercise any and all discretion, rights and powers of Payee, but Assignee shall not be chargeable with any obligations or liabilities of Payee hereunder or with respect thereof.  Maker hereby agrees that Payee may, in its sole discretion, disclose pertinent financial information relative to Maker to any Assignee in order to facilitate the assignment, sale or transfer of this Note.  Maker agrees that it will not assert against Assignee any claim, defense, counterclaim or offset on account of this Note in any action brought by an Assignee.

In the event of any loss, theft, destruction or mutilation of this Note, upon Maker's receipt of an affidavit of an officer of Payee as to such loss, theft, destruction or mutilation and an appropriate indemnification, Maker will execute and deliver a replacement Note in the same principal amount and otherwise of like tenor as the lost, stolen, destroyed or mutilated Note.

The holders of this Note and all successors thereof shall have all of the rights of a holder in due course as provided under the Ohio Uniform Commercial Code and other laws of the State of Ohio.  Maker hereby waives demand, presentment, protest, notice of protest and/or dishonor and all other notices or requirements that might otherwise be required by law. The Maker promises to pay on demand all costs of collection, including attorney's fees and court costs, paid or incurred by Payee in enforcing this Note upon Maker's default hereunder.

The occurrence of any of the following shall constitute an "event of default" under this Note:

(a)     The failure of Maker to make any payment when due under this Note (time is of the essence of this Note) or to observe or perform any other term, agreement or covenant in this Note;

(b)     The failure of Maker within 10 business days' of execution of this Note, to provide sufficient evidence of his personal financial condition, in a form acceptable to Payee at Payee's sole discretion, to include without limitation a personal financial statement detailing Maker's current assets (including cash holdings) and liabilities and net worth;

(c)     The institution of proceedings by or against Maker under any state insolvency laws, federal bankruptcy law or similar debtor relief laws then in effect;

(d)     Maker becoming insolvent or generally failing to pay its debts as they become due;

(e)     The entry of a judgment against Maker which remains unsatisfied for more than thirty (30) days;

(f)     The existence of a material misrepresentation of Maker's financial condition in any oral or written statement made to Payee;

(g)     Default by the franchisee and/or termination or transfer (whether or not voluntarily or mutually agreed) of all of the Wendy's franchise

- 3 -

010-8796-1655/11/AMERICAS

Levy_0008216

agreements in the U.S. and/or the ceasing of operation of all Wendy's restaurants that are franchised to Maker and/or any entities of which Maker is a shareholder or holds other voting or member interests;

(h)     The death of Maker.

Upon the occurrence of an event of default, as defined above, Payee may, at its option and without notice, declare all principal and interest provided for under this Note to be immediately due and payable. Payee may waive any default before or after it occurs and may restore this Note in full effect without impairing the right to declare it due for a subsequent default, this right being a continuing one. Upon the occurrence of any of (a) through (h) above, Payee, in its sole discretion, may elect to issue a Notice of Default, without the necessity of first accelerating the principal or interest balance hereunder.

Maker hereby authorizes any attorney at law to appear for the Maker in any court of record in Franklin County, Ohio, with or without process, at any time after this Note becomes payable, by acceleration or otherwise, and waives the issuance and service of process and confesses judgment against Maker in favor of the holder of this Note for the amount then appearing due, together with interest, costs of suit and attorney's fees and thereupon to release all errors and waive all rights of second trial, appeal, and stay of execution.

In consideration for Payee's willingness to accept this Note from Maker and its forbearance relative to actions which it might otherwise take as of the date of this Note with regard to the obligations referenced herein, Maker hereby agrees to execute and shall cause Starboard to execute contemporaneously herewith, the Mutual Release of Claims Related to Guarantee in the form identical to that attached hereto and made a part hereof as *Exhibit C*. Maker represents and warrants that he, directly or indirectly, owns beneficially 100% of the equity interests of Starboard, has the control over the business direction of Starboard and has the power and authority to cause Starboard to enter into such Mutual Release.

Maker acknowledges and agrees that Payee's willingness to provide this Note and the provisions of this Note are strictly confidential in nature and are subject to the confidentiality provisions of the Franchise Agreements.

This Note may be freely transferred by Payee.

If any provision of this Note should for any reason be invalid or unenforceable, the remaining provisions hereof shall remain in full effect.

This Note shall be governed and construed in accordance with the laws of the State of Ohio and shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

- 4 -

010-8796-1655/11/AMERICAS

Levy_0008217

- 5 -

This Note was executed in Franklin County, Ohio.

ATTEST:                                              MAKER:

                                                     _____

                                                     ANDREW LEVY


                                                     Acknowledged and Agreed to

                                                     STARBOARD HOLDINGS
                                                     INTERNATIONAL, B.V.


                                                     _____

                                                     By:
                                                     Title:


**WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIM YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS PART TO COMPLY WITH ANY AGREEMENT OR ANY OTHER CAUSE.**

010-8796-1655/11/AMERICAS

Levy_0008218

# EXHIBIT A
## Amortization Schedule

**Enter Values**

| | | | | |
|---|---|---|---|---|
| Loan Amount | $ 5,550,360.55 | Loan | $ | 5,120,000.00 |
| Annual Interest Rate | 4.500% | Interest | $ | 430,360.55 |
| Loan Period in Years | 5.0 | Total | $ | 5,550,360.55 |
| Start Date of Loan | 1/15/2020 | Incentive Amount | $ | 1,200,000.00 |
| Optional Extra Payments | $0.00 | Principal Amount (Post Incentive) | $ | 4,350,360.55 |

| | | |
|---|---|---|
| Scheduled Quarterly Payment | $ | 125,000.00 |
| Scheduled Number of Payments | | 19 |
| Actual Number of Payments | | 19 |
| Total Interest Paid | $ | 861,432.55 |

| No. | Payment Date | Beginning Balance | Scheduled Payment | Principal | Total Accrued Interest | Interest Paid | Interest Paid In Kind | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/15/2020 | $ 5,550,360.55 | 0.00 | (1,200,000.00) | 48,941.56 | 0.00 | 48,941.56 | $ 4,399,302.10 |
| 2 | 2/15/2020 | 4,399,302.10 | | | | | | 4,399,302.10 |
| 3 | 3/15/2020 | 4,399,302.10 | | | | | | 4,399,302.10 |
| 4 | 4/15/2020 | 4,399,302.10 | 0.00 | 0.00 | 49,492.15 | 0.00 | 49,492.15 | 4,448,794.25 |
| 5 | 5/15/2020 | 4,448,794.25 | | | | | | 4,448,794.25 |
| 6 | 6/15/2020 | 4,448,794.25 | | | | | | 4,448,794.25 |
| 7 | 7/15/2020 | 4,448,794.25 | 50,000.00 | 0.00 | 50,048.94 | 50,000.00 | 48.94 | 4,448,843.19 |
| 8 | 8/15/2020 | 4,448,843.19 | | | | | | 4,448,843.19 |
| 9 | 9/15/2020 | 4,448,843.19 | | | | | | 4,448,843.19 |
| 10 | 10/15/2020 | 4,448,843.19 | 50,000.00 | 0.00 | 50,049.49 | 50,000.00 | 49.49 | 4,448,892.67 |
| 11 | 11/15/2020 | 4,448,892.67 | | | | | | 4,448,892.67 |
| 12 | 12/15/2020 | 4,448,892.67 | | | | | | 4,448,892.67 |
| 13 | 1/15/2021 | 4,448,892.67 | 50,000.00 | 0.00 | 50,050.04 | 50,000.00 | 50.04 | 4,448,942.72 |
| 14 | 2/15/2021 | 4,448,942.72 | | | | | | 4,448,942.72 |
| 15 | 3/15/2021 | 4,448,942.72 | | | | | | 4,448,942.72 |
| 16 | 4/15/2021 | 4,448,942.72 | 50,000.00 | 0.00 | 50,050.61 | 50,000.00 | 50.61 | 4,448,993.32 |
| 17 | 5/15/2021 | 4,448,993.32 | | | | | | 4,448,993.32 |
| 18 | 6/15/2021 | 4,448,993.32 | | | | | | 4,448,993.32 |
| 19 | 7/15/2021 | 4,448,993.32 | 50,000.00 | 0.00 | 50,051.17 | 50,000.00 | 51.17 | 4,449,044.50 |
| 20 | 8/15/2021 | 4,449,044.50 | | | | | | 4,449,044.50 |
| 21 | 9/15/2021 | 4,449,044.50 | | | | | | 4,449,044.50 |
| 22 | 10/15/2021 | 4,449,044.50 | 50,000.00 | 0.00 | 50,051.75 | 50,000.00 | 51.75 | 4,449,096.25 |
| 23 | 11/15/2021 | 4,449,096.25 | | | | | | 4,449,096.25 |
| 24 | 12/15/2021 | 4,449,096.25 | | | | | | 4,449,096.25 |
| 25 | 1/15/2022 | 4,449,096.25 | 50,000.00 | 0.00 | 50,052.33 | 50,000.00 | 52.33 | 4,449,148.58 |
| 26 | 2/15/2022 | 4,449,148.58 | | | | | | 4,449,148.58 |
| 27 | 3/15/2022 | 4,449,148.58 | | | | | | 4,449,148.58 |
| 28 | 4/15/2022 | 4,449,148.58 | 50,000.00 | 0.00 | 50,052.92 | 50,000.00 | 52.92 | 4,449,201.50 |
| 29 | 5/15/2022 | 4,449,201.50 | | | | | | 4,449,201.50 |
| 30 | 6/15/2022 | 4,449,201.50 | | | | | | 4,449,201.50 |
| 31 | 7/15/2022 | 4,449,201.50 | 125,000.00 | 74,946.48 | 50,053.52 | 50,053.52 | 0.00 | 4,374,255.02 |
| 32 | 8/15/2022 | 4,374,255.02 | | | | | | 4,374,255.02 |
| 33 | 9/15/2022 | 4,374,255.02 | | | | | | 4,374,255.02 |
| 34 | 10/15/2022 | 4,374,255.02 | 125,000.00 | 75,789.63 | 49,210.37 | 49,210.37 | 0.00 | 4,298,465.39 |
| 35 | 11/15/2022 | 4,298,465.39 | | | | | | 4,298,465.39 |
| 36 | 12/15/2022 | 4,298,465.39 | | | | | | 4,298,465.39 |
| 37 | 1/15/2023 | 4,298,465.39 | 125,000.00 | 76,642.26 | 48,357.74 | 48,357.74 | 0.00 | 4,221,823.12 |
| 38 | 2/15/2023 | 4,221,823.12 | | | | | | 4,221,823.12 |
| 39 | 3/15/2023 | 4,221,823.12 | | | | | | 4,221,823.12 |
| 40 | 4/15/2023 | 4,221,823.12 | 125,000.00 | 77,504.49 | 47,495.51 | 47,495.51 | 0.00 | 4,144,318.63 |
| 41 | 5/15/2023 | 4,144,318.63 | | | | | | 4,144,318.63 |
| 42 | 6/15/2023 | 4,144,318.63 | | | | | | 4,144,318.63 |
| 43 | 7/15/2023 | 4,144,318.63 | 125,000.00 | 78,376.42 | 46,623.58 | 46,623.58 | 0.00 | 4,065,942.22 |
| 44 | 8/15/2023 | 4,065,942.22 | | | | | | 4,065,942.22 |
| 45 | 9/15/2023 | 4,065,942.22 | | | | | | 4,065,942.22 |
| 46 | 10/15/2023 | 4,065,942.22 | 125,000.00 | 79,258.15 | 45,741.85 | 45,741.85 | 0.00 | 3,986,684.07 |
| 47 | 11/15/2023 | 3,986,684.07 | | | | | | 3,986,684.07 |
| 48 | 12/15/2023 | 3,986,684.07 | | | | | | 3,986,684.07 |
| 49 | 1/15/2024 | 3,986,684.07 | 125,000.00 | 80,149.80 | 44,850.20 | 44,850.20 | 0.00 | 3,906,534.26 |
| 50 | 2/15/2024 | 3,906,534.26 | | | | | | 3,906,534.26 |
| 51 | 3/15/2024 | 3,906,534.26 | | | | | | 3,906,534.26 |
| 52 | 4/15/2024 | 3,906,534.26 | 125,000.00 | 81,051.49 | 43,948.51 | 43,948.51 | 0.00 | 3,825,482.77 |
| 53 | 5/15/2024 | 3,825,482.77 | | | | | | 3,825,482.77 |
| 54 | 6/15/2024 | 3,825,482.77 | | | | | | 3,825,482.77 |
| 55 | 7/15/2024 | 3,825,482.77 | 125,000.00 | 81,963.32 | 43,036.68 | 43,036.68 | 0.00 | 3,743,519.46 |
| 56 | 8/15/2024 | 3,743,519.46 | | | | | | 3,743,519.46 |
| 57 | 9/15/2024 | 3,743,519.46 | | | | | | 3,743,519.46 |
| 58 | 10/15/2024 | 3,743,519.46 | 125,000.00 | 82,885.41 | 42,114.59 | 42,114.59 | 0.00 | 3,660,634.05 |
| 59 | 11/15/2024 | 3,660,634.05 | | | | | | 3,660,634.05 |
| 60 | 12/15/2024 | 3,660,634.05 | 3,660,634.05 | 3,660,634.05 | | | | 0.00 |

A-1

010-8796-1655/11/AMERICAS

Levy_0008219

# EXHIBIT B

Guarantee

B-1

010-8796-1655/11/AMERICAS

Levy_0008220

# EXHIBIT C

## <u>MUTUAL RELEASE OF CLAIMS RELATED TO GUARANTEE</u>

This MUTUAL RELEASE OF CLAIMS is made effective this _____ day of _____, 2019, and is entered into as a requirement of and in consideration for the willingness on the part of WENDY'S NETHERLANDS B.V. a company organized and existing under the laws of the Netherlands ("**Guarantee Beneficiary**"), to accept a promissory note made by Andrew Levy ("**Maker**") to be executed contemporaneously herewith in satisfaction of the Maker's obligations under that certain Guarantee Agreement, dated as of October 20, 2015, among Starboard International Holdings B.V., as Guarantor ("**Starboard**"), Maker, as Guarantor, and Wendy's Netherlands B.V., as Guarantee Beneficiary, as amended by the first amendment thereto dated August 2, 2017 and the second amendment thereto dated January 19, 2018 (such Guarantee Agreement, as so amended being the "**Guarantee**") pursuant to which Maker and Starboard guaranteed the obligations of WBR Franquais Participacoies LTDA, as borrower ("**Borrower**") under (i) the Credit Agreement, dated as of October 20, 2015 ("**2015 Credit Agreement**"), among Payee and Borrower and (ii) the Credit Agreement, dated as of August 2, 2017 (together with the 2015 Credit Agreement being the "**Credit Agreements**")), among Payee and Borrower, as follows:

<u>Release of Guarantee Beneficiary</u>.  As requested by the undersigned, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Maker and Starboard, individually and collectively, hereby fully, unconditionally, and without limitation RELEASE, DISCHARGE and ACQUIT Guarantee Beneficiary, its past, present and future shareholders, officers, directors, employees, successors, affiliates, assigns, agents, and subsidiaries from any and all liabilities, claims, damages, demands, costs, indebtedness, expenses, debts, indemnities, compensation, suits, controversies, actions and causes of action of any kind whatsoever, whether developed or undeveloped, known or unknown, fixed or contingent, regarding or arising out of the Guarantee, from the beginning of time to the present.

<u>Release of the Maker and Starboard</u>.  As requested by the undersigned, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantee Beneficiary hereby fully, unconditionally, and without limitation RELEASES, DISCHARGES and ACQUITS the Maker and Starboard, individually and collectively, from any and all liabilities, claims, damages, demands, costs, indebtedness, expenses, debts, indemnities, compensation, suits, controversies, actions and causes of action of any kind whatsoever, whether developed or undeveloped, known or unknown, fixed or contingent, regarding or arising out of the Guarantee, from the beginning of time to the present.

For the sake of clarity, nothing in this MUTUAL RELEASE OF CLAIMS shall release any rights or claims arising out of this Note for enforcement thereof or otherwise, including without limitation Payee's right to obtain entry of cognovit judgment against Maker in the event of default.

1

010-8796-1655/6/AMERICAS

Levy_0008221

- 2 -

This MUTUAL RELEASE OF CLAIMS is not intended as a forgiveness of any debt, or a waiver of any rights of the undersigned which cannot be waived under applicable state laws.


WITNESS:                                     **WENDY'S NETHERLANDS B.V.**

_____

By:_____
    Title:_____


WITNESS:                                     **STARBOARD INTERNATIONAL HOLDINGS B.V.**

_____

By:_____
    Title:_____


_____    _____

Andrew Levy, Individually

- 2 -

010-8796-1655/11/AMERICAS

Levy_0008222

DRAFT: NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)



Direct Dial No.
(614) 764-3123

Fax (614) 764-3243
kerry.green@wendys.com

**VIA HAND DELIVERY**

February ___, 2020

10 S&M Foods, LLC
7 S & M Foods, LLC
8 S & M Foods, LLC
9 S&M Foods, LLC
Starboard Group of Alabama, LLC
Starboard Group of Berwyn, INC.
Starboard Group of Great Lakes, LLC
Starboard Group of Richmond North, L.L.C.
Starboard Group of Richmond South, L.L.C.
Starboard Group of Southeast Florida, LLC
Starboard Group of Space Coast, LLC
Starboard Group of Tampa II, LLC
Starboard Group of Tampa, LLC
Starboard with Cheese, LLC
12540 West Atlantic Blvd.
Coral Springs, FL 33071

Attn: Mr. Andrew Levy

Re:     Franchise Agreements for Wendy's Hamburgers Restaurants identified on Exhibit A (the
        "**Restaurants**")

**<u>NOTICE OF NONCOMPLIANCE WITH REIMAGING REQUIREMENTS AND
AGREEMENT OF FOREBEARANCE OF DEFAULT</u>**

Dear Franchisees:

        Reference is made to those certain Unit Franchise Agreements, as set forth on <u>Exhibit A</u>
(the "**Franchise Agreements**") by and between the entities listed above (collectively,
"**Franchisees**") and Quality Is Our Recipe, LLC, as successor-in-interest to Wendy's International,
LLC ("**Wendy's**").

        As you know, Wendy's has Brand Sustainability requirements, which are supported by the
Franchise Agreements' requirement that you refurbish your Restaurants at your expense once
every five years to conform to the building design, trade dress, color schemes, and presentation of
Proprietary Marks in a manner consistent with the then-current image in effect for new restaurants
under the System. The Image Activation initiative, supported by Wendy's Brand Sustainability
requirements, has been in place since 2014 and requires that you have remodeled 50% of your

Levy_0008223

DRAFT:  NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

Restaurants by December 31, 2019 and 10% additional Restaurants by December 31, 2020. Notwithstanding these requirements, according to the Letter of Agreement dated December 3, 2018 between Franchisor and Franchisees, you agreed to a Reinvestment Plan whereby certain the timely completion of all required work to perform reimaging would be performed according to the Reinvestment Completion Dates agreed to therein.  You were required to make "all reasonable efforts to schedule and complete the reimage of 40% of your Restaurants by the end of calendar year 2020. . .  and at the rate of 10% of your existing portfolio per year" in addition to other requirements.  As of December 31, 2019, you have only remodeled 19 of your Restaurants, and only have another 6 Restaurants scheduled for reimaging in 2020, resulting in a breach of the Franchise Agreements.

Notwithstanding the foregoing, Wendy's is willing to temporarily forbear default to provide you with an opportunity to complete the reimaging requirement.  By **September 27, 2020** you must submit a plan for reimaging 40% of your Restaurants with a completion date of no later than December 31, 2020. You may choose to utilize Wendy's Franchise Development Program ("FDP") to contract with Wendy's as an independent contractor to perform project management services for one or more of your reimage projects, with a fee that varies depending on your project type.  If you elect to participate in our FDP Program, you must also execute the appropriate documents and pay all applicable fees **by September 27, 2020**.

Additionally, on or before **September 27, 2020**, you must have executed an amended and restated reinvestment plan to address the reimage schedule for the rest of the Restaurants in your portfolio.  Please work with Kris Kaffenbarger to ensure this deadline is met.

Failure to adhere to each of the above deadlines, including the failure to diligently pursue completion of the reimaging work and providing Wendy's with evidence of your progress, will result in Wendy's enforcement of default in addition to all other remedies Wendy's may exercise under the Franchise Agreements.

This notice and any other notice that may be sent to you are sent without prejudice to any other notice or action that is or is not yet pending, and Wendy's hereby reserves all of its rights in this regard.

Your signature to the below signifies your acknowledgement and understanding of these terms and conditions in this Letter Agreement.  You may execute two copies and keep one for your own record-keeping purposes, please return one original to my attention.

Sincerely,

QUALITY IS OUR RECIPE, LLc

DRAFT NOT FOR EXECUTION

Kerry Green
Associate General Counsel – Global Franchise

*(Signatures continue on following page)*

Levy_0008224

DRAFT:  NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

Acknowledged and agreed on February ___, 2020,

FRANCHISEES:

By:<u>DRAFT NOT FOR EXECUTION</u> _____
    Title

DM 398328
cc:    Kris Kaffenbarger
       Cheri Roell
       Nancy Lee-Yorke
       Kirk Vidra
       Laura Stratton
       Zack Kollias
       Abigail Pringle
       Peter Koumas
       Brian Daughney

Levy_0008225

DRAFT:  NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

## EXHIBIT A
## Restaurants

| Effective Date | Expiration Date | Contract No. | Site No. | Restaurant Address |
|---|---|---|---|---|
| 5/29/2015 | 7/31/2034 | 8326 | 11498 | 602 HIGHWAY 80 E , DEMOPOLIS, MARENGO COUNTY, ALABAMA |
| 6/1/2012 | 6/1/2032 | 7818 | 10475 | 16056 HWY 280 , CHELSEA, SHELBYCOUNTY, ALABAMA |
| 9/3/2013 | 9/3/2033 | 7526 | 10503 | 967 GILBERTS FERRY RD , ATTALLA, ETOWAHCOUNTY, ALABAMA |
| 5/21/2014 | 6/1/2032 | 7974 | 11448 | 1600 COUNTY ROAD 437, CULLMAN, CULLMAN COUNTY, ALABAMA |
| 1/11/2019 | 6/30/2043 | 7258 | 3177 | 1920 MCFARLAND BLVD., NORTHPORT, TUSCALOOSA COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7259 | 5134 | 2045 VILLAGE DR, LEEDS, ST.CLAIR   COUNTY, ALABAMA |
| 1/31/2017 | 10/23/2035 | 7260 | 5563 | 5018 OSCAR BAXTER DR, TUSCALOOSA, TUSCALOOSA COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7261 | 7393 | 45 JIMMY HINTON DR., OXFORD , CALHOUN    COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7262 | 7961 | 75 TOWER ROAD , OXFORD , CALHOUN    COUNTY, ALABAMA |
| 2/1/2017 | 2/1/2037 | 7263 | 8453 | 5801 AL HIGHWAY 157, CULLMAN, CULLMAN    COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7264 | 8474 | 419 N. PELHAM ROAD , JACKSONVILLE, CALHOUN COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7265 | 8483 | 4422 OLD BIRMINGHAM HIGHWAY, TUSCALOOSA, TUSCALOOSA COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7266 | 8895 | 170 VAUGHAN LANE , PELL CITY, ST.CLAIR   COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7267 | 8896 | 10393 HWY 5 , BRENT, BIBB  COUNTY, ALABAMA |
| 12/19/2012 | 12/31/2032 | 7268 | 2813 | 204 15TH STREET EAST, TUSCALOOSA, TUSCALOOSA COUNTY, ALABAMA |
| 12/4/2003 | 12/4/2023 | 4403 | 9274 | 180 WEST SWEDESFORD ROAD, DEVON, CHESTER COUNTY, PENNSYLVANIA |
| 8/10/2009 | 3/31/2020 | 9079 | 11257 | 2506 WORLD GATEWAY PL/DMA/MCNAMARA, DETROIT, WAYNE COUNTY, MICHIGAN |
| 5/1/2007 | 5/1/2027 | 2547 | 474 | 4805 W BROAD STREET, RICHMOND , VIRGINIA |
| 5/1/2007 | 5/1/2027 | 2549 | 519 | 807 ENGLAND STREET , ASHLAND, HANOVER    COUNTY, VIRGINIA |
| 5/1/2007 | 5/1/2027 | 2552 | 672 | 2200 LABURNUM AVENUE, RICHMOND , HENRICO COUNTY, VIRGINIA |
| 5/26/2016 | 12/7/2035 | 2554 | 774 | 4609 WILLIAMSBURG, RICHMOND , HENRICO    COUNTY, VIRGINIA |
| 5/1/2007 | 5/1/2027 | 2556 | 1404 | 9116 W BROAD STREET, RICHMOND , HENRICO    COUNTY, VIRGINIA |

Levy_0008226

DRAFT:  NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

| | | | | |
|---|---|---|---|---|
| 2/27/2009 | 2/27/2029 | 2557 | 1642 | 4231 POUNCEY TRACT ROAD , GLEN ALLEN, HENRICO COUNTY, VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2558 | 1872 | 4026 GLENSIDE DRIVE, RICHMOND , HENRICO   COUNTY, VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2560 | 2167 | 10177 BROOK ROAD , GLEN ALLEN, HENRICO   COUNTY, VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2563 | 972 | 5212 BROOK ROAD, RICHMOND , HENRICO   COUNTY, VIRGINIA |
| 9/30/2010 | 9/30/2030 | 2564 | 1028 | 8300 BROOK ROAD, RICHMOND , HENRICO   COUNTY, VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2550 | 530 | 6824 HULL STREET , RICHMOND , CHESTERFIELD   COUNTY, VIRGINIA |
| 9/30/2010 | 9/30/2030 | 2551 | 554 | 172 E BELT BLVD. , RICHMOND , VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2553 | 701 | 1709 BOULEVARD, COLONIAL HTS. , VIRGINIA |
| 5/1/2007 | 5/1/2027 | 2555 | 1301 | 6451 CENTRALIA ROAD, CHESTERFIELD, CHESTERFIELD COUNTY, VIRGINIA |
| 1/12/2009 | 1/12/2029 | 2559 | 2093 | 680 SOUTHPARK BLVD , COLONIAL HTS. , VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2561 | 797 | 1859 S CRATER ROAD , PETERSBURG, DINWIDDIE  COUNTY, VIRGINIA |
| 5/1/2007 | 5/1/2027 | 2562 | 883 | 2510 W HUNDRED ROAD, CHESTER, CHESTERFIELD COUNTY, VIRGINIA |
| 2/27/2009 | 2/27/2029 | 2565 | 1231 | 5103 OAKLAWN BLVD, HOPEWELL , VIRGINIA |
| 5/1/2007 | 5/1/2027 | 3048 | 7799 | 1419 SOUTH MAIN STREET, BLACKSTONE, NOTTOWAY COUNTY, VIRGINIA |
| 9/30/2010 | 9/30/2030 | 3845 | 577 | 4507 JEFFERSON DAVIS HIGHWAY , RICHMOND , VIRGINIA |
| 5/1/2007 | 5/1/2027 | 4354 | 9284 | 13201 KINGSTON AVE , CHESTER, CHESTERFIELD   COUNTY, VIRGINIA |
| 5/1/2007 | 5/1/2027 | 4926 | 10804 | 1792 SOUTH CREEK ONE, POWHATAN , POWHATAN COUNTY, VIRGINIA |
| 2/22/2010 | 2/22/2030 | 5339 | 2011 | 1197 S.MILITARY TRAIL , DEERFIELD BEACH, BROWARD COUNTY, FLORIDA |
| 2/22/2010 | 2/22/2030 | 5340 | 1923 | 4950 LINTON BLVD , DELRAY BEACH, PALM BEACH COUNTY, FLORIDA |
| 10/26/1998 | 3/31/2020 | 5341 | 5499 | 6375 W SAMPLE RD , CORAL SPRINGS , BROWARD COUNTY, FLORIDA |
| 3/15/1995 | 9/30/2023 | 5342 | 1946 | 10050 W SAMPLE ROAD, CORAL SPRINGS , BROWARD COUNTY, FLORIDA |
| 7/1/2008 | 7/1/2028 | 5343 | 7391 | 9960 WEST OAKLAND PARK BLVD, SUNRISE, BROWARD COUNTY, FLORIDA |
| 9/29/1997 | 9/30/2022 | 5344 | 7512 | 4676 N UNIVERSITY DRIVE , CORAL SPRINGS , BROWARD COUNTY, FLORIDA |
| 1/26/1998 | 9/30/2020 | 5345 | 7631 | 11925 NW 27TH PL., MIAMI, DADE  COUNTY, FLORIDA |
| 8/7/1998 | 9/30/2023 | 5346 | 7861 | 831 YAMATO RD , BOCA RATON, PALM BEACH COUNTY, FLORIDA |
| 7/1/2008 | 7/1/2028 | 5347 | 7917 | 14900 SOUTHWEST 31ST STREET, MIRAMAR, BROWARD COUNTY, FLORIDA |

Levy_0008227

DRAFT: NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

| | | | | |
|---|---|---|---|---|
| 7/10/2014 | 6/15/2033 | 5348 | 8174 | 7560 NW 186TH STREET, HIALEAH, DADE  COUNTY, FLORIDA |
| 1/4/2001 | 1/4/2023 | 5349 | 8477 | 15020 JOG ROAD, DELRAY BEACH, PALM BEACH COUNTY, FLORIDA |
| 6/21/2001 | 6/21/2023 | 5350 | 8478 | 1515 NORTHWEST 7TH STREET, MIAMI, DADE  COUNTY, FLORIDA |
| 12/18/1998 | 12/31/2020 | 8527 | 2064 | 890 US HIGHWAY 1 , VERO BEACH, INDIAN RIVER COUNTY, FLORIDA |
| 12/18/1998 | 12/18/2020 | 8528 | 2402 | 270 SW PORT ST LUCIE BLVD, PORT ST.LUCIE , ST.LUCIE COUNTY, FLORIDA |
| 12/18/1998 | 12/18/2023 | 8529 | 2404 | 6210 20TH STREET , VERO BEACH, INDIAN RIVER   COUNTY, FLORIDA |
| 12/18/1998 | 12/18/2028 | 8530 | 2562 | 10246 S FEDERAL HWY, PORT ST.LUCIE , ST.LUCIE  COUNTY, FLORIDA |
| 12/18/1998 | 12/31/2020 | 8531 | 2228 | 726 S FEDERAL HWY, STUART , MARTINCOUNTY, FLORIDA |
| 1/31/2017 | 2/8/2036 | 8532 | 2590 | 2309 S US HIGHWAY 1, FT.PIERCE, ST.LUCIE  COUNTY, FLORIDA |
| 12/29/2000 | 12/29/2022 | 8533 | 8448 | 4900 S. FEDERAL HIGHWAY , FT.PIERCE, ST.LUCIE  COUNTY, FLORIDA |
| 12/13/2001 | 12/13/2021 | 8534 | 8861 | 1841 N. 4TH STREET , FT.PIERCE, ST.LUCIE  COUNTY, FLORIDA |
| 7/15/2002 | 7/15/2022 | 8535 | 8847 | 4435 NORTHLAKE BLVD., PALM BEACH GARDENS , PALM BEACH COUNTY, FLORIDA |
| 1/31/2000 | 11/13/2025 | 8536 | 7959 | 4150 NORTH WICKHAM ROAD , MELBOURNE, BREVARD COUNTY, FLORIDA |
| 4/25/2001 | 10/31/2027 | 8537 | 8558 | 8440 ASTRONAUT BLVD, CAPE CANAVERAL, BREVARD COUNTY, FLORIDA |
| 11/16/2001 | 11/13/2025 | 8538 | 8452 | 648 BARNES BLVD. , ROCKLEDGE, BREVARD  COUNTY, FLORIDA |
| 1/31/2017 | 12/18/2035 | 8539 | 1656 | 1154 MALABAR RD S.E., PALM BAY , BREVARD  COUNTY, FLORIDA |
| 8/20/1998 | 1/1/2021 | 8540 | 1734 | 1150 BABCOCK ST. , MELBOURNE, BREVARD  COUNTY, FLORIDA |
| 8/20/1998 | 3/31/2020 | 8541 | 1735 | 395 E EAU GALLIE BLVD , INDIAN HARBOR BEACH, BREVARD COUNTY, FLORIDA |
| 8/20/1998 | 8/20/2028 | 8543 | 1737 | 10 W MERRITT ISLAND CSWY, MERRITT ISLAND, BREVARD COUNTY, FLORIDA |
| 8/20/1998 | 12/31/2020 | 8545 | 1740 | 1755 PALM BAY ROAD NE , PALM BAY , BREVARD COUNTY, FLORIDA |
| 8/20/1998 | 12/31/2025 | 8546 | 1741 | 2650 W. NEW HAVEN AVE., MELBOURNE, BREVARD COUNTY, FLORIDA |
| 8/20/1998 | 8/20/2028 | 8547 | 1743 | 3000 GARDEN ST., TITUSVILLE, BREVARD  COUNTY, FLORIDA |
| 1/31/2017 | 8/23/2028 | 8548 | 1744 | 205 S. MIRIMAR, INDIALANTIC , BREVARD  COUNTY, FLORIDA |
| 8/20/1998 | 9/30/2023 | 8549 | 1834 | 8245 NORTH WICKHAM RD , MELBOURNE, BREVARD COUNTY, FLORIDA |

Levy_0008228

| | | | | |
|---|---|---|---|---|
| 8/20/1998 | 8/23/2023 | 8550 | 2453 | 3323 COLUMBIA BLVD , TITUSVILLE, BREVARD   COUNTY, FLORIDA |
| 8/9/2002 | 8/9/2023 | 8551 | 2587 | 135 PALM BAY ROAD, W.MELBOURNE , BREVARD COUNTY, FLORIDA |
| 6/28/2017 | 6/28/2042 | 10449 | 11857 | 950 N WICKHAM RD , MELBOURNE, BREVARD   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5630 | 1325 | 13712 BRUCE B. DOWNS BLVD, TAMPA, HILLSBOROUGH COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5631 | 1443 | 6024 COUNTY ROAD 579, SEFFNER, HILLSBOROUGH COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5632 | 8888 | 3601 W. HILLSBOROUGH AVENUE, TAMPA, HILLSBOROUGH COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5619 | 85 | 1507 E. FOWLER, TAMPA, HILLSBOROUGH   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5620 | 202 | 8330 N. FLORIDA, TAMPA, HILLSBOROUGH   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5622 | 495 | 1501 HILLSBORO AVE , TAMPA, HILLSBOROUGH   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5623 | 677 | 5658 GALL BLVD, ZEPHYRHILLS , PASCO COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5624 | 808 | 13135 US HWY 301 , DADE CITY, PASCO COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5625 | 915 | 13119 N. DALE MABRY, TAMPA, HILLSBOROUGH   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5626 | 1297 | 6620 E. MARTIN LUTHER KING BLVD., TAMPA, HILLSBOROUGH   COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5627 | 7705 | 1615 WEST KENNEDY BLVD. , TAMPA, HILLSBOROUGH COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5628 | 7932 | 13565 CYPRESS GLENN LANE, TAMPA, HILLSBOROUGH COUNTY, FLORIDA |
| 5/17/2004 | 5/17/2024 | 5629 | 8850 | 19430 BRUCE B. DOWNS, TAMPA, HILLSBOROUGH COUNTY, FLORIDA |
| 1/31/2017 | 1/31/2037 | 8508 | 4184 | 314 HWY 61 SOUTH , HANNIBAL , MARIONCOUNTY, MISSOURI |
| 12/17/2004 | 12/17/2024 | 8509 | 5341 | 2 CIETEN PLAZA, BARRY, PIKE  COUNTY, ILLINOIS |
| 1/31/2017 | 1/12/2022 | 8510 | 5267 | 3815 WISCONSIN AVENUE , APPLETON , OUTAGAMIE COUNTY, WISCONSIN |
| 2/1/2017 | 2/1/2037 | 8512 | 5401 | 3300 S. ONEIDA, APPLETON , OUTAGAMIE  COUNTY, WISCONSIN |
| 12/31/2016 | 12/22/2035 | 8513 | 5767 | 3530 BROADWAY , QUINCY , ADAMS COUNTY, ILLINOIS |
| 3/30/2011 | 3/30/2031 | 8514 | 8730 | 807 MARION CITY ROAD, PALMYRA, MARIONCOUNTY, MISSOURI |
| 1/21/2002 | 1/21/2025 | 8515 | 8739 | 505 SOUTH DEERFIELD, PONTIAC, LIVINGSTON COUNTY, ILLINOIS |
| 5/7/2003 | 5/7/2023 | 8516 | 8661 | 2360 WESTOWNE AVE, OSHKOSH, WINNEBAGO  COUNTY, WISCONSIN |
| 11/4/1997 | 9/30/2020 | 8517 | 7532 | 2805 SCHOFIELD AVE , SCHOFIELD, MARATHON   COUNTY, WISCONSIN |

Levy_0008229

DRAFT:  NOT FOR EXECUTION
SUBJECT TO CPLR 4547/RULE 408 (or equiv.)

| 7/26/2017 | 7/31/2035 | 8518 | 10700 | 1250 TORONTO ROAD, SPRINGFIELD , SANGAMON COUNTY, ILLINOIS |
| 6/29/2007 | 6/29/2027 | 8519 | 8114 | 1209 BROADWAY AVE E, MATTOON, COLES COUNTY, ILLINOIS |
| 3/30/2015 | 3/30/2035 | 8520 | 10523 | 412 E. WALNUT AVE, CARBONDALE, JACKSON   COUNTY, ILLINOIS |

Levy_0008230