**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WENDY'S NETHERLANDS B.V.,**

      **Plaintiff,**

    **v.**                                                    **Civil Action 2:24-cv-3077**

                                                        **District Judge Michael H. Watson**
                                                        **Magistrate Judge Kimberly A. Jolson**

**ANDREW LEVY,**

      **Defendant.**

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Seal Exhibit 29. (Doc. 135). In it, Plaintiff requests that the Court seal an exhibit to its Motion for Summary Judgment that inadvertently contains Defendant's sensitive personal identifying information. (*Id.*). Defendant consents to the Motion. (*Id.*). For the following reasons, the Motion is **GRANTED**.

**I.        STANDARD**

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury. . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## II.        DISCUSSION

As noted above, Plaintiff seeks to seal an exhibit containing Defendant's personal information, including his social security number, information regarding his children, his home address, and his date of birth. (Doc. 135 at 1). "[T]rial courts have always been afforded the

power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Here, the Court finds that Defendant's right to privacy in his personal identifying information outweighs the public's interest in access to the same. *See Edelstein v. Stephens*, No. 1:17-cv-00305, 2018 WL 4854593, at *4 (S.D. Ohio Oct. 5, 2018) (discussing that courts in the Sixth Circuit order records to be sealed when they contain "personal identifying information that must be protected from disclosure"); *In re Flint Water Cases*, 5:16-cv-10444, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021) (finding no compelling public interest in accessing personal addresses and phone numbers); *see also* Fed. R. Civ. P. 5.2 (permitting partial redactions of social security numbers and birthdates).

Because Defendant already filed Doc. 130-29, the Court **DIRECTS** the Clerk to seal this exhibit to protect Plaintiff's personal identifying information. The Court, however, **ORDERS** Defendant to file a redacted version of this exhibit to best comply with the narrowly tailored requirement. *See NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 6791232, at *2 (S.D. Ohio Nov. 19, 2020) (permitting redaction of personal phone number in deposition transcript instead of entire transcript because that approach was narrowly tailored and balanced the concern of protecting the information "with the public's interest in accessing the record in this case").

III.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Seal Exhibit 29 is **GRANTED**. Plaintiff is **ORDERED** to file a redacted copy within **SEVEN DAYS** of this Order.

IT IS SO ORDERED.

Date:   July 22, 2026                                    /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE

3