**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Wendy's Netherlands B.V.,**

**Plaintiff,**

**v.**

**Andrew Levy,**

**Defendant.**

**Case No. 2:24-cv-3077**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

# OPINION AND ORDER

Wendy's Netherlands B.V. ("Wendy's") sues Andrew Levy ("Levy") for breach of a cognovit note. ECF No. 5. Levy countersues Wendy's for fraud. ECF No. 51. Wendy's moves to dismiss that counterclaim, ECF No. 54, and Levy moves for leave to file supplemental authority in opposition to Wendy's motion, ECF No. 64. Both motions are fully briefed. ECF Nos. 54, 57, 59, 64, 65, 66. For the following reasons, the Court **GRANTS** Wendy's motion and **DENIES AS MOOT** Levy's motion.

## I. FACTS

As this Court previously explained, Levy "and his company, Starboard International Holdings, B.V. ('Starboard'), are owners / investors in several Wendy's franchises." Op. and Order 2, ECF No. 23. In 2015 and 2017, Wendy's entered into credit agreements with a borrower related to Wendy's franchises in Brazil. *Id.* Through those credit agreements, Wendy's agreed to lend money to the borrower, which would develop and operate Wendy's restaurants in Brazil.

*Id.* In connection with those credit agreements, Starboard and Levy signed a Guarantee Agreement and two amendments thereto, which the Court collectively refers to as the "Guarantee." *Id.*

The Brazilian Wendy's restaurants were wound down in 2019, making the borrower's payments under the credit agreements due and payable. *Id.* at 3. Wendy's and Levy thereafter negotiated the terms of his obligations under the Guarantee, resulting in Levy signing a cognovit promissory note ("Cognovit Note") in 2020. *Id.* That Cognovit Note memorialized and secured Levy's personal obligations under the Guarantee. *Id.*

Wendy's alleges that Levy breached the Cognovit Note, and it obtained a Cognovit Judgment against Levy in the Franklin County Court of Common Pleas. *Id.* at 5. Levy argues that he signed the Cognovit Note under duress, and, because the Court found that to be a meritorious defense, the Court vacated the state-court Cognovit Judgment. *Id.* at 5; ECF No. 44.

Pertinent here, Levy alleges in his counterclaim against Wendy's that, from 2017 through 2019, Wendy's made various misrepresentations to induce him to fund an additional $1,300,000 to continue operations in Brazil and to later "advance[] the funds to fund [ ] Infinity's quotas[.]" Counterclaim ¶¶ 16, 20, ECF No. 51. He alleges that he could have used those funds to pay down his obligations under the Guarantee. *Id.* ¶ 21.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

Wendy's argues that Levy's counterclaim for fraudulent inducement is barred by both the statute of limitations and his unconditional release of claims

against Wendy's, is not ripe, and must be litigated in New York pursuant to the parties' forum selection clause. ECF No. 54. Because the Court finds that Levy's counterclaim is ripe but agrees that Levy must litigate his counterclaim in New York, the Court need not consider Wendy's other arguments.

**A. Ripeness**

Wendy's argues that Levy's counterclaim that he was fraudulently induced into providing additional funding for the Brazilian operations will not be ripe unless and until the Court invalidates the Cognovit Note. Mot., ECF No. 54.

The Court disagrees. Regardless of the validity of the actual Cognovit Note, Levy's purported injury vis-à-vis the fraudulent inducement counterclaim was completed long ago. That is, the factual basis of his counterclaim does not depend on future events.[1]

---

[1] This case is unlike the cases Wendy's cites. For example, in *Walgreen Co. v. Hummer*, No. 1:10CV2902, 2012 WL 1658680, at *3 (N.D. Ohio May 11, 2012), the defendant's *very intent to assert* the "unripe" counterclaim was contingent on future events; he referred to his counterclaims as "contingent claims[.]" *Id.* at *1. If the plaintiff in that case did not prevail, the defendant would not even assert the counterclaim because he agreed that it was barred by a release; he intended to assert the counterclaim only in the event the plaintiff won its claim and elected to rescind the contract that contained the release. Contrariwise, Levy unequivocally wants to assert his counterclaim now and wants to argue that his counterclaim is not barred by the release. That argument is not unripe simply because no court has yet reached its merits (i.e., determined whether the release is valid). Indeed, the *Hummer* court recognized that the defendant there "could maintain his Counterclaims by challenging the Release Agreement . . . ," *id.* at *5, which is the action Levy takes here. *Paugstat v. Pepperidge Farm, Inc.*, No. 1:20-cv-508, 2022 WL 195078, at *2 (S.D. Ohio Jan. 21, 2022) likewise involved a party wishing to assert a claim only if another party prevailed on its claim because only then would the injury arise.

True, whether Levy's claim is barred by a release that was signed as part of consideration for the Cognovit Note will depend on the validity of the Cognovit Note (because if the Cognovit Note is invalid, the consideration therefore is also invalid). And that validity has not yet been determined. But the fact that his counterclaim might fail on the merits due to a release does not make the claim *unripe*.

Of course, it might be more efficient for this Court to determine the validity of the Cognovit Note (and, hence, the release) and then, as a corollary, determine whether the release bars Levy's counterclaim. But Wendy's insists on enforcing the forum selection clause, so it appears that the validity of the release will be at issue in two forums.

**B. Forum Selection Clause**

Analyzing the forum selection clause argument involves analyzing three distinct issues: (1) does the Guarantee's forum selection clause[2] *apply* to Levy's counterclaim? (2) if so, is the forum selection clause *enforceable* against Levy? and (3) if the answers to (1) and (2) are "yes," what is the appropriate remedy?

Because the available remedy here shapes the contours of the Court's analysis, the Court addresses issue (3) before turning to (1) and then (2).

[2] The First Amendment and Second Amendment to the Guarantee Agreement contain the same forum selection clauses. *See* ECF No. 51-3.

### 3. What is the appropriate remedy?

Courts may transfer a case to another federal forum pursuant to 28 U.S.C. § 1404(a), if the forum selection clause specifies another federal forum, or may dismiss the claim under the doctrine of *forum non conveniens*, if the forum selection clause specifies a state or foreign forum. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60–61 (2013).

Here, though, neither Wendy's nor Levy move for transfer to the United States District Court for the Southern District of New York at Manhattan pursuant to § 1404(a). *See* Guarantee Agmt. § 5.9(a), ECF No. 5 at PAGEID # 379; Mot., ECF No. 54; Resp., ECF No. 57; Reply, ECF No. 59. Nor does Wendy's move for dismissal under the doctrine of *forum non conveniens*. *See* Mot., ECF No. 54. Instead, Wendy's moves for dismissal under Rule 12(b)(6). *Id.*

The Supreme Court has not answered whether a forum selection clause may serve as the basis of a Rule 12(b)(6) motion to dismiss, *see Atlantic Marine*, 571 U.S. at 61 (reserving the question), but the Sixth Circuit has affirmed Rule 12(b)(6) dismissals based on enforcement of forum selection clauses, *see Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). *See also VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) ("The Supreme Court has left open whether parties may enforce a forum-selection clause under Rule 12(b)(6) . . . . Our cases seem to permit the approach." (citations omitted)).

When a defendant moves to dismiss a claim under Rule 12(b)(6) based on the affirmative defense of a forum selection clause, though, the presiding court must follow "Rule 12(b)(6)'s usual framework." *VCST Int'l B.V.*, 142 F.4th at 399. That includes taking the complaint's (or, as here, the counterclaim's) allegations as true and generally considering only the four corners of the pleading (or the limited set of documents that a court may consider without converting a motion to dismiss into one for summary judgment). *Id.*

At bottom, because Wendy's moves to dismiss under Rule 12(b)(6) for failure to state a claim in this forum, this Court may dismiss Levy's counterclaim only if the counterclaim's allegations "(or any other documents that [the Court] may consider at this stage) show as a matter of law that the [forum selection clause] applies." *Id.* at 400 (citation omitted). The ultimate question is whether Levy has stated a plausible claim *in Ohio*. *See id.* at 401 (citing *Twombly*, 550 U.S. at 570).

Having clarified the standard of review, the Court next considers whether the counterclaim and admissible documents show, as a matter of law, that Levy cannot bring his fraudulent inducment counterclaim in Ohio. In doing so, the Court may consider, at minimum, the four corners of the counterclaim, ECF No. 51, and the contracts attached thereto and referred to therein, ECF Nos. 51-1, 51-2, 51-3, 51-6, without converting Wendy's motion into one for summary judgment.

**1. Does the forum selection clause apply here?**

Whether a forum selection clause applies to a claim or party is analytically distinct from whether the forum selection clause is enforceable. *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 326 (6th Cir. 2024). And the first step in analyzing the applicability of a forum selection clause is deciding which law governs the interpretation of that clause.

On the one hand, this federal court sits in Ohio. On the other hand, the Guarantee contains a choice-of-law provision, stating that it "shall be governed by, and construed and interpreted in accordance with, the laws of the state of New York." Guarantee Agmt. § 5.8, ECF No. 51-3. To top it off, Levy argues that federal common law should govern. Obj. 3–4, ECF No. 22. So, under which law does the Court construe the breadth of the forum selection clause?

"Under the *Erie*[3] approach to contract interpretation, a federal court sitting in diversity begins with a conflict-of-laws analysis using the law of the State in which it sits (here Ohio) to determine the governing law, and then interprets the contract provision under that law." *Firexo, Inc.*, 99 F.4th at 327 (citation omitted); *see also VCST Int'l B.V.*, 142 F.4th at 401. This means that the Court begins with Ohio's conflict-of-law rules to determine under which law to interpret the scope of the forum selection clause.

[3] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

"Ohio follows the Restatement (Second) of Conflicts §§ 187–88 (1971) in contract cases, . . . and the Restatement accepts choice-of-law provisions in contracts, but for two exceptions. . . ." *Id.* (citations omitted). Ohio would thus apply the parties' chosen law—New York—unless an exception applies under Ohio's choice-of-law rules.

Under the first exception, which is relevant here, Ohio will not apply the law of the chosen state if that "state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice . . . ." *Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (syllabus) (Ohio 1983) (internal quotation marks and citation omitted).

As the Magistrate Judge previously explained, New York has no substantial relationship to the parties or the Guarantee, and there is no other reasonable basis for the parties' choice of New York law. Counterclaim ¶¶ 2–3, ECF No. 51; First Am. to Guarantee Agmt., ECF No. 51-3 (noting the amendment was executed in Sao Paulo); Second Am. to Guarantee Agmt., ECF No. 51-3 (same); *see also* Order 7–8, ECF No. 20. Accordingly, under Ohio's conflict-of-law rules, Ohio would apply Ohio law when interpreting the scope of the Guarantee, and this Court must do the same.

Interpreting the forum selection clause under the laws of Ohio, the Court concludes that the clause applies to Levy's counterclaim for fraudulent inducement.

Again, as the Magistrate Judge previously explained, when applying Ohio law, "[w]e seek primarily to give effect to the intent of the parties, and we presume that the intent of the parties is reflected in the plain language of the contract." *Beverage Holdings, L.L.C. v. 5701 Lombardo, L.L.C.*, 150 N.E.3d 28, 31 (Ohio 2017) (citation omitted); *see also* Op. and Order, ECF No. 21. The Court gives common words their ordinary meaning absent a result of manifest absurdity or unless another meaning is clearly apparent on the face of the contract. *Id.*

Here, the forum selection clause covers "any" "legal action" or "proceeding" "with respect to" or "arising out of" the Guarantee. Guarantee Agmt. § 5.9(a), ECF No. 5 at PAGEID # 379; ECF No. 51-3.

Despite Levy's attempts to otherwise characterize his counterclaim, he alleges that Wendy's misrepresentations induced him to incur additional obligations under the amendments to the Guarantee Agreement. Because he argues that various obligations within the Guarantee Agreement's amendments were fraudulently induced, his fraud claim is a "proceeding" "with respect to" and "arising out of" the Guarantee. Counterclaim ¶¶ 10–26, ECF No. 51 (alleging that "[f]rom Wendy's representations and following the new Credit Agreement, Levy and Starboard amended the Guarantee to reflect the new value under the Credit Agreement" and that "Levy could have used those funds to pay down his obligations under the Credit Agreements rather than continuing funding a failing business"); *cf. Highlands Wellmont Health Network, Inc. v. John Deere Health*

*Plan, Inc.*, 350 F.3d 568, 578 (6th Cir. 2003) (stating, for arbitration purposes, "that 'arising out of' is broad enough to include a claim of fraudulent inducement of a contract"); *U.S. Acute Care Sols., L.L.C. v. Doctors Co. Risk Retention Grp. Ins. Co.*, 272 N.E.3d 1191, 1194 (Ohio 2025) (concluding that an analogous phrase in an arbitration agreement is "the paradigm of a broad clause" (internal quotation marks and citation omitted)); *Diamond Transp. Logistics, Inc. v. Kroger Co., Inc.*, 649 F. Supp. 3d 608, 622 (S.D. Ohio 2023) ("The repeated use of that one small word—'any'—evidences the parties' intent to make the clause broadly applicable." (citing *United States v. Gonzales*, 520 U.S. 1, 5 (1997)); *Beumer Corp. v. Bloom Lake Iron Ore Mine Ltd. P'ship*, No. 1:13 CV 01513, 2014 WL 2619676, at *4 (N.D. Ohio June 12, 2014) (finding the plain language "arising out of or in conjunction with" an agreement encompassed "any dispute related to the contract, without exception").

The Court therefore rejects Levy's first implicit argument, which is that his counterclaim is unrelated to the Guarantee Agreement such that the forum selection clause does not apply. *E.g.*, Resp. 8–9, ECF No. 57 ("These allegations do not 'regard' or 'arise out of' the Guarantee. Instead, they stem from independent fraudulent acts that stand apart from it.").

Levy next argues that the forum selection clause does not apply because "the Court's venue order fixes Ohio as the proper forum," *id.* at 12, but that argument likewise fails. The Court did *not* hold that Ohio is the proper forum for Levy's counterclaim—nor could it have; he had not yet filed his counterclaim

when the Court issued its Opinion and Order. Op. and Order 14, ECF No. 21; Op. and Order 9, ECF No. 23. Instead, the Court considered only the proper forum for Wendy's claim against Levy (which is based on the Cognovit Note, not the Guarantee, and which is subject to permissive (rather than mandatory) language). Therefore, the Court's prior Opinion and Order does not govern the applicability issue (or the enforcement issue, for that matter).

For the above reasons, the forum selection clause applies to Levy's counterclaim. Moreover, as the Court already explained, the clause is mandatory as to Levy's counterclaims against Wendy's.[4] Op. and Order 8–9, ECF No. 21; Op. and Order 8–9, ECF No. 23.

Because the forum selection clause applies and is mandatory, the next question is whether it is enforceable against Levy.

**2. Is the forum selection clause enforceable against Levy?**

Federal law governs the second issue, enforceability, in this diversity suit. *E.g.*, *Firexo, Inc.*, 99 F.4th at 309 (citation omitted). Levy bears the burden of showing that the clause should not be enforced. *Id.* (citation omitted). As to enforceability, the Court considers:

(1) whether the clause was obtained by fraud, duress, or other unconscionable means;

[4] Because the forum selection clause was only permissive as to *Wendy's claims against Levy*, the Court gave the forum selection clause little weight for purposes of Levy's motion to transfer Wendy's claim under 28 U.S.C. § 1404(a), considered the traditional § 1404(a) factors, and concluded that those factors favored keeping Wendy's claim in this Court. Op. and Order 10–15, ECF No. 21; Op. and Order 9, ECF No. 23.

(2) whether the designated forum would ineffectively or unfairly handle the suit; and

(3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Id.* (internal quotation marks and citations omitted).

Levy makes no attempt to argue that the forum selection clause was obtained by fraud, duress, or is otherwise unconscionable. To repeat, his duress argument is directed solely at the Cognovit Note, not the Guarantee Agreement or the forum selection clause.

Nor does Levy argue that a New York federal court would ineffectively or unfairly handle his fraud counterclaim.

Finally, Levy does argue generally that it would be inefficient for this Court to handle Wendy's claim based on the Cognovit Note while another court handles his counterclaim for fraudulent inducment, but his arguments lack any specificity. *E.g.*, Resp. 13, ECF No. 57 ("Trying them together promotes efficiency and consistency."). Moreover, Levy previously argued that New York was a more convenient forum than Ohio for himself and his witnesses. Obj. 8–9, ECF No. 22. Although it might be more convenient to try these actions together instead of splitting them up, it is certainly not "so seriously inconvenient" that it would be "unjust" to require Levy to bring his claim in New York. This is especially true given that the facts at issue in Wendy's enforcement of the Cognovit Note are distinct from the facts that form the basis of Levy's counterclaim.

Thus, the forum selection clause is enforceable.

Aside from those three factors, though, Levy argues that the forum selection clause is not enforceable under principles of waiver and judicial estoppel. Resp. 12, ECF No. 57. The Court disagrees.

Wendy's never expressly relinquished the right to enforce the forum selection clause as to Levy's claims against it. And, though Wendy's argued that litigation over the Cognovit Note belongs in Ohio, it never previously argued that Levy's counterclaim belongs in Ohio (and it certainly did not prevail on that issue). *See* Resp. 2, 4, 6–7, ECF No. 13. Therefore, neither waiver nor judicial estoppel prevent Wendy's from arguing that Levy's counterclaim should be transferred simply because it previously argued that *its claim* should not be transferred. *Mueller Brass Co. v. Crompton*, No. 25-5621, 2026 WL 2170050, at *7 (6th Cir. July 28, 2026) ("Judicial estoppel prohibits a litigant from convincing a court to adopt one position at one time and then seeking the opposite position at a later time." (citation modified)); *United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks and citation omitted)).

Finally, whether this Court *could* hear the counterclaim in this action under Federal Rule of Civil Procedure 13(b), *see* Resp. 13, ECF No. 57, is irrelevant to the enforceability analysis. Indeed, the fact that pendent venue might be proper here does not preclude enforcement of the forum selection clause. *E.g. Atlantic Marine*, 571 U.S. at 59 ("Although a forum-selection clause does not render

venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced . . . .").

In conclusion, the forum selection clause is enforceable.

### C. Leave to File Supplemental Authority

Levy moves to submit supplemental authority relevant to Wendy's statute of limitations argument. Mot., ECF No. 64. Because the Court dismisses Levy's counterclaim for failure to state a claim, it does not consider the statute of limitations issue. Levy's proposed supplemental authority is, therefore, moot, so the Court **DENIES** his request.

## IV. CONCLUSION

For the above reasons, the Court **DISMISSES WITHOUT PREJUDICE** Levy's counterclaim because he fails to state a claim for fraudulent inducement in this Court and **DENIES AS MOOT** Levy's motion to file supplemental authority. The Clerk shall terminate ECF Nos. 54 and 64.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**